1   BRIAN S. KABATECK,  SBN 152054
      (bsk@kbklawyers.com)
2   RICHARD L. KELLNER,  SBN 171416
      (rlk@kbklawyers.com)
3   ALFREDO TORRIJOS,  SBN 222458
      (at@kbklawyers.com)
4   KABATECK BROWN KELLNER LLP
    644 South Figueroa Street
5   Los Angeles, CA 90017
    Telephone: (213) 217-5000
6   Facsimile: (213) 217-5010

7   Attorneys for Plaintiff
    and the proposed class

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                         SAN JOSE DIVISION

12   MOISES ZEPEDA, on behalf of himself and    Case No.  CV10-02500
     all others similarly situated,
13
                     Plaintiff,
14                                               CLASS ACTION COMPLAINT
             vs.
15
     PAYPAL, INC., a Delaware Corporation;       JURY TRIAL DEMANDED
16   and DOES 1 through 10, inclusive;

17                   Defendants.

18

19

20          Plaintiff, MOISES ZEPEDA ("Plaintiff"), individually and on behalf of the Class

21   described below, by his attorneys, makes the following allegations based upon information and

22   belief, except as to allegations specifically pertaining to Plaintiff and his counsel, which are

23   based on personal knowledge.  Plaintiff brings this action for damages and injunctive relief

24   against Defendant, demanding a trial by jury.

25                           NATURE OF THE ACTION

26          1.      Plaintiff brings this class action against Defendant PAYPAL, INC. ("PayPal") to

27   recover damages and other relief available at law and in equity on behalf of himself as well as on

28

                              CLASS ACTION COMPLAINT

1   behalf of the members of the following class:

2           *All PayPal, Inc. account holders in the United States whose*

3           *accounts were closed, suspended, or limited during or after an*

4           *investigation by PayPal, Inc. of the account holders' activities.*

5       2.      PayPal operates an online payment processing service, providing individuals and

6   business the ability to accept payment for goods and services they sell online. PayPal represents

7   its service as one that will allow its users easy access to their money.

8       3.      This action arises from the fact that PayPal closes its users accounts without

9   reason to believe that the users engaged in any activity prohibited by PayPal, uniformly holds

10  fund in the users' accounts for 180 days without regard to whether the hold is reasonably needed

11  to prevent liability, and fails to refund interest earned while the users are denied access to their

12  accounts.

13                    **THE PARTIES**

14      2.  Plaintiff Moises Zepeda is a resident of Los Angeles County, California.

15      3.  Plaintiff is informed and believes and thereon alleges that defendant PayPal, Inc. is a

16  Delaware corporation doing business in the State of California. PayPal's corporate headquarters

17  are located in Santa Clara County, California.

18      4.  Plaintiff does not know the true names or capacities of the persons or entities sued

19  herein as DOES 1 to 10, inclusive, and therefore sues such defendants by such fictitious names.

20  Plaintiff is informed and believes and thereon alleges that each of the DOE defendants is in some

21  manner legally responsible for the damages suffered by plaintiff and the members of the class as

22  alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of

23  these defendants when they have been ascertained, along with appropriate charging allegations,

24  as may be necessary.

25              **JURISDICTION AND VENUE**

26      5.      This Court has original jurisdiction over the claims asserted herein individually

27  and on behalf of the class pursuant to 28 U.S.C. section 1332, as amended in February 2005 by

28  the Class Action Fairness Act. Subject matter jurisdiction is proper because: (1) the amount in

**CLASS ACTION COMPLAINT**

1   controversy in this class action exceeds five million dollars, exclusive of interest and costs; and

2   (2) a substantial number of the members of the proposed class are citizens of a state different

3   from that of defendant PayPal.  Personal jurisdiction is proper as PayPal is domiciled in

4   California and has purposefully availed itself of the privilege of conducting business activities

5   within the State of California.

