STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
LISA M. SIMONETTI (State Bar No. 165996)
DAVID W. MOON (State Bar No. 197711)
GEORGE S. AZADIAN (State Bar No. 253342)
2029 Century Park East, Suite 1800
Los Angeles, CA  90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
Email: *lacalendar@stroock.com*

Attorneys for Defendant
    PAYPAL, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MOISES ZEPEDA, MICHAEL SPEAR, RONYA OSMAN, BRIAN PATTEE, CASEY CHING, DENAE ZAMORA, MICHAEL LAVANGA, and GARY MILLER, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>        v.<br><br>PAYPAL, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>                Defendants. | Case No.  10-CV-02500 JF<br><br>**REPLY IN SUPPORT OF MOTION OF DEFENDANT PAYPAL, INC. TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR FAILURE TO PLEAD FRAUD WITH PARTICULARITY**<br><br><u>Hearing Date:</u><br>Date:   January 21, 2011<br>Time:  9:00 a.m.<br>Crtrm: 3<br><br>Action Filed: June 7, 2010 |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................... 1

II.  ARGUMENT .......................................................................................................... 1

    A.  The Clear Language Of The User Agreement Defeats Plaintiffs' Amended Complaint In Its Entirety. .................................................................. 1

        1.  Plaintiffs Cannot Cure Their Defective Pleading Through Allegations Made In Their Opposition. ..................................................... 3

        2.  Plaintiffs' Amended Complaint Concedes That PayPal Has Provided Notice Of The Reserve. ......................................................... 4

        3.  PayPal Is Not "Depriving" Plaintiffs Of Any Contractual Right To Cure An Alleged Breach. ................................................................ 5

    B.  Plaintiffs Fail To State A Claim For Breach Of The Implied Covenant Of Good Faith And Fair Dealing. ........................................................................ 5

        1.  Plaintiffs' Implied-Covenant Claim Is Superfluous. ................................ 5

        2.  Additionally, Plaintiffs Fail To State A Claim Because The User Agreement Grants PayPal Discretion To Place Holds And Close Accounts. .................................................................................................. 6

    C.  Plaintiffs Fail To State A Claim Under The CLRA. ......................................... 7

        1.  The CLRA Only Applies To "Consumer" Transactions, Which Plaintiffs Do Not Allege. ......................................................................... 7

        2.  The CLRA Does Not Apply To Financial Accounts. ............................... 9

    D.  Plaintiffs' UCL Claim Based On "Conversion" Fails Because Deposited Funds Cannot Be The Basis Of A Conversion Claim. ................................... 10

    E.  Plaintiffs Fail To Plead Fraud With Particularity. .......................................... 11

    F.  Unjust Enrichment Is Not A Cause Of Action, And Such A Claim Does Not Lie Where The Parties' Rights Are Determined By Contract. ........................... 12

    G.  Plaintiffs May Not Obtain Injunctive Relief Because They Have An Adequate Remedy At Law. ........................................................................... 13

    H.  Plaintiffs' Request For Declaratory Relief Is Duplicative And Should Be Dismissed. .................................................................................................... 14

III.  CONCLUSION ..................................................................................................... 15

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

LA 51338198

## TABLE OF AUTHORITIES

Page(s)

CASES

Aas v. Superior Court,
    24 Cal. 4th 627, 101 Cal. Rptr. 2d 718 (2000) ........................................................................ 11

Allied Vision Group, Inc. v. RLI Professional Techs., Inc.,
    916 F.Supp. 778 (N.D. Ill. 1996) ........................................................................................... 13

Ashcroft v. Iqbal,
    129 S. Ct. 1937, 173 L. Ed 2d 868 (2009) ............................................................................... 8

Ball v. Fleet Boston Fin. Corp.,
    164 Cal. App. 4th 794, 79 Cal. Rptr. 3d 402 (2008) ................................................................ 9

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ....................................................... 8

Berry v. American Express Publishing,
    147 Cal. App. 4th 224, 54 Cal. Rptr. 3d. 91 (2007) ................................................................. 9

Bly-Magee v. California,
    236 F.3d 1014 (9th Cir. 2001) ............................................................................................... 12

Bonner v. Redwood Mortg. Corp.,
    No. C 10-00479 WHA, 2010 WL 1267069 (N.D. Cal. Mar. 29, 2010) .................................. 8

Broam v. Bogan,
    320 F.3d 1023 (9th Cir. 2003) ................................................................................................. 3

Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,
    222 Cal. App. 3d 1371, 272 Cal. Rptr. 387 (1990) ................................................................. 6

Carma Developers, Inc. v. Marathon Dev. California, Inc.,
    2 Cal. 4th 342, 6 Cal. Rptr. 2d 467 (1992) ......................................................................... 6, 7

Celador Int'l, Ltd. v. Walt Disney Co.,
    347 F. Supp. 2d 846 (C.D. Cal. 2004) .................................................................................. 12

Cholla Ready Mix, Inc. v. Civish,
    382 F.3d 969 (9th Cir. 2004) ................................................................................................... 8

Consumer Advocates v. DaimlerChrysler Corp.,
    No. G029811, 2005 WL 327053 (Cal. Ct. App. Jan. 31, 2005) .............................................. 14

Davis v. Romney,
    490 F.2d 1360 (3d Cir. 1974) ................................................................................................ 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

-ii-

eBay Inc. v. MercExchange, LLC,
    547 U.S. 388, 126 S. Ct. 1837 (2006) ............................................................... 13, 14

Erlich v. Menezes,
    21 Cal. 4th 543 (1999) .............................................................................................. 11

Estate of Migliaccio v. Midland Nat'l Life Ins. Co.,
    436 F. Supp. 2d 1095 (C.D. Cal. 2006) ....................................................................... 9

Ferrington v. McAfee, Inc.,
    No. 10-cv-01455-LHK, 2010 WL 3910169 (N.D.Cal. Oct. 5, 2010) ......................... 9

Gerlinger v. Amazon, Inc.,
    311 F. Supp. 2d 838 (N.D. Cal. 2004) .................................................................. 12, 13

Ghirardo v. Antonioli,
    14 Cal. 4th 39, 57 Cal. Rptr. 2d 687 (1996) ............................................................. 12

Gutierrez v. Wells Fargo & Co.,
    622 F. Supp. 2d 946 (N.D. Cal. 2009) ................................................................... 9, 10

Guz v. Bechtel Nat'l, Inc.,
    24 Cal. 4th 317, 100 Cal. Rptr. 2d 352 (2000) ........................................................... 5

Heighley v. J.C. Penny Life Ins. Co.,
    257 F. Supp. 2d 1241 (C.D. Cal. 2003) ..................................................................... 14

