**E-Filed 02/15/11**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

MOISES ZEPEDA

               Plaintiff,

      v.

PAYPAL, INC.

               Defendant.

Case Number 5:10-CV-02500 JF (PSG)

**ORDER[1] GRANTING MOTIONS TO DISMISS AND TO APPOINT INTERIM LEAD, LIAISON, AND CLASS COUNSEL**

Re: Docket Nos. 26, 28

On June 7, 2010, Plaintiff Moises Zepeda filed a putative class action against defendant PayPal, Inc. ("PayPal") alleging breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, unjust enrichment, and violations of California's Consumer Legal Remedies Act and Unfair Competition Law.  Zepeda subsequently filed a first amended complaint, in which he joined additional named plaintiffs (collectively "Plaintiffs").  PayPal moves to dismiss that pleading for failure to state a claim upon which relief may be granted, and Plaintiffs move to appoint interim lead, liaison, and class counsel.  For the reasons set forth below, both motions will be granted, and Plaintiffs will be given leave to amend their pleading.

---

[1] This disposition is not designated for publication in the official reports.

**I. BACKGROUND**

PayPal is a Delaware corporation whose principal place of business is located in Santa Clara County, California.  Am. Compl. ¶ 17.  PayPal's payment processing service allows users to accept payment for goods and services they sell online.  *Id.* ¶ 1.  After users complete their transactions, PayPal puts the money it collects from buyers into the sellers' PayPal accounts; sellers then have the option to withdraw their funds or to keep them in their PayPal accounts.  *Id.* ¶ 28.

Plaintiffs are residents of various states who use PayPal to accept payments for items they sell online.  *Id.* ¶¶ 8-15.  Each of the eight named plaintiffs uses PayPal "as a seller."  *Id.* Plaintiffs allege that PayPal placed holds on their accounts without providing them "any real explanation."  *Id.* ¶¶ 49, 8-15.  They claim that as a result of the holds they have been unable to access the money in their PayPal accounts.  *Id.*  Plaintiffs received notice of the holds in "form emails" and "prepared phone scripts," in which PayPal explained that the holds were placed because of "excessive risk involved," "security issues," or "suspicious activity."  *Id.* ¶ 42.  Seven of the eight named plaintiffs were told through such notices that their funds would be held for 180 days, and one of them was told that his funds would be held for twenty to thirty days.  *Id.* ¶¶ 8-15.  When Plaintiffs inquired about the reasons for the holds, PayPal's customer service representatives told them that they would "need to obtain a court order or subpoena" to "obtain copies of the information [PayPal] reviewed in deciding to place a limitation on [their] accounts."  *Id.* ¶ 45.

All users must agree to PayPal's user agreement before using PayPal's services.  *Id.* ¶ 33. The agreement states that "PayPal is an independent contractor for all purposes, except that PayPal acts as your agent with respect to the custody of your funds only."  *Id.*  Pursuant to the user agreement, PayPal users must transfer to PayPal "any ownership right . . . to any interest that may accrue" from the money deposited in their accounts.  *Id.* ¶ 32.  PayPal users also must refrain from engaging in any "Restricted Activities" under the user agreement, and PayPal is authorized to "take various actions" to protect itself and others from liability, including limiting

2

1  access to users' accounts for "up to 180 days." *Id.* ¶¶ 34-36.  Plaintiffs allege that they performed

2  their obligations under the user agreement.  *Id.* ¶ 69.

3  Plaintiffs claim to act on behalf of a putative nationwide class consisting of all PayPal

4  users "whose funds have been held by PayPal, or whose accounts were closed, suspended, or

5  limited by PayPal."² *Id.* ¶ 57.  They allege that PayPal's holds constitute a breach of the user

6  agreement, as well as "fraudulent act[s]" that "unjustly enrich[] PayPal since it fails to refund

7  interest earned while the users are denied access to their accounts."  *Id.* ¶ 3.

