UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MOISES ZEPEDA, MICHAEL SPEAR, RONYA OSMAN, BRIAN PATTEE, CASEY CHING, DENAE ZAMORA, MICHAEL LAVANGA, and GARY MILLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAYPAL, INC., E-BAY INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No:  C 10-2500 SBA<br><br>Related to:<br>No. C 10-1668 SBA<br><br>**ORDER STRIKING IMPROPER DOCUMENT FILED BY REGINALD BURGESS**<br><br>Dkt. 142 |

Reginald Burgess ("Burgess"), who is not a party to the above-captioned case, previously filed numerous pro se motions in this action, including a motion to intervene. Dkt. 121. On December 3, 2012, the Court denied Burgess' motions. Dkt. 125. Burgess then moved for reconsideration so that he could participate in the settlement conference then scheduled to take place before Magistrate Judge Nathanael Cousins. Dkt. 128. On December 14, 2012, the Court denied the motion for reconsideration. Dkt. 129. The Court noted, inter alia, that "any concerns or suggestions Burgess may have are better expressed to the attorneys representing the plaintiffs, as opposed to the Court's authorizing his direct participation at the settlement conference[.]" Id. at 2.

On April 22, 2013, Burgess, now represented by attorney Garrett Skelly, filed a document styled as Notice of Appearance & Joinder of Class Member Reginald Burgess as an Indispensable Party of Right to Appear ("Notice of Appearance").  Dkt. 142.  Citing Federal Rule of Civil Procedure 23(c)(2)(iv), Burgess claims that he may automatically intervene by way of the Notice of Appearance, and that he is not required to file a motion in order to intervene in the action.  Rule 23(c)(2)(iv) provides, in pertinent part, that: "For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members . . . [¶] that a class member [may] enter an appearance through an attorney if the member so desires."  By its own terms, Rule 23(c)(2) applies only *after* the action has been certified under Rule 23(b)(3).  See Fed. R. Civ. P. 23(c)(2).  Since no class has been certified in this case, Rule 23(c)(2)(iv) is inapposite at this juncture.  In addition, Rule 23(c)(2) does not authorize a party's intervention.  Rather, it merely allows a class member to appear through counsel after class certification under Rule 23(b)(3).

Alternatively, Burgess asserts that his joinder is appropriate under Federal Rule of Civil Procedure 19.  Burgess is confused.  "Nonparties may be joined as parties to an existing action *under appropriate pleadings filed by those already parties*.  [¶] *But this procedure cannot be utilized by an outsider.  Nonparties must seek leave to intervene under [Federal Rule of Civil Procedure 24].*"  Schwarzer, Tashima & Wagstaffe, Fed. Civ. P. Before Trial § 7:165 at 7-64 (TRG 2011) (emphasis added).  Burgess is an outsider; he must therefore seek leave of Court to intervene by first filing a stipulation or motion in accordance with Rule 24 and Local Rule 7-2.  As an attorney admitted to practice in this Court, Burgess' counsel should have been aware of this.  See Civ. L.R. 11-1(c) (requiring an attorney seeking admission to this Court to present a "sworn petition for admission" which certifies, inter alia, the attorney's "[k]nowledge of the contents of the Federal Rules of Civil and Criminal Procedure . . . .  and the Local Rules of this Court.").

In sum, the Court finds that Burgess' Notice of Appearance is entirely improper and his request for joinder, which the Court construes as a request to intervene, will not be considered by the Court at this time.[1] Accordingly,

IT IS HEREBY ORDERED THAT Burgess' Notice of Appearance & Joinder of Class Member Reginald Burgess as an Indispensable Party of Right to Appear, Dkt. 142, shall be STRICKEN from the record. To the extent Burgess desires to intervene in the action, he must first meet and confer with the parties regarding his request. If no stipulation is reached, Burgess may file a noticed motion to intervene in the manner permitted by the Federal Rules of Civil Procedure and the Local Rules of this Court.

IT IS SO ORDERED.

Dated: April 26, 2013

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\Sbalc2\K…\Civil\10-2500 - Zepeda - Order Striking Improper Document.docx

---

[1] The Court's Standing Orders state that any papers filed "in an improper manner or form shall not be received or considered by the Court."

- 3 -