UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MOISES ZEPEDA, MICHAEL SPEAR, RONYA OSMAN, BRIAN PATTEE, CASEY CHING, DENAE ZAMORA, MICHAEL LAVANGA, and GARY MILLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAYPAL, INC., E-BAY INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No: C 10-2500 SBA<br><br>Related to:<br>Case No. C 10-1668 SBA<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Dkt. 152 |

The parties are presently before the Court on non-party Reginald Burgess' Motion for Leave to File a Motion for Reconsideration. Dkt. 152. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below.

I. **BACKGROUND**

On April 22, 2013, Reginald Burgess ("Burgess"), represented by attorney Garrett Skelly, filed a document styled as Notice of Appearance & Joinder of Class Member Reginald Burgess as an Indispensable Party of Right to Appear ("Notice"). Dkt. 142. Among other things, Burgess claimed that by filing his Notice, he was authorized to intervene by operation of law. On April 29, 2013, the Court struck the Notice as improper. Dkt. 147. The Court informed Burgess that to the extent he desires to intervene, he must first meet and confer with the other parties to seek a stipulation permitting his intervention; if no stipulation was reached, he must then file a motion to intervene under Rule 24 of the

Federal Rules of Civil Procedure.  Id.  On May 3, 2013, Burgess filed a Motion for Leave to File a Motion for Reconsideration of the Court's April 29, 2013 Order striking his Notice.  Dkt. 152.

## II. DISCUSSION

### A. LEAVE TO FILE A MOTION FOR RECONSIDERATION

The Civil Local Rules of this Court specify that a motion for reconsideration cannot be filed unless the party seeking reconsideration has first sought and obtained leave to file such a motion in accordance with Civil Local Rule 7-9.  Local Rule 7-9 states:

> **(b) Form and Content of Motion for Leave**. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9.  In addition, this Court's Standing Orders specify that before filing a motion or any other non-stipulated request, the movant must first meet and confer in good faith with all other parties in an effort to resolve the matter without the need for judicial intervention.  Dkt. 65.

As a threshold matter, there is no indication in the record that Burgess met and conferred with the other parties prior to filing the instant motion.  On that basis alone, the Court finds that the request for leave to file a motion for reconsideration is subject to denial.  See Raifman v. Wachovia Sec., LLC, No. C 11-2885 SBA, 2013 WL 949255, *2 (N.D. Cal., Mar. 11, 2013) (denying motion without prejudice based on the movant's failure to "meet and confer on the issues presented by the instant motion").

- 2 -

Burgess' motion also fails to comport with Civil Local Rule 7-9. The motion does not identify any a material difference in fact or law since the issuance of the Court's April 29 ruling, the emergence of new material facts or a change of law, or any material facts or dispositive legal arguments which the Court did not consider. Instead, Burgess attempts to reargue the merits of his Notice—in direct contradiction to Local Rule 7-9(c). See Civ. L.R. 7-9 (c) (authorizing the imposition of sanctions where the motion for leave to file a motion for reconsideration repeats arguments previously made to the Court). Burgess' failure to comply with Civil Local Rule 7-9 constitutes grounds for denying his motion. See Tri-Valley CAREs v. U.S. Dept. of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

The above notwithstanding, none of Burgess' arguments has any merit. First, Burgess takes issue with the Court's prior characterization of him as a "non-party." Mot. at 2-6, Dkt. 152. In particular, Burgess alleges that he became a "formal party" on November 11, 2012, when Ms. Trubitsky, counsel for the plaintiffs in the related action, Fernando v. eBay, Inc., No. C 10-1668 SBA, "offered [him] representation as a plaintiff member[.]" See Fernando, Dkt. 123 (Burgess Decl. ¶ 2). This contention is wholly without merit. An attorney cannot unilaterally authorize the joinder of a non-party. The addition of Burgess as a party-plaintiff can be accomplished only through leave of court under Rule 19, upon motion of an existing party to the action. See Arrow v. Gambler's Supply, Inc., 55 F.3d 407, 409 (8th Cir. 1995) ("only a party may bring a Rule 19 motion").[1] Alternatively, Burgess himself could have filed a motion to intervene under Rule 24. See Thompson v. Boggs, 33 F.3d 847, 858 n.10 (7th Cir. 1994) (noting that the court was unaware of any case where "a court granted a motion to join made by a non-party to the lawsuit" and that "the proper course of action would be a motion to intervene under Fed. R. Civ. P. 24.").

---

[1] Joinder under Rule 19 would have afforded Burgess with a "full opportunity to participate in litigation and formulation of proposed relief . . . ." Zipes v. Trans World Airlines, 455 U.S. 385, 400 n.14 (1982) (citing EEOC v. MacMillan Bloedel Containers, Inc., 503 F.2d 1086, 1095 (6th Cir. 1974)).

Accordingly, the fact that Ms. Trubitsky may have offered to represent him as a class member is of little moment.

