MARK N. TODZO (State Bar No. 168389)
LEXINGTON LAW GROUP
503 Divisadero Street
San Francisco, California 94117
Telephone:     415.913.7800
Facsimile:     415.759.4112
Email: mtodzo@lexlawgroup.com

JULIE MILLER
JEFFREY A. LEON
COMPLEX LITIGATION GROUP, LLC
513 Central Avenue Suite 300
Highland Park, IL 60035
Telephone:     847.433.4500
Facsimile:     847.433.2500
Email: jeff@complexlitgroup.com

Attorneys for Plaintiff
MOISES ZEPEDA, et. al.
and All Others Similarly Situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND BRANCH

| | |
|---|---|
| MOISES ZEPEDA, MICHAEL SPEAR, RONYA OSMAN, BRIAN PATTEE, CASEY CHING, DENAE ZAMORA, MICHAEL LAVANGA, and GARY MILLER, on behalf of themselves and all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>PAYPAL, INC., et al.,<br><br>**Defendants.** | **Case No.  10-CV-02500 SBA**<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT<br><br>Action Filed: June 7, 2010<br><br>Date:     June 11, 2013<br>Time:    1:00 p.m.<br>Ctrm.:   1, 4th Floor |

Case No. 10-CV-02500 SBA

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

# TABLE OF CONTENTS

Page

INTRODUCTION................................................................................................. 1

STATEMENT OF FACTS.................................................................................... 4

    I.       PROCEDURAL AND FACTUAL BACKGROUND. ............................ 4

    II.      THE PROPOSED SETTLEMENT. .................................................. 6

          A.    The Plaintiff Class Secured Changes in PayPal's Business Practices That Require PayPal to Be Upfront About Its Hold and Reserve Policy................................................................................. 6

          B.    Class Representative Enhancement Payment.............................. 7

          C.    Attorneys' Fees And Costs. ........................................................ 7

          D.    Settlement Administration And Notice. ...................................... 8

ARGUMENT ...................................................................................................... 8

    I.       THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE SETTLEMENT. .................................................................................. 8

          A.    The Applicable Legal Standard.................................................... 8

          B.    This Settlement Is The Product of Serious, Informed, And Arm's-Length Negotiations. ........................................................ 9

          C.    The Settlement Has No "Obvious Deficiencies" And Falls Well Within The Range Of Possible Approval................................... 10

          D.    The Settlement Falls Within The Range Of Possible Approval.................. 11

    II.      PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE. ................................................................................. 12

          A.    The Criteria For Class Certification Under Rule 23(a) Are Satisfied. ........ 13

               1.    Joinder Of All Members Is Impracticable....................................... 13

               2.    Common Issues Of Law And Fact Exist. ....................................... 13

               3.    The Named Plaintiff's Claims Are Typical Of Class Claims. ......... 14

               4.    The Named Plaintiffs And Their Counsel Adequately Represent The Proposed Class. ................................................. 14

          B.    The Proposed Settlement Class Meets The Requirements Of Rule 23(b)(3)............................................................................. 15

    III.    THE PROPOSED CLASS NOTICE SATISFIES THE REQUIREMENTS

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

OF DUE PROCESS. ............................................................................... 15

    A.     The Method Of Notice Proposed Is Appropriate. ....................................... 16

    B.     The Contents Of The Proposed Notice Are Adequate. ............................... 16

IV.    SCHEDULING A FINAL APPROVAL HEARING IS APPROPRIATE. ............ 17

CONCLUSION ........................................................................................................ 17

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

# TABLE OF AUTHORITIES

## Cases

*Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 666 (E.D. Cal. 2008)) ........................................................ 8

*Alvarado Partners, L.P. v. Mehta,* 723 F. Supp. 540 (D.C. Colo. 1989) ........................................ 11

*Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001) .................................................................. 13

*Bjustrom v. Trust One Mgmt. Corp.*, 199 F.R.D. 346, 348 (W.D. Wash. 2001) ............................ 13

*Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975). .................................................................. 12

*Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1177 (9th Cir. 2007) ........................................ 12, 13, 14

*Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig)*, 213 F.3d 454, 458 (9th Cir. 2000) ........ 7, 8

*Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998) .................................................. 7, 13

*Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1154 (11th Cir. 1983) .................................................. 15

*Immigrant Assistance Project of Los Angeles County Fed'n of Labor v. I.N.S.*, 306 F.3d 842, 869
    (9th Cir. 2002) .......................................................................................................................... 12

*In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007) ............................... 8

*Jordan v. County of Los Angeles*, 669 F.2d 1311, 1319 (9th Cir. 1982), *vacated on other grounds*,
    459 U.S. 810 (1982). ............................................................................................................ 12, 13

*M. Berenson Co. v. Faneuil Hall Marketplace*, 671 F. Supp. 819, 822 (D. Mass. 1987) ................ 8

*Molski v. Gleich*, 318 F.3d 937, 947, 950 (9th Cir. 2003) .......................................................... 14, 15

*Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009) ................................................ 15

*Vasquez v. Coast Valley Roofing, Inc.*, 2009 U.S. Dist. LEXIS 106973, 2009 WL 3857428, at *7
    (E.D. Cal. Nov. 17, 2009) .......................................................................................................... 8

*Williams v. Costco Wholesale Corp.*, 2010 U.S. Dist. LEXIS 19674, *15 (S.D. Cal. Mar. 4, 2010)8

Wright v. Lucas Enterprises, 259 F.R.D. 468, 472 (E.D. Cal. 2009) ................................................ 8