6        6.    Venue is proper in District pursuant to 28 U.S.C. section 1391, as a substantial

7   part of the events giving rise to the claims asserted herein occurred in the Northern District of

8   California.

9        7.    **Intradistrict Assignment (L.R. 3-2(b)):**  This action arises in Santa Clara

10  County, in that a substantial part of the events which give rise to the claims asserted herein

11  occurred in Santa Clara County, and Defendant has executive offices and conducts business in

12  Santa Clara County, a county encompassed in this District.

13                       **FACTUAL BACKGROUND**

14       8.    PayPal operates an online payment processing service.  The service allows a

15  consumer of goods or services purchased over the Internet to electronically transfer money to the

16  seller of the goods or services.  PayPal boasts 81 million active accounts (and 210 million total

17  accounts), with over half of PayPal's total revenues are generated in the United States.

18       9.    Typically, an online retailer will include a link to PayPal on their website.  When

19  the website's customer is ready to make a purchase, the customer will click the PayPal link,

20  which will take the customer to a secure PayPal webpage.  There, the customer will provide

21  PayPal payment information.  Once the payment is processed, the customer is returned to the

22  online retailer's website.

23       10.   A PayPal user who uses the service to pay for something purchased online has

24  several payment options.  According to the PayPal website "You can use your PayPal balance,

25  bank account, or a debit or credit card."

26       11.   A PayPal user who uses the service to accept payment for something sold online

27  also has options on how to receive payment.  According to the PayPal website, when selling on

28  eBay, "[m]oney from your eBay sales appears in your PayPal account after the item sells.

— 3 —

**CLASS ACTION COMPLAINT**

Choose to transfer the funds to your bank account, or keep them in your PayPal balance to pay for sales costs or purchases – it's up to you."

12.    Online retailer who sell products through their own websites, as opposed to sales made on eBay, have similar payment options.  Money can be transferred immediately to a linked bank account or left in a PayPal account.

13.    PayPal actively encourages sellers to leave the payments they receive in a PayPal account, asserting that "PayPal is accepted at thousands of websites, and it provides a fast, secure checkout," thus making it easier to "spend it through PayPal."

14.    PayPal also offers a "PayPal Debit MasterCard Business Card [that] lets you spend the money in your PayPal account or withdraw it as cash at ATMs."

15.    Users of PayPal must agree to the PayPal User Agreement ("Agreement").  The Agreement states that "PayPal is only a Payment Service Provider.  PayPal helps you make payments to and accept payments from third parties.  PayPal is an independent contractor for all purposes, except that PayPal acts as your agent with respect to the custody of your funds only."

16.    PayPal encourages its users to maintain a balance in their PayPal account because PayPal keeps all interest that these balances accrue.  In fact, use of PayPal is contingent on granting PayPal an irrevocable transfer "[of] any ownership right that you may have in any interest that may accrue" on the balance maintained in a PayPal account.  This transfer is "in consideration for your use of" PayPal.

17.    The Agreement lists numerous "Restricted Activities," conduct a user agrees not to engage in while using PayPal.  PayPal also has an Acceptable Use Policy, which lists further prohibited activity.

18.    PayPal states in the Agreement that "[i]f we have reason to believe that you have engaged in any Restricted Activities, we may take various actions to protect PayPal, eBay, a User, a third party, or you from Reversals, Chargebacks, Claims, fees, fines, penalties and any other liability."  These actions include closing, suspending, or limiting access to a user's PayPal account or holding funds "for up to 180 days if *reasonably needed* to protect against the risk of liability."

— 4 —

**CLASS ACTION COMPLAINT**

19.     PayPal has a policy and practice of closing, suspending, or limiting access to its users' accounts without reason to believe that the user has engaged in a restricted activity. During this time, funds cannot be withdrawn from a user's PayPal account.

20.     Furthermore, despite the express language in the Agreement that PayPal will hold funds only if reasonably necessary to protect against the risk of liability, PayPal has a policy and practice of holding all funds in an account for the full 180 days whenever it makes the determination, in its sole discretion, that a PayPal user has engaged in a restricted activity.

21.     During this 180 day period in which users are prohibited from accessing the funds in their PayPal accounts, the funds continue to accrue interest. PayPal retains this interest.