Hernandez v. Hilltop Fin. Mortgage, Inc.,
    622 F. Supp. 2d 842 (N.D. Cal. 2007) ......................................................................... 9

In re Mattel, Inc.,
    588 F. Supp. 2d 1111 (N.D. Cal. 2008) ..................................................................... 11

Jeff Tracy, Inc. v. U.S. Specialty Insurance Co.,
    636 F. Supp. 2d 995 (C.D. Cal. 2009) ....................................................................... 15

Jefferson v. Chase Home Fin. LLC,
    No. C06-6510 TEH, 2007 WL 1302984 (N.D. Cal. May 3, 2007) .............................. 9

Kearns v. Ford Motor Co.,
    567 F.3d 1120 (9th Cir. 2009) ................................................................................... 11

Klusty v. Taco Bell Corp.,
    909 F. Supp. 516 (S.D. Ohio 1995) ........................................................................... 12

Lawrence v. Bank of Am.,
    163 Cal. App. 3d 431, 209 Cal. Rptr. 541 (1985) ..................................................... 10

Lee v. Gen. Nutrition Cos. Inc.,
    No. CV 00-13550 LGB, 2001 WL 34032651 (C.D. Cal. Nov. 26, 2001) .................... 7

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

-iii-

LA 51338198

Levin v. Citibank, N.A.,
    No. C-09-0350 MMC, 2009 WL 3008378 (N.D. Cal. Sept. 17, 2009) ................................... 5

Malcolm v. JPMorgan Chase Bank, N.A.,
    No. 09-4496-JF (PVT), 2010 WL 934252 (N.D. Cal. Mar. 15, 2010) ................................... 6

Mazur v. eBay Inc.,
    257 F.R.D. 563 (N.D. Cal. 2009) ................................................................................. 7

McGehee v. Coe Newnes/McGehee ULC,
    No. C 03-5145 MJJ, 2004 WL 2452855 (N.D. Cal. Feb. 10, 2004) ..................................... 11

Metropolitan Life Ins. Co. v. San Francisco Bank,
    58 Cal. App. 2d 528, 136 P.2d 853 (1943) ....................................................................... 10

Morgan Distributing Co., Inc. v. Unidynamic Corp.,
    868 F.2d 992 (8th Cir. 1989) ....................................................................................... 3

Morris II v. Farmers Ins. Exch.,
    No. B188081, 2006 WL 3823522 (Cal. Ct. App. Dec. 28, 2006) ......................................... 8

Muniz v. Microsoft Corp.,
    No. C10-0717-JCC, 2010 WL 4482107 (W.D. Wash. Oct. 29, 2010) ................................. 13

New Paradigm Software Corp. v. New Era Networks, Inc.,
    107 F. Supp. 2d 325 (S.D.N.Y. 2000) ........................................................................... 13

O'Donovan v. CashCall, Inc.,
    No. C08-03174 MEJ, 2009 WL 1833990 (N.D. Cal. June 24, 2009) .................................... 9

People v. Doolin,
    45 Cal. 4th 390, 87 Cal. Rptr. 3d 209 (2009) .................................................................. 3

Person v. Google, Inc.,
    No. C 06-7297 JF, 2007 WL 832941 (N.D. Cal. Mar. 16, 2007) ........................................ 7

Priyanto v. M/S AMSTERDAM,
    No. CV 07-3811 AHM, 2009 WL 175739 (C.D. Cal. Jan. 23, 2009) ................................. 14

Prudential Home Mortgage Co. v. Superior Court,
    66 Cal. App. 4th 1236, 78 Cal. Rptr. 2d 566 (1998) ......................................................... 14

R.E. Loans, LLC v. Eagle Group Brokers, LLC,
    No. 3:08cv76/MCR, 2009 WL 837668 (N.D. Fla. Mar. 30, 2009) ................................... 13

Ratcliff Architects v. Vanir Construction Management,
    88 Cal. App. 4th 595, 106 Cal. Rptr. 2d 1 (2001) ............................................................. 3

Schneider v. Cal. Dep't. of Corr.,
    151 F.3d 1194 (9th Cir. 1998) ..................................................................................... 3

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

-iv-

LA 51338198

*Shin v. BMW of N. Am.,*
   No.CV 09-00398 AHM, 2009 WL 2163509 (C.D. Cal. Jul. 19, 2009) ...............................7, 8

*Stonebrae, L.P. v. Toll Bros., Inc.,*
   No C-08-0221 EMC, 2009 WL 1082067 (N.D. Cal. April 22, 2009)......................................5

*Storek & Storek, Inc. v. Citicorp Real Estate, Inc.,*
   100 Cal. App. 4th 44, 122 Cal. Rptr. 2d 267 (2002) .........................................................6

*Swartz v. KPMG LLP,*
   476 F.3d 756 (9th Cir. 2007) ........................................................................................14

*Thayer Plymouth Center, Inc. v. Chrysler Motors Corp.,*
   255 Cal. App. 2d 300, 63 Cal. Rptr. 148 (1967) ............................................................13

*Third Story Music, Inc. v. Waits,*
   41 Cal. App. 4th 798, 48 Cal. Rptr. 2d 747 (1995) ........................................................6

*Van Slyke v. Capital One Bank,*
   503 F. Supp. 2d 1353 (N.D. Cal. 2007)..........................................................................9

*Vectren Communs. Servs. v. City of Alameda,*
   No. C 08-3137 SI, 2009 WL 2566722 (N.D. Cal. Aug. 18, 2009)......................................7

*Vess v. Ciba-Geigy Corp.,*
   317 F.3d 1097 (9th Cir. 2003) .....................................................................................11

*Wilkison v. Wiederkehr,*
   101 Cal. App. 4th 822, 124 Cal. Rptr. 2d 631 (2002) ...................................................13

*Wolf v. Walt Disney Pictures & Television,*
   162 Cal. App. 4th 1107, 76 Cal. Rptr. 3d 585 (2008) ......................................................7

**STATUTES**

Cal. Civ. Code § 1761(d)..............................................................................................7

Cal. Civ. Code § 1770(a) ..............................................................................................9

**RULES**

Federal Rule of Civil Procedure 23(b) ...........................................................................15

Federal Rule of Civil Procedure 8 ...........................................................................12-13

Federal Rule of Civil Procedure 9(b) ......................................................................11, 12

Federal Rule of Civil Procedure 12(b)(6)........................................................................3

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

LA 51338198

**OTHER AUTHORITIES**

Restatement (Second) of Contracts § 203. ...................................................................................3, 4

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

DEFENDANT'S REPLY I/S/O MOTION TO DISMISS
CASE NO. 10-CV-02500 JF

LA 51338198

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

## I.     INTRODUCTION

Plaintiffs' Opposition does nothing to cure the fundamental defect in Plaintiffs' case: Plaintiffs' theory of liability is based on a single section of the PayPal User Agreement, but there are in fact at least three separate provisions authorizing reserves or holds on users' accounts.[1]  The sections that Plaintiffs do not cite in the Amended Complaint expressly authorize the holds at issue and defeat Plaintiffs' claims in their entirety.