8

## II. STANDARD OF REVIEW

9

10  Fed. R. Civ. P. Rule 8(a) requires a plaintiff to plead his claim with sufficient specificity

11  to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell*

12  *Atl. Corp. v. Twombly*, 550 U.S. 545, 544 (2007). "To survive a motion to dismiss, a complaint

13  must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

14  on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows

15  the court to draw the reasonable inference that the defendant is liable for the misconduct

16  alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

17  U.S. 544, 556, 570 (2007)).  A court is not required to accept as true conclusory allegations,

18  unreasonable inferences, or unwarranted deductions of fact.  *Manzarek v. St. Paul Fire & Marine*

19  *Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  If a complaint lacks facial plausibility, a court

20  must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by

21  amendment.  *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

22

## III. DISCUSSION

23

24  **A.     Plaintiffs Fail to State a Claim for Breach of Contract and Breach of the Implied**
         **Covenant of Good Faith and Fair Dealing**

25

26  Plaintiffs claim that PayPal breached "the express terms" of its user agreement by placing

27  _____

28  ² Alternatively, Plaintiffs define the class as "[a]ll natural persons whose funds have been
   held by PayPal or whose accounts were closed, suspended, or limited by PayPal." Am. Compl. ¶
   57.

holds on their accounts "without reason to believe" that they had engaged in restricted activities and by failing to provide them with notice of the reasons for the holds.  Am. Compl. ¶ 70.  For the same reasons, Plaintiffs contend that PayPal also breached the implied covenant of good faith and fair dealing contained in the user agreement.  *Id.* ¶¶ 73-75.

California contracts in a diversity case "will be interpreted so as to reach the same results as would be reached in a California court."  *Republic Pictures Corp. v. Rogers*, 213 F.2d 662, 664 (9th Cir. 1954).  Under California law, contract interpretation is a matter of law and solely a judicial function.  *Superior Dispatch, Inc. v. Insurance Corp. of New York*, 97 Cal.Rptr.3d 533, 548 (Cal. Ct. App. 2009). The goal of contract interpretation is to give effect to the mutual intention of the parties, which "is to be inferred, if possible, solely from the written provisions of the contract." *County of San Diego v. Ace Prop. & Cas. Ins. Co.,* 118 P.3d 607, 612 (Cal. 2005). "If contractual language is clear and explicit, it governs."  *Id.*

### 1. The User Agreement Gives Broad Discretion to PayPal to Place Users' Accounts on Hold

Plaintiffs allege that PayPal breached the express terms of the user agreement by placing their accounts on hold "without reason to believe that Plaintiffs were engaged in restricted activities." Am. Compl. ¶¶ 70-72.  To support their claims, Plaintiffs cite a provision of the user agreement that lists a number of "Restricted Activities" that could lead PayPal to suspend a user's account.[3]  Section 10.4 of the user agreement provides:

> "If [PayPal] ha[s] reason to believe that [a user] ha[s] engaged in any Restricted Activities," [PayPal] may take various actions to protect PayPal, eBay, other Users, other third parties, or [the user] from Reversals, Chargebacks, Claims, fees, fines, penalties, and any other liability," including closing, suspending or limiting access to the user's account and holding the user's funds "for up to 180 days if reasonably needed to protect against the risk of liability." *Id.* ¶¶ 34-36, Ex. 1 at 14.

Plaintiffs' claim for breach of contract is unpersuasive.  Even assuming that Plaintiffs did not engage in any restricted activities and that PayPal thus lacked authority to place their

---

[3] Section 9 of the user agreement contains a list of twenty-five restricted activities, which includes breach of the user agreement, violation of any law, providing false information, refusing to cooperate with a PayPal investigation, and conducting business in a manner that results or may result in complaints or other liability to PayPal.  Am. Compl. ¶ 36, Ex. 1 at 13.

4

accounts on hold pursuant to section 10.4, this Court cannot infer that the holds amount to breach of the user agreement. This is because the user agreement contains at least two other provisions that give PayPal broad discretion to place holds on its users' accounts, neither of which requires that the users have engaged in restricted activities.

Section 10.6 provides:

> "PayPal, in its sole discretion, may place a hold on a payment [the seller] receive[s] for an eBay transaction when PayPal believes there may be a high level of risk associated with the transaction." *Id.* Ex. 1 at 14.