Next, Burgess argues that "joinder" under Rule 19 "does not require a motion" and that his joinder was accomplished through the filing of his Notice. Mot. at 2 n.2, 7. Burgess cites no authority—nor is the Court aware of any—which holds that a party may be joined under Rule 19 without a motion having been filed by a party. See Thompson, 33 F.3d at 858 n.10. Though not cited by Burgess, the Court notes that Rule 21 of the Federal Rules of Civil Procedure permits a district court to "*sua sponte* join a party for good cause." Arrow, 55 F.3d at 409.[2] The circumstances where the *sua sponte* addition of a party is appropriate, however, are generally limited to situations where the addition is necessary to promote judicial economy and substantial justice. E.g., Motorola Mobility, Inc. v. Apple Inc., No. 1:12-cv-20271-RNS, 2012 WL 3113932, *2 n.5 (S.D. Fla. July 31, 2012) (noting that the court may exercise its discretion under Rule 21 to prevent delay or prejudice); Mathis v. Bess, 761 F. Supp. 1023, 1026 (S.D.N.Y. 1991) ("Courts may join new parties as plaintiffs sua sponte in order to prevent defendants from being subjected to . . . multiple lawsuit[s] over the same issues."). In this case, good cause to add Burgess as a party *sua sponte* was not apparent from his Notice.

Burgess next argues that the Court erred in finding that his reliance on Rule 23(c)(2)(B)(iv) was misplaced. Mot. at 8. In his Notice, Burgess took the position that Rule 23(c)(2)(B)(iv) permits him to become a party simply by filing a notice of appearance. The Court ruled that nothing in Rule 23(c)(2)(B)(iv) authorizes an individual's automatic joinder or intervention in a putative class action, and that the rule merely recognizes that *after a class has been certified under Rule 23(b)(3)*, a class member may enter appearance through counsel. 4/29/13 Order at 2. In his motion for leave to file a motion for reconsideration, Burgess contends, without citation to any decisional authority, that the

---

[2] Rule 21 provides: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21.

- 4 -

Court's construction of Rule 23(c)(2)(B)(iv) is incorrect because the rule does not expressly foreclose a class member's right to appear through counsel. Mot. at 8-9. That argument misses the point. Rule 23(c)(2)(B)(iv) simply recognizes that after a class has been certified (which has not yet transpired in this case), a class member may "appear" through counsel. However, the rule does *not* authorize a class member to "intervene" in the action. See Hofstetter v. Chase Home Finance, LLC, No. C 10-1313 WHA, 2011 WL 5415073, *2 (N.D. Cal. Nov. 8, 2011) (discussing the distinction between the right to appear under Rule 23(c)(2)(B)(iv) with a request to intervene, which is governed by Rule 24).

Finally, Burgess argues, again without citation to any decisional authority, that the Court had no legal authority to strike his Notice from the record. Mot. at 9. According to Burgess, a district court's ability to strike a pleading is limited to Federal Rule of Civil Procedure 12(f), which provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Burgess is mistaken. The law is clear that district courts have the inherent power to control their docket, and in the exercise of that power, they may properly strike improper documents. Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404-405 (9th Cir. 2010); see also Centillium Comms., Inc. v. Atlantic Mut. Ins. Co., No. C 06-7824 SBA, 2008 WL 728639, *6 (N.D. Cal. Mar, 17, 2008) (striking motion where the movant failed to meet and confer prior to filing its motion).[3]

### B. CONDUCT OF COUNSEL

Since filing the Notice on behalf of Burgess on April 22, 2013, Attorney Garrett Skelly has filed a plethora motions and requests on behalf of Burgess and other individuals who are not parties to this action. Unless and until Burgess and/or any other non-parties to this action have been granted leave to intervene, such requests are premature. In addition,

---

[3] Burgess asserts the Court engaged in misconduct by striking his document from the record. With regard to the acting of striking documents, he posits that "[p]erhaps other judges do this and order their trembling staff to do it; but it does not make it lawful nor right. Mot. at 10. These types of extraneous, ad hominem attacks on the Court and its staff are unprofessional, inappropriate and in violation of the standards of professional conduct. See Civ. L.R. 11-4(a).

such motions have unnecessarily consumed the Court's time and resources.  Therefore, other than filing a procedurally proper and noticed motion to intervene, attorney Garrett Skelly shall not file any further motions or other non-stipulated requests on behalf of Burgess or any other non-party without prior leave of Court.

## III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Burgess' Motion for Leave to File a Motion for Reconsideration is DENIED.

2. Other than filing a procedurally proper and noticed motion to intervene, attorney Garrett Skelly shall not file any further motions or other non-stipulated requests on behalf of Burgess or any other non-party without prior leave of Court.  Any documents filed in violation of this Order will be stricken and may result in the imposition of sanctions.

3. This Order terminates Docket 152.

IT IS SO ORDERED.

Dated:  May 15, 2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

N:\K…\Civil\10-2500 - Zepeda - Order Denying Reconsideration.docx