## Rules

Fed. R. Civ. P. 23(a) ................................................................................................................. passim

Rule 23(b)(3) ............................................................................................................................ 14, 15

Rule 23(e)(1)(B) ....................................................................................................................... 15, 17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>Treatises</u>

Cal. Prac. Guide *Fed. Civ. Pro. Before Trial* ..................................................................................... 11

*Manual for Complex Litig.* at §§ 21.632, 21.633 ............................................................... 11, 15, 16

WILLIAM B. RUBENSTEIN ET AL., NEWBERG ON CLASS ACTIONS § 11:25 (4th ed. 2002)............................................................................................................................................. 7

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

1

## NOTICE OF MOTION AND MOTION

2

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3   **PLEASE TAKE NOTICE THAT** on June 11, 2013 at 1:00 p.m., or as soon thereafter as this

4   matter may be heard by and before the Honorable Saundra Brown Armstrong, United States

5   District Judge, at the United States Courthouse, Oakland Courthouse, Courtroom 1, 4th Floor,

6   1301 Clay Street, Oakland, California 94612, Plaintiffs Moises Zepeda, Michael Spear, Ronya

7   Osman, Brian Pattee, Casey Ching, Denae Zamora, Michael Lavanga, and Gary Miller

8   ("Plaintiffs") on behalf of the proposed Class (defined herein), respectfully apply to this Court for

9   entry of an order: (i) granting preliminary approval of the proposed settlement set forth in the

10  class action Settlement Agreement dated October 9, 2012 (attached as Exh. 1); (ii) conditionally

11  certifying the Class for purposes of such settlement by way of a [Proposed] Order Granting

12  Preliminary Approval (attached as Exh. 2); (iii) approving Plaintiffs' selection of Class Counsel;

13  (iv) approving the proposed notice plan; and (v) setting a hearing date for final approval thereof.

14      This motion is based on this Notice of Motion and Motion, the attached Memorandum of

15  Points and Authorities, the other papers on file in this action, and such other submissions or

16  arguments that may be presented before or at the hearing on this motion.

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs Moises Zepeda, Michael Spear, Ronya Osman, Brian Pattee, Casey Ching, Denae Zamora, Michael Lavanga, and Gary Miller (the "Zepeda Plaintiffs" or "Plaintiffs") on behalf of the proposed Class (defined herein), respectfully apply to this Court for entry of an order (i) granting preliminary approval of the proposed settlement set forth in the class action Settlement Agreement dated October 9, 2012 (the "Agreement") (attached as Exh. 1); (ii) conditionally certifying the Class for purposes of such settlement by way of a [Proposed] Order Granting Preliminary Approval (attached as Exh. 2); (iii) approving Plaintiffs' selection of Class Counsel; (iv) approving the proposed notice plan; and (v) setting a hearing date for final approval thereof (the "Settlement Fairness Hearing").

Plaintiffs respectfully submit this Memorandum in support of their motion for preliminary approval of a proposed class settlement (the "Settlement"), the terms of which are set forth in a class action Settlement Agreement dated October 9, 2012 (the "Settlement Agreement").

The course of presentation of this settlement has been unusually prolonged as the settlement seeks to to settle the claims of two different lawsuits. The proposed settlement is intended to cover all claims made in the First Amended Complaint in the above captioned case ("Zepeda"), which comprehensively addresses PayPal's practices regarding reserves and holds on customer accounts as well as disclosures relating to such reserves and holds, including the claims made in the Amended Complaint filed in Fernando et. al. v. PayPal, 10-CV-01668 SBA. The settlement is intended to remedy the concerns expressed in the lawsuit Plaintiffs filed on behalf of all PayPal, Inc. ("PayPal") account holders whose accounts had a hold or reserve placed on it by PayPal. The lawsuit alleges that there was no disclosure of or justification for the monetary reserves or holds, which lasted up to 180 days. While there have been issues with regards to counsel for Fernando including the currently pending order to show cause against Fernando counsel Marina Trubitsky, Zepeda Class Counsel have decided to proceed with the settlement as it is drafted and save for a later date what if anything should be done with regards to the legal fees

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

1  the settlement currently contemplates for Ms. Trubitsky.

2     Putting aside the issues with Ms. Trubitsky, the proposed settlement is well within the

3  range of a fair, reasonable and adequate settlement and merits preliminary approval.  This case

4  was always about disclosure, and this settlement achieves a fair measure of reform in the

5  disclosure process employed by PayPal.  This settlement achieves the following enhanced

6  disclosures to PayPal sellers:  (1) more prominent and clarified disclosure of the fact that, by

7  agreeing to use PayPal, sellers agree that PayPal reserves the right to place holds and reserves on

8  the accounts; (2) PayPal's agreement that they will generally disclose to sellers who have been

9  subjected to holds the reasons for the holds, subject to PayPal's security considerations; and (3)

10  more prominent and clarified disclosure of dispute resolution procedures.

11     Class Counsel believe that the lawsuit was responsible for a significant attitudinal change

12  within PayPal that will continue to resonate to the benefit of the class long after this settlement is

13  approved.  PayPal's President recently stated that he was going to "radically change [PayPal's]

14  approach to holds and reserves and that PayPal was going to "radically change how we . . .