22.     Plaintiff operates a business selling gift cards through eBay. Plaintiff opened an account with PayPal to process the payments made on eBay. When opening the account, Plaintiff read and relied on statements made on PayPal's website that PayPal offers quick and easy access to the payments processed by PayPal. While Plaintiff operated his business on eBay, he received no complaints and had 100% positive feedback from his customers.

23.     In January 2010, Plaintiff logged onto his PayPal account and received notification that his account was limited. Plaintiff followed the instructions offered by PayPal on how to reinstate his account. This included faxing proof of ownership of the gift card he sold on eBay. Soon after Plaintiff faxed the information requested by PayPal, PayPal informed Plaintiff by email that his account was being closed.

24.     PayPal stated that, "For the safety and security of the PayPal network, we often review accounts for potential risks. After reviewing your account, we have decided to close it because of security issues."

25.     PayPal then offered Plaintiff two "Disbursement options." The first option was that he could issue refunds to any of his buyers. As Plaintiff had no complaints from any buyer, he owed no refunds.

26.     The second option was: "Option 2. Money in your PayPal account will be held for 180 days. After 180 days, we'll email you information on how to receive your funds."

27.     Had Plaintiff known that PayPal would automatically hold the funds in his PayPal

**CLASS ACTION COMPLAINT**

1    account for 180 if PayPal decided to close the account, he would not have used PayPal's

2    services.

3                  **CLASS ACTION ALLEGATIONS**

4       28.      Description of the Class: Plaintiff brings this nationwide class action on behalf of

5    himself and a Class defined as follows:

6            *All PayPal, Inc. account holders in the United States whose*

7            *accounts were closed, suspended, or limited during or after an*

8            *investigation by PayPal, Inc. of the account holders' activities.*

9       29.      Excluded from the Class are governmental entities, Defendants, any entity in

10    which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal

11    representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded

12    from the Class is any judge, justice, or judicial officer presiding over this matter and the

13    members of their immediate families and judicial staff.

14       30.      Plaintiff reserves the right to modify the Class description and the Class period

15    based on the results of discovery.

16       31.      Plaintiff and the Class bring this action for equitable, injunctive and declaratory

17    relief pursuant to subdivisions (b)(1), (b)(2) and (b)(3) of rule 23 of the Federal Rules of Civil

18    Procedure.

19       32.      <u>Numerosity</u>: The proposed Class is so numerous that individual joinder of all its

20    members is impracticable. The total number of Class members is at least in the hundreds of

21    thousands and members of the class are geographically dispersed across the United States.

22    While the exact number and identities of the Class members are unknown at this time, such

23    information can be ascertained through appropriate investigation and discovery. The disposition

24    of the claims of the Class members in a single class action will provide substantial benefits to all

25    parties and to the Court.

26       33.      <u>Common Questions of Law and Fact Predominate</u>: There are questions of law

27    and fact common to the representative Plaintiff and the Class, and those questions substantially

28    predominate over any questions that may affect individual Class members. Common questions

**CLASS ACTION COMPLAINT**

1    of fact and law include, but are not limited to, the following:

2            a.     Whether PayPal has a practice of breaching the terms of the PayPal User

3    Agreement, or the covenant of good faith and fair dealing, by closing, suspending, or

4    limiting its users' accounts without reason to believe that the users engaged in activities

5    prohibited by the agreement;

6            b.     Whether PayPal has a practice of breaching the terms of the PayPal User

7    Agreement, or the covenant of good faith and fair dealing, by holding funds in its users'

8    accounts for 180 days without determining that such action is reasonably necessary to

9    protect against liability;

10           c.     Whether PayPal breached the terms of the PayPal User Agreement by

11   retaining the interest generated by the funds in closed, suspended, or limited accounts;

12           d.     Whether PayPal breach the fiduciary duties owed to Plaintiff and the

13   Class;

14           e.     Whether PayPal is obligated to refund the interest generated on closed,

15   suspended, or limited accounts under theories of money had and received or unjust

16   enrichment;

17           f.     Whether PayPal owes Plaintiff and the Class an accounting of the interest

18   accrued on their funds while their accounts were closed, suspended, or limited; and

19           f.     Whether PayPal's conduct is a violation of California Business &

20   Professions Code § 17200 *et seq.*

21       34.    <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the members of the

22   class. Plaintiff and all members of the class have been similarly affected by Defendant's

23   common course of conduct since their printers acted in exactly the same way.