In an attempt to avoid this result, Plaintiffs argue that all three sections must be interpreted to authorize holds under exactly the same circumstances.  However, such an interpretation fails based on the express text of the provisions as well as the fundamental rule that courts must interpret contractual language to avoid an interpretation that renders clauses superfluous, inoperative or meaningless.

Plaintiffs' alternative theory of liability introduced in their Opposition to PayPal's Motion -- that PayPal breached the User Agreement by failing to provide them with notice specifying the underlying reasons why PayPal determined Plaintiffs' accounts presented a high level of risk -- is equally meritless.  Plaintiffs admit in the Amended Complaint that PayPal notified them of the type, amount and duration of the reserves it was placing on their accounts.  PayPal is not required to provide a roadmap to users who have received a notice of a hold or reserve of how they may evade PayPal's security features in the future.  Plaintiffs' remaining arguments are equally without merit.  Accordingly, for the reasons set forth in the Motion and discussed herein, the Motion should be granted.

## II.     ARGUMENT

**A.     The Clear Language Of The User Agreement Defeats Plaintiffs' Amended Complaint In Its Entirety.**

As set forth in the Motion, there are three relevant provisions of the User Agreement that

---

[1] As explained in the Motion, Plaintiffs define "holding funds" to include both "holds" and "reserves."  (Am. Compl. ¶ 37.)  A "reserve" is defined as "a percentage of the funds received into your Account that we hold in order to protect against the risk of Reversals, Chargebacks, Claims or any other liability related to your Account and/or use of the PayPal Services."  (Id., Ex. 1 § 15.)  Holds are an account limitation in which 100% of funds received into a PayPal account or 100% of funds attributable to a specific transaction are held under specified conditions.  (See id. §§ 7.2, 10.1, 10.2, 10.4, 10.6-10.8.)

-1-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

1  authorize PayPal to place a hold on a seller's account:  Section 10.4(e) (providing for account

2  limitations, including holds, if PayPal has reason to believe the user has engaged in Restricted

3  Activities and such a limit is reasonably needed to protect against the risk of liability), Section 10.6

4  (providing for holds on eBay transactions when PayPal believes there may be a high level of risk

5  associated with the transaction) and Section 10.7 (providing for reserves, including holds, on

6  premier or business accounts when PayPal believes there may be a high level of risk associated

7  with the account).

8       Plaintiffs' allegations fail to state a claim for breach of the User Agreement.  In the

9  Amended Complaint, Plaintiffs allege that PayPal improperly placed holds on their accounts

10  because Plaintiffs did not engage in any Restricted Activities and the holds on their accounts were

11  not "reasonably needed to protect against the risk of liability" as set forth in Section 10.4.  (Am.

12  Compl. ¶¶ 34-38, 71, 75, 80, 82.)  Plaintiffs' Amended Complaint literally and completely ignores

13  the two provisions in the PayPal User Agreement, sections 10.6 and 10.7, that specifically grant

14  PayPal the discretion to place reserves on merchant accounts and/or holds on payments received for

15  eBay transactions where PayPal believes that there may be high level of risk.  Unlike section 10.4,

16  these provisions do not require that users engage in any Restricted Activities in order for reserves

17  or holds associated with eBay transactions to be placed on their accounts.  Thus, in order to allege

18  an actual breach of the User Agreement, Plaintiffs must allege, at a minimum, that the user has not

19  engaged in Restricted Activities under section 10.4, PayPal has not determined there is a high level

20  of risk associated with a specific eBay transaction under section 10.6 and PayPal has not

21  determined there is a high level of risk associated with the account as a whole under section 10.7.

22  Plaintiffs do not, and cannot, allege this.  Indeed, as explained in the Motion, the allegations of the

23  Amended Complaint make clear that the two specific provisions regarding reserves and holds,

24  sections 10.6 and 10.7, apply here because Plaintiffs have merchant accounts and/or the holds were

25  placed on payments received for eBay transactions.  (Id. ¶¶ 8, 9-15, 41.)

26       In response to PayPal's Motion describing Plaintiffs' failure to properly plead an actual

27  breach or basis for liability, Plaintiffs contend that it is not their burden to negate PayPal's

28  "affirmative defenses" to their claims.  (Opp. 5 n.1.)  This argument fails.  Plaintiffs' failure to

allege a breach of the User Agreement is not an affirmative defense for PayPal; it is Plaintiffs'

failure to adequately allege the elements of their claims.  Because Plaintiffs do not allege facts

constituting an actual breach of the User Agreement, and because the User Agreement expressly

authorizes the holds that PayPal placed, Plaintiffs' claims fail in their entirety.

**1.      Plaintiffs Cannot Cure Their Defective Pleading Through Allegations Made In Their Opposition.**

PayPal's Rule 12(b)(6) Motion tests the allegations of the Amended Complaint.

Allegations contained in an opposition to a motion may not be considered.  See Broam v. Bogan,

320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6)

dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a

memorandum in opposition to a defendant's motion to dismiss.") (quoting Schneider v. Cal. Dep't.

of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)); Morgan Distributing Co., Inc. v. Unidynamic

Corp., 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended

by the briefs in opposition to a motion to dismiss.").  Despite this clear rule, Plaintiffs introduce

wholly new allegations unsupported by the Amended Complaint in the Opposition regarding

PayPal's supposed non-compliance with sections 10.6 and 10.7 of the User Agreement.  (See Opp.

6:10-9:22.)  These new allegations are improper and cannot be considered.  Even if the Court were

to consider the new allegations, they do not change the result here.

Quite simply, Plaintiffs' contention that the phrase "high level of risk" in sections 10.6 and

10.7 "reasonably" encompasses only the "Restricted Activities" prohibited under section 10.4

disregards a fundamental principle of contract interpretation: "[c]ourts must interpret the

contractual language to give force and effect to every provision and avoid an interpretation that

renders some clauses nugatory, inoperative or meaningless."  People v. Doolin, 45 Cal. 4th 390,

413, 87 Cal. Rptr. 3d 209 (2009); see also Ratcliff Architects v. Vanir Construction Management,

88 Cal. App. 4th 595, 602, 106 Cal. Rptr. 2d 1 (2001) (same); Restatement (Second) of Contracts §

203 cmt. b (1981) ("Since an agreement is interpreted as a whole, it is assumed in the first instance

that no part of it is superfluous. . . . . [A]n interpretation is very strongly negated if it would render

some provisions superfluous").