Section 10.7 provides:

> "PayPal, in its sole discretion, may place a Reserve on funds held in [the user's] Premier or Business Account when PayPal believes there may be a high level of risk associated with [the user's] Account . . . If [the user's] Account is subject to a Reserve, PayPal will provide [the user] with notice specifying the terms of the Reserve. The terms may require that a certain percentage of the amounts received into [the user's] Account are held for a certain period of time, or that a certain amount of money is held in reserve, or anything else that PayPal determines is necessary to protect against the risk associated with [the user's] Account." *Id.*

Both 10.6 and 10.7 apply to Plaintiffs, who were sellers on eBay.[4] *Id.* ¶¶ 8-15. Accordingly, PayPal could have placed holds on Plaintiffs' accounts in its "sole discretion" even if Plaintiffs never engaged in restricted activities. Because Plaintiffs fail to address the effect of sections 10.6 and 10.7, their pleading in its current form fails to give rise to the reasonable inference that PayPal is liable for breach of contract.

2. <u>The User Agreement Does Not Require PayPal to Disclose Reasons for Holds</u>

Plaintiffs also allege that PayPal breached the express terms of the user agreement by failing to provide them with an explanation of the reasons why their accounts were suspended. Am. Compl. ¶¶ 70-72. This argument also is unpersuasive, as Plaintiffs do not identify a provision in the user agreement that imposes an affirmative duty on PayPal to share said information with its users.

3. <u>Plaintiffs' Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing is Superfluous</u>

---

[4] Sellers on eBay are required by the PayPal user agreement to establish Premier or Business Accounts. Am. Compl. Ex. 1 at 5, § 4.2.

Plaintiffs allege that PayPal breached the implied covenant of good faith and fair dealing contained in the PayPal user agreement by holding Plaintiffs' funds "for 180 days when not reasonably needed to protect against the risk of liability."  Am. Compl. ¶¶ 74-75.

"If the allegations in a breach of implied covenant claim do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated."  *Malcolm v. JPMorgan Chase Bank, N.A.*, No. 09-4496-JF (PVT), 2010 WL 934252, at *6 (N.D. Cal. Mar. 15, 2010) (citing *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal.App.3d 1371, 1395 (Cal. Ct. App. 1990)).  Here, Plaintiffs' allegations in support for their claim for breach of the implied covenant are the same as those supporting their breach of contract claim.  *Compare* Am. Compl. ¶¶ 70-72, *with* Am. Compl. ¶¶ 74-75.

**B.    Plaintiffs Fail to State a Claim for Breach of Fiduciary Duty**

Plaintiffs allege that because it acted as their agent in respect to the funds deposited in their PayPal accounts, PayPal breached its fiduciary duty by placing holds on their accounts "without determining whether such action was reasonably needed to protect against the risk of liability."  Am. Compl. ¶¶ 78-82.

To maintain a claim for breach of fiduciary duty, a plaintiff must show that (1) a fiduciary relationship exists, (2) there was a breach of the fiduciary duty, and (3) he suffered damage proximately caused by the breach.  *Roberts v. Lomanto*, 5 Cal.Rptr.3d 866, 872 (Cal. Ct. App. 2003).  Here, Plaintiffs fail to plead the second required element, as they allege that PayPal's breach of its fiduciary duty arises out of its alleged breach of the user agreement based on its suspension of Plaintiffs' accounts.  Because they fail to state a claim for breach of contract, Plaintiffs also fail to state a claim for breach of fiduciary duty.

**C.    Plaintiffs Have No Right to an Accounting**

Plaintiffs allege that because PayPal acted as their agent in respect to the funds contained in their PayPal accounts, PayPal owes Plaintiffs the interest accrued on their closed, suspended, or limited accounts.  Am. Compl. ¶¶ 85-86.  Plaintiffs claim that this amount can be ascertained

only by an accounting.  *Id.*

Under California law, "[t]he right to accounting is derivative and depends on the validity of a plaintiff's underlying claims." *Wong v. First Magnus Fin. Corp.*, No. C-09-01612 RMW, 2009 WL 2580353, at *2 (N.D. Cal. Aug. 20, 2009) (citing *Duggal v. G.E. Capital Commc'n Serv., Inc.*, 81 Cal.App.4th 81, 95 (Cal. Ct. App. 2000)).  When a plaintiff fails to plead the underlying claims sufficiently, a claim for an accounting should be dismissed.  *See id.*  Here, ownership of the interest earned by the funds contained in Plaintiffs' accounts is governed by the user agreement, a contract to which both PayPal and Plaintiffs are parties.  Because Plaintiffs fail to state their underlying claim for breach of contract, their derivative claim to an accounting also is subject to dismissal.