15  communicate with our customers" so that PayPal could "fix this for all of our customers for

16  good."[1]   The Complaint primarily sought reform of PayPal's practice of improperly placing holds

17  and/or reserves on Plaintiffs' and the class members' accounts, and for not providing information

18  as to the reason for the holds and/or reserves.  This is because the reserves all expired within 180

19  days of being placed, and the reserves of the named Plaintiffs all long ago expired.  The idea of the

20  lawsuit was to both ensure that class members were better informed of PayPal's practices and that

21  class members could obtain information as to the reason for the hold or reserve.  The proposed

22  settlement achieves many of the reforms sought in the Complaint, with enhanced disclosure of the

23  relevant contractual provisions of the PayPal user agreement and the agreement by PayPal that it

24  will, when practical, inform the class member as to the reason for the hold.   Thus, more often

---

26  [1] *See* Steven Musil, "PayPal exec gets personally involved in account dispute", CNET.com,
27  September 9, 2012, available at http://news.cnet.com/8301-1023_3-57509148-93/paypal-exec-gets-personally-involved-in-account-dispute/ (last visited October 3, 2012).

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY**
**APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

than not in the future, class members can learn why their accounts were reserved, and can use that information as part of their appeal of the reserve decision within the PayPal appeals process. Alternatively, with the enhanced disclosure of the fact that PayPal can and will place reserves and holds on accounts within their discretion, PayPal users can decide whether they want to use PayPal as their payment processing system or if they want to use another system that less liberally employs reserves.  Knowledge is the key to choice, and knowledge is the key to attempting to remedy any wrong caused by a reserve.  The settlement goes a long way toward providing both types of knowledge.

PayPal of course denies Plaintiffs' allegations and contends that its hold and reserve practices were fully disclosed in its contracts, notwithstanding any customer confusion or dissatisfaction.  Plaintiffs' leverage was obviously severely circumscribed by Judge Fogel's decision to dismiss Plaintiffs' complaint without prejudice because "Plaintiffs' claim for breach of contract is unpersuasive.  Even assuming that Plaintiffs did not engage in any restricted activities … the user agreement contains at least two other provisions that give PayPal broad discretion to place holds on its users' accounts, neither of which required that the users have engaged in restricted activities."  Doc. No. 49 at 4-5.

While Plaintiffs were given the opportunity to attempt to replead, it became obvious that not only would repleading lead to another round of extended briefing thereby delaying any relief, but that it would also be difficult to satisfy Judge Fogel's view of the contract.  Even though the complaint was dismissed, Plaintiffs nonetheless made enough of an impact on PayPal to cause PayPal to want to discuss settlement, and following PayPal's successful dismissal of the action last summer, PayPal shared detailed and confidential information concerning its hold and reserve practices with Plaintiffs' counsel.  Thereafter, the parties engaged in extensive formal and informal negotiations, and reached a settlement (with the assistance of skilled mediator Randall W. Wulff of Dispute Resolution) that represents a fair compromise of their respective positions.

Under the proposed settlement, the parties agree to certify a Settlement Class consisting of current and former users of PayPal in the United States who had an active PayPal account between

April 19, 2006 and the date of entry of the Preliminary Approval Order (hereinafter, the "Settlement Class").  The primary focus of the settlement is the implementation or maintenance of business practices designed to inform PayPal's customers of PayPal's hold and reserve policies and to make such policies more user-friendly as discussed in the Settlement Agreement, attached as Exhibit 1.  In addition to addressing its business practices, PayPal will pay a total of $1,425,000 as a Settlement Fund which will cover statutory damages, a *cy pres* payment, partial reimbursement of Plaintiffs' attorneys' fees and costs and the cost of settlement administration.  PayPal, in turn, will receive a release of all claims relating to its hold and reserve practices.  This proposed settlement is fair to all parties and should be preliminarily approved.

## STATEMENT OF FACTS

### I.        PROCEDURAL AND FACTUAL BACKGROUND.

Defendant PayPal is an online payment processing service that provides individuals and businesses the ability to accept payment for goods and services.   Plaintiffs allege that they are users of the PayPal payment services as sellers.  Plaintiffs seek to represent a nationwide class of PayPal account holders who, like them, use PayPal to send and receive payments.

This lawsuit was always primarily about reform.  PayPal was holding the money of class members for defined time periods – they were not keeping it forever.  Thus, at most, the class lost interest on the money for up to six months.  As alleged in Plaintiffs' complaint, PayPal started holding funds in sellers' accounts by placing reserves on accounts and/or limiting and/or suspending sellers' accounts and holding the funds in the accounts for up to 180 days (collectively referred to as "holding funds").  PayPal placed holds on the funds of users who sell on eBay as well as those who use PayPal as a method of payment on a website other than eBay.  Plaintiffs alleged the practice to be widespread and met with disappointment and anger from consumers around the country, as evidenced by the numerous websites created to protest PayPal's holding of funds.

Plaintiffs alleged that PayPal had not provided any real explanation as to why the accounts had a hold placed on them, and did not provide PayPal users with any guidance or criteria so that

1  they could select customers and conduct transactions in a way to avoid PayPal's hold policies.

2  The PayPal user agreement is silent on whether such an explanation must be provided.

3      Plaintiffs' claims have been dismissed by the District Court based upon the arguments

4  briefly described in the Argument Sections III. B. 1 through III. B. 3 *infra*.  (Docket No. 49)

5  Following the Court's February 15, 2011 Order dismissing Plaintiffs' First Amended Complaint,

6  the parties began discussions regarding the underlying factual allegations and potential settlement

7  options.  PayPal explained to Plaintiffs' counsel PayPal's hold and reserve policy.