24       35.    <u>Adequacy of Representation</u>:  Plaintiff will fairly and adequately represent and

25   protect the interests of the Class. Plaintiff has retained counsel with substantial experience in

26   prosecuting complex and class action litigation. Plaintiff and his counsel are committed to

27   vigorously prosecuting this action on behalf of the Class, and have the financial resources to do

28   so. Neither Plaintiff nor his counsel have any interests adverse to those of the Class.

**CLASS ACTION COMPLAINT**

1   36.   <u>Superiority of a Class Action</u>:   Plaintiff and the members of the Class suffered,

2   and will continue to suffer, harm as a result of Defendant's unlawful and wrongful conduct.  A

3   class action is superior to other available methods for the fair and efficient adjudication of the

4   present controversy.   Individual joinder of all members of the class is impractical. Even if

5   individual class members had the resources to pursue individual litigation, it would be unduly

6   burdensome to the courts in which the individual litigation would proceed.   Individual litigation

7   magnifies the delay and expense to all parties in the court system of resolving the controversies

8   engendered by Defendant's common course of conduct.   The class action device allows a single

9   court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable

10   handling of all class members' claims in a single forum. The conduct of this action as a class

11   action conserves the resources of the parties and of the judicial system, and protects the rights of

12   the class member. Furthermore, for many, if not most, class members, a class action is the only

13   feasible mechanism that allows therein an opportunity for legal redress and justice.

14   37.   Adjudication of individual class members' claims with respect to the Defendant

15   would, as a practical matter, be dispositive of the interests of other members not parties to the

16   adjudication, and could substantially impair or impede the ability of other class members to

17   protect their interests.

18   **FIRST CAUSE OF ACTION**

19   **BREACH OF CONTRACT**

20   38.   Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the

21   extent necessary, pleads this cause of action in the alternative.

22   39.   PayPal entered into a written contract with Plaintiffs and the Class.

23   40.   Plaintiff and the Class performed their obligations under the contract.

24   41.   PayPal breached the express terms of the contract by closing, suspending, or

25   limiting access to Plaintiff's and the Class' accounts without reason to believe that Plaintiff and

26   the Class engaged in restricted activities.

27   42.   PayPal breached the express terms of the contract by uniformly holding Plaintiff's

28   and the Class' funds for 180 days when not reasonably needed to protect against the risk of

**CLASS ACTION COMPLAINT**

1  liability.

2      43.    PayPal breached the express terms of the contract by retaining interest generated

3  by the balances contained in accounts that were closed, suspended, or limited despite the fact that

4  the transfer of the ownership rights to the accrued interest was in consideration for the ability to

5  use PayPal's services.

6      44.    The contract also contains an implied covenant of good faith and fair dealing.

7  The covenant of good faith and fair dealing requires that PayPal will not take action that would

8  have the effect of injuring the right of Plaintiff and the Class to receive the benefits of the

9  contract.

10      45.    PayPal breached the implied covenant of good faith and fair dealing by closing,

11  suspending, or limiting access to Plaintiffs' and the Class' accounts without reason to believe

12  that Plaintiffs and the Class engaged in restricted activities.

13      46.    PayPal also breached the implied covenant of good faith and fair dealing by

14  uniformly holding Plaintiff's and the Class' funds for 180 days when not reasonably needed to

15  protect against the risk of liability.

16      47.    As a direct and proximate result of PayPal's breach of contract, Plaintiff and the

17  Class have been damaged in an amount to be determined at trial.

18      WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

19                          **SECOND CAUSE OF ACTION**

20                          **BREACH OF FIDUCIARY DUTY**

21      48.    Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the

22  extent necessary, pleads this cause of action in the alternative.