-3-

Here, Plaintiffs' construction is flawed because it would render at least two sections of the User Agreement superfluous.  Section 10.4 of the User Agreement authorizes PayPal to hold funds if PayPal "ha[s] reason to believe that [a user] ha[s] engaged in any Restricted Activities" and, among other things, the hold is "reasonably needed to protect against the risk of liability."  (Am. Compl., Ex. 1 § 10.4(e).)  Sections 10.6 and 10.7, by contrast, are not limited to only Restricted Activities; indeed these sections do not even refer to Restricted Activities, but instead allow reserves and holds to be placed when PayPal believes there may be a "high level of risk" associated with an account or eBay transaction.  (Id. §§ 10.6, 10.7.)  If "high level of risk" and "engaging in Restricted Activities" meant the same thing then the qualification "if reasonably needed to protect against the risk of liability" in section 10.4(e) would be redundant and sections 10.6 and 10.7 would be entirely unnecessary, because the holds they authorize would already be authorized under section 10.4.   Accordingly, Plaintiffs' interpretation must be rejected.[2]

## 2.   Plaintiffs' Amended Complaint Concedes That PayPal Has Provided Notice Of The Reserve.

Plaintiffs' contention that PayPal breached the User Agreement by failing to provide "notice specifying the terms" of the reserve (Opp. 9:10-14) is equally meritless.  As discussed above, Plaintiffs once again have failed to allege facts in the Amended Complaint that support this new argument.  The User Agreement requires PayPal to provide notice that a reserve has been placed.  (See Am. Compl., Ex. 1 § 10.7 ("PayPal will provide you with notice specifying the terms of the Reserve.  The terms may require that a certain percentage of the amounts received into your Account are held for a certain period of time, or that a certain amount of money is held in reserve, or anything else that PayPal determines is necessary to protect against the risk associated with your Account.").)  The Amended Complaint expressly acknowledges that PayPal notified Plaintiffs of

---

[2] In their Opposition, Plaintiffs argue "because the FAC does not allege which type of account each Plaintiff holds, PayPal has not demonstrated that Section 10.7 could even apply to any of the Plaintiffs."  (Opp. 7 n.2.) Contrary to Plaintiffs' argument, it is not PayPal's burden to establish that Plaintiffs have premier or business accounts (although this is apparent on the face of the Amended Complaint); it is Plaintiffs' obligation to allege facts establishing that the holds at issue are not proper under the User Agreement.  If Plaintiffs' accounts were not premier or business accounts, Plaintiffs could simply allege that their accounts are personal accounts.  Plaintiffs' failure to do so, despite the fact that they obviously know what types of accounts they have, is telling.

-4-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

LA 51338198

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

the amount and duration of the reserves being placed on their accounts.  (Am. Compl. ¶¶ 8-15.)

### 3. PayPal Is Not "Depriving" Plaintiffs Of Any Contractual Right To Cure An Alleged Breach.

Plaintiffs argue that PayPal "violates the fundamental contract principle that a non-breaching party is required to provide the breaching party with notice of the alleged breach and an adequate opportunity to cure the alleged breach."  (Opp. 10:11-13.)  Thus, Plaintiffs' Opposition once again introduces an argument unsupported by the Amended Complaint.  Plaintiffs also rely on Stonebrae, L.P. v. Toll Bros., Inc., No C-08-0221 EMC, 2009 WL 1082067 (N.D. Cal. April 22, 2009), in support of this "fundamental contract principle."  However, Stonebrae addresses the interpretation of an express default clause in a purchase agreement that required the buyer to provide written notice of default and an opportunity to cure.  See Stonebrae, 2009 WL 1082067, at 1.  PayPal does not provide purchase agreements to its customers and Plaintiffs do not allege PayPal's User Agreement contains a similar default clause.  Further, a PayPal user need not commit a breach of the User Agreement for PayPal to  place a hold or reserve under sections 10.6 and 10.7 of the User Agreement.  Plaintiffs' argument here does not save their insufficient allegations, and their breach of contract claim should be dismissed.

### B. Plaintiffs Fail To State A Claim For Breach Of The Implied Covenant Of Good Faith And Fair Dealing.

#### 1. Plaintiffs' Implied-Covenant Claim Is Superfluous.

As set forth in the Motion, an implied-covenant claim may not rest solely on an alleged breach of contract.  "[W]here a plaintiff bases such a claim on defendant's failure to comply with the terms to which the parties did agree, it is superfluous" and should be dismissed.  Levin v. Citibank, N.A., No. C-09-0350 MMC, 2009 WL 3008378, at *4 (N.D. Cal. Sept. 17, 2009) (quoting Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 349-50, 100 Cal. Rptr. 2d 352 (2000)).  Here, Plaintiffs' claims for breach of contract and breach of the implied covenant are virtually identical.  (Compare Am. Compl. ¶¶ 70-71 with id. ¶¶ 74-75.)  Accordingly, the implied-covenant claim is superfluous and should be dismissed.

In their Opposition Plaintiffs attempt to distinguish Levin on the basis that the PayPal User

-5-

LA 51338198

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

Agreement does not contain any express provisions regarding the form of notice that PayPal provides to customers who are subject to holds.  (Opp. 12:8-17.)  Contrary to Plaintiffs' contention, the User Agreement does contain express provisions regarding the notice provided to PayPal's users.  (See Am. Compl., Ex. 1 §§ 10.5, 10.7.)

Plaintiffs' reliance upon Malcolm v. JPMorgan Chase Bank, N.A., No. 09-4496-JF (PVT), 2010 WL 934252 (N.D. Cal. Mar. 15, 2010), also is unavailing.  In Malcolm, this Court recognized that, in addition to alleging facts supporting plaintiff's claim for breach of contract, plaintiff's implied-covenant claim contained additional allegations regarding defendant's alleged failure to provide notice of its decision to suspend plaintiff's home equity line of credit.  Id. at *6.  Here, however, Plaintiffs' claim for breach of the implied covenant is entirely co-extensive with their contract claim.  Accordingly, Plaintiffs' implied-covenant claim must be dismissed.