**D.    Plaintiffs Fail to State a Claim for Violation of the California Consumer Legal Remedies Act**, Cal. Civ. Code §§ 1750-1784

Plaintiffs allege that PayPal violated the California Consumer Legal Remedies Act ("CRLA"), Cal. Civ. Code §§ 1750-1784, by omitting information on its website about the "high likelihood of a hold being placed on a user's account" and by making statements on its website that "were intended to deceive Plaintiffs."[5]  Am. Compl. ¶¶ 91, 93.  Plaintiffs also allege that they are "consumers within the meaning of the CLRA" and that they have used PayPal "for personal, family and/or household purposes."  *Id.* ¶ 88.

To bring a claim under the CRLA, a plaintiff must be a "consumer."  Cal. Civ. Code § 1780(a); *see also Shin v. BMW of N. Am.*, No. CV 09-00398 AHM, 2009 WL 2163509, at *3 (C.D. Cal. Jul. 19, 2009) (dismissing a CRLA claim because the plaintiffs did not allege they are consumers within the meaning of the statute).  A "consumer" under the CLRA is "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes."  Cal. Civ.Code § 1761(d).

Although Plaintiffs claim that they are consumers within the meaning of the CLRA, their complaint alleges facts that contradict this conclusory assertion.  First, Plaintiffs allege that they

---

[5] These include "promises that the service allows sellers to get paid instantly and securely,""PayPal enables any individual or business to pay and get paid online safely and easily," and "Get Fast Access to Your Money."  Am. Compl. ¶¶ 89-90.

used PayPal as "sellers."  Am. Compl. ¶¶ 8-15.  Sellers typically do not seek, acquire, purchase or lease goods and services; instead, they provide them to others.  Second, sellers on eBay are required by the user agreement to establish Premier or Business Accounts.  *Id.* Ex. 1 at 5, § 4.2. Holders of Premier or Business Accounts are required by the user agreement to "attest that [they] are *not* establishing [those accounts] primarily for personal, family, or household purposes."  *Id.* Ex. 1 at 2, § 2.2 (emphasis added).  Third, the alleged conduct that Plaintiffs claim violates the CRLA was related to Plaintiffs' activities as sellers and not as consumers.  Indeed, Plaintiffs allege that PayPal violated the CLRA by making deceitful statements in the promotion of its "business *merchant* services," such as "promises that [PayPal] allows *sellers* to get paid instantly."  *Id.* ¶ 90 (emphasis added).

## E.  Plaintiffs Fail to State a Claim for Violation of California's Unfair Competition Law,  CAL. BUS. & PROF. CODE § 17200

Plaintiffs claim that PayPal's intentional omissions and misrepresentations in the marketing of its services constitute "consumer fraud" and "unfair business practice[s]" in violation of the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200. Am. Compl. ¶ 109.  They allege that PayPal's holds on their accounts caused them financial injury because they "delayed the transfer of funds to Plaintiffs."  *Id.* ¶ 101.

The UCL prohibits any "unlawful, unfair or fraudulent business practices."  CAL. BUS. & PROF. CODE § 17200.  When a plaintiff "alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of that claim," the claim is said to be grounded in fraud and the pleading must satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b).  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  In *Kearns*, the plaintiff's claims for violations of the UCL were dismissed because they did not meet the heightened pleading standards of Rule 9(b).  *Id.*  Even though not all of the plaintiff's allegations were grounded in fraud, the court determined that his claims were subject to the pleading requirements of Rule 9(b) because he alleged that he relied on the defendant's deceitful marketing materials and representations in purchasing a vehicle that did not meet his expectations.  *Id.* at 1126.  Here, Plaintiffs' UCL claims also are subject to the heightened pleading standards of Rule 9(b) even though Plaintiffs allege that PayPal engaged in unfair

8

1 | business practices in addition to consumer fraud.  Like the plaintiff in *Kearns*, Plaintiffs claim to
2 | have relied on deceitful marketing materials and representations in deciding to use and pay for
3 | PayPal's services.
4 |       Plaintiffs' allegations as presently framed do not satisfy Rule 9(b).  They fail to allege the
5 | particular circumstances of PayPal's deceitful representations or "the who, what, when, where,
6 | and how of the misconduct alleged." *Id.*  Instead, they refer to phrases plucked from PayPal's
7 | website.[6]  Plaintiffs do not state when they were exposed to PayPal's allegedly deceitful
8 | advertisements and misrepresentations or which statements they consider material.