8      The parties thereafter engaged in arms-length settlement negotiations for many months

9  regarding the underlying claims and facts.  The parties then participated in a mediation regarding

10  settlement terms supervised by Randall Wulff.  These discussions and the mediation resulted in

11  the settlement terms discussed below.  Although PayPal has numerous defenses to the underlying

12  allegations and the basis for certifying the class, in recognition of the risks of the litigation and the

13  certain, significant costs of defending it, PayPal agreed to a settlement that would provide valuable

14  benefits to the Settlement Class.

15      The Fernando complaint was amended on March 2, 2011 to allege claims that overlapped

16  with the claims in Zepeda.  PayPal then undertook to reach an agreement with Fernando's counsel,

17  and reached an agreement as to that case.  Given the overlapping claims, the parties decided to

18  merge the two settlements in order to avoid confusing serial notices to the Class.  However,

19  notwithstanding Fernando's counsel's agreement to the terms of the settlement, she later began

20  reneging from parts of the agreement in order to secure separate additional relief for some of her

21  individual clients.  Given Fernando's counsel's seemingly ever-changing demands, the Zepeda

22  Plaintiffs and PayPal finally determined that it would be impossible to include the Fernando

23  plaintiffs as parties to the settlement.  However, the Fernando plaintiffs are free to either

24  participate in or opt out of the settlement, and the settlement allows Fernando's counsel to apply

25  for up to $212,500 in attorneys' fees and costs, which is the amount agreed upon during settlement

26  negotiations with Fernando's counsel, assuming Fernando's counsel meets the conditions in the

27  settlement agreement.

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

1    Plaintiffs' initially moved for preliminary approval of the Settlement on October 18, 2012.

2    The Fernando plaintiffs filed an objection to the motion for preliminary approval on October 25,

3    2012 and both Plaintiffs and Defendant filed a response thereto on November 8, 2012.  On

4    November 27, 2012, the Court ordered the Parties as well as the Fernando plaintiffs to participate

5    in a mandatory settlement conference and denied the motion for preliminary approval without

6    prejudice pending the outcome of the settlement conference.  The settlement conference was

7    unsuccessful as Ms. Trubitsky failed to participate or even attend the second day of the

8    conference.  Judge Cousins issued an Order to Show Cause against Ms. Trubitsky and her clients

9    which is  still pending before him.

10    Given that the mandatory settlement conference was unsuccessful, Plaintiffs are renewing

11    their motion for preliminary approval of the Settlement.  In conformance with the Court's May 16,

12    2013 Order Re Meet and Confer Requirement, Plaintiffs initiated a telephonic meet and confer on

13    May 23, 2013 to discuss Plaintiffs' proposed motion.  All parties to the case, as well as counsel for

14    the Fernando plaintiffs and Reginald Burgess participated.

15    **II.        THE PROPOSED SETTLEMENT.**

16            **A.        The Plaintiff Class Secured Changes in PayPal's Business
                          Practices That Require PayPal to Be Upfront About Its Hold
17                        and Reserve Policy.**

18    In settlement of Plaintiff's and the Class' claims, PayPal agreed to commit to the following

19    business practices:[2]

20

21    •    PayPal will disclose its use of fraud and risk modeling in the PayPal User Agreement,
           which governs the types of accounts and conduct at issue in the Action, and which is
22         available on the PayPal website.

23    •    PayPal will no longer respond to requests for information with an email advising users that
           they must seek a subpoena to obtain information and will revise its email response to
24         advise users to communicate with PayPal to seek additional information.  The Parties

25    [2] As reflected in the Settlement Agreement and Exhibits thereto, PayPal has already made the
      required changes to its User Agreement, website and certain business practices.  PayPal will
26    commit to fully implement the required business practices and to maintain them for two years
      pursuant to the terms of the Settlement Agreement.
27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

agree, however, that this advice is not intended to imply that PayPal is obligated to provide, or that users are entitled to or will receive, any additional information.

- PayPal will revise the PayPal User Agreement to more clearly distinguish among "holds," "reserves" and "limitations," as those terms are used by PayPal, including in the PayPal User Agreement.

- PayPal will enhance the disclosures on its website by including a list of Frequently Asked Questions (FAQ) providing users with greater detail on holds, reserves and limitations.

- In response to calls to customer service, PayPal will disclose the reason for a hold, reserve or limitation to the extent not inconsistent with PayPal's security requirements, which will be determined at PayPal's sole discretion.  If PayPal is unable to inform a user of the reason for a hold, reserve or limitation due to security requirements, it will inform the user that it cannot tell the user the reason due to security requirements.

The settlement only provides prospective relief.

PayPal will pay for the dissemination of notice to the Class, and for a portion of Zepeda Plaintiffs' reasonable attorneys' fees and costs, which shall not exceed $500,000.  PayPal, in turn, will receive a release of all claims as described in the Settlement, including: (a) that were, are or could have been alleged in the Actions or in either of the Prior Actions, or that arise out of the events or incidents referred to in the Actions or in either of the Prior Actions; (b) that relate in any respect to the placing of holds, reserves or any other limitations on PayPal transactions or accounts, or the closing, suspending or limiting of PayPal accounts, including without limitation any disclosure or non-disclosure with respect thereto; (c) that relate in any respect to the payment or failure to pay interest on funds subject to a hold, reserve or limitation, including without limitation any disclosure or non-disclosure with respect thereto; (d) that relate in any respect to Defendants' obligations under the EFTA and/or Regulation E; (e) that relate in any respect to Defendants' obligations under the Comb settlement; or (f) that arise out of or relate in any way to the administration of the settlement.