23      49.    PayPal acted as the agent of Plaintiff and the Class with respect to the custody of

24  the funds held by PayPal.

25      50.    As an agent, PayPay owed Plaintiff and the Class a duty to exercise skill, care,

26  and diligence.

27      51.    PayPal breached the duty to exercise skill, care, and diligence by closing,

28  suspending, or limiting access to the accounts of Plaintiff and the Class without having reason to

**CLASS ACTION COMPLAINT**

1   believe Plaintiff and the Class engaged in restricted activities.  PayPal further breached the duty

2   to exercise skill, care, and diligence by holding funds in Plaintiff's and the Class' accounts for

3   the full 180 days without determining whether such action was reasonably needed to protect

4   against the risk of liability.

5          52.     As an agent, PayPay owed Plaintiff and the Class a duty of loyalty.

6          53.     PayPal breached the duty of loyalty by holding funds in Plaintiff's and the Class'

7   accounts for the full 180 days without determining whether such action was reasonably needed to

8   protect against the risk of liability, thereby profiting at the expense of Plaintiff and the Class.

9          54.     As a direct and proximate result of PayPal's breach of fiduciary duty, Plaintiff

10   and the Class have been damaged in an amount to be determined at trial.

11   WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

12                         **THIRD CAUSE OF ACTION**

13                       **MONEY HAD AND RECEIVED**

14          55.     Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the

15   extent necessary, pleads this cause of action in the alternative.

16          56.     Plaintiff and the Class deposited money into their PayPal accounts.

17          57.     PayPal deposits the money held in its users' accounts in interest bearing accounts.

18          58.     The PayPal User Agreement between Plaintiff and the Class and PayPal transfers

19   to PayPal the ownership rights Plaintiff and the Class have in the interest accrued on the balances

20   held in their PayPal account.  This transfer is in consideration for use of the PayPal service.

21          59.     The closure, suspension, or limiting of Plaintiff's and the Class' account by

22   PayPal prevented Plaintiff and the Class from using the PayPal service.

23          60.     Where PayPal prevents Plaintiff and the Class from using the PayPal service,

24   there is no consideration for the transfer of ownership rights to the interest accured on the

25   balance held in Plaintiff's and the Class' accounts, thus Plaintiff and the Class retain the

26   ownership right of the interest accrued on their accounts.

27          61.     PayPal, however, retains the interest accrued on the balances of accounts that

28   have been closed, suspended, or limited.

**CLASS ACTION COMPLAINT**

1   62.     This interest is owed to Plaintiff and the Class.

2   WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

3                        **FOURTH CAUSE OF ACTION**

4                            **ACCOUNTING**

5   63.     Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the

6   extent necessary, pleads this cause of action in the alternative.

7   64.     PayPal acted as the agent of Plaintiff and the Class with respect to the custody of

8   the funds held by PayPal.

9   65.     PayPal owes Plaintiff and the Class interest accrued on accounts that have been

10  closed, suspended, or limited and this amount can only be ascertained by an accounting.

11  WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

12                        **FIFTH CAUSE OF ACTION**

13  **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE**

14                        **SECTION 17200 et seq.**

15  66.     Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the

16  extent necessary, pleads this cause of action in the alternative.

17  67.     Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact

18  and has lost money or property as a result of PayPal's actions as delineated herein.

19  68.     PayPal's actions as alleged in this complaint constitute an unfair or deceptive

20  practice within the meaning of California Business and Professions Code section 17200 in that

21  PayPal's actions are unfair, unlawful and/or fraudulent.

22  69.     PayPal's business practices, as alleged herein, are unfair because they offend

23  established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or

24  substantially injurious to its customers in that PayPal: (a) closes, suspends, or limits its users'

25  accounts without reason to believe the users have engaged in any activates prohibited under the

26  PayPal User Agreement; (b) holds the funds in its users' accounts for 180 days without a

27  determination that such action is reasonably needed to protect against liability; and (c) retains the

28  interest that accrues on its users' accounts while the users are prevented from using PayPal's

— 11 —

**CLASS ACTION COMPLAINT**

1   services. Moreover, this conduct causes substantial injury to Plaintiffs' and the Class, the

2   injuries suffered by Plaintiff and the Class outweigh any countervailing benefits to PayPal or

3   competition in general, and Plaintiff and the Class could not have reasonably avoided the

4   injuries.