> **2.      Additionally, Plaintiffs Fail To State A Claim Because The User Agreement Grants PayPal Discretion To Place Holds And Close Accounts.**

As set forth in the Motion, Plaintiffs' implied-covenant claim also fails because, as discussed above, Plaintiffs contractually authorized PayPal to engage in the precise conduct that they now challenge, i.e., placing holds or reserves (which include holds) on Plaintiffs' accounts. (See Am. Compl., Ex. 1 § 10.6 ("PayPal, in its sole discretion, may place a hold on a payment you receive for an eBay transaction when PayPal believes there may be a high level of risk associated with the transaction."); id. § 10.7 ("PayPal, in its sole discretion, may place a Reserve on funds held in your Premier or Business Account when PayPal believes there may be a high level of risk associated with your Account.").)  "The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract."  Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1393, 272 Cal. Rptr. 387 (1990) (citation omitted).  Accordingly, "an implied covenant of good faith and fair dealing cannot contradict the express terms of a contract." Storek & Storek, Inc. v. Citicorp Real Estate, Inc., 100 Cal. App. 4th 44, 55, 64, 122 Cal. Rptr. 2d 267 (2002) (citing Carma Developers, Inc. v. Marathon Dev. California, Inc., 2 Cal. 4th 342, 374, 6 Cal. Rptr. 2d 467 (1992)); see also Third Story Music, Inc. v. Waits, 41 Cal. App. 4th 798, 808-09,

-6-

48 Cal. Rptr. 2d 747 (1995).

In the Opposition, Plaintiffs cite <u>Carma Developers</u> for the proposition that, despite an express grant of discretion, California law requires PayPal to exercise this authority in "good faith." (Opp. 1:24-26.)  However, even this case supports the Motion to Dismiss because it also recognizes that "the covenant of good faith may [not] be read to prohibit a party from doing that which is expressly permitted by an agreement," and that "as a general matter, implied terms should <u>never</u> be read to vary express terms."  <u>Carma Developers</u>, 2 Cal. 4th at 374 (emphasis added).  Courts applying <u>Carma Developers</u> have repeatedly concluded that "if the express purpose of the contract is to grant unfettered discretion . . . then the conduct is, by definition, within the reasonable expectation of the parties and 'can never violate an implied covenant of good faith and fair dealing.'"  <u>Vectren Communs. Servs. v. City of Alameda</u>, No. C 08-3137 SI, 2009 WL 2566722, at *4 (N.D. Cal. Aug. 18, 2009) (quoting <u>Wolf v. Walt Disney Pictures & Television</u>, 162 Cal. App. 4th 1107, 1120-21, 76 Cal. Rptr. 3d 585 (2008) (quoting <u>Carma Developers</u>, 2 Cal. 4th at 376)).

Here, the User Agreement expressly grants PayPal "sole discretion" to place reserves and holds, "when PayPal believes there may be a high level of risk" associated with the account or transaction.  (Mot. 4:3-10; Am. Compl., Ex. 1 § 10.6, § 10.7.)  Accordingly, Plaintiffs' claim for violation of the implied covenant fails.

**C.     Plaintiffs Fail To State A Claim Under The CLRA.**

        **1.     The CLRA Only Applies To "Consumer" Transactions, Which Plaintiffs Do Not Allege.**

As set forth in the Motion, Plaintiffs' CLRA claim fails because Plaintiffs do not allege facts showing that they are "consumers" as contemplated by the CLRA, i.e., that they used their accounts for "personal, family, or household" purposes.  <u>See</u> Cal. Civ. Code § 1761(d); <u>Shin v. BMW of N. Am.</u>, No.CV 09-00398 AHM, 2009 WL 2163509, at *3 (C.D. Cal. Jul. 19, 2009); <u>Lee v. Gen. Nutrition Cos. Inc.</u>, No. CV 00-13550 LGB, 2001 WL 34032651, at *10 (C.D. Cal. Nov. 26, 2001); <u>Mazur v. eBay Inc.</u>, 257 F.R.D. 563, 568 (N.D. Cal. 2009); <u>Person v. Google, Inc.</u>, No. C 06-7297 JF, 2007 WL 832941, at *7 (N.D. Cal. Mar. 16, 2007).

The "tenet that a court must accept as true all of the allegations contained in a complaint is

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

-7-

LA 51338198

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

1    inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

2    supported by mere conclusory statements, do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937,

3    1949, 173 L. Ed 2d 868 (2009); <u>see also</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S.

4    Ct. 1955, 1968, 167 L. Ed. 2d 929 (2007); <u>Cholla Ready Mix, Inc. v. Civish</u>, 382 F.3d 969, 973

5    (9th Cir. 2004); <u>Bonner v. Redwood Mortg. Corp.</u>, No. C 10-00479 WHA, 2010 WL 1267069, at

6    *10 (N.D. Cal. Mar. 29, 2010).  Accordingly Plaintiffs cannot save their deficient claims through a

7    conclusory allegation that they have used PayPal's services for "personal, family, and/or household

8    purposes."  (Am. Compl. ¶ 88.)

9         In the Opposition, Plaintiffs again attempt to cure their defective pleading by alleging

10   additional facts.  Yet Plaintiffs do not allege any additional facts about their own accounts or

11   transactions.  Rather, they speculate about the kinds of transactions that other PayPal customers

12   might engage in from time to time: "for example, a parent who uses PayPal to process the payment

13   for the sale of his or her child's outgrown clothing, or a golfer selling old golf clubs, does not use

14   the service for business purposes just because he or she is selling instead of buying goods."  (Opp.

15   14:1-4.)  Of course, speculative allegations about others is insufficient to establish the requisite

16   consumer use by Plaintiffs.  <u>See</u> <u>Shin v. BMW of N. Am.</u>, No. CV 09-00398 AHM, 2009 WL

17   2163509, at *3 (C.D. Cal. Jul. 19, 2009) (granting motion to dismiss because plaintiffs "have not

18   alleged that they are consumers within the meaning of the statute"); <u>Morris II v. Farmers Ins.</u>

19   <u>Exch.</u>, No. B188081, 2006 WL 3823522, at *6 (Cal. Ct. App. Dec. 28, 2006) (plaintiff lacked

20   standing to assert CLRA claim because he could not allege the existence of a transaction subject to

21   the CLRA between <u>himself</u> and the defendant).  In any event, a seller who "operates a business

22   selling gift cards through eBay" like Zepeda (Am. Compl. ¶ 8), or who has a $70,000 account hold

23   like Lavanga (<u>id.</u> ¶ 14), or who "has used PayPal as a seller more than one thousand times" like

24   Miller (<u>id.</u> ¶ 15), are not using their accounts for "personal, family, or household" purposes and

25   obviously are not engaging in the occasional sale of children's clothes or used golf clubs.

26        Plaintiffs' conclusory assertion that they have used PayPal's services for "personal, family,

27   and/or household purposes," without any supporting facts, fails to state a claim under <u>Iqbal</u> and

28   <u>Twombly</u>.  Accordingly, Plaintiffs' CLRA claim must be dismissed.