**F.**     **Plaintiffs Fail to State a Claim for Unjust Enrichment**

Plaintiffs allege that, as a direct and proximate result of its misconduct, PayPal has been unjustly enriched through its retention of the interest that accrued on Plaintiffs' suspended accounts.  Referring to PayPal's user agreement, Plaintiffs claim that "PayPal entered into a written contract with Plaintiffs." Am. Compl. ¶ 68.  Section 5.1 of PayPal's user agreement states that users "agree that [they] will not receive interest" and that "in consideration for [their] use of the PayPal Services, [they] irrevocably transfer and assign to PayPal any ownership right that [they] may have in any interest that may accrue." *Id.* Ex. 1 at 6.

**"**Under California law, unjust enrichment is an action in quasi-contract." *Gerlinger v. Amazon.com, Inc.*, 311 F.Supp.2d 838, 856 (N.D. Cal. 2004).  "An action based on quasi-contract cannot lie where a valid express contract covering *the same subject matter* exists between the parties." *Id.* (citing *Wal-Noon Corp. v. Hill*, 45 Cal.App.3d 605, 613 (Cal. Ct. App. 1975)) (emphasis added). Thus, "a plaintiff may recover for unjust enrichment only where there is no contractual relationship between the parties." *Id.*  Here, as discussed above, a valid express contract exists between the parties that covers the subject matter at issue.

**G.**     **Motion for Appointment of Interim Lead, Liaison, and Class Counsel Is Granted**

Pursuant to Federal Rule of Civil Procedure 23(g), Plaintiffs move to appoint Freed &

---

[6] These include "PayPal is the faster, safer and easier way to pay and get paid online," "get paid instantly and securely," and "receive money instantly and ship items quickly to buyers." Am. Compl. ¶ 106.

9

Weiss LLC as Interim Lead Counsel, Lexington Law Group as Interim Liaison Counsel, and Lexington Law Group, Farmer Jaffe Weissing Edward Fistos & Lehrman P.L., and Seeger Weiss LLP as members of the Executive Committee and as Interim Class Counsel.  Pls.' Mot. at 3. Plaintiffs propose that Interim Lead Class Counsel, in consultation with the Executive Committee, have responsibility for strategic decisions associated with the prosecution of the putative class action and any related case subsequently filed.  *Id.* at 3-4.

PayPal does not oppose Plaintiffs' motion, although it reserves the right to challenge or object to Plaintiffs or Plaintiffs' counsel as putative class representatives in connection with any motion to dismiss, motion for class certification, or any other motion or proceeding.  Def.'s Resp. at 2.  PayPal also objects to Plaintiffs "characterization of the section of [Plaintiffs'] Motion entitled 'Statement of Facts,'" as such a section "summarizes certain *allegations*" in Plaintiffs' amended complaint and not facts.  *Id.* (emphasis added).  None of these concerns affects the disposition of the motion.

Case No. 5:10-CV-02500 JF (PSG)
ORDER GRANTING MOTIONS TO DISMISS AND TO APPOINT CLASS COUNSEL
(JFEX1)

1

**ORDER**

2

3      Good cause therefor appearing, IT IS HEREBY ORDERED that PayPal's motion to

4   dismiss is GRANTED, with leave to amend, and Plaintiffs' motion to appoint interim lead,

5   liaison, and class counsel is GRANTED.  Any amended complaint must be filed within thirty

(30) days of the date of this order.

6

7

8   DATED: 02/14/11                                      _____

9                                                        JEREMY FOGEL

10                                                       United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:10-CV-02500 JF (PSG)
ORDER GRANTING MOTIONS TO DISMISS AND TO APPOINT CLASS COUNSEL
(JFEX1)