## B.      Class Representative Enhancement Payment.

The Settlement Agreement also allows Zepeda Plaintiffs to each submit an application to the Court for a representative enhancement payment of up to $5,000.

## C.      Attorneys' Fees And Costs.

Pursuant to the Settlement Agreement and following the Court's preliminary approval of the Stipulation of Settlement, Class Counsel for the Zepeda action will submit an application to

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

1   the Court for an award of attorneys' fees and costs not to exceed $500,000 subject to the Court's

2   approval.

3           **D.**      **Settlement Administration And Notice.**

4          Plaintiffs seek certification pursuant to Fed. R. Civ. P. 23(a) and (b)(3).  Notice to the

5   Class will be achieved in two ways.  First, E-mail Notice will be sent to the most recent primary e-

6   mail address of each Settlement Class Member according to PayPal's records as of the date of the

7   order of preliminary approval on or before 120 days after entry of the Preliminary Approval Order.

8   Second, the Publication Notice will be published in the national edition of USA Today on or

9   before 120 days after entry of the Preliminary Approval Order.

10          Class members will have thirty (30) days after the deadline to provide class notice to seek

11   exclusions from the Class or file objections to the proposed Settlement.  Class Counsel will

12   monitor and track those Class Members seeking exclusion or objecting to the proposed Settlement.

13   Class Counsel and PayPal selected these means of notice as the most effective means of reaching

14   the proposed Class Members.

15                                           **<u>ARGUMENT</u>**

16        **I.**      **THE COURT SHOULD GRANT PRELIMINARY APPROVAL**

17                 **OF THE SETTLEMENT.**

18          The proposed settlement is fair and reasonable.  The settlement provides substantial

19   benefits to the Settlement Class by obtaining greater clarity in PayPal's business practices that

20   address the subject of Plaintiffs complaints.  The settlement accomplishes this while avoiding both

21   the uncertainty and the delay which would be associated with further litigation.  It represents a fair

22   compromise of the parties' respective positions in the litigation, and enables each party to end the

23   litigation and avoid its costs and risks.  Finally, the settlement was reached through arm's length

24   negotiations and Class Counsel supports the resulting settlement as fair and as providing

25   reasonable relief to the members of the Class.

26          **A.**      **The Applicable Legal Standard.**

27          A proposed settlement may be approved by the trial court if it is determined to be

28   "fundamentally fair, adequate, and reasonable."  *Dunleavy v. Nadler (In re Mego Fin. Corp. Sec.*

1  *Litig*), 213 F.3d 454, 458 (9th Cir. 2000) (citing *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026

2  (9th Cir. 1998).

3      Given that the full fairness and analysis can only be assessed at the Final Approval

4  Hearing, at the preliminary approval stage, the Court "need only review the parties' proposed

5  settlement to determine whether it is within the permissible 'range of possible judicial approval'

6  and thus, whether the notice to the class and the scheduling of the formal fairness hearing is

7  appropriate." *Williams v. Costco Wholesale Corp*., 2010 U.S. Dist. LEXIS 19674, *15 (S.D. Cal.

8  Mar. 4, 2010) (citing WILLIAM B. RUBENSTEIN ET AL., NEWBERG ON CLASS ACTIONS

9  § 11:25 (4th ed. 2002) (citations omitted); *see also Wright v. Lucas Enterprises*, 259 F.R.D. 468,

10  472 (E.D. Cal. 2009); *Alberto v. GMRI, Inc*., 252 F.R.D. 652, 666 (E.D. Cal. 2008)).

11      Preliminary approval of a settlement and notice to the proposed class is appropriate: "[i]f

12  [1] the proposed settlement appears to be the product of serious, informed, noncollusive

13  negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment

14  to class representatives or segments of the class, and [4] falls with the range of possible

15  approval…." *Williams*, 2010 U.S. Dist. LEXIS 19674, *15-17 (citing *Vasquez v. Coast Valley*

16  *Roofing, Inc*., 2009 U.S. Dist. LEXIS 106973, 2009 WL 3857428, at *7 (E.D. Cal. Nov. 17, 2009)

17  (citing *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007).)). This

18  settlement meets all of the above criteria.

19      **B.     This Settlement Is The Product of Serious, Informed, And**
          **Arm's-Length Negotiations.**

20  

21      Arm's-length negotiations conducted by competent counsel constitute *prima facie* evidence

22  of fair settlements.  *M. Berenson Co. v. Faneuil Hall Marketplace*, 671 F. Supp. 819, 822

23  (D. Mass. 1987) ("where . . . a proposed class settlement has been reached after meaningful

24  discovery, after arm's-length negotiation by capable counsel, it is presumptively fair.").

25      The parties' negotiations were adversarial and at arm's length.  Counsel for plaintiffs have

26  considerable experience in class action litigation in general, and with the legal and factual issues

27  of this case in particular.  Furthermore, although no formal discovery was conducted, following

28  the Court's February Order dismissing Plaintiffs' claims, PayPal provided to Plaintiffs' counsel a

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY**
**APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

detailed explanation of its hold and reserve policy.  *See, e.g. Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig.),* 213 F.3d 454, 459 ("[I]n the context of class actions settlements, formal discovery is not a necessary ticket to the bargaining table where the parties have sufficient information to make an informed decision about settlement").  This sharing of information ensured sophisticated and meaningful settlement negotiations, which were conducted over several months, including a face-to-face meeting with two of PayPal's internal legal team.  In short, the parties were fully informed of all relevant facts at the time a settlement was reached.