5         70.    PayPal's business practices, as alleged herein, are unlawful because the conduct

6   constitutes a breach of contract, breach of fiduciary duty, and unjust enrichment.

7         71.    PayPal's business practices are fraudulent in that they are likely to deceive

8   consumers into believing that they would have access to the money in their PayPal accounts

9   unless restricting access is reasonably needed to protect against the risk of liability, when in fact,

10  PayPal always holds the fund in closed, suspended, or limited accounts for 180 days, without

11  regard to the reasonableness of their actions.

12        72.    PayPal's alleged wrongful business acts constituted, and constitute, a continuing

13  course of conduct of unfair competition.

14        73.    PayPal's business acts and practices, as alleged herein, have caused injury to

15  Plaintiff and the Class.

16        74.    Pursuant to section 17203 of the California Business and Professions Code,

17  Plaintiff and the Class seek an order of this court enjoining PayPal from continuing to engage in

18  unlawful, unfair, or deceptive business practices and any other act prohibited by law, including

19  those acts set forth in the complaint.

20        75.    Plaintiffs and the Class also seek an order requiring PayPal to disgorge all ill-

21  gotten gains and make full restitution of all moneys it wrongfully obtained from Plaintiff and the

22  Class.

23  WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## SIXTH CAUSE OF ACTION

## UNJUST ENRICHMENT

26        76.    Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the

27  extent necessary, pleads this cause of action in the alternative.

28        77.    Through the actions described above, PayPal has received money belonging to

**CLASS ACTION COMPLAINT**

1    Plaintiff and the Class through the retention of the interest that accrued on funds held in accounts

2    that were closed, suspended, or limited.

3         78.     As a direct and proximate result of PayPal's misconduct as set forth above,

4    PayPal has been unjustly enriched.

5         79.     Under principles of equity and good conscience, PayPal should not be permitted

6    to keep the full amount of money belonging to Plaintiff and the Class which PayPal has unjustly

7    received as a result of its actions.

8    WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

9    / / /

10    / / /

11    / / /

12    / / /

13    / / /

14    / / /

15    / / /

16    / / /

17    / / /

18    / / /

19    / / /

20    / / /

21    / / /

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

**CLASS ACTION COMPLAINT**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and members of the Class request that the Court enter an order or judgment against the Defendant as follows:

1.    Certification of the proposed class and notice thereto to be paid by Defendant;

2.    Adjudge and decree that Defendant has engaged in the conduct alleged herein;

3.    For restitution and disgorgement on certain causes of action;

4.    For an injunction ordering Defendant to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

5.    For compensatory and general damages according to proof on certain causes of action;

6.    For special damages according to proof on certain causes of action;

7.    For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded;

8.    Costs of the proceedings herein;

9.    Reasonable attorneys fees as allowed by statute; and

10.    Any and all such other and further relief that this Court may deem just and proper.

DATED:  June 4, 2010                          **KABATECK BROWN KELLNER LLP**

By _____

Brian S. Kabateck
Richard L. Kellner
Alfredo Torrijos
*Counsel for Plaintiff and the class*

— 14 —

**CLASS ACTION COMPLAINT**

1

### DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a trial by jury in the instant action.

3

4   DATED:  June 4, 2010                    **KABATECK BROWN KELLNER LLP**

5

6                                   By

7                                        Brian S. Kabateck
                                         Richard L. Kellner
8                                        Alfredo Torrijos
                                         *Counsel for Plaintiff and the class*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

— 15 —

**CLASS ACTION COMPLAINT**