-8-

LA 51338198

## 2.    The CLRA Does Not Apply To Financial Accounts.

As set forth in the Motion, even if Plaintiffs were "consumers" under the CLRA, a PayPal account is neither a "good" nor a "service," nor does the opening or use of the account "result in" the sale or lease of goods or services within the meaning of the CLRA.  See Cal. Civ. Code § 1770(a); Berry v. American Express Publishing, 147 Cal. App. 4th 224, 229-30, 54 Cal. Rptr. 3d. 91 (2007); Ball v. Fleet Boston Fin. Corp., 164 Cal. App. 4th 794, 798, 79 Cal. Rptr. 3d 402 (2008); Gutierrez v. Wells Fargo & Co., 622 F. Supp. 2d 946, 957 (N.D. Cal. 2009); O'Donovan v. CashCall, Inc., No. C08-03174 MEJ, 2009 WL 1833990, at *5 (N.D. Cal. June 24, 2009); Van Slyke v. Capital One Bank, 503 F. Supp. 2d 1353, 1359 (N.D. Cal. 2007).

In the Opposition, Plaintiffs argue that the cases cited in the Motion represent a "narrow exception for credit card, loan and insurance transactions."  (Opp. 16:12-13.)  To the contrary, Guiterrez, 622 F. Supp. 2d at 957, recognized that the "money or credit" exception applied to the use of a debit card to make purchases, which like a PayPal transaction involves only the transmission of money between accounts, not an extension of credit.  Similarly, O'Donovan, 2009 WL 1833990, at *5, also involved debit transactions.  Thus, all of these cases stand for the proposition, as discussed in Berry, that the Legislature deliberately excluded both "money" and "credit" from the types of transactions covered under the CLRA.  Finally, analogous to PayPal's "online payment processing service" (Am. Compl. ¶ 2), computer software has also been held to be neither a "good" nor "service" within the meaning of the CLRA.  Ferrington v. McAfee, Inc., No. 10-cv-01455-LHK, 2010 WL 3910169, at *19 (N.D. Cal. Oct. 5, 2010) (computer software is not subject to the CLRA).

Plaintiffs' assertion that the CLRA applies to financial services generally (Opp. 17:7-8) is not supported by the law.  The three cases they cite simply do not support Plaintiffs' effort to apply the CLRA to financial accounts.  Hernandez v. Hilltop Fin. Mortgage, Inc., 622 F. Supp. 2d 842 (N.D. Cal. 2007), and Jefferson v. Chase Home Fin. LLC, No. C06-6510 TEH, 2007 WL 1302984 (N.D. Cal. May 3, 2007), held only that the CLRA applied to management services associated with residential mortgages.  Estate of Migliaccio v. Midland Nat'l Life Ins. Co., 436 F. Supp. 2d 1095 (C.D. Cal. 2006), also is inapplicable, as it simply holds that annuities, like insurance, are not

-9-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

subject to the CLRA.  The only cases that have actually considered financial accounts, like those provided by PayPal, hold that the CLRA does not apply.  Plaintiffs cite no case to the contrary, and cases dealing with residential mortgages or insurance annuities are inapposite.  Accordingly, Plaintiffs' CLRA claim fails for this additional reason.

**D.      Plaintiffs' UCL Claim Based On "Conversion" Fails Because Deposited Funds Cannot Be The Basis Of A Conversion Claim.**

As set forth in the Motion, Plaintiffs' conversion claim fails because money cannot be the subject of a conversion claim unless there is a specifically identifiable sum involved, and here the funds held by PayPal represent only a general contractual obligation.  See Lawrence v. Bank of Am., 163 Cal. App. 3d 431, 437, 209 Cal. Rptr. 541 (1985); Gutierrez, 622 F. Supp. 2d at 956.

Plaintiffs' Opposition seems to be premised upon the argument that PayPal is arguing that each dollar bill be "earmarked."  This misstates the law and PayPal's argument.  PayPal does not contend that each dollar must be earmarked which is not required by the law; rather, PayPal contends that the funds at issue are not specifically identifiable which is required by the law.  As set forth in the Motion, the User Agreement expressly provides that account funds are to be used either to purchase shares in a money market fund or "combine[d] . . . with the funds of other Users and place[d] . . . in one or more bank accounts . . ."  (Am. Compl., Ex. 1 § 5.1.)  Because the User Agreement expressly authorizes these deposits, there are no specifically identifiable funds belonging to Plaintiffs, only a general contractual obligation to make payments.  See Metropolitan Life Ins. Co. v. San Francisco Bank, 58 Cal. App. 2d 528, 534, 136 P.2d 853 (1943) ("The suggested theory that The San Francisco Bank converted 'plaintiff's money' violates 'the elemental principle that a depositor has no claim to any specific assets in his bank . . .'") (citations omitted).)

The cases cited by PayPal in the Motion establish that funds held on deposit subject to a contractual duty of repayment cannot be the subject of a conversion claim.  Plaintiffs simply declare these cases inapplicable because the defendants in those cases were banks, while PayPal itself is not.  Plaintiffs' Declaration, however, is not supported by any case law.  Moreover, the underlying principle has nothing to do with where the funds are held.  Rather a claim for conversion requires specifically identifiable funds, not funds from a general contractual obligation.

-10-

1    Indeed, consistent with the banking cases cited in the Motion, cases in a non-banking context

2    similarly hold that tort claims such as a claim for conversion cannot be based on the alleged breach

3    of a general contractual obligation to make payment, such as Plaintiffs allege here.  See, e.g., Erlich

4    v. Menezes, 21 Cal. 4th 543, 551 (1999) ("[C]onduct amounting to a breach of contract becomes

5    tortious only when it also violates a duty independent of the contract arising from principles of tort

6    law."); Aas v. Superior Court, 24 Cal. 4th 627, 643, 101 Cal. Rptr. 2d 718 (2000) ("A person may

7    not ordinarily recover in tort for the breach of duties that merely restate contractual obligations.");

8    McGehee v. Coe Newnes/McGehee ULC, No. C 03-5145 MJJ, 2004 WL 2452855, at *3-4 (N.D.

9    Cal. Feb. 10, 2004) (dismissing tort claim where the right to possess the patents at issue in the case

10   "derived only from contract.").  Accordingly, Plaintiffs' conversion claim fails.

11   **E.      Plaintiffs Fail To Plead Fraud With Particularity.**

12           Plaintiffs concede that when CLRA and UCL claims "sound in fraud," Rule 9(b)'s pleading

13   requirements apply.  See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) (affirming

14   dismissal of UCL and CLRA claims for failure to satisfy Rule 9(b)); see also Vess v. Ciba-Geigy

15   Corp., 317 F.3d 1097, 1104 (9th Cir. 2003) (same).

16           Plaintiffs incorrectly contend, however, that Rule 9(b) does not apply because this case is

17   supposedly akin to In re Mattel, Inc., 588 F. Supp. 2d 1111 (N.D. Cal. 2008).  In Mattel, the court

18   held that Rule 9(b) did not require plaintiffs to plead a UCL claim with particularity because

19   plaintiffs "merely allege[d] that the representations were likely to deceive and that Plaintiffs were

20   damaged by the deception; they ma[de] no effort to allege common law fraud elements such as

21   intent to deceive or any overarching fraudulent scheme to defraud the individual Plaintiffs or the

22   public."  Id. at 1118 (emphasis added).