### C.   The Settlement Has No "Obvious Deficiencies" And Falls Well Within The Range Of Possible Approval

The settlement is fair, and treats class members fairly in light of the status of the litigation. All class members who are current account holders will receive the benefit of the relief provided for in the settlement.  This relief is fair in light of the significant hurdles faced by Plaintiffs and the class going forward.  Class members will not receive any direct monetary relief, but damages were never the predominant focus of the lawsuit; and, given the difficulties in stating a claim, the lack of monetary recovery for the class is reasonable.  PayPal vigorously disputes that the Class would be able to state a claim, let alone prove liability or be entitled to any monetary damages.

Proof of liability is a big hurdle Plaintiffs face.  With regards to the main underlying claim in this matter, the breach of contract claim, the Court found that PayPal is entitled to do what Plaintiffs allege it is doing under PayPal's user agreement.  In dismissing the Complaint, the Court held "Plaintiffs' claim for breach of contract is unpersuasive.  Even assuming that Plaintiffs did not engage in any restricted activities … the user agreement contains at least two other provisions that give PayPal broad discretion to place holds on its users' accounts, neither of which required that the users have engaged in restricted activities."  Doc. No. 49 at 4-5.  Additionally, it is unclear whether a court would find the Electronic Funds Transfer Act to apply to PayPal, as it has been previously ruled in other courts that PayPal is not a bank, and therefore liability under the E.F.T.A. is speculative at best; nevertheless, the Settlement allocates $500,000 to statutory damages under the E.F.T.A., which is the maximum statutory amount.  Lastly, the Settlement provides relief pursuant to Plaintiffs' *Comb* claims, as PayPal has committed to implement or maintain practices

1  addressing those claims while taking into account PayPal's limitations with regard to security

2  measures.

3      The reform sought here always has been primarily forward looking because the length of

4  litigation ensures that the relief comes too late given the relatively short duration of the hold in

5  comparison to the duration of the litigation.  By settling now, all PayPal sellers going forward will

6  be more informed of what holds can be placed on their accounts and will have better opportunity

7  to know why their money was held.

8

9      PayPal has also agreed to pay some of Plaintiffs' attorneys' fees, litigation costs and class

10  representative compensation.  Plaintiffs' attorneys have agreed to bear the responsibility for

11  supporting the amounts they seek.  Given all of these factors, the settlement has no "obvious

12  deficiencies," treats the class members fairly, and is well within the range of possible approval.

13          **D.      The Settlement Falls Within The Range Of Possible Approval.**

14      The settlement provides relief for the benefit of the Settlement Class as well as for future

15  account holders to PayPal's online payment processing service.  Given the serious hurdles faced

16  by Plaintiffs if the litigation proceeds, the relief to the Class is fair, reasonable and adequate.

17      PayPal has successfully moved to dismiss Plaintiffs' claims.  Although Plaintiffs have the

18  opportunity to cure the deficiencies previously identified by the Court in their First Amended

19  Complaint, there is a substantial risk that, absent settlement, the Court will again dismiss the

20  complaint.

21      In granting PayPal's motion to dismiss, the Court held that plaintiff's contract claims failed

22  because (1) PayPal's "user agreement contains at least two other provisions that give PayPal broad

23  discretion to place holds on its users' accounts, neither of which requires that the users have

24  engaged in restricted activities," (2) "PayPal could have placed holds on Plaintiffs' accounts in its

25  'sole discretion' even if Plaintiffs never engaged in restricted activities" and (3) PayPal's User

26  Agreement does not require PayPal to disclose reasons for holds. (February Order, pp. 4-5).

27      As for the consumer fraud claims, in the February Order, the Court dismissed these claims

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

as well.  The Court held that because Plaintiffs are sellers, they cannot be consumers under the Consumers Legal Remedies Act, and therefore are unable to state a claim under this statute.  (*Id.* at pp 7-8).  Furthermore, the Court found that "a valid express contract exists between the parties that covers the subject matter at issue" and therefore cannot successfully bring a claim under unjust enrichment.  (*Id.* at 9).  In light of the Court's views regarding PayPal's contractual disclosures, there are substantial risks that the Court would ultimately determine that PayPal's conduct was fully disclosed and therefore not deceptive or unjust.

## II.  PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE.

For settlement purposes only, Plaintiffs now request, pursuant to Rule 23 of the Federal Rules of Civil Procedure, that the Court provisionally certify the Settlement Class proposed below. Provisional class certification is appropriate in part because PayPal waives its challenges to class certification solely in the context of this Settlement.[3]  *See* Cal. Prac. Guide *Fed. Civ. Pro. Before Trial*, Ch. 10-C (noting that courts generally permit parties to stipulate that a defined class be conditionally certified for settlement purposes because it facilitates settlement); *see e.g. Alvarado Partners, L.P. v. Mehta,* 723 F. Supp. 540 (D.C. Colo. 1989) (holding that conditional class certification for settlement purposes may be ordered in appropriate cases to foster such benefits as early settlement and reduced attorneys fees and costs).

Because the parties have reached agreement regarding class certification in the context of this Settlement, the Court may enter an order provisionally certifying the Class for settlement purposes, so notice of the proposed Settlement can issue, and Class Members will be informed of the existence and terms of the proposed settlement, of their right to be heard on its fairness, of their right to opt out, and of the date, time and place of the fairness hearing.  *See Manual for Complex Litig.* at §§ 21.632, 21.633.