23           Here, unlike in Mattel, Plaintiffs expressly allege, among other things, both a deliberate

24   intent to mislead as well as conduct amounting to a fraudulent scheme.  (See Am. Compl. ¶ 93

25   ("The acts and practices of Defendant as described above were intended to deceive Plaintiffs and

26   the Class members . . . ." (emphasis added)); id. ¶ 109 ("Defendant intended that Plaintiffs and the

27   Class would rely on PayPal's omissions and misrepresentations by utilizing PayPal to collect

28   payments from buyers, and not challenging holds of their funds in violation of the User Agreement,

-11-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1    unaware of the material facts described above.  This conduct constitutes consumer fraud, an unfair

2    business practice and violation of the UCL." (emphasis added)).)  Accordingly, Rule 9(b) applies.

3           Plaintiffs also incorrectly assert that they have adequately alleged their claims under Rule

4    9(b).  As explained in the Motion, the Amended Complaint includes various quotations from the

5    PayPal website, but Plaintiffs do not allege that Plaintiffs actually read, relied upon or suffered

6    harm as a result of any of these statements.  Generally asserting that the statements were "made" to

7    Plaintiffs and the general public is insufficient.  At minimum, Plaintiffs must allege which PayPal

8    statements, if any, are at issue with respect to each of the several Plaintiffs.  See Bly-Magee v.

9    California, 236 F.3d 1014, 1019 (9th Cir. 2001); Celador Int'l, Ltd. v. Walt Disney Co., 347 F.

10   Supp. 2d 846, 855 (C.D. Cal. 2004).  Plaintiffs therefore fail to satisfy the requirements of Rule

11   9(b), and their UCL and CLRA claims should be dismissed.

12   **F.     Unjust Enrichment Is Not A Cause Of Action, And Such A Claim Does Not Lie Where**

13          **The Parties' Rights Are Determined By Contract.**

14          Plaintiffs acknowledge that courts have held that unjust enrichment is not a stand-alone

15   cause of action and that this claim cannot lie where there is an enforceable contract.[3]  Plaintiffs

16   contend, however, that their allegations are saved by Rule 8 of the Federal Rules of Civil

17   Procedure, which allows alternative pleading.  Courts have repeatedly rejected this argument.

18   Because substantive California law does not allow Plaintiff to seek relief on a theory of unjust

19   enrichment where there is an express contract, Rule 8's procedural rules cannot alter this result.

20   See Gerlinger v. Amazon.com, Inc., 311 F. Supp. 2d 838, 856 (N.D. Cal. 2004) ("Even though

21   Rule 8(e)(2) of the Federal Rules of Civil Procedure allows a party to state multiple, even

22   inconsistent claims, it does not alter a substantive right between the parties and accordingly does

23   not allow a plaintiff invoking [California] law to [allege] an unjust enrichment claim while also

24   alleging an express contract."); Klusty v. Taco Bell Corp., 909 F. Supp. 516, 521 (S.D. Ohio 1995)

25   (holding that Rule 8 did not allow alternative pleading of a claim for unjust enrichment where such

26   _____

27   [3] There is not a "trend" in California to recognize standalone claims for unjust enrichment.  In
     Ghirardo v. Antonioli, 14 Cal. 4th 39, 54, 57 Cal. Rptr. 2d 687 (1996), the California Supreme
28   Court held that plaintiff could recover under a theory of unjust enrichment by pleading "a common
     count 'for payment of money,'" i.e., an independently cognizable cause of action.  Id.  The court
     did not endorse the creation of a standalone claim for "unjust enrichment."

DEFENDANT'S REPLY I/S/O MOTION TO DISMISS
CASE NO. 10-CV-02500 JF

LA 51338198

1   a claim was not allowed under state law due to the existence of a written contract); <u>Muniz v.</u>

2   <u>Microsoft Corp.</u>, No. C10-0717-JCC, 2010 WL 4482107, at *4 (W.D. Wash. Oct. 29, 2010)

3   (same).

4         Further, even if Rule 8 could alter substantive law, a plaintiff cannot allege in good faith

5   that no contract exists, so as to state a claim based on unjust enrichment, while simultaneously

6   asserting a claim for breach of contract.  <u>Gerlinger</u>, 311 F. Supp. 2d at 856; <u>New Paradigm</u>

7   <u>Software Corp. v. New Era of Networks, Inc.</u>, 107 F. Supp. 2d 325, 329 (S.D.N.Y. 2000) (pleading

8   unjust enrichment in the alternative not allowed under Rule 8 where contract admitted to exist);

9   <u>Allied Vision Group, Inc. v. RLI Professional Techs., Inc.</u>, 916 F.Supp. 778, 782 (N.D. Ill. 1996)

10   (same).  Moreover, even if it were possible to plead the non-existence of a contract that has already

11   been admitted, Plaintiffs fail to do so here.  Instead, they expressly incorporate their contract

12   allegations in the Sixth Cause of Action for unjust enrichment and allege no basis for an alternative

13   pleading.  (<u>See</u> Am. Compl. ¶ 114 ("Plaintiffs reallege the preceding paragraphs as if fully set forth

14   herein and, to the extent necessary, plead this cause of action in the alternative."))  This is patently

15   insufficient.  <u>See, e.g.</u>, <u>R.E. Loans, LLC v. Eagle Group Brokers, LLC</u>, No. 3:08cv76/MCR, 2009

16   WL 837668, at *7 (N.D. Fla. Mar. 30, 2009) (finding unjust enrichment claim not properly pleaded

17   in the alternative where only basis for recovery alleged was express contract and basis for

18   alternative cause of action was not pleaded).

19         Because Plaintiffs concede that a written contract governs their relationship with PayPal,

20   (<u>see</u> Am. Compl. ¶¶ 3, 4, 7, 33-36, 39, 43, 44, 68), their claim for unjust enrichment must be

21   dismissed.

22   **G.**    **Plaintiffs May Not Obtain Injunctive Relief Because They Have An Adequate Remedy**

23          **At Law.**

24         As set forth in the Motion, a plaintiff seeking injunctive relief must show, among other

25   things, "that remedies available at law, such as monetary damages, are inadequate to compensate

26   for that injury."  <u>eBay Inc. v. MercExchange, LLC</u>, 547 U.S. 388, 391, 126 S. Ct. 1837, 164 L. Ed.