---

[3] PayPal's agreement to certification of a tentative settlement class "is conditional and without prejudice to [its] rights to later oppose class certification for trial purposes if the proposed settlement is terminated or not finally approved."  *Browning v. Yahoo! Inc.*,  2006 WL 3826714, 4 (N.D.Cal. Dec. 27, 2006).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

Plaintiffs seek certification of a Settlement Class defined as follows:

> All current and former users of PayPal in the United States who had an active PayPal account between April 19, 2006 and the date of entry of the Preliminary Approval Order

### A.   The Criteria For Class Certification Under Rule 23(a) Are Satisfied.

To merit class certification under Rule 23(a), Plaintiffs must show that:  (1) the Class is so numerous that joinder is impracticable; (2) questions of law or fact are common to the Class; (3) the claims of the representative Plaintiffs are typical of the claims of the Class; and (4) the Class representatives will fairly and adequately protect the interests of the Class.

### 1.   Joinder Of All Members Is Impracticable.

A class must be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  Often, a large number of class members by itself establishes the impracticability of joining them as plaintiffs.  *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1319 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982).  Impracticability does not mean impossibility. *See, e.g., Immigrant Assistance Project of Los Angeles County Fed'n of Labor v. I.N.S.*, 306 F.3d 842, 869 (9th Cir. 2002) (noting that classes numbering 39, 64 and 71 met numerosity criterion).

PayPal estimates that it has more than 113.2 million active account holders using its online payment processing services.  Joinder of the current and former subscribers of PayPal's services for lawful and permitted purposes is impractical, if not entirely impossible, meeting the numerosity requirement.

### 2.   Common Issues Of Law And Fact Exist.

This test for common questions of law and fact is "qualitative rather than quantitative-- one significant issue common to the class may be sufficient to warrant certification."  *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1177 (9th Cir. 2007).  Here, "the class is united by a common interest in determining whether a defendant's course of conduct is in its broad outlines actionable." *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975).  Plaintiffs allege that Defendant breached standardized form contracts in the same manner with respect to Plaintiffs and the other members of the proposed class.  Plaintiffs also allege that Defendant utilized advertising campaigns which

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

included uniform misrepresentations that misled Plaintiffs and the other members of the Class. (FAC ¶ 89, 106, 111).  The Class meets the commonality element because the claims arise from "a standard course of conduct which adversely affects a group of individuals and gives rise to a claim for relief."  *Bjustrom v. Trust One Mgmt. Corp.*, 199 F.R.D. 346, 348 (W.D. Wash. 2001).

### 3. The Named Plaintiff's Claims Are Typical Of Class Claims.

Rule 23(a)(3) requires "the claims and defenses of the representative parties [to be] typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  Representative claims are typical if they are "reasonably coextensive with those of the absent class members."  *Dukes*, 509 F.3d at 1184 (citing *Hanlon*, 150 F.3d at 1020).  Where the class representatives' interests align with the interests of the Class, then the pursuit of the class representatives' individual interests necessarily advances those interests of the Class.  "[A] named plaintiff's claim is typical if it stems from the same event, practice or course of conduct . . . and is based upon the same legal or remedial theory."  *Jordan*, 669 F.2d at 1321.

Here, Plaintiffs' claims and those of the proposed Class arise out of the same allegedly unlawful conduct by PayPal, i.e. the placement of a hold or reserve on each Plaintiff's account. (SAC ¶ 15).  While Plaintiffs may have been affected by the Practices differently from other Class Members, it is not necessary that Plaintiffs' injuries be identical to all Class Members, "only that the unnamed class members have injuries similar to those of the named plaintiffs and that the injuries result from the same injurious course of conduct."  *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001).  Plaintiffs submit their claims are typical of the Class' claims, meeting this element.

### 4. The Named Plaintiffs And Their Counsel Adequately Represent The Proposed Class.

The adequacy of representation requirement is satisfied if (1) the proposed representative plaintiff does not have conflicts with the proposed class, and (2) the plaintiff is represented by qualified and competent counsel.  *See Dukes*, 509 F.3d at 1185.

Because Plaintiffs and Class members have been allegedly injured in the same manner and

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

seek relief for the same claims their interests are coextensive.  Plaintiffs' agreement to serve as class representatives – as well as their active participation in this litigation – demonstrate their commitment to the Class as a whole.  Plaintiffs' counsel are qualified and experienced in certifying, litigating, trying, settling, and administering nationwide class actions similar to this case.  Plaintiffs and Class Counsel readily satisfy the requirements of Rule 23(a)(4).

### B.     The Proposed Settlement Class Meets The Requirements Of Rule 23(b)(3).

This action is well-suited for certification under Rule 23(b)(3).  Rule 23(b)(3) applies to settlements of class claims where common questions of fact or law predominate and where class actions are superior.  Fed. R. Civ. Pro. 23(b)(3).  In the Ninth Circuit, "when common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for handling the dispute on a representative rather than on an individual basis. *Breeden v. Benchmark Lending Group, Inc.*, 229 F.R.D. 623, 630 (N.D. Ca. 2005) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998).

Here, Plaintiffs allege that PayPal acted uniformly towards Class Members by utilizing standardized form contracts and have uniformly breached those contracts in the same manner with respect to Plaintiffs and the other members of the Class.  The Settlement agreed upon provides for relief that remedies the alleged conduct underlying Plaintiff's claims.  Because Plaintiffs complain primarily of PayPal's ongoing hold and reserve practices, business practice changes would be necessary and appropriate were Plaintiffs to succeed on the merits.  *Id.*  Finally, due to the difficulties in proving liability discussed above, it is unlikely that the Class would be entitled to significant damages.