27   2d 641 (2006); <u>see also</u> <u>Wilkison v. Wiederkehr</u>, 101 Cal. App. 4th 822, 833, 124 Cal. Rptr. 2d 631

28   (2002) (injunctive relief is not appropriate where an action for breach of the contract would bring

S T R O O C K  &  S T R O O C K  &  L A V A N  LLP
2029 Century Park East
Los Angeles, California 90067-3086

-13-

1  the plaintiff the very thing he is entitled to under the allegations of his complaint); <u>Thayer</u>

2  <u>Plymouth Center, Inc. v. Chrysler Motors Corp.</u>, 255 Cal. App. 2d 300, 306, 63 Cal. Rptr. 148

3  (1967) ("[W]here damages afford an adequate remedy by way of compensation for breach of

4  contract, equitable relief will be denied.").  Here, it is clear from the face of the Amended

5  Complaint that Plaintiffs have an adequate remedy at law because their claims relate entirely to

6  funds held by PayPal and interest thereon.  (<u>See, e.g.</u>, Am. Compl. ¶¶ 76, 83, 86, 98, 113, 117

7  (seeking money damages).)

8         Plaintiffs' Opposition that "[t]he four prong criteria for determining the availability of

9  injunctive relief in breach of contract claims is not applicable to Plaintiffs' claims for injunctive

10  relief under the CLRA and UCL" is legally unsupported.  (Opp. 24 n.21.)  The case Plaintiffs cite

11  for this proposition, <u>MercExchange</u>, 547 U.S. at 391, says nothing about a different standard for

12  injunctive relief in contract as opposed to statutory claims.  Indeed, <u>MercExchange</u> actually

13  supports the Motion because it holds that the traditional elements of a claim for injunctive relief

14  apply equally to claims based on a statute authorizing injunctive relief.  <u>See id.</u> at 391-92.  Courts

15  in California also have repeatedly rejected Plaintiffs' argument.  <u>See</u> <u>Prudential Home Mortgage</u>

16  <u>Co. v. Superior Court</u>, 66 Cal. App. 4th 1236, 1249-1250, 78 Cal. Rptr. 2d 566 (1998) (directing

17  trial court to strike prayer for injunction because existence of adequate legal remedy precluded

18  equitable relief under the UCL); <u>Heighley v. J.C. Penny Life Ins. Co.</u>, 257 F. Supp. 2d 1241, 1260-

19  61 (C.D. Cal. 2003) (recognizing that lack of an adequate remedy at law is an element of a claim

20  for equitable relief under the UCL); <u>Consumer Advocates v. DaimlerChrysler Corp.</u>, No. G029811,

21  2005 WL 327053, at *11-13 (Cal. Ct. App. Jan. 31, 2005) (holding that injunctive relief under the

22  UCL was not available where plaintiff has an adequate remedy at law).  Because Plaintiffs have an

23  adequate remedy at law, their claim for injunctive relief must be rejected.

24  **H.     Plaintiffs' Request For Declaratory Relief Is Duplicative And Should Be Dismissed.**

25         As set forth in the Motion, "[a] claim that simply asks for a declaration of a defendant's

26  liability on another claim serves no 'useful purpose,' nor does it give rise to any independent

27  relief."  <u>See</u> <u>Priyanto v. M/S AMSTERDAM</u>, No. CV 07-3811 AHM, 2009 WL 175739, at *9

28  (C.D. Cal. Jan. 23, 2009) (citing <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 765-66 (9th Cir. 2007) ("To

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

-14-

LA 51338198

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1    the extent [plaintiff] seeks a declaration of defendants' liability for damages sought for his other

2    causes of action, the claim is merely duplicative and was properly dismissed.")).

3         Rather than respond to the authorities cited in the Motion, Plaintiffs assert, without citing

4    any supporting authority, that declaratory relief is somehow authorized simply because this case is

5    a class action.  Specifically, Plaintiffs cite Federal Rule of Civil Procedure 23(b) as authority for

6    seeking declaratory relief that "corresponds" to the final injunctive relief that Plaintiffs seek.  (Opp.

7    25:10-11.)  Rule 23(b)(2) does not, however, define the circumstances under which declaratory

8    relief may be obtained, nor in any way alter the substantive law.  See Fed. R. Civ. P. 23(b)(2),

9    Advisory Committee Notes to 1966 Amendments ("This subdivision is intended to reach situations

10   where a party has taken action or refused to take action with respect to a class, and final relief of an

11   injunctive nature or of a corresponding declaratory nature, settling the legality of the behavior with

12   respect to the class as a whole, is appropriate.") (emphasis added).  Here, declaratory relief is not

13   appropriate because Plaintiffs do not allege any claim entitling them to declaratory relief and any

14   request for a declaratory judgment would be duplicative.

15        The cases Plaintiffs cite are similarly inapposite.  Davis v. Romney, 490 F.2d 1360, 1370

16   (3d Cir. 1974), merely states that declaratory judgments "are available where appropriate even

17   though other remedies are also available" (emphasis added); it does not hold or even imply that

18   claims for declaratory relief are appropriate if they are duplicative of other claims.  Jeff Tracy, Inc.

19   v. U.S. Specialty Insurance Co., 636 F. Supp. 2d 995, 1001 (C.D. Cal. 2009), merely holds that a

20   court will ordinarily exercise supplemental jurisdiction over a claim for declaratory judgment when

21   it is joined with other claims over which the court has jurisdiction.  The case says nothing about the

22   propriety of such a claim where it is duplicative of other claims, as is the case here.  Accordingly,

23   there is no basis for Plaintiffs to seek declaratory relief.  Plaintiffs' request for declaratory relief is

24   improper and should be dismissed.

## III.    CONCLUSION

25

26        For the foregoing reasons, PayPal respectfully requests that the Court grant the Motion in

27   its entirety.

28

-15-

LA 51338198

1

2    Dated:  December 15, 2010                    Respectfully submitted,

3                                                STROOCK & STROOCK & LAVAN LLP
     JULIA B. STRICKLAND
4    LISA M. SIMONETTI
     DAVID W. MOON
5    GEORGE S. AZADIAN

6                                                By:    /s/ Julia B. Strickland

7                                                       Julia B. Strickland
     Attorneys for Defendant
8        PAYPAL, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

S T R O O C K  &  S T R O O C K  &  L A V A N  L L P
2029 Century Park East
Los Angeles, California 90067–3086

-16-

LA 51338198

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 15, 2010, a copy of the foregoing **REPLY IN SUPPORT OF MOTION OF DEFENDANT PAYPAL, INC. TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR FAILURE TO PLEAD FRAUD WITH PARTICULARITY** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/ECF System.


        /s/     *Julia B. Strickland*
        Julia B. Strickland