### III.    THE PROPOSED CLASS NOTICE SATISFIES THE REQUIREMENTS OF DUE PROCESS.

"Rule 23(e)(1)(B) requires the court to 'direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise' regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." *Manual for Complex Litig.* at § 21.312.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

**A.   The Method Of Notice Proposed Is Appropriate.**

The method proposed for providing notice to Class Members is "reasonable" and should be approved.  Notice to the Class will be achieved in two ways.  First, E-mail Notice will be sent to the most recent primary e-mail address of each Settlement Class Member according to PayPal's records within 120 days after entry of the Preliminary Approval Order.  Second, the Publication Notice will be published in the national edition of USA Today on or before 120 days after entry of the Preliminary Approval Order.  The Notice will be provided to Class Members so that they have sufficient time to decide whether to participate in the Settlement, object, or opt out.

**B.   The Contents Of The Proposed Notice Are Adequate.**

The contents of the notice to class members "is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.' " *Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009). (citing ).  According to the *Manual for Complex Litigation* at § 21.312, a settlement notice should:

- Define the class;

- Describe clearly the options open to the class members and the deadlines for taking action;

- Describe the essential terms of the proposed settlement;

- Disclose any special benefits provided to the class representatives;

- Provide information regarding attorneys' fees;

- Indicate the time and place of the hearing to consider approval of the settlement, and the method for objecting to or opting out of the settlement;

- Prominently display the address and phone number of class counsel and the procedure for making inquiries.[4]

---

[4] The Manual for Complex Litigation also suggests the notice include "the procedures for allocating and distributing settlement funds" and "information that will enable class members to calculate or at least estimate their individual recoveries."  These categories are inapplicable here because there are no settlement funds to be distributed to Settlement Class Members.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

1    Here, the proposed form of Notice satisfies these criteria:  It defines the Class, describes in

2    detail the terms of the Settlement, and prominently lists the names of Class Counsel and their

3    contact information.  In addition, the notice clearly and in plain language notifies the Class that the

4    Settlement releases all claims for money damages, and also that the Settlement only provides for

5    prospective injunctive relief to the Class.

6       **IV. SCHEDULING A FINAL APPROVAL HEARING IS**
      **APPROPRIATE.**

7       The last step in the Settlement approval process is a final fairness hearing at which the

8    Court may hear all evidence and argument necessary to make the Settlement evaluation.

9    Proponents of the Settlement may explain the terms and conditions of the Settlement and offer

10   argument in support of final approval.  In addition, Settlement Class Members, or their counsel,

11   may be heard in support of or in opposition to the Settlement Agreement.  The Court will

12   determine after the final approval hearing whether the Settlement should be approved, and whether

13   to enter a final order and judgment under Rule 23(e).  Plaintiffs request that the Court set a date for

14   the final fairness hearing at least one hundred eighty (180) days after entry of the Preliminary

15   Approval Order.

16             **<u>CONCLUSION</u>**

17      For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant

18   preliminary approval to the proposed settlement, provisionally certify the proposed settlement

19   class, appoint as "Class Counsel" the Complex Litigation Group LLC, Lexington Law Group,

20   Farmer, Jaffe, Weissing, Edwards, Fistos & Leherman, P.L., and Seeger Weiss LLP, approve the

21   proposed notice plan, and schedule a formal fairness hearing on final settlement approval at least

22   one hundred eighty (180) days after entry of the Preliminary Approval Order.

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

DATED: May 30, 2013            Respectfully submitted,

COMPLEX LITIGATION GROUP, LLC

By:   /s/ Jeffrey A. Leon
       Jeffrey A. Leon
       Attorneys for Plaintiffs
       MOISES ZEPEDA, MICHAEL SPEAR,
       RONYA OSMAN, BRIAN PATTEE, CASEY
       CHING, DENAE ZAMORA, MICHAEL
       LAVANGA, and GARY MILLER, on Behalf of
       Themselves and All Others Similarly Situated

DATED: May 30, 2013            Respectfully submitted,

LEXINGTON LAW GROUP

By:   /s/ Mark N. Todzo
       Mark N. Todzo
       Attorneys for Plaintiffs
       MOISES ZEPEDA, MICHAEL SPEAR,
       RONYA OSMAN, BRIAN PATTEE, CASEY
       CHING, DENAE ZAMORA, MICHAEL
       LAVANGA, and GARY MILLER, on Behalf of
       Themselves and All Others Similarly Situated

DATED: May 30, 2013            Respectfully submitted,

FARMER, JAFFE, WEISSING, EDWARDS, FISTOS
& LEHERMAN, P.L.

By:   /s/ Steven R. Jaffe
       Steven R. Jaffe
       Attorneys for Plaintiffs
       MOISES ZEPEDA, MICHAEL SPEAR,
       RONYA OSMAN, BRIAN PATTEE, CASEY
       CHING, DENAE ZAMORA, MICHAEL
       LAVANGA, and GARY MILLER, on Behalf of
       Themselves and All Others Similarly Situated

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

1

DATED: May 30, 2013                    Respectfully submitted,

2

SEEGER WEISS LLP.

3

4

By:   /s/ Jonathan Shub
      Jonathan Shub
      Attorneys for Plaintiffs

5

MOISES ZEPEDA, MICHAEL SPEAR,
RONYA OSMAN, BRIAN PATTEE, CASEY

6

CHING, DENAE ZAMORA, MICHAEL
LAVANGA, and GARY MILLER, on Behalf of

7

Themselves and All Others Similarly Situated

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**