## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and among, on the one hand, plaintiffs Moises Zepeda, Michael Spear, Ronya Osman, Brian Pattee, Casey Ching, Denae Zamora, Michael Lavanga and Gary Miller (the "Zepeda Plaintiffs" or "Plaintiffs"), individually and as putative representatives of a proposed settlement class and, on the other hand, defendants PayPal, Inc. ("PayPal") and eBay Inc. ("eBay") (together, "Defendants"), subject to preliminary and final approval by the United States District Court for the Northern District of California (the "District Court").

## I.      DEFINITIONS

All terms used in this Agreement shall have the meanings set forth below unless otherwise noted.

1.1      "Actions" means the Zepeda Action and the Fernando Action.

1.2      "Class Notice" means the notice of the settlement to be provided to Settlement Class Members as set forth herein, including the E-mail Notice, Publication Notice and Internet Notice.

1.3      "Comb Settlement" means the settlement in In re PayPal Litigation, Northern District of California case No. CV-02-01227-JF (PVT), including the settlement agreement and all exhibits thereto and any orders entered in connection therewith.

1.4      "Effective Date" means the later of:  (a) fifteen (15) days after the expiration of the time to seek appeal, review, rehearing, reconsideration or any other action seeking to reverse or modify the Final Approval Order and Judgment; or (b) if any such document is filed, then fifteen (15) days after the date upon which all appellate and/or other proceedings resulting from the document or any such subsequent documents have been finally terminated and the Final Approval Order and Judgment is affirmed in such a manner as to permit no further judicial action.

1.5      "E-mail Notice" means the notice of the settlement that Defendants or the Settlement Administrator will, subject to the District Court's approval, cause to be e-mailed

pursuant to paragraph 6.2 of this Agreement, the proposed form of which is attached hereto as Exhibit A.

     1.6    "<u>Fernando</u> Action" means the putative nationwide class action entitled <u>Fernando, et al. v. PayPal, Inc.</u>, which was filed on April 19, 2010 and currently is pending before the District Court as Case No. 10-cv-01668-SBA.

     1.7    "<u>Fernando</u> Counsel" means Marina Trubitsky of Marina Trubitsky & Associates, PLLC and David Hicks of David Hicks, A.P.L.C.

     1.8    "<u>Fernando</u> Plaintiffs" means Devinda Fernando, Vadim Tsigel, Michail Zinger, Ira Gilman, Lacy Reinstma and Shaul Behr.

     1.9    "Final Approval Order and Judgment" means the order and judgment to be entered by the District Court, as provided for in paragraph 8.1 below, through which the District Court will grant final approval to the settlement, enter judgment and dismiss the Action with prejudice, substantially in the form attached hereto as Exhibit B.

     1.10    "Final Approval Hearing" means the hearing at which the District Court will consider and finally decide whether to approve the settlement provided for in this Agreement, enter judgment and make such other rulings as are contemplated by this Agreement.

     1.11    "Implementation Date" means, for each business practice set forth in paragraph 3.3 below, the later of: (1) the date of entry of the Preliminary Approval Order; or (2) the date upon which the practice is implemented.

     1.12    "Internet Notice" means the notice of the settlement that Defendants or the Settlement Administrator will, subject to the District Court's approval, cause to be made available for download on the Settlement Website pursuant to paragraph 6.4 of this Agreement, the proposed form of which is attached hereto as Exhibit C.

     1.13    "Mediators" means Randall W. Wulff of Dispute Resolution and the Hon. Ellen S. James (Ret.) of JAMS.

     1.14    "Notice Deadline" means one hundred twenty (120) days after entry of the Preliminary Approval Order.

1.15   "Parties" means Defendants and Plaintiffs.

1.16   "Plaintiffs' Counsel" means Zepeda Counsel.

1.17   "Preliminary Approval Order" means an order preliminarily approving the settlement to be entered by the District Court, as provided for in paragraph 7.2 below, substantially in the form attached hereto as Exhibit D.

1.18   "Prior Actions" means the actions entitled Osman, et al. v. PayPal, Inc., et al., Northern District of California Case No. 10-cv-02046 PVT, and Spear v. PayPal., Inc. and eBay Inc., Northern District of California Case No. 10-cv-02555 PVT.

1.19   "Publication Notice" means the summary notice of the settlement that will be published once in the national edition of USA Today pursuant to paragraph 6.3 of this Agreement, the proposed form of which is attached hereto as Exhibit E.

1.20   "Released Claims" means and refers to any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law (including, without limitation, California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq., California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 et seq., the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq. (the "EFTA"), and 12 C.F.R. pt. 205 ("Regulation E")), whether by Constitution, statute, contract, common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated and which has been or could be asserted in an individual, class, private attorney-general, representative, parens patriae or any other capacity: (a) that were, are or could have been alleged in the Action or in either of the Prior Actions, or that arise out of the events or incidents referred to in the Action or in either of the Prior Actions; (b) that relate in any respect to the placing of holds, reserves or any other limitations on PayPal transactions or accounts, or the closing, suspending or limiting of PayPal accounts, including without limitation any disclosure or non-disclosure with respect thereto; (c) that relate in any respect to the payment or failure to pay interest on funds subject to a hold, reserve or limitation, including without limitation any disclosure or non-disclosure with respect thereto; (d) that relate

in any respect to Defendants' obligations under the EFTA and/or Regulation E; (e) that relate in any respect to Defendants' obligations under the Comb settlement; or (f) that arise out of or relate in any way to the administration of this settlement.

1.21    "Released Parties" means and refers to Defendants and each and all of their respective present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors and predecessors-in-interest, and all of the aforementioned' prior, current and future respective officers, directors, employees, attorneys, shareholders, agents, independent contractors, vendors and assigns.

1.22    "Second Amended Zepeda Complaint" means the Second Amended Complaint to be filed in the Zepeda Action by the Zepeda Plaintiffs.

1.23    "Settlement Administrator" means Epiq Systems, Inc., or such other administrator as may be selected by the parties and approved by the District Court.

1.24    "Settlement Amount" means the sum of one million four hundred twenty-five thousand dollars ($1,425,000) to be used to establish the Settlement Fund pursuant to paragraph 3.6 below.

1.25    "Settlement Fund" means the fund described in paragraph 3.6 below.

1.26    "Settlement Class" means all current and former users of PayPal in the United States who had an active PayPal account between April 19, 2006 and the date of entry of the Preliminary Approval Order.

1.27    "Settlement Class Member" means a member of the Settlement Class.

1.28    "Settlement Website" means the settlement website that Defendants or the Settlement Administrator will create in accordance with paragraph 6.4 below.

1.29    "Zepeda Action" means the putative nationwide class action entitled Zepeda, et al. v. PayPal, Inc., which was filed on June 7, 2010 and currently is pending before the District Court as Case No. 10-cv-02500-SBA.

1.30    "Zepeda Counsel" means Jeffrey A. Leon and Julie D. Miller of Complex Litigation Group LLC; Mark N. Todzo and Howard Hirsch of Lexington Law Group; Steven R.

Jaffe, Mark S. Fistos and Seth M. Lehrman of Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.; and Jonathan Shub of Seeger Weiss LLP.

## II.   RECITALS

This Agreement is made with reference to and in contemplation of the following facts and circumstances.

2.1     On May 12, 2010, plaintiffs Ronya Osman and Brian Pattee filed a complaint against PayPal and eBay in Osman, et al. v. PayPal, Inc., et al., Northern District of California Case No. 10-cv-02046 PVT.  On June 9, 2010, plaintiff Michael Spear filed a complaint against PayPal and eBay in Spear v. PayPal. Inc. and eBay Inc., Northern District of California Case No. 10-cv-02555.  Plaintiff Moises Zepeda filed the Zepeda Action on June 7, 2010.  The Prior Actions were dismissed without prejudice on July 15 and 16, 2010, respectively.  On August 13, 2010, the Zepeda Plaintiffs filed a consolidated First Amended Complaint in the Zepeda Action.

2.2     On September 30, 2010, PayPal moved to dismiss the First Amended Complaint in the Zepeda Action.  On February 15, 2011, the Court granted PayPal's motion, dismissing the First Amended Complaint in the Zepeda Action with leave to amend.  Defendants and the Zepeda Plaintiffs thereafter commenced settlement discussions.

2.3     On April 19, 2010, plaintiffs Devinda Fernando and Vadim Tsigel filed a complaint against PayPal and eBay in the Fernando Action.  On October 18, 2010, Defendants moved to dismiss the Complaint.  Before the motion was heard, the motion was taken off calendar to allow the Fernando Plaintiffs time to amend.  On March 2, 2011, the Fernando Plaintiffs filed a First Amended Complaint against PayPal.  On June 27, 2011, PayPal moved to dismiss the First Amended Complaint.  Defendants and the Fernando Plaintiffs thereafter commenced settlement discussions.

2.4     Plaintiffs' Counsel have investigated the facts relating to the claims alleged and the underlying events and transactions at issue in the Actions and the Prior Actions and have analyzed the legal principles applicable to the asserted claims and defenses.  Plaintiffs' Counsel have concluded, based upon their investigation and taking into account the sharply contested

issues involved, the risks, uncertainty and cost of further prosecution of the Actions and the substantial benefits to be received pursuant to this Agreement, that a settlement with Defendants on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class.

2.5     The Parties have engaged in extensive, good-faith arm's length negotiations concerning settlement, including sessions before the Mediators and numerous follow-up telephone conferences and email exchanges.  These efforts resulted in the execution of this Agreement.

2.6     Defendants vigorously deny all claims asserted in the Actions and the Prior Actions, deny all allegations of wrongdoing and liability and contend that they have substantive defenses, as a matter of law, to all claims asserted in the Actions and the Prior Actions. Defendants nevertheless desire to enter into a settlement on the terms and conditions set forth herein, solely for the purpose of avoiding the burden, expense and uncertainty of continuing litigation.  Nothing in this Agreement shall be construed as an admission or concession by Defendants of any fault, wrongdoing or liability of any kind.

2.7     The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims.  This Agreement is inadmissible as evidence against any party except to enforce the terms of the settlement and is not an admission of wrongdoing or liability on the part of any party to this Agreement.  It is the Parties' desire and intention to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

### III.     TERMS OF THE SETTLEMENT

3.1     <u>Certification of Settlement Class for Settlement Purposes Only</u>.  Defendants deny that a class properly may be certified in the Actions.  Solely for purposes of avoiding the expense and inconvenience of further litigation, Defendants do not oppose the certification for <u>settlement purposes only</u> of the Settlement Class in the <u>Zepeda</u> Action.  No agreements made by Defendants in connection with the settlement may be used by Plaintiffs, any person in the Settlement Class

or any other person to establish any of the elements of class certification other than for settlement purposes. Preliminary certification of the Settlement Class shall not be deemed a concession that certification of a litigation class is appropriate, nor are Defendants estopped from challenging class certification in further proceedings in the Action or in any other action if the settlement is not finalized or finally approved. If the settlement is not approved, the Parties shall be returned to the *status quo ante* as of the date of execution of this Agreement for all litigation purposes, as if no settlement had been negotiated or entered into.

3.2     Certification of Settlement Class. Subject to paragraph 3.1 above, the Parties agree that Plaintiffs will seek certification under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only of the Settlement Class in the Zepeda Action.

3.3     Business Practices. The Parties agree that the primary focus of the settlement is the implementation (or maintenance) of the business practices set forth in this paragraph. Each business practice shall be implemented by not later than thirty (30) days after the Effective Date and maintained for not less than a period of two years following the Implementation Date, as follows:

a.     PayPal will disclose its use of fraud and risk modeling in the PayPal User Agreement, which governs the types of accounts and conduct at issue in the Action, and which is available on the PayPal website. A copy of the current User Agreement, which satisfies the foregoing requirement, is attached hereto as Exhibit F.

b.     PayPal will not respond to requests for information with an email advising users that they must seek a subpoena to obtain information and will revise its email response to advise users to communicate with PayPal to seek additional information. The Parties agree, however, that this advice is not intended to imply that PayPal is obligated to provide, or that users are entitled to or will receive, any additional information. An example of an email response that satisfies the foregoing requirements is attached as Exhibit G.

     c.      PayPal will revise the PayPal User Agreement to more clearly distinguish among "holds," "reserves" and "limitations," as those terms are used by PayPal, including in the PayPal User Agreement.  A copy of the current User Agreement, which satisfies the foregoing requirement, is attached hereto as Exhibit F.

     d.      PayPal will enhance the disclosures on its website by including a list of Frequently Asked Questions (FAQ) providing users with greater detail on holds, reserves and limitations.  Screenshots of web pages that satisfy the foregoing requirement are attached hereto as Exhibit H.

     e.      In response to calls to customer service, PayPal will disclose the reason for a hold, reserve or limitation to the extent not inconsistent with PayPal's security requirements, which will be determined at PayPal's sole discretion.  If PayPal is unable to inform a user of the reason for a hold, reserve or limitation due to security requirements, it will inform the user that it cannot tell the user the reason due to security requirements.

3.4     <u>Settlement Consideration</u>.  Pursuant to this Agreement, as full and complete consideration for the settlement, PayPal agrees to implement (or where already implemented, to maintain) the Business Practices as set forth in paragraph 3.3, above, and contribute the monetary relief set forth in paragraph 3.6, below.  The Parties intend and agree that a portion of the Settlement Amount in the amount of five hundred thousand dollars ($500,000) shall be deemed to constitute statutory damages pursuant to 15 U.S.C. § 1693M(a)(2)(B)(ii) such that no further recovery of such damages may be obtained in any class action or series of class actions arising out of Defendants' alleged failure to comply with the EFTA and/or Regulation E.

3.5     <u>Future Changes in Laws or Regulations.</u>  To the extent Congress or any other relevant regulatory authority promulgates different requirements under the EFTA, or any other law or regulation that would govern any conduct affected by the settlement, those laws and regulatory provisions shall control.

3.6     Settlement Fund.  Defendants will pay the Settlement Amount into the Settlement Fund within fifteen (15) days following entry of the Preliminary Approval Order.  Defendants shall recover any amounts remaining in the Settlement Fund if the Effective Date does not occur for any reason, together with any interest accrued thereon.

3.7     Cy Pres.  The portion of the Settlement Amount remaining in the Settlement Fund after payment of notice and administration costs, attorneys' fees and costs to Zepeda Counsel, attorneys' fees and costs to Fernando Counsel and incentive awards to the Zepeda Plaintiffs will be distributed on a cy pres basis to the Electronic Frontier Foundation.  The amount of the Settlement Fund was determined based on estimated notice and administration costs of no more than $250,000.  If notice and administration costs are in excess of this amount, the Parties will discuss appropriate modifications to the settlement.  In no event will the cy pres distribution be less than $250,000.  The cy pres distribution shall be made within thirty (30) days after the Effective Date.

## IV.     ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARDS TO PLAINTIFFS

4.1     Fees, Costs and Incentives to Zepeda Counsel and Zepeda Plaintiffs.  Zepeda Counsel shall make an application to the District Court for attorneys' fees and costs not to exceed $500,000 in the aggregate and for incentive awards of up to $5,000 to each of the Zepeda Plaintiffs.  Defendants agree not to object to such application, so long as the total of attorneys' fees and costs requested by Zepeda Counsel does not exceed $500,000 and the amount of incentive awards requested by Zepeda Counsel does not exceed $5,000 to each of the Zepeda Plaintiffs.  The application for attorneys' fees, costs and incentive awards shall be made no later than seventy-five (75) days after entry of the Preliminary Approval Order.  Fees, costs and incentives to Zepeda Counsel and the Zepeda Plaintiffs is for the work done on the Zepeda Action and settlement by Zepeda Counsel.

4.2     Fees and Costs to Fernando Counsel.  Fernando Counsel may make an application to the District Court, no later than seventy-five (75) days after entry of the Preliminary Approval

Order, for an award of attorneys' fees and costs for Fernando Counsel's representation of the Fernando Plaintiffs and class members in the Fernando Action in an amount not to exceed $212,500 in the aggregate, provided that Fernando Counsel and the Fernando Plaintiffs elect to participate in and not object to the settlement and waive any right to seek or obtain any additional attorneys' fees or costs from Defendants or the Settlement Fund in connection with the Fernando Action or this settlement.  Defendants agree not to object to such application, so long as the total of attorneys' fees and costs requested by Fernando Counsel does not exceed $212,500, the application for attorneys' fees and costs is made no later than seventy-five (75) days after entry of the Preliminary Approval Order, Fernando Counsel and the Fernando Plaintiffs elect to participate in and not object to the settlement and the application expressly waives any right of Fernando Counsel or the Fernando Plaintiffs to seek or obtain any additional attorneys' fees or costs from Defendants or the Settlement Fund in connection with the Fernando Action or this settlement.  The Fernando Plaintiffs may not seek incentive awards.  Zepeda Counsel agree not to object to, or submit a claim for, any fees or costs awarded to Fernando Counsel.

4.3     Source of Payments.  Any award of attorneys' fees and costs to Zepeda Counsel and incentive awards to the Zepeda Plaintiffs shall be paid from the Settlement Fund.  Any award of attorneys' fees and costs to Fernando Counsel shall be paid from the Settlement Fund.

4.4     Timing of Payment.  Payment of attorneys' fees and costs and incentive awards will be made within fifteen (15) days after the Effective Date.

## V.     RELEASE AND DISMISSAL

5.1     Releases.  As of the date of entry of the Final Approval Order and Judgment, Plaintiffs and each Settlement Class Member who is not excluded from the settlement, and each of their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns, and all persons acting for or on their behalf, will be deemed to have fully released and forever discharged the Released Parties from the Released Claims.  Without limiting the foregoing, the Released Claims specifically extend to claims that

-10-

Settlement Class Members do not know or suspect to exist in their favor at the time that the settlement, and the releases contained herein, becomes effective.  This paragraph constitutes a waiver of any laws that would limit this release, including, without limitation, section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs understand and acknowledge, and each Settlement Class Member who is not excluded from the settlement shall be deemed to understand and acknowledge, the significance of these waivers of California Civil Code section 1542 and/or of any other applicable law relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiffs acknowledge, and all Settlement Class Members who are not excluded from the settlement shall be deemed to acknowledge, that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the settlement, but that it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

     5.2    <u>Stay/Bar of Other Proceedings</u>.  In connection with the settlement, the Parties will seek a stay of the prosecution of all Released Claims currently being asserted by or on behalf of any person in the Settlement Class in any forum against any of the Defendants or any of the other Released Parties pending final approval of this settlement, except as may be necessary to implement the settlement or comply with the terms of the Agreement.  The Preliminary Approval Order shall provide that, pending final determination of whether the settlement should be approved, neither the Plaintiffs nor any Settlement Class Member, either directly or in a representative or other capacity, nor any person or entity allegedly acting on behalf of the

Settlement Class or any Settlement Class Member, shall commence or prosecute against any of the Defendants, or against any of the other Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members who timely exclude themselves from the Settlement Class in a manner that complies with paragraph 7.4 below. The Parties agree that a stay and injunction are necessary to protect and effectuate the settlement and the approval proceedings.

     5.3    <u>Dismissal</u>. Promptly following the Effective Date, the Parties shall take all necessary action to secure the dismissal with prejudice of any pending actions involving prosecution of the Released Claims against the Released Parties.

## VI.   <u>NOTICE AND SETTLEMENT ADMINISTRATION</u>

     6.1    <u>Costs of Notice and Administration</u>. Costs of notice and administration required by this Agreement or by order of the District Court, including costs of the Settlement Administrator, shall be paid from the Settlement Fund before payment of attorneys' fees and costs to <u>Zepeda</u> Counsel, attorneys' fees and costs to <u>Fernando</u> Counsel, the incentive awards to the <u>Zepeda</u> Plaintiffs and the *cy pres* contribution.

     6.2    <u>E-mail Notice</u>. On or before the Notice Deadline, Defendants or the Settlement Administrator shall cause the E-mail Notice to be sent via e-mail to the most recent primary e-mail address of each Settlement Class Member according to Defendants' reasonably available records as of the date of entry of the Preliminary Approval Order. No skip tracing or remailing of returned E-mail Notices shall be performed.

     6.3    <u>Publication Notice</u>. On or before the Notice Deadline, Defendants or the Settlement Administrator shall publish the Publication Notice once in the national edition of *USA Today*.

     6.4    <u>Settlement Website</u>. On or before the Notice Deadline, Defendants or the Settlement Administrator shall establish the Settlement Website, from which Settlement Class Members may download or print the Internet Notice, a complete copy of this Agreement and the

Preliminary Approval Order.  The Settlement Website shall be accessible by the public until the Effective Date has occurred.

6.5     Certification to the District Court.  No later than five (5) days before the Final Approval Hearing, Defendants or the Settlement Administrator shall file with the District Court a declaration verifying that notice has been provided to the Settlement Class as set forth in the Preliminary Approval Order.

## VII.    PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL HEARING

7.1     Filing of Second Amended Zepeda Complaint.  Zepeda Counsel shall file the Second Amended Zepeda Complaint in the District Court along with a motion seeking preliminary approval of the settlement.  The Second Amended Zepeda Complaint shall name PayPal and eBay as defendants and shall assert all claims included in any complaint filed in the Actions or the Prior Actions.  All allegations of the Second Amended Zepeda Complaint shall be deemed denied and disputed by Defendants without the necessity of filing an Answer.  A draft of the Second Amended Zepeda Complaint shall be provided to Defendants by Zepeda Counsel for approval prior to filing.

7.2     Preliminary Approval Order.  Within ten (10) days after execution of this Agreement, Plaintiffs will seek the District Court's approval of this settlement by filing an appropriate motion for preliminary approval and seeking entry of a Preliminary Approval Order, substantially in the form attached hereto as Exhibit D.  The Parties shall cooperate in presenting such papers to the District Court as may be necessary to effectuate the intent and purposes of this Agreement.  Among other things, the Preliminary Approval Order shall specifically include the following:

        a.      Approval of the filing of the Second Amended Zepeda Complaint, which shall be deemed denied and disputed by Defendants without the necessity of filing an Answer.

        b.      A determination that, for settlement purposes only, the Zepeda Action may be maintained as a class action on behalf of the Settlement Class;

-13-

c.      A finding that the Class Notice satisfies the requirements of due process and the Federal Rules of Civil Procedure and any other applicable laws;

d.      A preliminary finding that this Agreement is fair, reasonable, adequate and within the range of possible approval;

e.      A preliminary finding that Plaintiffs fairly and adequately represent the interests of the Settlement Class;

f.      A preliminary finding that Plaintiffs' Counsel are adequate to act as counsel for the Settlement Class;

g.      A date for the Final Approval Hearing, which shall be no earlier than one hundred eighty (180) days after the filing of the Motion for Preliminary Approval, to determine whether there exists any reason why the settlement should not be approved as being fair, reasonable and adequate, and in the best interests of the Settlement Class, and why judgment should not be entered thereon;

h.      Establishment of a procedure for persons in the Settlement Class to opt out and/or object to the proposed settlement, with a postmark deadline of thirty (30) days after the Notice Deadline, after which no person in the Settlement Class shall be allowed to opt out of the Settlement Class or object to the proposed settlement; and

i.      Entry of a preliminary injunction as to Plaintiffs, all Settlement Class Members who do not exclude themselves from the settlement and any person or entity allegedly acting on behalf of a non-excluded Settlement Class Member in any capacity from commencing or prosecuting against either of the Defendants or any of the other Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

j.      Entry of a stay of all proceedings in the Actions, except as may be necessary to implement the settlement or comply with the terms of the Agreement.

-14-

7.3     Denial of Preliminary Approval Order.  If the District Court fails for any reason to enter the Preliminary Approval Order with all of the contents specified above or to preliminarily certify the Settlement Class for settlement purposes consistent with the provisions hereof, and if all Parties do not agree jointly to appeal such ruling, this Agreement shall terminate and be of no further force or effect without any further action by any party, the Parties shall be returned to the *status quo ante* as of the date of execution of this Agreement as if no settlement had been negotiated or entered into and either Plaintiffs or PayPal may elect to resume litigation in the Actions.

7.4     Opt-Out/Requests for Exclusion.

a.     Deadline:  Settlement Class Members shall be given the opportunity to opt out of the Settlement Class.  All requests to be excluded must be in writing and mailed to the Settlement Administrator, postmarked by no later than thirty (30) days after the Notice Deadline.

b.     Exclusions:  An appropriate written request for exclusion must be personally signed by the Settlement Class Member and must include: (i) the Settlement Class Member's name, address and telephone number; (ii) the primary e-mail address associated with the Settlement Class Member's PayPal account(s); and (iii) the following statement: "I request to be excluded from the class settlement in Zepeda v. PayPal, Northern District of California Case No. 10-cv-02500 SBA."  No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the settlement.

c.     Delivery to Parties/Filing with Court:  The Settlement Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to counsel for the Parties.  Plaintiffs' Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a Settlement Class Member has properly opted out.

d.     Effect:  All Settlement Class Members who timely and validly request exclusion shall be excluded from the Settlement Class and will not be eligible to receive any

benefits pursuant to the settlement nor be bound by any further orders or judgments in the Actions.

    e. <u>Cap On Opt-Outs</u>:  If the number of Settlement Class Members who opt out exceeds 500, Defendants may terminate the settlement and this Agreement in their sole discretion and the Parties shall be returned to the *status quo ante* as of the date of execution of the Agreement for all litigation purposes as if no settlement had been negotiated or entered into, and the terms of the Agreement and the fact that the Agreement was reached shall not be referred to by the Parties in connection with any further proceedings.  If Defendants exercise this right to terminate the Agreement, they shall provide Plaintiffs' Counsel with written notice of this election no later than fourteen (14) business days after the opt-out deadline.

   7.5 <u>Objections to Settlement</u>.

    a. <u>Right to Object</u>:  Any Settlement Class Member who is not excluded from the settlement may appear at the Final Approval Hearing to argue that the proposed settlement should not be approved and/or to oppose the applications of Plaintiffs' Counsel for awards of attorneys' fees and costs and for Plaintiffs' incentive awards.  Any Settlement Class Member wishing to appear at the Final Approval Hearing must file a notice of intention to appear together with any objections to the settlement.

    b. <u>Deadline</u>:  Any objections must be filed with the District Court no later than thirty (30) days after the Notice Deadline. Copies of all objection papers also must be mailed to each of the following, postmarked by the last day to file the objection: <u>Zepeda</u> Counsel (for all Plaintiffs' Counsel) -- Jeffrey A. Leon, Complex Litigation Group LLC, 513 Central Avenue, Suite 300, Highland Park, Illinois 60035; and counsel for Defendants -- Julia B. Strickland, Esq., Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086.

    c. <u>Content of Objections</u>:  All objections must include:  (i) the objector's name, address and telephone number; (ii) an e-mail address associated with the objector's PayPal account(s); (iii) a sentence confirming, under penalty of perjury, that the objector is a Settlement

Class Member; (iv) the factual basis and legal grounds for the objection to the settlement; (v) the identity of any witnesses whom the objector may call to testify at the Final Approval Hearing; and (vi) copies of any exhibits the objector intends to offer into evidence at the Final Approval Hearing.

## VIII.   FINAL APPROVAL OF SETTLEMENT AND OTHER CONDITIONS

8.1     <u>Final Approval Order</u>.  On a date to be set by the District Court, Plaintiffs' Counsel will petition the District Court for an Order granting final approval of this settlement and entering judgment in the <u>Zepeda</u> Action.  Specifically, the Final Approval Order will:

a.      Find that the <u>Zepeda</u> Action, for purposes of this settlement, may be maintained as a class action on behalf of the Settlement Class;

b.      Find that Plaintiffs fairly and adequately represent the interests of the Settlement Class;

c.      Find that Plaintiffs' Counsel adequately represent Plaintiffs and the Settlement Class;

d.      Find that the Class Notice satisfied the requirements of due process, the Federal Rules of Civil Procedure and any other applicable laws;

e.      Find that the settlement is fair, reasonable and adequate to the Settlement Class and that each Settlement Class Member shall be bound by the Agreement, including the releases contained in paragraph 5.1 above;

f.      Find that the settlement represents a fair resolution of all claims asserted on behalf of the Settlement Class Members and should fully and finally resolve all such claims;

g.      Conclude that this Agreement should be, and is, approved;

h.      Dismiss, on the merits and with prejudice, all claims in the Actions and permanently enjoin each and every Settlement Class Member (except those who have timely and validly requested exclusion from the settlement) from bringing,

-17-

joining or continuing to prosecute against the Released Parties any Released Claims; and

i.      Retain jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of this Agreement and the settlement.

8.2     Non-Approval of Settlement.  This settlement is conditioned upon final approval without material modification by the District Court.  In the event that the settlement is not so approved, either Plaintiffs or Defendants may elect to terminate the settlement and return all Parties to the *status quo ante* as of the date of execution of this Agreement for all litigation purposes, as if no settlement had been negotiated or entered into.  In the event that the settlement is approved without material modification by the District Court but is later reversed or vacated on appeal, either Plaintiffs or Defendants shall have the right to terminate the settlement and this Agreement and return the Parties to the *status quo ante* as of the date of execution of the Agreement for all litigation purposes, as if no settlement had been negotiated or entered into. Notwithstanding the foregoing, neither Plaintiffs nor Plaintiffs' Counsel shall have the right to terminate or withdraw from the settlement based on the District Court's failure to approve an award of attorneys' fees and costs or Plaintiffs' incentive awards, or its approval in an amount less than requested, or the later reversal, reduction or vacating on appeal of such awards.

## IX.     GENERAL CONDITIONS

9.1     Counsel.  Zepeda Counsel shall remain counsel in the Zepeda Action, and Fernando Counsel shall remain counsel in the Fernando Action.  Subject to approval of Zepeda Counsel, Fernando Counsel may be included among the counsel identified in the pleadings in the Zepeda Action with respect to this settlement.

9.2     No Other Clients.  Zepeda Counsel represent and warrant that, other than Plaintiffs, they do not represent any other persons having claims against Defendants similar to, arising out of or relating to the claims asserted in, or relating to the subject matter of, any of the Actions or the Prior Actions, or that are encompassed within the Released Claims.  Zepeda

Counsel further represent and warrant that they shall not undertake or continue the representation of any member of the Settlement Class who opts out of the settlement with respect to claims against Defendants similar to, arising out of or relating to the claims asserted in, or relating to the subject matter of, any of the Actions or the Prior Actions, or that are encompassed within the Released Claims.

       9.3    <u>Non-Use of Settlement/Denial of Liability</u>.  Defendants expressly deny any liability or any wrongdoing in the Actions and with respect to the Released Claims.  Neither the Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim, or of any wrongdoing or liability of Defendants; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; and (c) is or may be deemed to be a waiver by Defendants or any of the other Released Parties of their right to defend themselves against the Actions on any and all available grounds, including, without limitation, by filing challenges, if necessary, to pleadings and opposing class certification.

       9.4    <u>Dispute Resolution</u>. The Parties agree to meet and confer in good faith in regard to any dispute relating to the settlement or to administration of the settlement.  Any dispute that cannot be resolved by the Parties shall be submitted, not earlier than fifteen (15) days after notice of the dispute was first given, to either of the Mediators for a recommendation as to a resolution. Any party may seek *de novo* review of the Mediator's recommendation by way of a motion filed in the <u>Zepeda</u> Action.

       9.5    <u>Publicity and Non-Disparagement</u>.  No party to this Agreement shall issue any press release, communicate with the media or otherwise engage in any advertising campaigns regarding the settlement except as set forth herein.  Plaintiffs and Plaintiffs' Counsel shall refrain from disparaging Defendants publicly or taking any action designed to harm the public perception of Defendants regarding any issue related to the settlement or the Actions or Prior

-19-

Actions.  Inquiries other than those from Settlement Class Members seeking legal advice may be responded to only by reference to information contained in the public record and/or agreed upon by the Parties.

      9.6     <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement between and among the Parties with respect to the settlement of the Actions.  This Agreement supersedes all prior negotiations and agreements, including, without limitation, any settlement term sheets exchanged or signed by the parties.  The Parties, and each of them, represent and warrant that no other party or any agent or attorney of any other party has made any promise, representation or warranty whatsoever not contained in this Agreement and the other documents referred to in this Agreement to induce them to execute the same.  The Parties, and each of them, represent and warrant that they have not executed this Agreement in reliance on any promise, representation or warranty not contained in this Agreement and the other documents referred to in this Agreement.

      9.7     <u>Confidentiality</u>.  Any and all drafts of this Agreement and other settlement documents relating to the negotiations between the Parties will remain confidential and will not be disclosed or duplicated except as necessary to obtain preliminary and/or final court approval or in related proceedings.  This provision will not prohibit the Parties from submitting this Agreement to the District Court in order to obtain preliminary and/or final approval of the settlement or in related proceedings.  It is agreed that, within thirty (30) days after the Effective Date, the originals and all copies of all confidential or highly confidential documents and/or information subject to all confidentiality agreements and any Protective Orders in the Actions shall be returned to the designating party.

      9.8     <u>Successors and Assigns</u>.  The terms of this Agreement shall apply to the Parties as well as their heirs, successors and assigns.  Each of Plaintiffs represent and warrant that they have not assigned, transferred or granted, or purported to assign, transfer or grant, any of the claims, demands or causes of action disposed of by this Agreement.

      9.9     <u>Competency of Parties</u>.  The Parties, and each of them, acknowledge, warrant, represent and agree that, in executing and delivering this Agreement: they do so freely,

knowingly and voluntarily; they had an opportunity to and did discuss its terms and their implications with legal counsel; they are fully aware of the contents and effect of the Agreement; and that such execution and delivery is not the result of any fraud, duress, mistake or undue influence whatsoever.

9.10    Authority.  The person(s) signing this Agreement on behalf of Defendants warrants and represents that he or she is authorized to sign on each defendant's behalf.

9.11    Modification.  No modification of or amendment to this Agreement shall be valid unless it is in writing and signed by all Parties hereto.

9.12    Construction.  Each of the Parties has cooperated in the drafting and preparation of this Agreement.  Hence, in any construction to be made of this Agreement, the same shall not be construed against any of the Parties.  Before declaring any provision of this Agreement invalid, the District Court shall first attempt to construe the provision valid to the fullest extent possible consistent with applicable precedent so as to find all provisions of this Agreement valid and enforceable.  After applying this rule of construction and still finding a provision invalid, the District Court shall thereupon interpret the invalid provision to the fullest extent possible to otherwise enforce the invalid provision.  The invalidity of any one provision shall not render this Agreement otherwise invalid and unenforceable unless the provision found to be invalid materially affects the terms of this Agreement after application of the rules of construction set forth in this paragraph.

9.13    No Waiver.  The failure of any Party to enforce at any time any provision of this Agreement shall not be construed to be a waiver of such provision, or any other provision, nor in any way to affect the validity of this Agreement or any part hereof, or the right of any party thereafter to enforce that provision or each and every other provision.  No waiver of any breach of this Agreement shall constitute or be deemed a waiver of any other breach.

9.14    Governing Law.  This Agreement shall be governed by, construed and enforced in accordance with the laws of the State of California.

9.15   <u>Notices/Communications</u>.   All requests, demands, claims and other communications required hereunder shall: (a) be in writing; (b) be delivered by U.S. Mail or facsimile, with a courtesy copy by email; (c) be deemed to have been duly given on the date received; and (d) be addressed to the intended recipient as set forth below:

<u>To Settlement Class counsel</u>:
Jeffrey Leon, Esq. (jeff@complexlitgroup.com)
Complex Litigation Group LLC
513 Central Avenue, Suite 300
Highland Park, Illinois 60035
Ph: (847) 433-4500
Fax: (847) 433-2500

<u>To Defendants' counsel</u>:
Julia B. Strickland, Esq.  (jstrickland@stroock.com)
Stroock & Stroock & Lavan LLP
2029 Century Park East
Los Angeles, California 90067
Ph: (310) 556-5806
Fax: (310) 556-5959

Any party may change the address to which requests, demands, claims or other communications hereunder are to be delivered by giving the other Parties notice in the manner set forth herein.

9.16   <u>Counterparts</u>.   This Agreement may be executed in one or more counterparts and, if so executed, the various counterparts shall be and constitute one instrument for all purposes and shall be binding on the party that executed it, provided, however, that no party shall be bound unless and until all Parties have executed this Agreement.  For convenience, the several signature pages may be collected and annexed to one or more documents to form a complete counterpart.  Photocopies of executed copies of this Agreement may be treated as originals.

{Signature Pages Follow}

DATED: August 27th, 2012

_____
Moises Zepeda, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Michael Spear, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Ronya Osman, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Brain Pattee, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Casey Ching, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Denae Zamora, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Michael Lavanga, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Gary Miller, individually and as
representative of the Settlement Class

DATED: _____, 2012

Defendant PAYPAL, INC.

By: _____

Its: _____

DATED: _____, 2012

Defendant EBAY INC.

By: _____

-23-

DATED: _____, 2012

DATED: 14 AUG, _____, 2012

DATED: _____, 2012

DATED: _____, 2012

DATED: _____, 2012

DATED: _____, 2012

DATED: _____, 2012

DATED: _____, 2012

DATED: _____, 2012

DATED: _____, 2012

---

Moises Zepeda, individually and as
representative of the Settlement Class

*Michael Spear*

Michael Spear, individually and as
representative of the Settlement Class

Ronya Osman, individually and as
representative of the Settlement Class

Brain Pattee, individually and as
representative of the Settlement Class

Casey Ching, individually and as
representative of the Settlement Class

Denae Zamora, individually and as
representative of the Settlement Class

Michael Lavanga, individually and as
representative of the Settlement Class

Gary Miller, individually and as
representative of the Settlement Class

Defendant PAYPAL, INC.

By: _____

Its: _____

Defendant EBAY INC.

By: _____

-23-

DATED: _____, 2012

_____
Moises Zepeda, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Michael Spear, individually and as
representative of the Settlement Class

DATED: *8/16/12*, 2012

_____
Ronya Osman, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Brain Pattee, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Casey Ching, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Denae Zamora, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Michael Lavanga, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Gary Miller, individually and as
representative of the Settlement Class

DATED: _____, 2012

Defendant PAYPAL, INC.

By: _____

Its: _____

DATED: _____, 2012

Defendant EBAY INC.

By: _____

-23-

DATED: _____, 2012

_____
Moises Zepeda, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Michael Spear, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Ronya Osman, individually and as
representative of the Settlement Class

DATED: 10ᵗʰ August, 2012

_____
Brain Pattee, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Casey Ching, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Michael Lavanga, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Gary Miller, individually and as
representative of the Settlement Class

DATED: _____, 2012

Defendant PAYPAL, INC.

By: _____

Its: _____

DATED: _____, 2012

Defendant EBAY INC.

By: _____

Its: _____

-23-

DATED: _____, 2012

_____
Moises Zepeda, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Michael Spear, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Ronya Osman, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Brain Pattee, individually and as
representative of the Settlement Class

DATED: __B/13_____, 2012

_____
Casey Ching, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Denae Zamora, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Michael Lavanga, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Gary Miller, individually and as
representative of the Settlement Class

DATED: _____, 2012

Defendant PAYPAL, INC.

By: _____

Its: _____

DATED: _____, 2012

Defendant EBAY INC.

By: _____

-23-

DATED: _____, 2012

_____
Moises Zepeda, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Michael Spear, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Ronya Osman, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Brain Pattee, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Casey Ching, individually and as
representative of the Settlement Class

DATED: *aug 13* , 2012

*Denae Zamore*
_____
Denae Zamora, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Michael Lavanga, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Gary Miller, individually and as
representative of the Settlement Class

DATED: _____, 2012

Defendant PAYPAL, INC.

By: _____

Its: _____

DATED: _____, 2012

Defendant EBAY INC.

By: _____

-23-

**Julie D. Miller**

---

| | |
|---|---|
| **From:** | mike@mikescoins.com |
| **Sent:** | Wednesday, August 22, 2012 1:17 AM |
| **To:** | Julie D. Miller |
| **Cc:** | Jeffrey A. Leon; Paul M. Weiss |
| **Subject:** | RE: PayPal: CONFIDENTIAL |

This email signifies my consent to the settlement.

Quoting "Julie D. Miller" <julie@complexlitgroup.com>:

> Mike,
>
> Can you please send over a signed version of the signature page
> attached?  I need this by close of business tomorrow. If you are
> unable to fax or scan me your signature, please send an email that
> says "This email signifies my assent to the settlement". Thanks for your attention to this matter.
>
> Julie
>
> Julie D. Miller
> COMPLEX LITIGATION GROUP LLC
> 513 Central Avenue
> Suite 300
> Highland Park, Illinois 60035
> Â Â
> Direct Ext.:Â Â Â Â Â Â Â Â  847-433-4500 Ext. 2624 Firm Phone:Â Â
> Â Â Â Â Â  847-433-4500 Firm Fax:Â Â Â Â Â Â Â Â Â Â Â Â
> 847-433-2500
>
> http://www.complexlitgroup.com
>
> ï   Â Complex Litigation Group is committed to our environment.Â Please
> join us and consider notÂ printing this e-mail unlessÂ necessary.Â Â
>
>
> This e-mail is covered by the Electronic Communications Privacy Act,
> 18 U.S.C. Â§Â§ 2510-2521 and is legally privileged. This e-mail
> message and any files transmitted with it are also subject to the
> attorney-client privilege and attorney work-product doctrine, and
> contain confidential information intended only for the person(s) to
> whom this e-mail message is addressed. If you have received this
> e-mail message in error, please notify the sender immediately by
> telephone at (847) 433-4500 or by electronic mail to
> JulieM@ComplexLitGroup.com and destroy the original message without making a copy. Thank you.
>
>
> -----Original Message-----
> From: mike@mikescoins.com [mailto:mike@mikescoins.com]

1

DATED: _____ , 2012

Moises Zepeda, individually and as
representative of the Settlement Class

DATED: _____ , 2012

Michael Spear, individually and as
representative of the Settlement Class

DATED: _____ , 2012

Ronya Osman, individually and as
representative of the Settlement Class

DATED: _____ , 2012

Brain Pattee, individually and as
representative of the Settlement Class

DATED: _____ , 2012

Casey Ching, individually and as
representative of the Settlement Class

DATED: _____ , 2012

Michael Lavanga, individually and as
representative of the Settlement Class

DATED: 8/21/12 , 2012

Gary Miller, individually and as
representative of the Settlement Class

DATED: _____ , 2012

Defendant PAYPAL, INC.

By: _____

Its: _____

DATED: _____ , 2012

Defendant EBAY INC

By: _____

Its: _____

-23-

DATED: _____, 2012

Moises Zepeda, individually and as
representative of the Settlement Class

DATED: _____, 2012

Michael Spear, individually and as
representative of the Settlement Class

DATED: _____, 2012

Ronya Osman, individually and as
representative of the Settlement Class

DATED: _____, 2012

Brain Pattee, individually and as
representative of the Settlement Class

DATED: _____, 2012

Casey Ching, individually and as
representative of the Settlement Class

DATED: _____, 2012

Denae Zamora, individually and as
representative of the Settlement Class

DATED: _____, 2012

Michael Lavanga, individually and as
representative of the Settlement Class

DATED: _____, 2012

Gary Miller, individually and as
representative of the Settlement Class

DATED: _____, 2012

Defendant PAYPAL, INC.

By: _____

Its: Vice President and General Counsel

DATED: _____, 2012

Defendant EBAY INC.

By: _____

-23-

DATED: _____, 2012

_____
Moises Zepeda, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Michael Spear, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Ronya Osman, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Brain Pattee, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Casey Ching, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Denae Zamora, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Michael Lavanga, individually and as
representative of the Settlement Class

DATED: _____, 2012

_____
Gary Miller, individually and as
representative of the Settlement Class

DATED: _____, 2012

Defendant PAYPAL, INC.

By: _____

Its: _____

DATED: ___9.13____, 2012

Defendant EBAY INC.

By: _____
BRAD SERVIN

-23-

Its: _BRAD SERWIN_

Approved as to form and content:

DATED: _October 9_, 2012

Complex Litigation Group LLC
Jeffrey A. Leon
Julie D. Miller

By: _____
    Jeffrey A. Leon

DATED: _____, 2012

Lexington Law Group
Mark N. Todzo
Howard Hirsch

By: _____
    Mark N. Todzo

-24-

Its: _BRAD SERWIN_____

Approved as to form and content:

DATED: _____, 2012

Complex Litigation Group LLC
Jeffrey A. Leon
Julie D. Miller

By: _____
    Jeffrey A. Leon

DATED: _10/10_____, 2012

Lexington Law Group
Mark N. Todzo
Howard Hirsch

By: _____
    Mark N. Todzo

-24-

DATED: _October 11_____, 2012

Farmer, Jaffe, Weissing, Edwards, Fistos &
Leherman, P.L.
Steven R. Jaffe
Mark S. Fistos
Seth M. Lehrman

By: _____
Steven R. Jaffe

DATED: _____, 2012

Seeger Weiss LLP
Jonathan Shub

By: _____
Jonathan Shub

Attorneys for Plaintiffs, individually and on
behalf of the Settlement Class

Approved as to form:

DATED: _____, 2012

STROOCK & STROOCK & LAVAN LLP

By: _____
Julia B. Strickland

Attorneys for Defendants
PAYPAL, INC. and EBAY INC.

-25-

DATED: _____, 2012

Farmer, Jaffe, Weissing, Edwards, Fistos & Leherman, P.L.
Steven R. Jaffe
Mark S. Fistos
Seth M. Lehrman


By: _____
    Steven R. Jaffe


DATED: _October 11_____, 2012

Seeger Weiss LLP
Jonathan Shub

By: _____
    Jonathan Shub

Attorneys for Plaintiffs, individually and on
  behalf of the Settlement Class


Approved as to form:

DATED: _____, 2012

STROOCK & STROOCK & LAVAN LLP

By: _____
    Julia B. Strickland

Attorneys for Defendants
  PAYPAL, INC. and EBAY INC.

-25-

DATED: _____, 2012     Farmer, Jaffe, Weissing, Edwards, Fistos &
Leherman, P.L.
Steven R. Jaffe
Mark S. Fistos
Seth M. Lehrman


By: _____
     Steven R. Jaffe


DATED: _____, 2012     Seeger Weiss LLP
Jonathan Shub


By: _____
     Jonathan Shub

Attorneys for Plaintiffs, individually and on
   behalf of the Settlement Class


Approved as to form:

DATED: _October 9._, 2012     STROOCK & STROOCK & LAVAN LLP


By: _Julia Strickland_
     Julia B. Strickland

Attorneys for Defendants
   PAYPAL, INC. and EBAY INC.

-25-

## **EXHIBITS**

Exhibit A – Email Notice
Exhibit B – Final Approval Order and Judgment
Exhibit C – Internet Notice
Exhibit D – Preliminary Approval Order
Exhibit E – Publication Notice
Exhibit F – Current User Agreement
Exhibit G – Email Response
Exhibit H – Screenshots of FAQ web pages on holds, reserves and limitations

Exhibit A – Email Notice

## NOTICE OF CLASS-ACTION SETTLEMENT

**THIS NOTICE MAY AFFECT YOUR RIGHTS.  PLEASE READ IT CAREFULLY.**

A settlement has been reached in a class action in which the plaintiffs allege that PayPal, Inc. improperly handled disputed transactions on PayPal accounts and improperly placed holds, reserves or limitations or closed accounts for security or other reasons.  You may be a member of the settlement class.  To obtain information regarding the settlement, please go to http://www.[WEBSITE].

Exhibit B – Final Approval Order and Judgment

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND BRANCH

| | | |
|---|---|---|
| MOISES ZEPEDA, MICHAEL SPEAR, RONYA OSMAN, BRIAN PATTEE, CASEY CHING, DENAE ZAMORA, MICHAEL LAVANGA, and GARY MILLER, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) | Case No. 10-CV-02500 SBA **[PROPOSED] FINAL APPROVAL ORDER AND FINAL JUDGMENT** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PAYPAL, INC., a Delaware Corporation, and EBAY INC, a Delaware Corporation, | ) ) ) | |
| Defendants. | ) ) ) ) | |

Exhibit B – Final Approval Order and Judgment

1    THIS MATTER came before the Court for final approval of the proposed class settlement.

2    The Court has considered all papers filed and proceedings in this matter and held a hearing on

3    _____, 2012, at which time the parties and all other interested persons were afforded the

4    opportunity to be heard in support of and in opposition to the proposed settlement.  Based on the

5    papers filed with the Court and presentations made to the Court at the hearing, it is hereby

6    ORDERED, ADJUDGED, AND DECREED as follows:

7        1.      The definitions and provisions of the Settlement Agreement are hereby incorporated

8    as though fully set forth herein.  For purposes of this Order, capitalized terms shall have the

9    meaning ascribed to them in the Settlement Agreement.

10       2.      This Court has jurisdiction over the subject matter of the Settlement Agreement with

11   respect to and over all parties to the Settlement Agreement, including all members of the

12   Settlement Class.

13       3.      The Court hereby approves the settlement, including the plan of distribution of the

14   settlement relief, and finds that the settlement is, in all respects, fair, reasonable and adequate to the

15   Settlement Class Members, within the authority of the parties and the result of extensive arm's-

16   length negotiations.

17       4.      Pursuant to Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement

18   purposes only, the following Settlement Class:

19       All current and former users of PayPal in the United States who had
20       an active PayPal account between April 19, 2006 and
21       _____ [date of entry of Preliminary Approval
         Order].

22       5.      In connection with this conditional certification, the Court makes the following

23   findings:

24       (a)     The members of the Settlement Class appear to be so numerous that joinder

25   of all members is impracticable;

26       (b)     There appear to be questions of law or fact common to the Settlement Class

27                                             -1-
28

Exhibit B – Final Approval Order and Judgment

1    for purposes of determining whether this settlement should be approved;

2              (c)      The claims of class representatives Moises Zepeda, Michael Spear, Ronya

3    Osman, Brian Pattee, Casey Ching, Denae Zamora, Michael Lavanga and Gary Miller ("Plaintiffs")

4    appear to be typical of the claims being resolved through the proposed settlement;

5              (d)      Plaintiffs appear to be capable of fairly and adequately protecting the

6    interests of the Settlement Class Members in connection with the proposed settlement;

7              (e)      For purposes of determining whether the settlement is fair, reasonable and

8    adequate, common questions of law and fact appear to predominate over questions affecting only

9    individual Settlement Class Members.  Accordingly, the Settlement Class appears to be sufficiently

10   cohesive to warrant settlement by representation;

11             (f)      For purposes of settlement, certification of the Settlement Class appears to

12   be superior to other available methods for the fair and efficient settlement of the claims of the

13   Settlement Class Members.

14        6.      Plaintiffs are designated as class representative for the Settlement Class.  The Court

15   appoints Jeffrey A. Leon and Julie D. Miller of Complex Litigation Group LLC; Mark N. Todzo

16   and Howard Hirsch of Lexington Law Group; Steven R. Jaffe, Mark S. Fistos and Seth M.

17   Lehrman of Farmer, Jaffe, Weissing, Edwards, Fistos & Leherman, P.L.; and Jonathan Shub of

18   Seeger Weiss LLP, as counsel for the Settlement Class.  The Court finds that counsel is competent

19   and capable of exercising all responsibilities as counsel for the Settlement Class.

20        7.      This Final Approval Order and Final Judgment does not constitute an expression by

21   the Court of any opinion, position or determination as to the merit or lack of merit of any of the

22   claims or defenses of Plaintiffs, the Settlement Class Members or defendants PayPal, Inc.

23   ("PayPal") and eBay Inc. ("eBay") (together, Defendants).  Neither this Final Approval Order and

24   Final Judgment nor the Settlement Agreement is an admission or indication by Defendants of the

25   validity of any claims in this action or of any liability or wrongdoing or of any violation of law.

26   This Final Approval Order and Final Judgment and the Settlement Agreement do not constitute a

27

-2-

28

Exhibit B – Final Approval Order and Judgment

1   concession and shall not be used as an admission or indication of any wrongdoing, fault or

2   omission by Defendants or any other person in connection with any transaction, event or

3   occurrence, and neither this Final Approval Order and Final Judgment nor the Settlement

4   Agreement nor any related documents in this proceeding nor any reports or accounts thereof shall

5   be offered or received in evidence in any civil, criminal or administrative action or proceeding,

6   other than such proceedings as may be necessary to consummate or enforce this Final Approval

7   Order and Final Judgment, the Settlement Agreement and all releases given thereunder, or to

8   establish the affirmative defenses of res judicata or collateral estoppel.

9          8.     This Court hereby dismisses this action with prejudice as to all Settlement Class

10   Members except those who have timely and properly excluded themselves from the Settlement

11   Class. [Exhibit A, attached hereto, sets forth the names of those individuals who have timely and

12   properly excluded themselves from the Settlement Class.]

13          9.     As of the date of entry of this Final Approval Order and Final Judgment, Plaintiffs

14   and each Settlement Class Member who is not excluded from the settlement, and each of their

15   respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors,

16   predecessors-in-interest and assigns, and all persons acting for or on their behalf, will be deemed to

17   have fully released and forever discharged Defendants and each and all of their respective present,

18   former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors

19   and predecessors-in-interest, and all of the aforementioneds' prior, current and future respective

20   officers, directors, employees, attorneys, shareholders, agents, independent contractors, vendors

21   and assigns (the "Released Parties") from any and all rights, duties, obligations, claims, actions,

22   causes of action or liabilities, whether arising under local, state or federal law (including, without

23   limitation, California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.,

24   California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 et seq., the Electronic Fund

25   Transfer Act, 15 U.S.C. § 1693 et seq. (the "EFTA"), and 12 C.F.R. pt. 205 ("Regulation E")),

26   whether by Constitution, statute, contract, common law or equity, whether known or unknown,

27                                                    -3-

28                             [PROPOSED] FINAL APPROVAL ORDER AND FINAL JUDGMENT
                                       CASE NO. 10-CV-02500 SBA

Exhibit B – Final Approval Order and Judgment

suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated and which has been or could be asserted in an individual, class, private attorney-general, representative, *parens patriae* or any other capacity: (a) that were, are or could have been alleged in the Action or in either of <u>Osman, et al. v. PayPal, Inc., et al.</u>, Northern District of California Case No. 10-cv-02046 PVT, and <u>Spear v. PayPal., Inc. and eBay Inc.</u>, Northern District of California Case No. 10-cv-02555 PVT (the "Prior Actions"), or that arise out of the events or incidents referred to in the Action or in either of the Prior Actions; (b) that relate in any respect to the placing of holds, reserves or any other limitations on PayPal transactions or accounts, or the closing, suspending or limiting of PayPal accounts, including without limitation any disclosure or non-disclosure with respect thereto; (c) that relate in any respect to the payment or failure to pay interest on funds subject to a hold, reserve or limitation, including without limitation any disclosure or non-disclosure with respect thereto; (d) that relate in any respect to Defendants' obligations under the EFTA and/or Regulation E; (e) that relate in any respect to Defendants' obligations under the settlement in <u>In re PayPal Litigation</u>, Northern District of California case No. CV-02-01227-JF (PVT); or (f) that arise out of or relate in any way to the administration of this settlement (the "Released Claims").  Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the settlement, and the releases contained herein, becomes effective.  This paragraph constitutes a waiver of any laws that would limit this release, including, without limitation, section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs understand and acknowledge, and each Settlement Class Member who is not excluded

-4-

Exhibit B – Final Approval Order and Judgment

from the settlement shall be deemed to understand and acknowledge, the significance of these waivers of California Civil Code section 1542 and/or of any other applicable law relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiffs acknowledge, and all Settlement Class Members who are not excluded from the settlement shall be deemed to acknowledge, that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the settlement, but that it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

10.     In aid to this Court's jurisdiction to implement and enforce the settlement, Plaintiffs and all Settlement Class Members and all persons purporting to act on behalf of Settlement Class Members are enjoined, directly, on a representative basis or in any other capacity, from asserting, commencing, prosecuting or continuing any of the Released Claims against Defendants or any of the other Released Parties in any action, arbitration or proceeding in any court, arbitral forum or tribunal.

11.     The Court finds that the program of Class Notice set forth in the Settlement Agreement and preliminarily approved by the Court was the best practicable notice under the circumstances.  The Class Notice provided due and adequate notice of these proceedings and of the matters set forth therein, including the Settlement Agreement, to all parties entitled to such notice and satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process.

12.     Without affecting the finality of this Final Approval Order and Final Judgment in any way, the Court retains continuing jurisdiction over: (a) implementation of the Settlement Agreement and distribution of the settlement payments contemplated by the Settlement Agreement, until all acts agreed to be performed pursuant to the Settlement Agreement have been performed; and (b) all parties to this action and members of the Settlement Class for the purpose of enforcing

-5-

Exhibit B – Final Approval Order and Judgment

1   and administering the Settlement Agreement.

2          13.      Neither this Settlement Approval Order and Final Judgment nor the Settlement

3   Agreement constitutes an admission or concession by Defendants of any fault, omission, liability or

4   wrongdoing.  This Settlement Approval Order and Final Judgment is not a finding of the validity or

5   invalidity of any claims in this action or a determination of any wrongdoing by the Defendants.

6   The final approval of the Settlement Agreement does not constitute any opinion, position or

7   determination of this Court, one way or the other, as to the merits of the claims and defenses of

8   Plaintiffs, Defendants or the Settlement Class members.

9          14.      In the event that the Settlement Agreement does not become effective in accordance

10  with its terms, then this Final Approval Order and Final Judgment shall be vacated, the Settlement

11  Class shall be decertified (without affecting Plaintiffs' right subsequently to seek certification) and

12  the Settlement Agreement and all orders entered in connection therewith shall become null and

13  void and of no further force and effect.

14         **IT IS SO ORDERED.**

15  Dated:                                        _____

16                                               The Honorable Saundra B. Armstrong
                                                 United States District Judge

17

18

19

20

21

22

23

24

25

26

27                                     -6-

Exhibit C – Internet Notice

## Notice of Proposed Class Action Settlement and Hearing

**If you are or were a PayPal user in the United States who had an active PayPal account between April 19, 2006 and [DATE OF PRELIMINARY APPROVAL], you are a member of a class in connection with a proposed class-action settlement.**

### THIS NOTICE MAY AFFECT YOUR RIGHTS – PLEASE READ IT CAREFULLY

This notice summarizes a proposed settlement in a class action in which the plaintiffs allege that PayPal, Inc. ("PayPal") improperly handled disputed transactions on PayPal accounts and improperly placed holds, reserves or limitations or closed accounts for security or other reasons. eBay Inc. ("eBay") also is named as a defendant.  The name of the case is Zepeda, et al. v. PayPal, Inc., Case No. 10-CV-02500 SBA ("Zepeda" or the "Action").

The United States District Court for the Northern District of California will hold a hearing on [DATE OF FINAL APPROVAL HEARING] to decide whether to give final approval to the settlement.  The Court has not decided that PayPal or eBay ("Defendants") did anything wrong.  The purpose of this notice is to inform you of the settlement so that you can make an informed decision whether you should remain in or opt out of this class action.

## WHAT IS THIS LAWSUIT ABOUT?

Plaintiffs in this case allege that PayPal improperly handled disputed transactions on PayPal accounts and improperly placed holds, reserves or limitations or closed accounts for security or other reasons.  Plaintiffs also allege that PayPal failed to provide them with annual error-resolution notices and monthly account statements.

Defendants have denied all allegations of wrongdoing and liability.  Defendants contend that Plaintiffs' claims have no merit and that Defendants would prevail in the lawsuit.  The Court has not finally ruled on the merits of Plaintiffs' claims or Defendants' defenses.  There has been no finding that Defendants violated any law in their conduct toward the Plaintiffs or other members of the Settlement Class.

Plaintiffs and Defendants have entered into a Settlement Agreement, which if approved by the Court will fully and finally resolve the claims asserted by Plaintiffs, on behalf of themselves and anyone else in the Settlement Class.

A related case, Fernando, et al. v. PayPal, Inc., Case No. 10-CV-01668 SBA ("Fernando") has been stayed until the settlement becomes effective.  If you do not opt out of this settlement, you will release any claims asserted on your behalf in Fernando, as well as additional claims as described in the Release of Claims section below.

## WHO IS A SETTLEMENT CLASS MEMBER?

The Settlement Class includes all current and former users of PayPal in the United States who had an active PayPal account between April 19, 2006 and [DATE OF ENTRY OF THE PRELIMINARY APPROVAL ORDER].

-1-

Exhibit C – Internet Notice

## WHO REPRESENTS THE SETTLEMENT CLASS?

Plaintiffs Moises Zepeda, Michael Spear, Ronya Osman, Brian Pattee, Casey Ching, Denae Zamora, Michael Lavanga and Gary Miller (together, "Plaintiffs") have been designated by the Court as the settlement class representatives for purposes of the settlement approval process. The Court has appointed Jeffrey A. Leon and Julie D. Miller of Complex Litigation Group LLC; Mark N. Todzo and Howard Hirsch of Lexington Law Group; Steven R. Jaffe, Mark S. Fistos and Seth M. Lehrman of Farmer, Jaffe, Weissing, Edwards, Fistos & Leherman, P.L.; and Jonathan Shub of Seeger Weiss LLP (together, "Zepeda Counsel"), as Settlement Class counsel to represent your interests and those of the Settlement Class.  You also have the right to consult with your own attorney, at your own expense, and you may enter an appearance through your own attorney if you desire.

## WHAT ARE THE SETTLEMENT TERMS?

The primary focus of the settlement is the implementation or maintenance of business practices. Each business practice shall be implemented within 30 days after the effective date of the settlement and maintained for at least two years, as follows:

      a.    PayPal will disclose its use of fraud and risk modeling in the PayPal User Agreement.

      b.    PayPal will not respond to requests for information with an email advising users that they must seek a subpoena to obtain information and will revise its email response to advise users to communicate with PayPal to seek additional information.

      c.    PayPal will revise the PayPal User Agreement to more clearly distinguish among holds, reserves and limitations.

      d.    PayPal will enhance the disclosures on its website by including a list of Frequently Asked Questions (FAQ) providing users with greater detail on holds, reserves and limitations.

      e.    In response to calls to customer service, PayPal will disclose the reason for a hold, reserve or limitation to the extent not inconsistent with PayPal's security requirements.  If PayPal is unable to inform a user of the reason for a hold, reserve or limitation due to security requirements, it will inform the user that it cannot tell the user the reason due to security requirements.

In addition, Defendants have agreed to establish a settlement fund of $1,425,000 to pay for notice and administration costs, awards of attorneys' fees and costs of up to $500,000 to Zepeda Counsel and up to $212,500 to Marina Trubitsky of Marina Trubitsky & Associates, PLLC and David Hicks of David Hicks, A.P.L.C. (together, "Fernando Counsel") and awards to Plaintiffs of up to $5,000 each for their service as representatives of the Settlement Class.  All amounts left over will be paid as a charitable contribution to the Electronic Frontier Foundation.  The awards of attorneys' fees and costs and the awards to Plaintiffs must be approved by the Court.

-2-

Exhibit C – Internet Notice

## DO I NEED TO DO ANYTHING TO REMAIN A MEMBER OF THE SETTLEMENT CLASS?

You do not need to do anything to remain a member of the Settlement Class. You will remain a member of the settlement class unless you take steps to exclude yourself, described below. If you remain a member of the settlement class, you will be bound by any judgment entered whether or not it is favorable to the Settlement Class.

## HOW CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?

If you do not want to remain a Settlement Class member and participate in the settlement, then you must sign and send an exclusion request to: [ADDRESS FOR OPT OUTS]. Your exclusion request will not be valid if mailed to any other address. Your exclusion request must include: (i) your name, address and telephone number; (ii) the primary e-mail address associated with your PayPal account(s); and (iii) the following statement: "I request to be excluded from the class settlement in Zepeda v. PayPal, Northern District of California Case No. 10-cv-02500 SBA." No request for exclusion will be valid unless all of the information described above is included. No one may exclude any other Settlement Class member from the settlement. Your exclusion request must be postmarked by not later than [OBJECTION DEADLINE]. The Court will exclude from the Settlement Class any member who timely and properly requests exclusion.

By electing to be excluded from the Settlement Class, you will not be bound by any further orders or judgments entered for or against the Settlement Class, you will not be entitled to comment on or object to any proposed settlement, the award of fees and costs to class counsel and any payments to the Settlement Class representatives, and you cannot be heard at the settlement approval hearing. If the Court approves the settlement, the approval will bind all members of the Settlement Class except those who have excluded themselves.

## WHAT IS THE SETTLEMENT APPROVAL PROCEDURE?

The Court will hold a settlement hearing on [HEARING DATE], at [TIME], before the Honorable Saundra B. Armstrong, Courtroom 1, Oakland Courthouse, 1301 Clay Street, Oakland, California 94612, to consider whether the settlement should be approved, as well as to consider awards of attorneys' fees and costs to Settlement Class counsel and awards to the Serttlement Class representatives. You may attend the hearing, but you do not have to.

If you decide to remain in the settlement class and you wish to object to the settlement, the award of attorneys' fees and costs or the awards to the Settlement Class representatives, you must file your objections in writing with the Court and send copies to: (1) Settlement Class counsel -- Jeffrey Leon, Complex Litigation Group LLC, 513 Central Avenue, Suite 300, Highland Park, Illinois 60035; and (2) Defendants' counsel -- Julia B. Strickland, Stroock & Stroock & Lavan LLP, 2029 Century Park East, 16th Floor, Los Angeles, California 90067. Objections must be filed and sent to Settlement Class counsel and Defendants' counsel postmarked not later than [OBJECTION DEADLINE]. All written objections must include: (1) your name, address and telephone number; (2) an e-mail address associated with your PayPal account(s); (3) a sentence confirming, under penalty of perjury, that you are a Settlement Class Member; (4) the factual basis and legal grounds for the objection to the settlement; (5) the identity of any witnesses

Exhibit C – Internet Notice

whom you may call to testify at the Final Approval Hearing; and (6) copies of any exhibits you intend to offer into evidence at the Final Approval Hearing.

If you or your own attorney intend to appear at the hearing, you must also file with the Court and serve on Settlement Class counsel and Defendants' counsel at the addresses listed above, on or before [OBJECTION DEADLINE], a request to appear setting forth your name and address (and, if applicable, the name, address and telephone number of your attorney).

If you do not timely and properly file and serve a written objection, you will not be permitted to be heard at the hearing or otherwise to contest approval of the settlement or to appeal from any orders or judgments of the Court.  If you do not timely and properly file and serve both a written objection and a request to appear, you will not be permitted to be heard at the hearing.

## RELEASE OF CLAIMS

If the settlement is approved and you do not exclude yourself from the settlement, the following release will apply:

> As of the date of entry of the Final Approval Order and Final Judgment, Plaintiffs and each Settlement Class Member who is not excluded from the settlement, and each of their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns, and all persons acting for or on their behalf, will be deemed to have fully released and forever discharged Defendants and each and all of their respective present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors and predecessors-in-interest, and all of the aforementioneds' prior, current and future respective officers, directors, employees, attorneys, shareholders, agents, independent contractors, vendors and assigns (the "Released Parties") from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law (including, without limitation, California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq., California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 et seq., the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq. (the "EFTA"), and 12 C.F.R. pt. 205 ("Regulation E")), whether by Constitution, statute, contract, common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated and which has been or could be asserted in an individual, class, private attorney-general, representative, parens patriae or any other capacity: (a) that were, are or could have been alleged in the Action or in either of Osman, et al. v. PayPal, Inc., et al., Northern District of California Case No. 10-cv-02046 PVT, and Spear v. PayPal., Inc. and eBay Inc., Northern District of California Case No. 10-cv-02555 PVT (the "Prior Actions"), or that arise out of the events or incidents referred to in the Action or in either of the Prior Actions; (b) that relate in any respect to the placing of holds, reserves or any other limitations on PayPal transactions or accounts, or the closing, suspending or limiting of PayPal accounts, including without limitation any disclosure or non-disclosure with respect thereto; (c) that relate in any respect to the payment or

-4-

Exhibit C – Internet Notice

failure to pay interest on funds subject to a hold, reserve or limitation, including without limitation any disclosure or non-disclosure with respect thereto; (d) that relate in any respect to Defendants' obligations under the EFTA and/or Regulation E; (e) that relate in any respect to Defendants' obligations under the settlement in In re PayPal Litigation, Northern District of California case No. CV-02-01227-JF (PVT); or (f) that arise out of or relate in any way to the administration of this settlement (the "Released Claims"). Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the settlement, and the releases contained herein, becomes effective. This paragraph constitutes a waiver of any laws that would limit this release, including, without limitation, section 1542 of the California Civil Code, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs understand and acknowledge, and each Settlement Class Member who is not excluded from the settlement shall be deemed to understand and acknowledge, the significance of these waivers of California Civil Code section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs acknowledge, and all Settlement Class Members who are not excluded from the settlement shall be deemed to acknowledge, that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the settlement, but that it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

## WHERE DO I GET ADDITIONAL INFORMATION?

If you would like additional information, please send your request by email to: jeff@complexlitgroup.com. You may also download a copy of the Settlement Agreement and this notice at http://www.[WEBSITE].

The foregoing is only a summary of the lawsuits and the proposed settlement. You may seek the advice of your own attorney, at your expense, if you so desire. For more detailed information, you may review the papers on file in the lawsuits, which may be viewed and printed on the court's CM/ECF website (ecf.cand.uscourts.gov) or examined and copied by making arrangement with the Clerk's Office, which can be reached during regular business hours at (415) 522-2000.

**DO NOT CALL OR WRITE TO THE COURT OR THE CLERK OF THE COURT. DO**

Exhibit C – Internet Notice

**NOT CONTACT PAYPAL OR EBAY.  REPRESENTATIVES ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**


Dated: _____, 2012     The Honorable Saundra B. Armstrong
                                       United States District Court Judge

1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND BRANCH**

| | |
|---|---|
| MOISES ZEPEDA, MICHAEL SPEAR, RONYA OSMAN, BRIAN PATTEE, CASEY CHING, DENAE ZAMORA, MICHAEL LAVANGA, and GARY MILLER, on behalf of themselves and all others similarly situated, <br><br>             Plaintiffs, <br>     v. <br><br> PAYPAL, INC., a Delaware Corporation, and DOES 1 through 10, inclusive, <br><br>             Defendants. | Case No. 10-CV-02500 SBA <br><br> **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND APPOINTING CLASS COUNSEL** |

18

19

20

21

22

23

24

25

26

27

28

Exhibit D – Preliminary Approval Order

WHEREAS plaintiffs in <u>Zepeda, et al. v. PayPal, Inc.</u>, Northern District of California Case No. 10-cv-002500 SBA (Moises Zepeda, Michael Spear, Ronya Osman, Brian Pattee, Casey Ching, Denae Zamora, Michael Lavanga and Gary Miller ("Plaintiffs")) and defendants PayPal, Inc. ("PayPal") and eBay Inc. ("eBay") (together, "Defendants"), have agreed, subject to Court approval following notice to the proposed Settlement Class and a hearing, to settle that action upon the terms and conditions set forth in the Settlement Agreement lodged with this Court; and

WHEREAS, for purposes of this Order, capitalized terms shall have the meaning ascribed to them in the Settlement Agreement;

NOW, THEREFORE, based upon this Court's review of the Settlement Agreement and all of the files, records and proceedings herein, and it appearing to the Court, upon preliminary examination, that the Settlement Agreement and settlement appear to be fair, reasonable and adequate, and within the range of possible approval, and that a hearing should and will be held after notice to the Settlement Class to confirm that the Settlement Agreement and settlement are fair, reasonable and adequate and to determine whether the settlement should be approved and final judgment entered in this action based upon the Settlement Agreement;

IT IS HEREBY ORDERED THAT:

1.      The Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of possible approval.  The Court finds that: (a) the Settlement Agreement resulted from extensive arm's-length negotiations; and (b) the Settlement Agreement is sufficient to warrant notice thereof to Settlement Class Members and a full hearing on the approval of the Settlement.

2.      Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class in <u>Zepeda, et al. v. PayPal, Inc.</u>, Northern District of California Case No. 10-cv-002500 SBA:

> All current and former users of PayPal in the United States who had an active PayPal account between April 19, 2006 and the date of entry of this Order.

-1-

1    In connection with this conditional certification, the Court makes the following preliminary

2    findings:

3              (a)    The members of the Settlement Class appear to be so numerous that joinder

4    of all members is impracticable;

5              (b)    There appear to be questions of law or fact common to the Settlement Class

6    for purposes of determining whether this settlement should be approved;

7              (c)    The claims of Plaintiffs appear to be typical of the claims being resolved

8    through the proposed settlement;

9              (d)    Plaintiffs appear to be capable of fairly and adequately protecting the

10   interests of the Settlement Class Members in connection with the proposed settlement;

11             (e)    For purposes of determining whether the settlement is fair, reasonable and

12   adequate, common questions of law and fact appear to predominate over questions affecting only

13   individual Settlement Class Members.  Accordingly, the Settlement Class appears to be sufficiently

14   cohesive to warrant settlement by representation;

15             (f)    For purposes of settlement, certification of the Settlement Class appears to

16   be superior to other available methods for the fair and efficient settlement of the claims of the

17   Settlement Class Members.

18        3.    Plaintiffs are designated as class representative for the Settlement Class.  The Court

19   appoints Jeffrey A. Leon and Julie D. Miller of Complex Litigation Group LLC; Mark N. Todzo

20   and Howard Hirsch of Lexington Law Group; Steven R. Jaffe, Mark S. Fistos and Seth M.

21   Lehrman of Farmer, Jaffe, Weissing, Edwards, Fistos & Leherman, P.L.; and Jonathan Shub of

22   Seeger Weiss LLP, as counsel for the Settlement Class.  The Court finds that counsel is competent

23   and capable of exercising all responsibilities as Class Counsel.

24        4.    Applications for awards of attorneys' fees and costs and incentive awards shall be

25   filed with the Court within seventy-five (75) days after entry of this Order.

26        5.    Notice shall be provided to the Settlement Class within one hundred twenty (120)

27                                      -2-

28                                      [PROPOSED] PRELIMINARY APPROVAL ORDER
                                        CASE NO. 10-CV-02500 SBA

Exhibit D – Preliminary Approval Order

days after entry of this Order, as follows:

   (a) Defendants or the Settlement Administrator shall cause the E-mail Notice to be sent via e-mail to the most recent primary e-mail address of each Settlement Class Member according to Defendants' reasonably available records as of the date of entry of this Order.  No skip tracing or remailing of returned E-Mail Notices shall be performed.  The E-Mail Notice shall be substantially in the form of Exhibit A to the Settlement Agreement.

   (b) Defendants shall publish a summary notice of the settlement one time in a national edition of *USA Today*.  The Publication Notice shall direct Settlement Class Members to the location of the Internet Notice.  The Publication Notice shall be substantially in the form of Exhibit E to the Settlement Agreement.

   (c) Defendants or the Settlement Administrator shall establish the Settlement Website, from which Settlement Class Members may download or print the Internet Notice, a complete copy of the Settlement Agreement and the Preliminary Approval Order.  The Settlement Website shall be accessible by the public until the Effective Date has occurred. The Internet Notice shall be substantially in the form of Exhibit C to the Settlement Agreement.

  6. The Court finds that the foregoing program of class notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Settlement Class Members of the pendency of these actions and their right to object to or exclude themselves from the Settlement Class.  The Court further finds that the class notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice and that it meets the requirements of due process and Federal Rule of Civil Procedure 23.

  7. The Second Amended Complaint in <u>Zepeda, et al. v. PayPal, Inc.</u>, Northern District of California Case No. 10-cv-002500 SBA, is deemed filed, served and controverted as of the date of this Order.

  8. Any Settlement Class Member wishing to be excluded from the Settlement Class

-3-

1  must mail a written request for exclusion, in the form and to the address(es) specified in the

2  Internet Notice.  All such written requests must be postmarked within one hundred fifty (150) days

3  after the entry of this Order.  All persons who timely and properly make requests for exclusion

4  from the Settlement Class shall not be Settlement Class Members and shall have no rights with

5  respect to the settlement, should it be approved.  Any Settlement Class Member who does not

6  properly and timely request exclusion shall be included in the Settlement Class and shall be bound

7  by all determinations and any Judgment entered in the action.

8          9.      Any potential member of the Settlement Class who has not timely submitted a

9  written request for exclusion from the Settlement Class, and thus is a Settlement Class Member,

10  may object to the fairness, reasonableness or adequacy of the settlement, the request for an award

11  of fees and costs to Settlement Class counsel or the awards to the Settlement Class representatives

12  may do so either on their own or through counsel hired at their own expense.  Any Settlement Class

13  Member who wishes to object must file a written objection with the Court and serve copies on: (1)

14  Settlement Class counsel -- Jeffrey Leon, Complex Litigation Group LLC, 513 Central Avenue,

15  Suite 300, Highland Park, Illinois 60035; and (2)Defendants' counsel -- Julia B. Strickland,

16  Stroock & Stroock & Lavan LLP, 2029 Century Park East, 16th Floor, Los Angeles, California

17  90067.  All written objections must include:  (1) the Settlement Class Member's name, address and

18  telephone number; (2) an e-mail address associated with the Settlement Class Member's PayPal

19  account(s); (3) a sentence confirming, under penalty of perjury, that the Settlement Class Member

20  is a Settlement Class Member; (4) the factual basis and legal grounds for the objection to the

21  settlement; (5) the identity of any witnesses whom the Settlement Class Member may call to testify

22  at the Final Approval Hearing; and (6) copies of any exhibits the Settlement Class Member intends

23  to offer into evidence at the Final Approval Hearing.  Any Settlement Class Member who wishes to

24  appear at the Final Approval Hearing must also file with the Court and serve on Settlement Class

25  counsel and Defendants' counsel, at the addresses listed above, a request to appear setting forth the

26  Settlement Class Member's name and address and, if applicable, the name, address and telephone

27

-4-

28

Exhibit D – Preliminary Approval Order

number of the Settlement Class Member's attorney.  Objections and requests to appear must be filed with the Court and served on Settlement Class counsel and Defendants' counsel within one hundred fifty (150) days following entry of this Order.  Any Settlement Class Member who fails to timely and properly file and serve any written  objection as required by this paragraph will not be permitted to be heard at the hearing or otherwise to contest approval of the settlement or to appeal from any orders or judgments of the Court.  Any Settlement Class Member who fails to timely and properly file and serve both a written objection and a request to appear will not be permitted to be heard at the Final Approval Hearing.

10.     Any responses to objections to the Settlement Agreement and any papers in support of the Settlement and Fee Application shall be filed with the Court at least seven (7) days before the Final Approval Hearing.

11.     No later than five (5) days before the Final Approval Hearing, Defendants or the Settlement Administrator shall file with the Court a declaration verifying that notice has been provided to the Settlement Class as set forth in this Order

12.     A Final Approval Hearing shall be held before the Honorable Saundra B. Armstrong, Courtroom 1, Oakland Courthouse, 1301 Clay Street, Oakland, California 94612, on [AT LEAST 180 DAYS AFTER PRELIMINARY APPROVAL], at [TIME], to determine whether there exists any reason why the settlement should not be approved as being fair, reasonable and adequate, and in the best interests of the Settlement Class, and why judgment should not be entered thereon.  The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class.  After the Final Approval Hearing, the Court may enter a final approval order and final judgment that will adjudicate the rights of the Settlement Class Members with respect to the claims being settled.

13.     In the event the Settlement Agreement is not approved by the Court, or for any reason the Effective Date contemplated in the Settlement Agreement does not occur, or the Settlement Agreement is terminated pursuant to its terms for any reason, then the following shall

-5-

Exhibit D – Preliminary Approval Order

apply:

    (a)    All orders and findings entered in connection with the settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

    (b)    All parties shall return, without prejudice, to the *status quo ante* as of the date of the Settlement Agreement as if the Settlement Agreement had not been entered into;

    (c)    The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in these actions; and the Settlement Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of Defendants for the matters alleged in the actions or for any other purpose;

    (d)    Neither the settlement terms nor any publicly disseminated information regarding the settlement, including, without limitation, the class notices, court filings, orders and public statements, may be used as evidence for any purpose whatsoever.  In addition, neither the fact of, nor any documents relating to, any withdrawal from the settlement, any failure of the Court to approve the settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.

14.    All other proceedings in these actions are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement.  Pending final determination of whether the settlement should be approved, Plaintiffs and all Settlement Class Members and all persons purporting to act on behalf of Settlement Class Members are enjoined, directly, on a representative basis or in any other capacity, from asserting, commencing, prosecuting or continuing any of the Released Claims against Defendants or any of the other Released Parties in any action, arbitration or proceeding in any court, arbitral forum or tribunal.

**IT IS SO ORDERED.**

Dated: _____

-6-

Exhibit D – Preliminary Approval Order

The Honorable Saundra B. Armstrong
United States District Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-

Exhibit E – Publication Notice

---

**Legal Notice**

# TO PAYPAL ACCOUNT USERS
# BETWEEN 4/19/2006 AND _____

### Read This Notice Carefully.  A Class Action Lawsuit May Affect Your Rights.

A settlement has been proposed in a class action lawsuit relating to PayPal user accounts.  The name of the case is Zepeda, et al. v. PayPal, Inc., N.D. Cal. Case No. 10-CV-02500 SBA.  This notice is only a summary.  A detailed notice of the settlement and your rights is available at http://www.[WEBSITE].

**Description of Litigation.**  Plaintiffs allege that PayPal, Inc. improperly handled disputed transactions, including by placing holds, reserves or limitations or closing user accounts for security or other reasons.  eBay Inc. is also named as a defendant.  Defendants have denied all allegations of wrongdoing and liability.  The Court has not ruled on the merits of Plaintiffs' claims or Defendants' defenses.

**Who Is Included?**  The Settlement Class includes all current and former users of PayPal in the United States who had an active PayPal account between April 19, 2006 and [DATE OF ENTRY OF THE PRELIMINARY APPROVAL ORDER].

**Settlement Terms.**  The primary focus of the settlement is the implementation or maintenance of business practices relating to account holds, reserves and limitations.  In addition, Defendants will establish a settlement fund of $1,425,000.  The fund will pay settlement costs, up to $712,500 in attorneys' fees and costs and $5,000 in service awards to each of eight class representatives.  The rest of the settlement fund will be contributed to the Electronic Frontier Foundation.

**Other Options.**  If you don't want to be legally bound by the settlement, you must request exclusion by [OBJECTION DEADLINE], or you will not be able to sue about the legal claims in this case.  If you request exclusion, the court will exclude you from the class and you will not get money from this settlement.  If you stay in the settlement, you may object to it by [OBJECTION DEADLINE].  The detailed notice explains how to exclude yourself or object.  If you remain a member of the settlement class, you will be bound by any judgment entered whether or not it is favorable to the settlement class.

The Court will hold a hearing to consider whether to approve the settlement on [HEARING DATE] at [TIME] before the Honorable Saundra B. Armstrong, Courtroom 1, Oakland Courthouse, 1301 Clay Street, Oakland, California 94612.  The detailed notice explains what to do if you want to appear at the hearing.  Requests to appear must be made by [OBJECTION DEADLINE].  For more information, visit the settlement website at http://www.[WEBSITE].  You may also enter an appearance through your own attorney if you desire.

**DO NOT CALL OR WRITE TO THE COURT OR THE CLERK OF THE COURT. DO NOT CONTACT PAYPAL OR EBAY ABOUT THE SETTLEMENT.  TELEPHONE REPRESENTATIVES ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

Dated: [DATE]  /s/ Saundra B. Armstrong, United States District Court Judge



## PayPal User Agreement
Last Update: Aug 02, 2012

This Agreement contains sixteen sections. You may jump directly to any section by selecting the appropriate link below. The headings and subheadings below are for reference only and do not limit the scope of each section. Some capitalized terms have specific definitions in Section 16 (Definitions). Underlined words in this Agreement and on our website hyperlink to relevant information.

Jump to section:

1. Our Relationship with You.
2. Accounts.
3. Sending Money.
4. Receiving Money.
5. Account Balances.
6. Withdrawing Money.
7. Closing Your Account.
8. Fees.
9. Restricted Activities.
10. Your Liability - Actions We May Take.
11. Protection for Sellers.
12. Resolution Procedures for Unauthorized Transactions and Other Errors.
13. Protection for Buyers.
14. Disputes with PayPal.
15. General Provisions.
16. Definitions.

This User Agreement ("Agreement") is a contract between you and PayPal and applies to your use of the PayPal Services. You must read, agree with and accept all of the terms and conditions contained in this Agreement. In addition, you must read, agree with and accept any applicable agreements on the Legal Agreements page.

We may amend this Agreement at any time by posting a revised version on our website. The revised version will be effective at the time we post it. In addition, if the revised version includes a Substantial Change, we will provide you with 30 Days' prior notice of any Substantial Change by posting notice on the Policy Updates page of our website.

**This is an important document which you must consider carefully when choosing whether to use the PayPal Services.**

**Please note the following risks of using the PayPal Services:**

**Payments received in your Account may be reversed at a later time, for example, if such a payment is subject to a Chargeback, Reversal, Claim or is otherwise invalidated. This means that for some of our Sellers, payments received into their Account may be returned to the sender or otherwise removed from their Account after they have been paid and/or delivered any goods or services sold.**

**If you are a Seller, you can help protect yourself from the risk of a payment being reversed from your Account by following the criteria set out in the Protection for Sellers section and by following the other guidance provided in the Security and Protection page accessible via every page of the PayPal website.**

**We may close, suspend, or limit your access to your Account or the PayPal Services, and/or limit access to your funds for up to 180 Days if you violate this Agreement, the PayPal Acceptable Use Policy, or any other agreement you enter into with PayPal.  We may also use proprietary fraud and risk modeling when assessing the risk associated with your Account. If you wish to open a Dispute through PayPal's Online Resolution Center you must do so within 45 Days of making your payment or initiating your transaction in the case of Pay After Delivery; or if you use the PayPal Grace Period payment feature, you must open your Dispute within 60 Days of receiving your email transaction statement.**

## 1. Our Relationship with You.

**1.1 PayPal is Only a Payment Service Provider.** PayPal helps you make payments to and accept payments from third parties. PayPal is an independent contractor for all purposes, except that PayPal acts as your agent with respect to the custody of your funds. PayPal does not have control of, or liability for, the products or services that are paid for with the PayPal Services. We do not guarantee the identity of any User or ensure that a buyer or a Seller will complete a transaction.

**1.2 Your Privacy.** Protecting your privacy is very important to PayPal. Please review our Privacy Policy in order to better understand our commitment to maintaining your privacy, as well as our use and disclosure of your Information.

**1.3 Privacy of Others; Marketing.**  If you receive Information about another User through the PayPal Services, you must keep the Information confidential and only use it in connection with the PayPal Services. You may not disclose or distribute a User's Information to a

third party or use the Information for marketing purposes unless you receive the User's express consent to do so.

You may not send unsolicited email to a User or use the PayPal Services to collect payments for sending, or assisting in sending, unsolicited email to third parties.

**1.4 Intellectual Property.** "PayPal.com", "PayPal", and all logos related to the PayPal Services are either trademarks or registered trademarks of PayPal or its licensors. You may not copy, imitate or use them without PayPal's prior written consent. In addition, all page headers, custom graphics, button icons, and scripts are service marks, trademarks, and/or trade dress of PayPal. You may not copy, imitate, or use them without our prior written consent. You may use HTML logos provided by PayPal through our Merchant services, auction tools features or affiliate programs without prior written consent for the purpose of directing web traffic to the PayPal Services. You may not alter, modify or change these HTML logos in any way, use them in a manner that is disparaging to PayPal or the PayPal Services or display them in any manner that implies PayPal's sponsorship or endorsement. All right, title and interest in and to the PayPal website, any content thereon, the PayPal Services, the technology related to the PayPal Services, and any and all technology and any content created or derived from any of the foregoing is the exclusive property of PayPal and its licensors.

**1.5 Assignment.** You may not transfer or assign any rights or obligations you have under this Agreement without PayPal's prior written consent. PayPal reserves the right to transfer or assign this Agreement or any right or obligation under this Agreement at any time.

**1.6 Password Security and Keeping Your Email and Address Current.** You are responsible for maintaining adequate security and control of any and all IDs, passwords, personal identification numbers (PINs), or any other codes that you use to access the PayPal Services. If you use a PayPal Payment Card, you should also carefully safeguard this card. You are responsible for keeping your mailing address and email address up to date in your Account Profile.

**1.7 Notices to You.** You agree that PayPal may provide you Communications about your Account and the PayPal Services electronically as described in our Electronic Communications Delivery Policy. Keeping you informed about your Account and the PayPal Services is very important to PayPal, so please review the Electronic Communications Delivery Policy in order to better understand how we communicate with you. PayPal reserves the right to close your Account if you withdraw your consent to receive electronic Communications. Any electronic Communications will be considered to be received by you within 24 hours of the time we post it to our website or email it to you. Any Communications sent to you by postal mail will be considered to be received by you 3 Business Days after we send it.

**1.8 Notices to PayPal.** Except as otherwise stated below in Section 12 (Resolution Procedures for Unauthorized Transactions and Other Errors) and Section 14 (Disputes with PayPal), notice to PayPal must be sent by postal mail to: PayPal, Inc., Attention: Legal Department, 2211 North First Street, San Jose, California 95131.

**1.9 Account Statement.** You have the right to receive an Account statement. You may view your Account statement by logging into your Account and clicking on the "Statements" tab.

**1.10 Calls to You; Mobile Telephone Numbers.** By providing PayPal a telephone number (including a mobile telephone number), you consent to receiving autodialed and prerecorded message calls from PayPal at that number. If we determine that a telephone number you have provided to us is a mobile telephone number, we may categorize it as such in our systems and in your Account Profile, and you consent to receive text messages from us about your use of the PayPal Services at that number.

Back to top

## 2. Accounts.

**2.1 Eligibility.**  To be eligible to use the PayPal Services, you must be at least 18 years old and a resident of the United States or one of the countries listed on the PayPal WorldWide page. This Agreement applies only to Users who are residents of the United States. If you are a resident of another country, you may access the agreement that applies to you from our website in your country.

**2.2 Personal, Premier and Business Accounts; Types of Transactions.** We offer three different types of Accounts: Personal, Premier and Business Accounts. By opening a Premier or Business Account and accepting the terms as outlined in this Agreement, you attest that you are not establishing the Account primarily for personal, family, or household purposes.

You may send money from, and receive money into, your Account, as described in more detail in Section 3 (Sending Money) and Section 4 (Receiving Money). You may also add money to your Balance using an available Payment Method, as described in more detail in Section 3, and withdraw money from your Balance, as described in more detail in Section 6 (Withdrawing Money).

**2.3 Identity Authentication.** You authorize PayPal, directly or through third parties, to make any inquiries we consider necessary to validate your identity. This may include asking you for further information, requiring you to provide your date of birth, a taxpayer identification number and other information that will allow us to reasonably identify you, requiring you to take steps to confirm ownership of your email address or financial instruments, ordering a credit report, or verifying your Information against third party databases or through other sources. We may also ask to see your driver's license or other identifying documents at any time. If you use certain PayPal Services, federal law requires that PayPal verify some of your Information. PayPal reserves the right to close, suspend, or limit access to your Account and/or the PayPal Services in the event we are unable to obtain or verify this Information.

**2.4 Credit Report Authorization.** If you open a Premier or Business Account, you are providing PayPal with written instructions and authorization in accordance with the Fair Credit Reporting Act to obtain your personal and/or business credit report from a credit bureau. You are also authorizing PayPal to obtain your personal and/or business credit report: (a) when you upgrade your Personal Account to a Premier or Business Account, (b) when you request certain new products, such as the PayPal Debit Card, or (c) at any time PayPal reasonably believes there may be an increased level of risk associated with your Premier or Business Account.

**2.5 Third Party Permissions.** If you grant express permission to a third party to take specific actions on your behalf, or access particular information about your Account, either through your use of the third party's product or service or through your Account Profile, you acknowledge that PayPal may disclose the information about your Account that is specifically authorized by you to this third party. You also acknowledge that granting permission to a third party to take specific actions on your behalf does not relieve you of any of your responsibilities under this Agreement. Further, you acknowledge and agree that you will not hold PayPal responsible for, and will indemnify

PayPal from, any liability arising from the actions or inactions of this third party in connection with the permissions you grant. You may change or remove these permissions at any time by changing your settings in your Account Profile.

Back to top

### 3. Sending Money.

**3.1 Sending Limits.** We may, at our discretion, impose limits on the amount of money you can send through the PayPal Services, including money you send for purchases. You can view your sending limit, if any, by logging into your Account and clicking on the View Limits link on the Account Overview page. If you have a Verified Account, we may increase your sending limits.

**3.2 Default Payment Methods.** When you make a payment, if you have not selected a Preferred Payment Method, PayPal will fund your transaction in this order:

    a. Balance
    b. Instant Transfer from your bank account
    c. PayPal Credit
    d. Debit card
    e. Credit card
    f. eCheck

**Note:** If you do not want to use your Balance, you can withdraw it before making a payment. For In-Store Checkout, PayPal will only use your Balance to fund your transaction if you select it as a Preferred Payment Method, or if you give us permission to use it if your Preferred Payment Method fails for PayPal Grace Period transactions.

**3.3 Preferred Payment Method.** You may select a Preferred Payment Method each time you make a payment, except when making a Preapproved Payment, a No Log-In Payment, or an In-Store Checkout payment. Certain funding sources may not be available for certain products; if there are funding source limitations, these will be disclosed to you as part of your transaction flow for the specific product in question. For a Preapproved Payment or, in most instances, a No Log-In Payment, you can select a Preferred Payment Method when you provide your initial authorization for this payment and through the My Preapproved Payments section of your Account Profile (it may be called "Backup Payment Method"). For In-Store Checkout payments, you may select your Preferred Payment Methods when signing up for In-Store Checkout. You may also change your Preferred Payment Methods for In-Store Checkout through the Store Checkout section of your Account Profile prior to initiating your transaction.

Except for In-Store Checkout transactions, if you select a Preferred Payment Method but have available Balance in your Account, your Balance will be used to fund your payment first. For In-Store Checkout transactions, PayPal will only use your Balance first if you select it as your first Preferred Payment Method and you have sufficient Balance to cover the entire transaction amount. If you set a PayPal Credit product or eCheck as your Preferred Payment Method in your Account Profile, it will be used to fund your PayPal payments first, even if you have a Balance.

**3.4 Payment Method Limitations.** In order to manage risk, PayPal may limit the Payment Methods available for a transaction. In addition, Payment Methods may be limited if you make a PayPal payment through certain third party websites or applications. For PayPal Business Payments, you are limited to funding your PayPal payment with either (or both) your Balance or by eCheck. In all such cases, you may choose to continue with the transaction with the understanding that you may have fewer avenues available for dispute resolution should the transaction turn out to be unsatisfactory.

**3.5 Bank Transfers.** For any transaction that you use your bank account as your Payment Method, or when you initiate an Add Funds transaction, you are requesting an electronic transfer from your bank account. For these transactions, PayPal will make electronic transfers via ACH from your bank account in the amount you specify. You agree that such requests constitute your authorization to PayPal to make the transfers. Once you have provided your authorization for the transfer, you will not be able to cancel the electronic transfer. For Pay After Delivery transactions please see Section 3.15. You give PayPal the right to resubmit any ACH debit you authorized that is returned for insufficient or uncollected funds.

**3.6 Refused and Refunded Transactions.** When you send money, the recipient is not required to accept it. You agree that you will not hold PayPal liable for any damages resulting from a recipient's decision not to accept a payment made through the PayPal Services. Any unclaimed, refunded or denied payment will be returned to your Balance or to the original Payment Method. We will return any unclaimed payment to you within 30 Days of the date you initiated payment.

**3.7 Merchant Processing Delay.** When you send a payment to certain Merchants, you are providing an Authorization to the Merchant to process your payment and complete the transaction. The payment will be held as pending until the Merchant processes your payment. Some Merchants may delay processing your payment. In such an instance, your Authorization will remain valid for up to 30 Days. If your payment requires a currency conversion, the exchange rate, which will include the Currency Conversion Fee described in Section 8 (Fees), will be determined at the time the Merchant processes your payment and completes the transaction.

**3.8 Preapproved Payments.** A Preapproved Payment is a payment in which you authorize a Merchant to directly charge your Account on a one-time, regular, or sporadic basis. Preapproved Payments are sometimes called "subscriptions", "recurring payments", "preauthorized transfers" or "automatic payments". Within 2 Business Days of any Preapproved Payment made from your Account, you will receive a confirmation of this transaction by email. The following applies to any Preapproved Payments you make:

    a. <u>Notice for Certain Preapproved Payments</u> . If a Preapproved Payment will vary in amount and is made using an Instant Transfer, eCheck, debit card Payment Method or your Balance, you have the right to advance notice of the amount and date of the transfer from the Merchant at least 10 Days before the transfer is made. If the Merchant provides the option, you may choose to receive this advance notice only when the amount of your Preapproved Payment will fall outside a range established between you and the Merchant. This notice is designed to protect you from having insufficient funds in your bank account to cover the Preapproved Payment.

    b. <u>Stopping a Preapproved Payment</u> . You may stop a Preapproved Payment at any time up to 3 Business Days before the date of

the next scheduled payment by notifying PayPal and/or the Merchant. To stop a Preapproved Payment by notifying PayPal, you must access the My Preapproved Payments section of your Account Profile and follow the links to stop the payment. You may also stop a Preapproved Payment by calling PayPal at (402) 935-2050. Please keep in mind that Preapproved Payments are sometimes referred to as "subscriptions" or "recurring payments". Once you contact PayPal to stop a Preapproved Payment, all future Preapproved Payments under your agreement with the Merchant will be stopped. If you stop a Preapproved Payment you may still be liable to the Merchant for the payment or other penalties under the terms of your agreement with the Merchant and you may be required to pay the Merchant through alternative means. We will be liable for your losses or damages directly caused by our failure to stop any Preapproved Payment if you have followed the instructions in this section to notify us.

c. **Preapproved Payments for In-Store Checkout** . For In-Store Checkout transactions, if we are not able to get an authorization from the Preferred Payment Methods you have set with us but we allow you to proceed with the transaction and pay the Merchant, you authorize us to debit your PayPal Account or any of the Payment Methods linked to your PayPal Account to recover any amounts we paid the Merchant on your behalf. We will only recover up to the amount of the In-Store Checkout transaction you authorized and we paid. You may cancel this authorization by logging into your PayPal Account and clicking on "My Preapproved Payments" in your Account Profile. If you cancel this authorization, we may decline any transaction using a Preferred Payment Method for which we cannot get a real time authorization.

**3.9 Accuracy of Information.**  You are responsible for confirming the accuracy of the information you provide about each payment you send, including the email address or telephone number of the recipient, and the amount of the transaction.

**3.10 PayPal Mobile.**  PayPal Mobile allows you to access certain PayPal Services through your mobile phone. PayPal Mobile is not available in all countries. If you use PayPal Mobile, you are responsible for any fees that your phone service provider charges, such as fees for SMS, data services, and any other fees that your phone service provider may charge. Your phone service provider is not the provider of the PayPal Services.

**3.11 PayPal Mobile Check Capture.** By using PayPal Mobile Check Capture, you authorize the Check Processor, to clear and process Check images transmitted by you to your Account to fund payments. You agree that you will only transmit images of Checks to the Check Processor.

A "Check" includes:

- Personal and business checks;

- U.S. Treasury checks.

You will not transmit any Check image that:

- is payable to any person or entity other than you;

- is prohibited by, or received in violation of, any law, rule or regulation;

- you know or suspect (or should know or suspect) is fraudulent or otherwise not authorized by the owner of the bank account on which the check is drawn;

- has been previously cashed or deposited;

- is postdated or more than 6 months old;

- is payable to cash;

- is a U.S. Savings Bond, money order, cashier's check, or travelers check;

- is irregular in any way (such as bearing different numerical and written amounts or a nonexistent date);

- does not bear a signature of the person on whose account the check is drawn; or

- is drawn on a financial institution that is located outside of the United States.

You agree to sign the back of your check prior to submitting it and that each image you submit will be an accurate representation of the front and the back of the Check. Once transmitted a Check is an "Item" within the meaning of Article 4 of the Uniform Commercial Code.

You will not create or transmit duplicate images of any Check you submit through PayPal Mobile Check Capture, nor deposit or transfer the original of any Check unless the Check Processor informs you that the images you submitted of the original Check cannot be processed.

You agree to retain and safeguard the original Check for at least 15 Days after you have photographed and transmitted the Check images. After 15 Days have passed and you have verified that the funds associated with the Check have been added to your Balance, you agree to destroy the original Check.

The Check Processor will transfer the funds related to any Check image you submit to you no more than 7 Business Days from the date you submit the images, unless the Check or its image does not comply with the requirements above, or is returned unpaid by the bank that it is drawn against. If funds have been added to your Account using PayPal Mobile Check Capture and the Check is subsequently returned unpaid for any reason, the Check Processor will remove these funds from your Account. PayPal and the Check Processor have the right to refuse any Mobile Check Capture transaction submitted by you. You may not submit Check images through PayPal Mobile Check Capture with a total value greater than $1000 in any Day, nor $3000 in any month. PayPal and the Check Processor may limit the amount and number of Check images that you may submit at PayPal and the Check Processor's discretion.

If your Account is restricted after you submit an image to the Check Processor, you will not be able to use those funds until you resolve the restriction on your Account.

**3.12 Debit Card Processing.** PayPal will process your debit card funded transactions through either the ATM debit network or the Visa/MasterCard network. If we process your debit card through an ATM debit network, we may provide you with the opportunity to switch to a Visa or MasterCard network by clicking the "Funding Sources" link on the payment review page. If you use your PayPal Debit Card for a payment that is not in U.S. Dollars, your transaction will be funded with your U.S. Dollar Balance, even if you have a Balance in another currency. Any required currency conversion will be performed by Visa, MasterCard, or a similar third party and may be subject to a fee by that third party.

**3.13 Credit Card Information.** If your credit card account number changes or your credit card expiration date changes, we may acquire that information from our financial services partner and update your Account.

**3.14 Digital Goods Micropayment Purchases.** If you purchase Digital Goods from certain Merchants using PayPal, we may offer you the option to pay for those goods at a later date, at no additional cost to you ("Post Payment Option"). We may offer you this option at our discretion, which we may revoke at any time. The Post Payment Option is only enabled if you have no Balance in your Account. The amounts you pay using the Post Payment Option will be deducted from your Account no more than 21 Days following your initial purchase, or when your Digital Goods purchases using the Post Payment Option reach a certain amount that is no more than $25.00 USD, whichever is earlier. This date and amount will be stated in your transaction details shown under your History in the My Account tab of your Account. If you use the Post Payment Option but subsequently change your settings through your Account Profile to pay for these purchases at the time you make them, you will not be able to switch back to the Post Payment Option for a period of 6 months.

**3.15 Pay After Delivery ("PAD").** The Pay After Delivery payment option allows qualifying buyers to purchase eligible items and wait up to 14 days to pay for them. The PAD payment option is only available for eligible purchases under $10,000.00 and is not available to all buyers. In order to use PAD, qualifying buyers must have a valid checking or other qualifying account at a bank which is linked to their PayPal Account and identified as their primary bank account from which funding transfers may be withdrawn; if there is no valid linked bank account then PAD will not be available, even if the qualifying buyer has used PAD before. Where a buyer and item purchased are eligible for PAD, which shall be determined in PayPal's sole discretion, buyer may choose the PAD payment option at the time of purchase. Although PayPal will not impose a fee for a buyer's use of PAD, it is possible a third party, such as the financial institution holding the primary bank account, may impose a fee in connection with the payment or purchase, in addition to the amount of the transaction.

If buyer selects PAD as the payment method:

a.   The entire transaction amount will be funded from the buyer's primary bank account linked to buyer's PayPal Account, even if the buyer has a balance in their PayPal Account, except where there are insufficient available funds in the primary bank account. Buyer authorizes PayPal to submit the debit to buyer's primary bank account for the amount of the transaction, and resubmit it again if the initial debit is rejected or insufficient. In the event there are insufficient available funds in buyer's primary bank account, buyer authorizes PayPal to fund the remaining amount of the transaction from any of the following sources: PayPal Balance, credit card, or debit card. For each payment using PAD, buyer authorizes PayPal to debit the primary bank account for the full amount of the payment 14 Days after the transaction date, or sooner in accordance with buyer's instructions. PayPal will send buyer by email a reminder before the scheduled debit.

b.   Where buyer has qualified for and initiated a PAD transaction, PAD will be identified as buyer's Preferred Payment Method for future eligible transactions; however, buyer may change their Preferred Payment Method at any time for future transactions. Buyer will still need to select the PAD payment option for each qualifying payment at the time of the transaction. Buyer may select a different Payment Method for future transactions and change their Payment Method at the time the buyer makes the payment.

c.   Buyer's PayPal Purchase Protection rights described in Section 13 of the User Agreement will apply to a purchase using a PAD payment option, except a buyer using PAD must file a dispute within 45 Days from the date of the purchase. If buyer has a problem with their purchase buyer must follow the procedures described in Section 13 of the PayPal User Agreement. If buyer files a dispute within 14 Days of making the purchase with PAD, PayPal will debit the primary bank account after the resolution process is complete and only if buyer loses. Buyer authorizes PayPal to debit their primary bank account for the full amount of the payment if buyer loses a PayPal Purchase Protection claim.

PayPal has the right, at any time and in its sole discretion, to terminate, cancel, suspend or modify the PAD payment option, qualifications or eligibility for PAD, or any buyer's ability to use PAD.

**3.16 In-Store Checkout.**

b.   <u>General</u> . In-Store Checkout allows you to make payments using your PayPal Account in a Merchant's physical store if the Merchant accepts PayPal. In-Store Checkout payments are made using your mobile phone number or a PayPal payment card (the "**PayPal Payment Card**"). You must confirm your mobile phone number with PayPal by registering it with PayPal, setting a PIN, and receiving a confirmation from us via SMS. You request a PayPal Payment Card when you sign up for In-Store Checkout at www.PayPal.com/anywhere. When signing up, you must provide your name, address, and mobile phone number and select your Payment Method preferences for your In-Store Checkout transactions. Once you have successfully signed up for In-Store Checkout, a PayPal Payment Card will be mailed to you, which you must activate by logging into your PayPal Account. If you do not receive your PayPal Payment Card within 14 Days after requesting it, or if your card is lost or stolen, you must follow the procedures set forth in Section 12 to report the lost or stolen card.

c.   <u>Special Offers</u> . If you sign up for In-Store Checkout, you may receive promotional offers from PayPal, such as coupons, Merchant Specific Promotional Balances, and other deals from Merchants (together, "**Offers**"). PayPal will use your data only as permitted in our Privacy Policy. When you receive an Offer, you will have the ability to save and view it in your PayPal Account. You must save an Offer in your PayPal Account in order to use it. Any Offers that you save into your PayPal Account will be applied the next time you shop at the offering Merchant, as long as you have marked your Offer as ready for use and subject to the Offer's terms.. You may be limited to using one Offer per In-Store Checkout transaction. You can manage all of your Offers by logging into your PayPal Account. It is your responsibility to ensure that you use any Offers prior to their expiration date. PayPal may provide you with reminders that you have Offers pending or about to expire, but we have no liability if you fail to use any Offers or if we fail to remind

you of any pending Offers. Offer terms are set by the offering Merchant and/or PayPal and will be disclosed to you when you receive the Offer. If you save the Offer, the terms can also be viewed in your PayPal Account and will apply if you request a refund for an item purchased using the Offer. If a Merchant provides a refund, the refunded amount may go back to the Offer, to your Payment Method for the transaction, to your PayPal Balance or a combination of the above, and may vary from transaction to transaction. PayPal is not responsible for the Merchant terms applicable to any Offer or for the compliance of those terms with any applicable laws.

d.  **Wish Lists** . If you sign up for In-Store Checkout, you will be able to create wish lists of goods or services within your PayPal Account that you would like to store for future purchasing decisions ("**Wish Lists**"). You can create a Wish List by adding a product or service directly to your Wish List by logging into your PayPal Account, or through PayPal Shopping searches. The results of any search on PayPal Shopping will be generated by third party service providers of PayPal. These search results can be saved into your Wish List. PayPal has no liability for the search results generated by its third party service providers, the information contained in those results, or the failure of any Merchant to honor the price or terms included in the search results.

e.  **Social Sharing of Offers** . If you have an Offer in your PayPal Account, you can share it with your online community of friends and family via social sharing sites with whom we integrate. If you share any Offers, you may be required to first consent to certain information being shared by us with the social sharing site. Any data received by PayPal from these social sharing sites will be subject to our <Privacy Policy>. In addition to complying with the other requirements of Section 9.1 below, you agree that you will not post any content that is obscene or offensive from your PayPal Account or in connection with the Offer you are sharing.

f.  **Loyalty Cards** . In-Store Checkout allows you to store your Merchant loyalty card numbers in your PayPal Account for participating Merchants. When you store your loyalty card numbers in your PayPal Account, you will earn any rewards automatically at the time you make your payment to the Merchant, without being required to present the loyalty card. It is your responsibility to make sure that you have entered in your loyalty card information correctly and that you update it as necessary. It is also your responsibility to ensure that you are receiving the rewards to which you are entitled. PayPal is not responsible for managing your loyalty card account by offering this service and any questions about your loyalty card or associated rewards program should be directed to the Merchant that offers the card. Loyalty cards benefits may not be available when network connectivity between the merchant and PayPal is unavailable.

g.  **PayPal Grace Period** .

   i.   PayPal Grace Period is available for eligible In-Store Checkout transactions up to your PayPal Grace Period spending limit. PayPal Grace Period is a credit account under federal law.

   ii.  In order to qualify for PayPal Grace Period, you must: (1) sign up for In-Store Checkout, (2) pass our credit eligibility review, (3) have or have had your personal information verified by us, and (4) agree to the PayPal Grace Period Terms during sign up.

   iii. If you successfully enroll in the PayPal Grace Period feature, all of your eligible In-Store Checkout transactions will be PayPal Grace Period transactions as long as the transaction does not exceed your authorized PayPal Grace Period spending limit. **If a transaction exceeds your authorized spending limit, the transaction will be treated as an In-Store Checkout transaction without any PayPal Grace Period.** We will determine your authorized spending limit based on your history and use of your PayPal Account. You can find out what your authorized spending limit is at any time by logging into your PayPal Account. Each time you make a PayPal Grace Period transaction your spending limit will decrease. When you pay that transaction we will make a determination whether your spending limit should be increased, decreased or kept at that amount.

   iv.  Each time you use PayPal Grace Period we will pay the Merchant on your behalf. You will have up to 7 Days to select or change your Payment Method for a transaction by logging into your PayPal Account. Please note that it may take up to 24 hours from the time you make your payment for you to be able to change your Payment Method for that transaction. If you do nothing, we will use the Preferred Payment Method you selected when you signed up for PayPal Grace Period. You may change your Preferred Payment Method(s) for future PayPal Grace Period transactions by logging into your PayPal Account.

   v.   You will repay PayPal upon request if any transaction is not paid when due by your selected Payment Method. If any of your Preferred Payment Methods are not available or are rejected, you authorize us to use any of the eligible Payment Methods linked to your PayPal Account to recover these amounts. We will only recover up to the amount of the transactions you authorized. We will only use your PayPal Balance if you have given us permission to use it.

   vi.  You will receive an email transaction receipt for each PayPal Grace Period transaction which will serve as your statement for that transaction. You will also be able to access a monthly statement that will consolidate all your PayPal Grace Period transactions for each month.

   vii. PayPal has the right, subject to applicable law, at any time to terminate, cancel, suspend or modify the PayPal Grace Period, including eligibility criteria, your spending limit and your ability to use the PayPal Grace Period.

   viii. Unless you withdraw your consent to the Electronic Communications Delivery Policy, you will submit any billing error notice electronically, as described in the notice of Your Billing Rights.

Back to top

## 4. Receiving Money.

**4.1 Receiving Personal Payments.** If you are selling goods or services, you may not ask the buyer to send you a Personal Payment for the purchase. If you do so, PayPal may remove your ability to accept Personal Payments.

**4.2 Use of PayPal on eBay.** Sellers who offer PayPal as a payment method in their eBay listings must follow these requirements:

a.   Accept PayPal if the eBay listing includes PayPal as a payment method.

b.   Accept all PayPal Payment Methods from a buyer, including but not limited to eCheck and credit cards.

c.   Accept international PayPal transactions if the eBay listing offers shipping outside the U.S.

d.   Sellers may not charge a surcharge for accepting PayPal as a payment method.

**4.3 Payment Review.** Payment Review is a process by which PayPal reviews certain potentially high-risk transactions. If a payment is subject to Payment Review, PayPal will place a hold on the payment and provide notice to the Seller to delay shipping of the item. PayPal will conduct a review and either clear or cancel the payment. If the payment is cleared, PayPal will provide notice to the Seller to ship the item. Otherwise, PayPal will cancel the payment and the funds will be returned to the buyer. All payments that clear Payment Review will be eligible for PayPal Seller protection coverage if they meet the PayPal Seller protection requirements. PayPal will provide notices to you by email and in the History subtab of your Account.

**4.4 Risk of Reversals, Chargebacks and Claims.** When you receive a payment, you are liable to PayPal for the full amount of the payment sent to you plus any Fees if the payment is later invalidated for any reason. This means that, in addition to any other liability, you will be responsible for the amount of the payment sent by the sender, plus the applicable Fees listed in Section 8 (Fees) of this Agreement if you lose a Claim or a Chargeback, or if there is a Reversal of the payment. You agree to allow PayPal to recover any amounts due to PayPal by debiting your Balance. If there are insufficient funds in your Balance to cover your liability, you agree to reimburse PayPal through other means. If a sender of a payment files a Chargeback, the credit card issuer, not PayPal, will determine who wins the Chargeback.

**4.5 Refund and Reversal Currencies.** All refunds and reversals will be made in the same currency as the original transaction. If your transaction must be refunded or reversed and you do not have the correct currency available in your Balance, a currency conversion will be performed.

**4.6 No Surcharges.** You agree that you will not impose a surcharge or any other fee for accepting PayPal as a payment method. You may charge a handling fee in connection with the sale of goods or services, as long as the handling fee does not operate as a surcharge and is not higher than the handling fee you charge for non-PayPal transactions.

**4.7 Taxes.** It is your responsibility to determine what, if any, taxes apply to the payments you make or receive, and it is your responsibility to collect, report and remit the correct tax to the appropriate tax authority. PayPal is not responsible for determining whether taxes apply to your transaction, or for collecting, reporting or remitting any taxes arising from any transaction. You acknowledge that PayPal will report to the Internal Revenue Service the total amount of payments for goods and services you receive each calendar year into all the Accounts you own if you receive into these Accounts (i) more than $20,000 in payments for goods or services, and (ii) receive more than 200 payments for goods or services, in the same calendar year.

**4.8 Receiving Payments from Student Accounts.** PayPal may block your ability to receive payments from Student Accounts if you sell goods or services that may be illegal for minors to purchase under any applicable laws or regulations. This includes, but is not limited to, alcohol, tobacco or adult-oriented materials.

**4.9 Your Refund Policy and Privacy Policy.** If you sell goods or services, we recommend that you have a published return policy and a published privacy policy on your website and, if applicable, at your point of sale, including your In-Store Checkout point of sale.

**4.10 Receiving Preapproved Payments.**

If you receive Preapproved Payments, you must comply with the following requirements:

a.   <u>Authorization</u>. You must receive your buyer's prior Authorization for the amount, frequency, and duration of the Preapproved Payment. You must provide your buyer with notice of the amount and date of each Preapproved Payment at least 10 days before the transfer, unless the buyer has elected to receive notices only for varying amounts, as described in clause (b) below.

b.   <u>Notice Requirements for Varying Amounts</u>. If the amount of the Preapproved Payment varies, you must provide your buyer with notice of the amount and date of each Preapproved Payment transfer at least 10 days before the transfer. You may also give the buyer the option to receive notice only when the amount of a Preapproved Payment falls outside a range that you and the buyer have agreed upon in advance. If the buyer has chosen to receive notices only for Preapproved Payments falling outside the agreed upon range, then you must send your buyer notice of the amount and date of those transfers at least 10 days before the transfer.

c.   <u>Required Stop Payment Procedures for Preapproved Payments</u>. You must provide buyers with the ability to stop a Preapproved Payment up to 3 Business Days before the scheduled date of the Preapproved Payment. If a buyer has stopped or canceled a Preapproved Payment, you may not restart future payments without the written Authorization of the buyer. In addition, if your buyer signed up for the Preapproved Payment through an online method, you must provide a simple and easily accessible online cancellation procedure.

**4.11 No Log-In Payments.** If you receive No Log-In Payments you must receive your buyer's Authorization for the payment amount prior to submitting the No Log-In Payment.

**4.12 Micropayments for Digital Goods.** To qualify to receive Micropayments for Digital Goods, you must submit an application, be approved by us, and have an Account in good standing. By applying for Micropayments for Digital Goods, you agree that for Digital Goods transactions you receive up to the amounts in the table below, if a buyer opens a Dispute, PayPal may reverse the transaction, and remove the funds from your Account without requiring the buyer to escalate the Dispute to a Claim.

Each buyer will be limited to a maximum of three such reversals per month and after reaching this limit will be required to follow PayPal's standard dispute resolution process for any additional Disputes they file.

| Currency | Amount | | Currency | Amount |
|---|---|---|---|---|
| Australian Dollar: | **$9.99 AUD** | | New Zealand Dollar: | **$9.99 NZD** |
| Brazilian Real: | **7.99 BRL** | | Norwegian Krone: | **29.99 NOK** |
| Canadian Dollar: | **$3.99 CAD** | | Philippine Peso: | **499.99 PHP** |
| Czech Koruna: | **99.99 CZK** | | Polish Zlotych: | **19.99 PLN** |
| Danish Krone: | **24.99 DKK** | | Singapore Dollar: | **$9.99 SGD** |
| Euro: | **€3.99 EUR** | | Swedish Krona: | **34.99 SEK** |
| Hong Kong Dollar: | **$49.99 HKD** | | Swiss Franc: | **4.99 CHF** |
| Hungarian Forint: | **999 HUF** | | Taiwan New Dollar: | **249.00 TWD** |
| Israeli Shekel: | **15.99 ILS** | | Thai Baht: | **249.99 THB** |
| Japanese Yen: | **¥999 JPY** | | U.K. Pounds Sterling: | **£3.99 GBP** |
| Mexican Peso: | **$39.99 MXN** | | U.S. Dollar: | **$3.99 USD** |

**4.13 PayPal Business Payments.** If you offer PayPal Business Payments in a payment flow, you shall not offer any other PayPal-branded payment option in the same flow.

**4.14 Card Not Present Transactions.** Except for PayPal Debit Card transactions, you acknowledge that all debit or credit card funded transactions from a buyer's Account are processed as "card not present" transactions, even where the buyer is at the physical point of sale. Under the card association rules, a buyer has different Chargeback rights for "card not present" transactions than for transactions where they physically present the card to the seller.

Back to top

## 5. Account Balances.

**5.1 Balances.** You do not need to maintain a Balance in your Account in order to make payments. If you do hold a Balance, PayPal will hold your funds separate from its corporate funds, and will not use your funds for its operating expenses or for any other corporate purposes. PayPal will not voluntarily make your funds available to its creditors in the event of bankruptcy. While your funds are in our custody PayPal will combine your funds with the funds of other Users and place those pooled funds into Pooled Accounts with one or more banks. These Pooled Accounts will be held in PayPal's name for the benefit of its collective Users at one or more banks. Balances in U.S. Dollars that are held in Pooled Accounts at one of the banks may be eligible for FDIC pass-through insurance. In addition, the issuer of the PayPal Debit Card, The Bancorp Bank, holds debit card customer balances in a pooled account held in the debit card issuer's name for the benefit of PayPal debit card users.

**5.2 Assignment of Interest to PayPal.** You agree that you will not receive interest or other earnings on the funds that PayPal handles as your agent and places in Pooled Accounts. In consideration for your use of the PayPal Services, you irrevocably transfer and assign to PayPal any ownership right that you may have in any interest that may accrue on funds held in Pooled Accounts. This assignment applies only to interest earned on our funds, and nothing in this Agreement grants PayPal any ownership right to the principal of the funds you maintain with PayPal. In addition to or instead of earning interest on Pooled Accounts, PayPal may receive a reduction in fees or expenses charged for banking services by the banks that hold your funds.

**5.3 Negative Balances and Multiple Currencies.** If your Account has a negative Balance, PayPal may setoff the negative Balance with any funds that you subsequently receive into your Account. If you have multiple currency Balances in your Account and one of the currency Balances becomes negative for any reason, PayPal may setoff the negative Balance by using funds you maintain in a different currency Balance, or by deducting amounts you owe PayPal from money you subsequently add or receive into your Account. If you have a negative balance in non-U.S. Dollars for a period of 21 Days or longer, PayPal will convert this negative balance to U.S. Dollars. In the event that a negative Balance is offset by PayPal pursuant to this paragraph, it may be bundled with another debit coming out of your Account.

**5.4 Risks of Maintaining Balances in Multiple Currencies.** You are responsible for all risks associated with maintaining Balances in multiple currencies. You agree that you will not attempt to use multiple currencies for speculative trading.

**5.5 Setoff of Past Due Amounts.** If you have a past due amount owed to PayPal or a PayPal affiliate, including our parent company eBay, which amount is not the subject of a dispute, PayPal may debit your Account to pay any amounts that are more than 180 Days past due.

**5.6 Security Interest.** To secure your performance of this Agreement, you grant to PayPal a lien on and security interest in and to the funds held in your Account in the possession of PayPal.

Back to top

## 6. Withdrawing Money.

**6.1 How to Withdraw Money.** You may withdraw funds from your Account by electronically transferring them to your bank account, requesting a physical check through the mail, or using your PayPal Debit Card (eligible Users only). If you request a physical check, you will be charged the Withdrawing your Balance Fee as set out in Section 8. Generally, we will send checks only to Confirmed Addresses, unless you have a Verified Account. We will not send checks to P.O. Boxes. If you would like us to send a check to an address that does not meet these criteria, you must contact Customer Service and provide the documentation that we request to verify your association with the address. If you fail to cash a check within 180 Days of the date of issuance, we will return the funds to your Balance but we will retain the Withdrawing your Balance Fee.

**6.2 Withdrawal Limits.** Depending on the degree to which you have Verified your Account, we may limit the amount you may withdraw to $500.00 USD per month. You can view your withdrawal limit, if any, by logging into your Account and clicking on the View Limits link on the Account Overview page. In addition, we may delay withdrawals of large sums of money while we perform a risk review.

Back to top

## 7. Closing Your Account.

**7.1 How to Close Your Account.** You may close your Account at any time by following the instructions in your Account Profile. Upon Account closure, we will cancel any pending transactions and you will forfeit any Balances associated with Redemption Codes, unless otherwise legally prohibited. You must withdraw your Balance prior to closing your Account. If you have a pending PAD or PayPal Grace Period payment, we will not close your Account until that payment has been made, but we may limit your ability to make additional transactions using your Account.

**7.2 Limitations on Closing Your Account.** You may not close your Account to evade an investigation. If you attempt to close your Account while we are conducting an investigation, we may hold your funds for up to 180 Days to protect PayPal, its affiliates, or a third party against the risk of Reversals, Chargebacks, Claims, fees, fines, penalties and other liability. You will remain liable for all obligations related to your Account even after the Account is closed.

**7.3 Escheatment of Dormant Accounts.** If you do not log in to your Account for two or more years, PayPal may close your Account and send the Balance to your primary address, or, if required, escheat (send) your Balance to your state of residency. PayPal will determine your residency based on the state listed in your primary address. If your address is unknown or registered in a foreign country, your funds will be escheated to the state of Delaware. Where required, PayPal will send you a notice prior to escheating or closing your Account. If you fail to respond to this notice, your Balance will be escheated to the required state. If you would like to claim any escheated funds from the state, please contact your state's Unclaimed Property Administrator.

Back to top

## 8. Fees.

**8.1 Fees Overview.**

Fees are based on whether you are making a Purchase Payment, a Personal Payment or a PayPal Business Payment. Some fees are expressed as a percentage of the payment amount. All Fees are in U.S. Dollars unless otherwise stated.

a.  For Purchase Payments, the recipient of the payment will always pay the Fee.

b.  For Personal Payments, the following applies:

- The Fee depends on the Payment Method you use.

- The Fee is paid by either the sender or recipient, not both.

- The sender of the payment generally determines who pays the Fee at the time the sender makes the payment. If you send a Personal Payment from a third party (non-PayPal) website or by using a third party's product or service, then the third party will determine if the sender or recipient of the Personal Payment will pay the Personal Payment Fee. This will be disclosed to you by the third party before the Personal Payment is initiated.

- It is free to send a Personal Payment to someone in the United States in U.S. Dollars if you use your bank or Balance as the exclusive Payment Method. If you use a different Payment method to send a Personal Payment, the Fees set out below will apply.

- Additional Fees apply if you are sending or receiving money to or from a country outside the United States, or transacting in a foreign currency.

- If you use your credit card as the Payment Method for a Personal Payment, you may be charged a cash-advance fee by your credit card company.

- In some instances, Personal Payment pricing may not be available. In these instances, all payments must be Purchase Payments.

- Personal Payments may not be available on non-PayPal websites or other applications that offer you the ability to send a payment from your Account.

- Personal Payments may not be sent to recipients in certain countries.

c.  For PayPal Business Payments, the PayPal Business Payment Fee is paid by the recipient unless it is disclosed to you before you send the payment that you, the sender, must pay this Fee.

**8.2 Domestic Payments in U.S. Dollars.** This applies when both the sender and recipient are in the United States, and the payment is in U.S. Dollars.

### a. Domestic Personal Payments in U.S. Dollars.

| Activity | Payment Method | Personal Payment Fee |
|---|---|---|
| Sending or receiving* | Exclusively Balance or bank account | **Free** |
| | Other, including a fully or partially funded payment by credit or debit card, or PayPal Credit. | **2.9% + $0.30 USD** |
| *Sender generally determines whether the sender or recipient pays the Fee. See Section 8.1(b). | | |

### b. Domestic Purchase Payments in U.S. Dollars.

| Activity | Purchase Payment Fee | |
|---|---|---|
| Sending (buying) | **Free** | |
| Receiving (selling) | **Standard rate:** | **2.9% + $0.30 USD** |
| | **Merchant rates*:** | **Monthly Sales Volume:**    **Fee:** |
| | | $0.01 - $3,000.00          **2.9% + $0.30 USD**<br>$3,000.01 - $10,000.00     **2.5% + $0.30 USD**<br>$10,000.01 - $100,000.00   **2.2% + $0.30 USD**<br>Over $100,000.00           **1.9% + $0.30 USD** |
| | **Nonprofit rates**:** | **Monthly Donation Volume:**    **Fee:**<br>                              **2.2% + $0.30**<br>$0.01 - $100,000.00           **1.9% + $0.30**<br>Over $100,000.00 |
| * To qualify for our Merchant rates you must submit a one-time application, have qualifying monthly sales volume, and have an Account in good standing.<br>** Nonprofit rates are only available for registered charities with 501(c)(3) status. | | |

**8.3 Domestic Payments in a Foreign Currency.** When both the sender and recipient are in the United States, but the payment is in a currency other than U.S. Dollars, then the Fees above shall apply with the following change: The $0.30 USD fixed fee portion of the Fees above will be replaced by the fixed fee of the currency of the payment as described in Section 8.4(c) below.

**8.4 International Payments.** The following Fees apply when either the sender or recipient is outside the United States.

### a. International Personal Payments.

The Fee is based on the country of the recipient:

| Activity | Country | Personal Payment Fee when Payment Method is exclusively Balance or bank | Personal Payment Fee when another Payment Method is used to fully or partially fund the payment, including a credit or debit card, or PayPal Credit |
|---|---|---|---|
| Sending or receiving* | Australia | 1% | 3.4% + Fixed Fee** |
| | Brazil | 1% | 7.4% + Fixed Fee** |
| | Canada, sending only | 0% | 2.9% + Fixed Fee** |
| | Canada, receiving only | 1% | 2.9% + Fixed Fee** |
| | China | 0.5% | 3.9% + Fixed Fee** |

| Germany | 2% | 3.9% + Fixed Fee** |
| Hong Kong | 0.5% | 3.9% + Fixed Fee** |
| Singapore | 0.5% | 3.9% + Fixed Fee** |
| Taiwan | 0.5% | 3.9% + Fixed Fee** |
| Elsewhere | 0.5% | 3.9% + Fixed Fee** |

\* Sender generally determines whether the sender or recipient pays the Fee. See Section 8.1(b).
\*\* See Section 8.4(c) below for detailed list of fixed fees for international payments.

**b. International Purchase Payments.**

| Activity | Purchase Payment Fee | | |
|---|---|---|---|
| Sending (buying) | **Free\*** | | |
| Receiving (selling) | **Standard rate:** | **3.9% + Fixed Fee\*\*\*** | |
| | **Merchant rates\*\*:** | **Monthly Sales Volume:** | **Fee:** |
| | | $0.01 - $3,000.00 | **3.9% + Fixed Fee\*\*\*** |
| | | $3,000.01 - $10,000.00 | **3.5% + Fixed Fee\*\*\*** |
| | | $10,000.01 - $100,000.00 | **3.2% + Fixed Fee\*\*\*** |
| | | Over $100,000.00 | **2.9% + Fixed Fee\*\*\*** |
| | **Nonprofit rates\*\*\*\*:** | **Monthly Donation Volume:** | **Fee:** |
| | | $0.01 - $100,000.00 | **3.2% + Fixed Fee\*\*\*** |
| | | Over $100,000.00 | **2.9% + Fixed Fee\*\*\*** |

\* Your financial institution may charge fees directly to the card you use to fund a cross-border payment even where no currency conversion is involved.
\*\* To qualify for our Merchant rates you must submit a one-time application, have qualifying monthly sales volume, and have an Account in good standing.
\*\*\* See Section 8.4(c) below for detailed list of fixed fees for international payments.
\*\*\*\* Nonprofit rates are only available for registered charities with 501(c)(3) status.

**c. Fixed Fees.** The fixed fee that applies is based on the currency of the payment:

| Currency | Fee | Currency | Fee |
|---|---|---|---|
| Australian Dollar | **$0.30 AUD** | New Zealand Dollar: | **$0.45 NZD** |
| Brazilian Real | **0.60 BRL** | Norwegian Krone: | **2.80 NOK** |
| Canadian Dollar: | **$0.30 CAD** | Philippine Peso: | **15.00 PHP** |
| Czech Koruna: | **10.00 CZK** | Polish Zlotych: | **1.35 PLN** |
| Danish Krone: | **2.60 DKK** | Singapore Dollar: | **$0.50 SGD** |
| Euro: | **€0.35 EUR** | Swedish Krona: | **3.25 SEK** |
| Hong Kong Dollar: | **$2.35 HKD** | Swiss Franc: | **0.55 CHF** |
| Hungarian Forint: | **90 HUF** | Taiwan New Dollar: | **10.00 TWD** |
| Israeli Shekel: | **1.20 ILS** | Thai Baht: | **11.00 THB** |
| Japanese Yen: | **¥40 JPY** | U.K. Pounds Sterling: | **£0.20 GBP** |

| Mexican Peso: | $4.00 MXN | U.S. Dollar: | $0.30 USD |
|---|---|---|---|

**8.5 Micropayments Fees.** PayPal offers two micropayments fee programs: (i) Micropayments for Digital Goods, and (ii) Micropayments Pricing.

i.  If you apply and qualify for Micropayments for Digital Goods, then for each transaction involving only Digital Goods, you agree to pay either the standard Purchase Payment Fees described in Sections 8.2 and 8.4, or the micropayments Fees set out in clauses (a) to (c) below, whichever rate results in a lower amount being charged to you for the transaction.

ii.  If you sign up for Micropayments Pricing, then the micropayment Fees provided in clauses (a) to (c) below will apply to all Purchase Payments you receive into your Account. If you have both a Micropayments Pricing enabled Account and a standard pricing Account, you acknowledge that it is your responsibility to correctly route your payments to the appropriate Account, and that once a transaction is processed through the Account you selected, you may not request that the transaction be processed through a different Account.

a.  **Domestic Micropayments in U.S. Dollars.** The following Fees apply when both the sender and recipient are in the United States, and the payment is in U.S. Dollars:

| Activity | Micropayments Pricing Fees |
|---|---|
| Sending (buying) | Free |
| Receiving (selling) | 5% + $0.05 USD |

b.  **International Micropayments.** The following Fees apply when either the sender or recipient is outside the United States:

| Activity | Micropayments Pricing Fees |
|---|---|
| Sending (buying) | Free* |
| Receiving (selling) | 6% + Fixed Fee** |

\* Your financial institution may charge fees directly to the card you use to fund a cross-border payment even where no currency conversion is involved.
\*\* See clause 8.5(c) below for a detailed list of fixed fees for international payments.

c.  **Fixed Fees.** The fixed fee that applies to international micropayments pricing is based on the currency of the payment:

| Currency | Fee |
|---|---|
| Australian Dollar: | $0.05 AUD |
| Brazilian Real: | 0.10 BRL |
| Canadian Dollar: | $0.05 CAD |
| Czech Koruna: | 1.67 CZK |
| Danish Krone: | 0.43 DKK |
| Euro: | €0.05 EUR |
| Hong Kong Dollar: | $0.39 HKD |
| Hungarian Forint: | 15 HUF |
| Israeli Shekel: | 0.20 ILS |
| Japanese Yen: | ¥7 JPY |
| Malaysian Ringgit: | 0.20 MYR |
| Mexican Peso: | $0.55 MXN |

| Currency | Fee |
|---|---|
| New Zealand Dollar: | $0.08 NZD |
| Norwegian Krone: | 0.47 NOK |
| Philippine Peso: | 2.5 PHP |
| Polish Zlotych: | 0.23 PLN |
| Singapore Dollar: | $0.08 SGD |
| Swedish Krona: | 0.54 SEK |
| Swiss Franc: | 0.09 CHF |
| Taiwan New Dollar: | 2.00 TWD |
| Thai Baht: | 1.80 THB |
| U.K. Pounds Sterling: | £0.05 GBP |
| U.S. Dollar: | $0.05 USD |

**8.6 PayPal Business Payment Fee.** The PayPal Business Payment Fee is currently being offered as a pilot and only through third parties' products or services (not by PayPal directly). PayPal will apply the following Fee to each PayPal Business Payment transaction:

a.    **Domestic PayPal Business Payments in U.S. Dollars.** This Fee applies when both the sender and recipient are in the United States, and the payment is in U.S. Dollars.

| Activity | PayPal Business Payment Fee |
|---|---|
| Sending or receiving* | **$0.50 USD** |

\* The PayPal Business Payment Fee is paid by the recipient unless you are the sender and it is disclosed to you before you send the payment that you must pay this fee.

b.    **International Business Payments in U.S. Dollars.** The following Fees apply when either the sender or recipient is outside the United States, and the payment is in U.S. Dollars.

| Activity | Country | PayPal Business Payment Fee |
|---|---|---|
| Sending* | Canada | $5.00 USD |
|  | China** | 2%, up to a maximum of $60.00 USD |
| Receiving* | Canada | 1% + $0.50 USD, up to a maximum of $15.00 USD |

\* The PayPal Business Payment Fee is paid by the recipient unless you are the sender and it is disclosed to you before you send the payment that you must pay this fee.
\*\* PayPal Business Payments may only be sent to China in U.S. Dollars and the payment must be equal to or greater than $2000.00 USD.

c.    **International Business Payments in a Foreign Currency.** The following Fees apply when either the sender or recipient is outside the United States, and the payment is in a currency other than U.S. Dollars.

| Activity | Country | PayPal Business Payment Fee |
|---|---|---|
| Sending* | Canada | $5.00 CAD |
| Receiving* | Canada | 1% + $0.50 CAD, up to a maximum of $15.00 CAD |

\* The PayPal Business Payment Fee is paid by the recipient unless you are the sender and it is disclosed to you before you send the payment that you must pay this fee.

**8.7 Mass Payment Fees.** The following fees apply when you use Mass Payments to send multiple payments at the same time.

**a. Domestic Mass Payments.** If you send Mass Payments within the U.S., your fee is **2%** of each recipient's payment amount, up to a maximum amount of **$1.00 USD** per recipient, or its foreign currency equivalent as set out below.

| Currency | Fee | Currency | Fee |
|---|---|---|---|
| Australian Dollar: | **$1.25 AUD** | New Zealand Dollar: | $1.50 NZD |
| Brazilian Real: | **2.00 BRL** | Norwegian Krone: | 6.75 NOK |
| Canadian Dollar: | **$1.25 CAD** | Philippine Peso: | 50.00 PHP |
| Czech Koruna: | **24.00 CZK** | Polish Zlotych: | 3.00 PLN |
| Danish Krone: | **6.00 DKK** | Singapore Dollar: | $1.60 SGD |
| Euro: | **€0.85 EUR** | Swedish Krona: | 9.00 SEK |
| Hong Kong Dollar: | **$7.00 HKD** | Swiss Franc: | 1.30 CHF |
| Hungarian Forint: | **210 HUF** | Taiwan New Dollar: | 33.00 TWD |

| Israeli Shekel: | 4.00 ILS | Thai Baht: | 36.00 THB |
|---|---|---|---|
| Japanese Yen: | ¥120 JPY | U.K. Pounds Sterling: | £0.65 GBP |
| Mexican Peso: | $11.00 MXN | U.S. Dollar: | $1.00 USD |

**b. International Mass Payments.** If you send Mass Payments internationally, your fee is **2%** of each recipient's payment amount, up to a maximum amount of **$20.00 USD** per recipient, or its foreign currency equivalent as set out below.

| Currency | Fee | Currency | Fee |
|---|---|---|---|
| Australian Dollar: | $24.00 AUD | New Zealand Dollar: | $30.00 NZD |
| Brazilian Real: | 40.00 BRL | Norwegian Krone: | 120.00 NOK |
| Canadian Dollar: | $24.00 CAD | Philippine Peso: | 1,000.00 PHP |
| Czech Koruna: | 400.00 CZK | Polish Zlotych: | 60.00 PLN |
| Danish Krone: | 120.00 DKK | Singapore Dollar: | $32.00 SGD |
| Euro: | €16.00 EUR | Swedish Krona: | 160.00 SEK |
| Hong Kong Dollar: | $160.00 HKD | Swiss Franc: | 20.00 CHF |
| Hungarian Forint: | 6000 HUF | Taiwan New Dollar: | 800.00 TWD |
| Israeli Shekel: | 80.00 ILS | Thai Baht: | 800.00 THB |
| Japanese Yen: | ¥2,000 JPY | U.K. Pounds Sterling: | £14.00 GBP |
| Mexican Peso: | $300.00 MXN | U.S. Dollar: | $20.00 USD |

**8.8 Additional Fees.**

| Activity | Fee |
|---|---|
| Currency Conversion | **2.5% added to the exchange rate**<br>The Currency Conversion Fee applies whenever a currency conversion is required to complete your payment. The exchange rate is determined by a financial institution and is adjusted regularly based on market conditions. Adjustments may be applied immediately and without notice to you. |
| Withdrawing your Balance | **Free to transfer to a bank. $1.50 for a physical check.** |
|  | The Chargeback Fee applies at the time a Chargeback is applied to your Account for a payment you received and for which you are not eligible for PayPal Seller protection. This Fee is based on the currency received as follows: |

| Currency | Chargeback Fee |
|---|---|
| Australian Dollar: | $22.00 AUD |
| Brazilian Real: | 35.00 BRL |
| Canadian Dollar: | $20.00 CAD |
| Czech Koruna: | 400.00 CZK |
| Danish Krone: | 120.00 DKK |
| Euro: | €16 EUR |

| | |
|---|---|
| Chargeback | Hong Kong Dollar: $155.00 HKD |
| | Hungarian Forint: 4325 HUF |
| | Israeli Shekel: 75.00 ILS |
| | Japanese Yen: ¥1875 JPY |
| | Mexican Peso: $250.00 MXN |
| | New Zealand Dollar: $28.00 NZD |
| | Norwegian Krone: 125.00 NOK |
| | Philippine Peso 900.00 PHP |
| | Polish Zlotych: 65.00 PLN |
| | Singapore Dollar: $28.00 SGD |
| | Swedish Krona: 150.00 SEK |
| | Swiss Franc: 22.00 CHF |
| | Taiwan New Dollar: 625.00 TWD |
| | Thai Baht: 650.00 THB |
| | U.K. Pounds Sterling: £14.00 GBP |
| | U.S. Dollar: $20.00 USD |
| Purchase Payment Refund Fee | If you refund a Purchase Payment, we will retain the fixed fee portion of the Purchase Payment Fee. The buyer's Account will be credited with the full Purchase Payment amount and the fixed fee portion of the Purchase Payment Fee will be deducted from your Account in addition to the amount of the refunded payment. The fixed fee will depend on the currency of the original Purchase Payment and is listed above. |
| Credit Card and Debit Card Confirmation | $1.95<br>This fee will be refunded if you successfully complete the credit card or debit card confirmation process. |
| Records Request | $10.00 per item requested<br>We will not charge you for records requested in connection with your good-faith assertion of an error in your Account. |

**8.9 PayPal Debit Card Fees.**

| Activity | Fee |
|---|---|
| U.S. ATM Withdrawal | $1.00 USD (plus any amounts charged by the ATM owner) |
| Signature Withdrawal | $3.00 USD if a signature is required. |
| ATM withdrawal from an ATM machine that is not in the U.S. | 1%<br>This fee will apply even if the transaction does not require a currency conversion. |
| PayPal Debit Card purchase from a Seller who is not in the U.S. | 1%<br>This fee will apply even if the transaction does not require a currency conversion. |

| Currency Conversion | **2.5% added to the exchange rate** |
| --- | --- |
| | The exchange rate is determined by a financial institution and is adjusted regularly based on market conditions. Adjustments may be applied immediately and without notice to you. |

Back to top

## 9. Restricted Activities.

**9.1 Restricted Activities.** In connection with your use of our website, your Account, the PayPal Services, or in the course of your interactions with PayPal, other Users, or third parties, you will not:

a.  Breach this Agreement, the Commercial Entity Agreement, the Acceptable Use Policy or any other agreement or policy that you have agreed to with PayPal;

b.  Violate any law, statute, ordinance, or regulation (for example, those governing financial services, consumer protections, unfair competition, anti-discrimination or false advertising);

c.  Infringe PayPal's or any third party's copyright, patent, trademark, trade secret or other intellectual property rights, or rights of publicity or privacy;

d.  Sell counterfeit goods;

e.  Act in a manner that is defamatory, trade libelous, threatening or harassing;

f.  Provide false, inaccurate or misleading information;

g.  Send or receive what we reasonably believe to be potentially fraudulent funds;

h.  Refuse to cooperate in an investigation or provide confirmation of your identity or any Information you provide to us;

i.  Attempt to double dip during the course of a dispute by receiving or attempting to receive funds from both PayPal and the Seller, bank or credit card issuer for the same transaction;

j.  Control an Account that is linked to another Account that has engaged in any of these Restricted Activities;

k.  Conduct your business or use the PayPal Services in a manner that results in or may result in complaints, Disputes, Claims, Reversals, Chargebacks, fees, fines, penalties and other liability to PayPal, other Users, third parties or you;

l.  Have a credit score from a credit reporting agency that indicates a high level of risk associated with your use of the PayPal Services;

m.  Use your Account or the PayPal Services in a manner that PayPal, Visa, MasterCard, American Express, Discover or any other electronic funds transfer network reasonably believes to be an abuse of the card system or a violation of card association or network rules;

n.  Allow your Account to have a negative Balance;

o.  Provide yourself a cash advance from your credit card (or help others to do so);

p.  Access the PayPal Services from a country that is not included on PayPal's permitted countries list;

q.  Take any action that imposes an unreasonable or disproportionately large load on our infrastructure; facilitate any viruses, Trojan horses, worms or other computer programming routines that may damage, detrimentally interfere with, surreptitiously intercept or expropriate any system, data or Information; use an anonymizing proxy; use any robot, spider, other automatic device, or manual process to monitor or copy our website without our prior written permission; or use any device, software or routine to bypass our robot exclusion headers, or interfere or attempt to interfere with our website or the PayPal Services;

r.  Take any action that may cause us to lose any of the services from our Internet service providers, payment processors, or other suppliers;

s.  Use the PayPal Services to test credit card behaviors.

Back to top

## 10. Your Liability - Actions We May Take.

**10.1 Your Liability.**

a. General. You are responsible for all Reversals, Chargebacks, Claims, fees, fines, penalties and other liability incurred by PayPal, a User, or a third party caused by or arising out of your breach of this Agreement, and/or your use of the PayPal Services. You agree to reimburse PayPal, a User, or a third party for any and all such liability.

b. Liability for Claims under PayPal Purchase Protection. If you are a Seller and PayPal makes a final decision that you lose a Claim filed directly with PayPal, you will be required to reimburse PayPal for your liability. Your liability will include the full purchase price of the item plus the original shipping cost (and in some cases you may not receive the item back). You will not receive a refund of your PayPal fees. PayPal Seller protection may cover your liability—see Section 11 (Protection for Sellers) below.

If a buyer files a Significantly Not as Described (SNAD) Claim for an item they purchased from you, you will generally be required to accept the item back and refund the buyer the full purchase price plus original shipping costs. You will not receive a refund on your PayPal fees. Further, if you lose a SNAD Claim because we, in our sole discretion, reasonably believe the item you sold is counterfeit, you will be required to provide a full refund to the buyer and you will not receive the item back (it will be destroyed). PayPal Seller protection will not cover your liability.

c. Liability for claims filed under eBay's Buyer Protection resolution process. If you are an eBay Seller, eBay requires that you comply with the eBay Buyer Protection resolution process. As such, you have provided eBay with permission to make a final decision on a claim that a buyer files against you directly with eBay. If eBay makes a final decision that you lose a claim, you agree to allow PayPal to remove funds from your Account in order to reimburse your buyer or eBay for your liability. eBay Buyer Protection claims filed directly with eBay are not covered by PayPal Seller protection. Please see the eBay Buyer Protection policy for more information. You will not receive a refund of your PayPal fees. If your Balance is not sufficient to reimburse your buyer or eBay, PayPal will place a hold on your Account until the earlier of: (1) when sufficient funds are added to your Balance to reimburse eBay for your liability at which time we will reimburse eBay in full, or (2) 20 Days from the date of eBay's decision that you lose the claim at which time we will remove your Balance to partially reimburse eBay for your liability.

If you do not want to allow PayPal to reimburse eBay for your liability, you may opt-out by calling eBay at 1-866-643-0898. Your opt-out will be effective within 3 Business Days. If you opt-out then eBay will not use your Account to recover amounts that you owe due to an eBay claim that you lost. This opt-out will not affect other amounts that you pay to eBay using your Account (such as your eBay fees).

**10.2 Reimbursement for Your Liability.** In the event that you are liable for any amounts owed to PayPal, PayPal may immediately remove such amounts from your Balance. If you do not have a Balance that is sufficient to cover your liability, your remaining Balance (if any) will be removed, your Account will have negative Balance up to the amount of your liability, and you will be required to immediately add funds to your Balance to eliminate the negative Balance. If you do not do so, PayPal may engage in collection efforts to recover such amounts from you.

**10.3 Actions by PayPal - Restricted Activities.** If PayPal, in its sole discretion, believes that you may have engaged in any Restricted Activities, we may take various actions to protect PayPal, eBay, other Users, other third parties, or you from Reversals, Chargebacks, Claims, fees, fines, penalties and any other liability. The actions we may take include but are not limited to the following:

a. We may close, suspend, or limit your access to your Account or the PayPal Services (such as limiting access to any of your Payment Methods, and/or your ability to send money, make withdrawals, or remove financial Information). Use the Report Form link to request information in connection with an account limitation, hold or reserve – to access the Report Form:

   o If you are currently Logged into your PayPal account, go to:
   https://www.paypal.com/us/cgi-bin/webscr?cmd=_contact&dwf=neg_infolimit
   o If you are currently NOT Logged in to your PayPal account, go to:
   https://www.paypal.com/us/cgi-bin/webscr?cmd=_login-submit&login_cmd=_contact&continue=Continue&dwf=neg_infolimit

b. We may contact Users who have purchased goods or services from you, contact your bank or credit card issuer, and/or warn other Users, law enforcement, or impacted third parties of your actions;

c. We may update inaccurate Information you provided us;

d. We may refuse to provide the PayPal Services to you in the future;

e. We may hold your funds for up to 180 Days if reasonably needed to protect against the risk of liability or if you have violated our Acceptable Use Policy;

f. We may take legal action against you; and

g. If you violate the PayPal Acceptable Use Policy, then in addition to the above actions you will be liable to PayPal for the amount of PayPal's damages caused by your violation of the Acceptable Use Policy. You acknowledge and agree that $2,500.00 USD per violation of the Acceptable Use Policy is presently a reasonable minimum estimate of PayPal's actual damages considering all currently existing circumstances, including the relationship of the sum to the range of harm to PayPal that reasonably could be anticipated because due to the nature of the violations of the Acceptable Use Policy, actual damages would be impractical or extremely difficult to calculate. PayPal may deduct such damages directly from any existing Balance in the offending Account, or any other Account you control.
PayPal, in its sole discretion, reserves the right to terminate this Agreement, access to its website, or access to the PayPal Services for any reason and at any time upon notice to you and payment to you of any unrestricted funds held in custody for you.

**10.4 Actions by PayPal - Holds.**

a. Risk-Based Holds. PayPal, in its sole discretion, may place a hold on any or all of the payments you receive when PayPal believes there may be a high level of risk associated with you, your Account, or any or all of your transactions. PayPal's determination may be based on a number of different factors and PayPal may rely on information it receives from its third party partners such as eBay. If PayPal places a hold on a payment, the funds will appear in your "Pending Balance" and the payment status will show as "Completed - Funds not yet available". If PayPal places a hold on any or all of the payments you receive PayPal will provide you with notice of our actions. PayPal will release the hold on any payment after 21 Days from the date the payment was received into your Account unless you receive a Dispute, Claim, Chargeback, or Reversal or PayPal has taken another action permitted under this Section 10. PayPal, in its sole discretion, may release the hold earlier under certain circumstances, for example PayPal may release the hold earlier if you have uploaded tracking information. If you receive a Dispute, Claim, Chargeback, or Reversal, PayPal may continue holding the payment in your Account until the matter is resolved pursuant to this Agreement.

b. Disputed Transaction Holds. If a User files a Dispute, Claim, Chargeback or Reversal on a payment you received, PayPal may

place a temporary hold on the funds in your Account to cover the amount of the liability. If you win the dispute or the transaction is eligible for PayPal Seller protection, PayPal will lift the temporary hold. If you lose the dispute, PayPal will remove the funds from your Account. This process also applies to claims that a buyer files directly with eBay through the eBay resolution process if your Account is your reimbursement method for buyer claims.

**10.5 Actions by PayPal - Reserves.** PayPal, in its sole discretion, may place a Reserve on funds held in your Premier or Business Account when PayPal believes there may be a high level of risk associated with your Account. If PayPal places a Reserve on funds in your Account, they will be shown as "pending" in your PayPal Balance. If your Account is subject to a Reserve, PayPal will provide you with notice specifying the terms of the Reserve. The terms may require that a certain percentage of the amounts received into your Account are held for a certain period of time, or that a certain amount of money is held in reserve, or anything else that PayPal determines is necessary to protect against the risk associated with your Account. PayPal may change the terms of the Reserve at any time by providing you with notice of the new terms.

**10.6 Actions by PayPal - Account Closure, Termination of Service, Limited Account Access; Confidential Criteria.** If we close your Account or terminate your use of the PayPal Services for any reason, we will provide you with notice of our actions. If we limit access to your Account, including through a Reserve or hold, we will provide you with notice of our actions, and the opportunity to request restoration of access if, in our sole discretion, we deem it appropriate. Further, you acknowledge that PayPal's decision to take certain actions, including limiting access to your Account by placing holds or imposing Reserves, may be based on confidential criteria that are essential to our management of risk and the security of Users' Accounts and the PayPal system. You agree that PayPal is under no obligation to disclose the details of its risk management or its security procedures to you.

Back to top

## 11. Protection for Sellers.

**11.1 PayPal Seller Protection.**
PayPal Seller protection is protection we provide Sellers from Claims, Chargebacks, or Reversals that are based on:

- Unauthorized Transaction or

- Item Not Received

PayPal Seller protection is available for eligible payments from buyers in any country.

**11.2 Scope of Protection.**

PayPal will protect you for the full amount of the eligible payment and waive the Chargeback Fee, if applicable. There is no limit on the number of payments for which you can receive coverage.

**11.3 Eligibility Requirements.**

To be eligible for PayPal Seller protection, you must meet all of the basic requirements listed below under (a) Basic Requirements. To be covered for Item Not Received protection, you must meet both the Basic Requirements and the Item Not Received Additional Requirements listed below under (b). To be covered for Unauthorized Transaction protection, you must meet both the Basic Requirements and the Unauthorized Transactions Additional Requirements listed below under (c).

a. **Basic Requirements:**

- You must ship the item to the shipping address on the Transaction Details Page.

- You must respond to PayPal's requests for documentation and other information in a timely manner.

- The item must be a physical, tangible good that can be shipped.

- Your primary residence, as listed in your Account, must be in the United States.

b. **Item Not Received Additional Requirements:**

- For Chargebacks, the payment must be marked "eligible" or "partially eligible" for PayPal Seller protection on the Transaction Details Page.

- You must provide Proof of Delivery as described below in Section 11.4.

- It is recommended that you ship the item within 7 Days of receipt of payment. Or, if the payment is for pre-ordered or made-to-order goods, shipment is required within the timeframe specified in your item listing.

c. **Unauthorized Transactions Additional Requirements:**

- The payment must be marked "eligible" for PayPal Seller protection on the Transaction Details Page.

- You must provide Proof of Shipment or Proof of Delivery.

**11.4 Proof of Shipment, Proof of Delivery and Signature Confirmation Requirements.**
"Proof of Shipment" is online or physical documentation from a shipping company that includes all of the following:

- The date the item is shipped.
- The recipient's address matches the shipping address provided on the Transaction Details Page.
- The recipient's address, showing at least the city & state, or city & country, or zip/postal code (or international equivalent).

"Proof of Delivery" is online documentation from a shipping company that includes all of the following:

- The item's status as delivered.
- The date the item is delivered.
- The recipient address is the same as in the shipping address section on the Transaction Details Page.
- The recipient's address, showing at least the city & state, or city & country, or zip/postal code (or international equivalent).
- Signature Confirmation as described below if the full amount of the payment including shipping and taxes, is $250 USD or more, or its foreign currency equivalent provided below:

| | |
|---|---|
| 350 Australian Dollar (AUD) | 380 New Zealand Dollar (NZD) |
| 500 Brazilian Real (BRL) | 1,600 Norwegian Krone (NOK) |
| 325 Canadian Dollar (CAD) | 12500.00 Philippine Peso (PHP) |
| 6,000 Czech Republic Koruna (CZK) | 800 Polish New Zloty (PLN) |
| 1,500 Danish Krone (DKK) | 150 Pound Sterling – United Kingdom (GBP) |
| 200 Euro (EUR) | 400 Singaporean Dollar (SGD) |
| 2,000 Hong Kong Dollar (HKD) | 2,000 Swedish Krona (SEK) |
| 55,000 Hungarian Forint (HUF) | 330 Swiss Franc (CHF) |
| 1,000 Israeli Shekel (ILS) | 8250.00 Taiwan New Dollar (TWD) |
| 28,000 Japanese Yen (JPY) | 9000.00 Thai Baht (THB) |
| 2,200 Mexican New Peso (MXN) | |

"Signature Confirmation" is online documentation that can be viewed at the shipping company's website and indicates that the item was signed for on delivery.

**11.5 Items/transactions not eligible for PayPal Seller protection.** The following are examples of items/transactions not eligible for PayPal Seller protection.

- Claims or Chargebacks for Significantly Not as Described.
- Items that you deliver in person, including in connection with In-Store Checkout.
- Intangible items, including Digital Goods, and services.
- PayPal Direct Payments.
- Virtual Terminal Payments.
- PayPal Business Payments.
- Items that are not shipped to the recipient's shipping address on the Transaction Details Page. If you originally ship the item to the recipient's shipping address on the Transaction Details Page address but the item is later redirected to a different address, you will not be eligible for PayPal Seller protection. We therefore recommend not using a shipping service that is arranged by the buyer, so that you will be able to provide valid proof of shipping and delivery.

Back to top

# 12. Resolution Procedures for Unauthorized Transactions and Other Errors.

**(Previously called the Electronic Funds Transfer Rights and Error Resolution Policy)**

**12.1 Protection for Unauthorized Transactions and Other Errors.** When an Unauthorized Transaction or Other Error occurs in your Account, including Unauthorized Transactions that occur because your PayPal Debit Card or PayPal Mobile-activated phone has been lost or stolen, PayPal will cover you for the full amount of every eligible Unauthorized Transaction or Other Error as long as you follow the procedures discussed below in Section 12.2.

An "Unauthorized Transaction" is a type of error that occurs when money is sent from your Account that you did not authorize and that did not benefit you. For example, if someone steals your password, uses the password to access your Account, and sends a payment from your Account, an Unauthorized Transaction has occurred. If you give someone access to your Account (by giving them your login information) and they conduct transactions without your knowledge or permission, you are responsible for any resulting use. These transactions are not covered under any PayPal protection programs.

In addition, "Other Errors" occur when money is either incorrectly taken from your Account or incorrectly placed into your Account, or when transactions are incorrectly recorded in your Account. Other Errors that are covered by PayPal are limited to the following events: if you send a payment and it is incorrectly debited from your Account; if an incorrect amount is credited to your Account; if a transaction is missing from or not properly identified in your Account statement; if you receive an incorrect amount of money at an ATM; and if there is a computational or mathematical error by PayPal. In addition, for PayPal Grace Period transactions, Other Errors include transactions on your statement for which you request more information, and any statement that we do not send to the primary address in your profile (as long as you update your address at least 20 Days before we create your statement).

You may request documentation or information regarding your Account or transaction to determine whether an Unauthorized Transaction or Other Error exists by contacting us through the Contact Us link at the bottom of each page of the PayPal website.

**12.2 Notification Requirements.**

a.   You should immediately notify PayPal if you believe:

- there has been an Unauthorized Transaction or unauthorized access to your Account;

- there is an error in your Account statement (you can access your Account statement by logging into your Account and clicking on the "Statements" tab ) or your transaction confirmation sent to you by email;

- your password or PayPal Mobile PIN has been compromised;

- your PayPal Debit Card or PayPal Mobile-activated phone has been lost, stolen or deactivated; or

- you need more information about a transaction listed on the statement or transaction confirmation.

b.   To be eligible for 100% protection for Unauthorized Transactions or Other Errors in your Account, you must notify us within 60 Days after any Unauthorized Transaction or Other Error first appears in your Account statement. We will extend the 60 Day time period if a good reason, such as a hospital stay, kept you from notifying us within 60 Days.

You should regularly log into your Account and review your Account statement to ensure that there has not been an Unauthorized Transaction or Other Error. PayPal will also send an email to the primary email address you have provided in order to notify you of each transaction from your Account. You should also review these transaction confirmations to ensure that each transaction was authorized and is accurate.

For Unauthorized Transactions or Other Errors involving your PayPal Debit Card, notify us as follows:

o   Log into your Account, go to the "Account Overview" page, select the transaction details for the transaction you wish to dispute and then follow the directions. Please print and sign the completed form, then mail it to us (PayPal, Attn: PayPal Debit Card Department, P.O. Box 45950, Omaha, NE 68145-0950) or send it by fax to (303) 395-2855; or

o   Telephone PayPal Customer Service at (402) 935-7733.

For Unauthorized Transactions or Other Errors in your Account, notify us as follows:

o   Use this form to file an error report in the PayPal Resolution Center; or

o   Write to PayPal, Attn: Error Resolution Department, P.O. Box 45950, Omaha, NE 68145-0950; or

o   Telephone PayPal Customer Service at (402) 935-7733.

When you notify us, provide us with all of the following information:

o   Your name and email address registered to your Account;

o   A description of any suspected Unauthorized Transaction or Other Error and an explanation as to why you believe it is incorrect or why you need more information to identify the transaction; and

o   The dollar amount of any suspected Unauthorized Transaction or Other Error.

If you notify us orally, we may require that you send us your complaint or question in writing within 10 Business Days. During the course of our investigation, we may request additional information from you.

**12.3 PayPal Actions after Receipt of Your Notification.** Once you notify us of any suspected Unauthorized Transaction or Other Error, or we otherwise learn of one, we will do the following:

- We will conduct an investigation to determine whether there has been an Unauthorized Transaction or Other Error that is eligible for protection.

- We will complete our investigation within 10 Business Days of the date we received your notification of the suspected Unauthorized

Transaction or Other Error. If your Account is new (the first transaction from your Account was less than 30 Business Days from the date you notify us), we may take up to 20 Business Days to complete this investigation. If we need more time, we may take up to 45 Days to complete our investigation (or up to 90 Days for new Accounts, or if your transaction was at a point of sale where you were physically present, or a foreign initiated transaction).

If we decide that we need more time to complete our investigation, we will provisionally credit your Account for the amount of the suspected error. You will receive the provisional credit within 10 Business Days of the date we received your notice (or 20 Business Days for new Accounts). This will allow you to have use of the money until we complete the investigation. We will notify you of the provisional credit within 2 Business Days of the crediting. If we ask you to put your complaint or question in writing and we do not receive it within 10 Business Days (or 20 Business Days for new Accounts), we will not provisionally credit your Account.

- We will inform you of our decision within 3 Business Days after completing our investigation.

If we determine that there was an error, we will promptly credit the full amount of the error into your Account within 1 Business Day of our determination. Or, if you have already received a provisional credit, you will be allowed to retain those amounts.

If we decide that there was not an error, we will include an explanation of our decision in our email to you. If you received a provisional credit, we will remove it from your Account and notify you of the date and amount of the debit. You may request copies of the documents that we used in our investigation.

**12.4 PayPal Processing Errors.** We will rectify any processing error that we discover. If the error results in your receipt of less than the correct amount to which you are entitled, PayPal will credit your Account for the difference. If the error results in your receipt of more than the correct amount to which you are entitled, PayPal will debit the extra funds from your Account. If the error resulted in our not completing a transaction on time or in the correct amount, we will be liable for your losses or damages directly caused by this failure, unless: (a) through no fault of ours, you did not have enough funds to complete the transaction, (b) our system was not working properly and you knew about the breakdown when you started the transaction, or (c) circumstances beyond our control (such as fire, flood or loss of Internet connection) prevented the transaction, despite our reasonable precautions.

<u>Back to top</u>

## 13. Protection for Buyers.

**13.1 Types of Problems Covered.** PayPal Purchase Protection (also known as PayPal Buyer Protection) helps you if you encounter either of these problems:

- You did not receive the item you paid for with PayPal – "Item Not Received" (INR), or
- You received an item you paid for with PayPal but it is "Significantly Not as Described" (SNAD) (as described below)

If your problem is a transaction that you did not authorize, please report the unauthorized transaction through the <u>Security and Protection</u> page.

An item is "Significantly Not as Described" if it is materially different from what the Seller described in the item listing. Here are some examples:

- You received a completely different item. For example, you purchased a book and received a DVD or an empty box.
- The condition of the item was misrepresented. For example, the description when you bought the item said "new" and the item was used.
- The item was advertised as authentic but is not authentic.
- The item is missing major parts or features which were not disclosed in its description when you bought the item.
- You purchased three items from a Seller but only received two.
- The item was damaged during shipment.

An item is **not** Significantly Not as Described if it is materially similar to the Seller's item listing description. Here are some examples:

- The defect in the item was correctly described by the Seller.
- The item was properly described but you didn't want it after you received it.
- The item was properly described but did not meet your expectations.
- The item has minor scratches and was listed as used condition.

**13.2 Eligibility Requirements.**

a.    To be eligible for PayPal Purchase Protection you must meet all of the following requirements:

- Pay for the eligible item from your Account.
- Pay for the full amount of the item with one payment. Items purchased with multiple payments – like a deposit followed by a final

payment – are not eligible.

- Send the payment to the Seller through:
  - the eBay "Pay Now" button or the eBay invoice; or
  - the "Send Money" button of your Account by selecting "eBay Item" and entering your eBay User ID and the eBay item number for purchases on eBay website; or
  - the Send Money tab on the PayPal website, by clicking the "Purchase" tab, or by selecting the "Checkout with PayPal" button or otherwise selecting PayPal as part of a Seller's checkout flow.
- Open a Dispute within 45 Days of the date you sent the payment, then follow the online dispute resolution process described below under Dispute Resolution. For Pay After Delivery transactions you must open your Dispute within 45 Days of the date of your transaction. For PayPal Grace Period transactions, you must open your Dispute within 60 Days of receiving your email transaction statement.
- Have an Account in good standing.

b. For items purchased on eBay look for either a PayPal or eBay purchase or buyer protection message in the eBay listing. If you see a message, and you meet the eligibility requirements, then your purchase is covered by PayPal Purchase Protection. The purchase or buyer protection message will vary based on the eBay website. The message must appear on the top part of the listing and not under the "Description" or "Shipping and Payments" tabs. If the listing does not include the purchase or buyer protection message, then it is not eligible for PayPal Purchase Protection.

c. Items which you collect in person, or arrange to be collected on your behalf are only eligible for Purchase Protection if you use PayPal Grace Period when making your purchase. All items purchased using PayPal Grace Period are also subject to the Billing Rights Notice you received when you signed up for PayPal Grace Period. You can find this notice in your monthly PayPal Grace Period statement.

**13.3 Ineligible Items.** PayPal Purchase Protection only applies to PayPal payments for certain tangible, physical goods. Payments for the following are not eligible for reimbursement under PayPal Purchase Protection:

- Intangible items, including Digital Goods
- Services
- Real estate, including residential property
- Businesses
- Vehicles, including motor vehicles, motorcycles, caravans, aircraft and boats
- Custom made items
- Travel tickets, including airline flight tickets
- Items prohibited by the PayPal Acceptable Use Policy
- Items which you collect in person, or arrange to be collected on your behalf, including items bought through In-Store Checkout at the retail point of sale (unless bought using PayPal Grace Period, see Eligibility Requirements above)
- Items that violate eBay's Prohibited or Restricted Items Policy
- Industrial machinery used in manufacturing
- Items equivalent to cash, including prepaid or gift cards
- PayPal Direct Payments
- Virtual Terminal Payments
- Personal Payments

Even if your payment is not eligible for PayPal Purchase Protection, you can file a Dispute and try to resolve the issue directly with the Seller; however, PayPal will generally not find in your favor if you escalate a Dispute to a Claim for an item which is not eligible for PayPal Purchase Protection.

**13.4 Coverage Amount.** If you are eligible for PayPal Purchase Protection and PayPal finds in your favor on your Claim, PayPal will reimburse you for the full purchase price of the item and original shipping costs – with no cap on coverage.

PayPal will not reimburse you for the return shipping costs that you incur to return a Significantly Not As Described item to the Seller or other party specified by PayPal. If the Seller presents evidence that they delivered the goods to your address, PayPal may find in favor of the Seller for an Item Not Received claim even if you did not receive the goods.

**13.5 Dispute Resolution.** If you are unable to resolve a problem directly with a Seller, you can go to the Resolution Center and follow this process:

- **Open a Dispute.** Open a Dispute within **45 Days** of the date you made the payment (or the date of the transaction if using Pay After

Delivery) for the item you would like to dispute to negotiate with the Seller for resolution of the Dispute. For PayPal Grace Period transactions only, open the Dispute within **60 Days** after you receive your PayPal Grace Period email transaction statement. We will place a hold on all funds related to the transaction in the Seller's Account until the Dispute is resolved or closed. .

- **Escalate the Dispute to a Claim.** If you and the Seller are unable to come to an agreement, you can escalate the Dispute to a Claim **within 20 Days** after opening the Dispute. For PayPal Grace Period transactions we will automatically escalate your Dispute to a Claim.

  You must wait at least 7 Days from the date of payment to escalate a Dispute for an Item Not Received (INR), unless the Dispute is for the equivalent of $2,500 U.S. Dollars or more (or currency equivalent). If you do not escalate a Dispute to a Claim within 20 Days, PayPal will close the Dispute.

- **Respond to PayPal's requests for information in a timely manner.** During the Claim process, PayPal may require you to provide documentation to support your position. You may be asked to provide receipts, third party evaluations, police reports, or anything else that PayPal specifies.

- **Comply with PayPal's shipping requests in a timely manner.** For Significantly Not as Described (SNAD) Claims, PayPal may require you, at your expense, to ship the item back to the Seller, or to PayPal, or to a third party and to provide proof of delivery.

  For transactions that total less than $250, proof of delivery is confirmation that can be viewed online and includes the delivery address showing at least city/state or zip, delivery date, and the URL to the shipping company's website if you've selected "Other" in the shipping drop down menu. For transactions that total $250 or more, you must get signature confirmation of delivery.

- **Claim Resolution Process.** Once a Dispute has been escalated to a Claim, PayPal will make a final decision in favor of the buyer or the Seller. You may be asked to provide receipts, third party evaluations, police reports, or anything else that PayPal specifies. PayPal retains full discretion to make a final decision in favor of the buyer or the Seller based on any criteria PayPal deems appropriate. In the event that PayPal makes a final decision in favor of the buyer or Seller, each party must comply with PayPal's decision. PayPal will generally require the buyer to ship an item that the buyer claims is SNAD back to the Seller (at the buyer's expense), and PayPal will generally require a Seller to accept the item back and refund the buyer the full purchase price plus original shipping costs. In the event a Seller loses a Claim, the Seller will not receive a refund on his or her PayPal or eBay fees associated with the transaction. If you lose a SNAD Claim because the item you sold is counterfeit, you will be required to provide a full refund to the buyer and you will not receive the item back (it will be destroyed).

**13.6 Digital Goods Micropayment Disputes and Claims.** If you file a Dispute for a Digital Goods purchase of up to the amounts in the table below, PayPal may, at our discretion, reverse the transaction without requiring you to escalate the Dispute to a Claim.

| Currency | Amount | | Currency | Amount |
|---|---|---|---|---|
| Australian Dollar: | **$9.99 AUD** | | New Zealand Dollar: | **$9.99 NZD** |
| Brazilian Real: | **7.99 BRL** | | Norwegian Krone: | **29.99 NOK** |
| Canadian Dollar: | **$3.99 CAD** | | Philippine Peso: | **499.99 PHP** |
| Czech Koruna: | **99.99 CZK** | | Polish Zlotych: | **19.99 PLN** |
| Danish Krone: | **24.99 DKK** | | Singapore Dollar: | **$9.99 SGD** |
| Euro: | **€3.99 EUR** | | Swedish Krona: | **34.99 SEK** |
| Hong Kong Dollar: | **$49.99 HKD** | | Swiss Franc: | **4.99 CHF** |
| Hungarian Forint: | **999 HUF** | | Taiwan New Dollar: | **10.00 TWD** |
| Israeli Shekel: | **15.99 ILS** | | Thai Baht: | **249.99 THB** |
| Japanese Yen: | **¥999 JPY** | | U.K. Pounds Sterling: | **£3.99 GBP** |
| Mexican Peso: | **$39.99 MXN** | | U.S. Dollar: | **$3.99 USD** |

PayPal may limit the number of automatic reversals that you benefit from. If these are limited, you will still be able to follow PayPal's standard dispute resolution processes described in this Section 13 to attempt to resolve the issue with the Seller directly.

**13.7 Relationship between PayPal's protection programs and Chargebacks.** Credit card Chargeback rights, if they apply, are broader than PayPal's protection programs. Chargebacks may be filed more than 45 Days after the payment, may cover unsatisfactory items even if they do not qualify as SNAD, and may cover intangible items. You may pursue a Dispute/Claim with PayPal, or you may contact your credit card company and pursue your Chargeback rights. You may not pursue both at the same time or seek a double recovery. If you have an open Dispute or Claim with PayPal, and also file a Chargeback with your credit card company, PayPal will close your Dispute or Claim, and you will have to rely solely on your Chargeback rights.

If PayPal does not make a final decision on your Claim until after your credit card issuer's deadline for filing a Chargeback, and because of our delay you recover less than the full amount you would have been entitled to recover from the credit card issuer, we will reimburse you for the remainder of your loss (minus any amount you have already recovered from the Seller).

Before contacting your card issuer or filing a Dispute with PayPal, you should contact the Seller to resolve your issue in accordance with the Seller's return policy as stated on their auction or website.

**13.8 No Double Recovery.** You may not file a Dispute/Claim, or receive a recovery, for a purchase under PayPal Purchase Protection if you have already received a recovery for that purchase directly from eBay or the Seller.

Back to top

## 14. Disputes with PayPal.

**14.1 Contact PayPal First.** If a dispute arises between you and PayPal, our goal is to learn about and address your concerns and, if we are unable to do so to your satisfaction, to provide you with a neutral and cost effective means of resolving the dispute quickly. Disputes between you and PayPal regarding the PayPal Services may be reported to Customer Service online through the PayPal Help Center at any time, or by calling (402) 935-2050 from 6 AM to midnight, Central Time.

**14.2 Arbitration.** For any claim (excluding claims for injunctive or other equitable relief) where the total amount of the award sought is less than $10,000.00 USD, the party requesting relief may elect to resolve the dispute in a cost effective manner through binding non-appearance-based arbitration. If a party elects arbitration, that party will initiate such arbitration through an established alternative dispute resolution (ADR) provider mutually agreed upon by the parties. The ADR provider and the parties must comply with the following rules: a) the arbitration shall be conducted by telephone, online and/or be solely based on written submissions, the specific manner shall be chosen by the party initiating the arbitration; b) the arbitration shall not involve any personal appearance by the parties or witnesses unless otherwise mutually agreed by the parties; and c) any judgment on the award rendered by the arbitrator may be entered in any court of competent jurisdiction.

**14.3 Law and Forum for Disputes.** Except as otherwise agreed by the parties or as described in Section 14.2 above, you agree that any claim or dispute you may have against PayPal must be resolved by a court located in either Santa Clara County, California, or Omaha, Nebraska. You agree to submit to the personal jurisdiction of the courts located within Santa Clara County, California, or Omaha, Nebraska for the purpose of litigating all such claims or disputes. This Agreement shall be governed in all respects by the laws of the State of California, without regard to conflict of law provisions.

**14.4 Improperly Filed Litigation.** All claims you bring against PayPal must be resolved in accordance with Section 14 of this Agreement. All claims filed or brought contrary to Section 14 shall be considered improperly filed and a breach of this Agreement. Should you file a claim contrary to Section 14, PayPal may recover attorneys' fees and costs (including in-house attorneys and paralegals) up to $1,000.00 USD, provided that PayPal has notified you in writing of the improperly filed claim, and you have failed to promptly withdraw the claim.

**14.5 Insolvency Proceedings.** If any proceeding by or against you is commenced under any provision of the United States Bankruptcy Code, as amended, or under any other bankruptcy or insolvency law, PayPal will be entitled to recover all reasonable costs or expenses (including reasonable attorneys' fees and expenses) incurred in connection with the enforcement of this Agreement.

**14.6 No Waiver.** Our failure to act with respect to a breach by you or others does not waive our right to act with respect to subsequent or similar breaches.

**14.7 Indemnification.** You agree to defend, indemnify and hold PayPal, its parent, the officers, directors, agents, joint venturers, employees and suppliers of PayPal or its Parent, harmless from any claim or demand (including attorneys' fees) made or incurred by any third party due to or arising out of your breach of this Agreement and/or your use of the PayPal Services.

**14.8 Assumption of Rights.** If PayPal pays out a Claim, Reversal or Chargeback that you file against a recipient of your payment, you agree that PayPal assumes your rights against the recipient and third parties related to the payment, and may pursue those rights directly or on your behalf, in PayPal's discretion.

**14.9 Release of PayPal.** If you have a dispute with one or more Users, you release PayPal (and our parent, officers, directors, agents, joint ventures, employees and suppliers) from any and all Claims, demands and damages (actual and consequential) of every kind and nature arising out of or in any way connected with such disputes. In addition, you waive any protection available to you under California Civil Code §1542, which says: [a] general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if not known by him must have materially affected his settlement with the debtor.

**14.10 State Agencies.** In addition to reporting complaints against PayPal directly to PayPal as described above, you may report complaints to the Complaint Assistance Unit of the Division of Consumer Services of the California Department of Consumer Affairs by contacting them in writing at 400 R Street, Sacramento, California 95814, or by telephone at 1-800-952-5210. Florida residents may contact the Florida Department of Financial Services in writing at 200 East Gaines Street, Tallahassee, Florida, 32399, or by telephone at 1-800-342-2762. If you are a California resident, you have a right to receive the information listed in Section 1.7 (Notices to You) by email. To make such a request, send a letter to PayPal at the address listed in Section 1.8 (Notices to PayPal), include your email address, and request the information provided in Section 1.7.

Back to top

## 15. General Provisions.

**15.1 Limitations of Liability.** IN NO EVENT SHALL WE, OUR PARENT, THE OFFICERS, DIRECTORS, AGENTS, JOINT VENTURERS, EMPLOYEES AND SUPPLIERS OF PAYPAL OR OUR PARENT BE LIABLE FOR LOST PROFITS OR ANY SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES ARISING OUT OF OR IN CONNECTION WITH OUR WEBSITE, THE PAYPAL SERVICES, OR THIS AGREEMENT (HOWEVER ARISING, INCLUDING NEGLIGENCE). Some states do not allow the exclusion or limitation of incidental or consequential damages so the above limitation or exclusion may not apply to you. OUR LIABILITY, AND THE LIABILITY OF OUR PARENT, OFFICERS, DIRECTORS, AGENTS, JOINT VENTURERS, EMPLOYEES AND SUPPLIERS, TO YOU OR ANY THIRD PARTIES IN ANY CIRCUMSTANCE IS LIMITED TO THE ACTUAL AMOUNT OF DIRECT DAMAGES.

**15.2 No Warranty.** THE PAYPAL SERVICES ARE PROVIDED "AS IS" AND WITHOUT ANY REPRESENTATION OF WARRANTY, WHETHER EXPRESS, IMPLIED OR STATUTORY. PAYPAL, OUR PARENT, THE OFFICERS, DIRECTORS, AGENTS, JOINT VENTURERS, EMPLOYEES AND SUPPLIERS OF PAYPAL OR OUR PARENT SPECIFICALLY DISCLAIM ANY IMPLIED WARRANTIES OF TITLE, MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE AND NON-INFRINGEMENT. PayPal does not have any control over the products or services that are paid for with the PayPal Services and PayPal cannot ensure that a buyer or a Seller you are dealing with will actually complete the transaction or is authorized to do so. PayPal does not guarantee continuous, uninterrupted or secure access to any part of the PayPal Services, and operation of our site may be interfered with by numerous factors outside of our control. PayPal will make reasonable efforts to ensure that requests for electronic debits and credits involving bank accounts, credit cards, and check issuances are processed in a timely manner but PayPal makes no representations or warranties regarding the amount of time needed to complete processing because the PayPal Services are dependent upon many factors outside of our control, such as delays in the banking system or the U.S. or international mail service. Some states do not allow the disclaimer of implied warranties, so the foregoing disclaimers may not apply to you. This paragraph gives you specific legal rights and you may also have other legal rights that vary from state to state.

**15.3 PayPal Shopping.** PayPal Shopping is part of the PayPal website that features Merchants' offers and enables product search. PayPal does not warrant that product descriptions, pricing, search results, User ratings and reviews or any other content on PayPal Shopping is accurate, complete, reliable or current. PayPal Shopping is provided for informational purposes only and does not constitute an endorsement by PayPal of any product, service or Merchant.

**15.4 License Grant.** If you are using PayPal software such as an API, developer's toolkit or other software application that you have downloaded to your computer, device, or other platform, then PayPal grants you a revocable, non-exclusive, non-transferable license to use PayPal's software in accordance with the documentation. This license grant includes the software and all updates, upgrades, new versions and replacement software for your personal use only. You may not rent, lease or otherwise transfer your rights in the software to a third party. You must comply with the implementation and use requirements contained in all PayPal documentation accompanying the PayPal Services. If you do not comply with PayPal's implementation and use requirements you will be liable for all resulting damages suffered by you, PayPal and third parties. You agree not to alter, reproduce, adapt, distribute, display, publish, reverse engineer, translate, disassemble, decompile or otherwise attempt to create any source code which is derived from the software. You acknowledge that all rights, title and interest to PayPal's software are owned by PayPal. Any third party software application you use on the PayPal website is subject to the license you agreed to with the third party that provides you with this software. PayPal does not own, control nor have any responsibility or liability for any third party software application you elect to use on the PayPal website and/or in connection with the PayPal Services. If you are using the PayPal Services on the PayPal website, or other website or platform hosted by PayPal, or a third party, and are not downloading PayPal's software or using third party software applications on the PayPal website, then this section does not apply to your use of the hosted PayPal Services.

**15.5 Complete Agreement.**

This Agreement, along with any applicable policies and agreements on the <u>Legal Agreements</u> page on the PayPal website, sets forth the entire understanding between you and PayPal with respect to the PayPal Services. Sections 1 (Our Relationship with You), 7 (Closing Your Account), 8 (Fees), 10 (Your Liability - Actions We May Take), 14 (Disputes with PayPal), 15 (General Provisions), and 16 (Definitions), as well as any other terms which by their nature should survive, will survive the termination of this Agreement. If any provision of this Agreement is held to be invalid or unenforceable, such provision shall be struck and the remaining provisions shall be enforced.

**15.6 Translated Agreement.** Any translation of this Agreement is provided solely for your convenience and is not intended to modify the terms of this Agreement. In the event of a conflict between the English version of this Agreement and a version in a language other than English, the English version shall apply.

Back to top

## 16. Definitions.

**"ACH"** means the Automated Clearing House network.

**"Account"** means a Personal, Business or Premier PayPal account.

**"Account Profile"** means the location on our website where you can, after logging in, view and manage your profile, including your personal information, Payment Method details, preapproved payment authorizations, your selling tools, and your Account settings including your notification preferences and API Access permissions.

**"Add Funds"** means your ability to add money into your Account through a PayPal hosted flow (and not from a third party website).

**"Agreement"** means this agreement including all subsequent amendments.

**"Approved Shipper"** means a shipping provider offering services that meet PayPal's standards herein for Viewable Online Proof of Delivery, and Viewable Online Signature Confirmation. Approved Shippers include USPS (United States Postal Service), UPS (United Parcel Service), and FedEx. For additional Approved Shippers visit PayPal's online <u>Security and Protection</u> page.

**"Authorize"** or **"Authorization"** means a buyer's express authorization to a Merchant to collect a payment from the buyer's Account.

**"Balance"** means any money that you have in your Account. The terms "money" and "funds" are used interchangeably in this Agreement.

**"Bill Me Later"** means a credit account provided by Bill Me Later, Inc.

**"Business Account"** and **"Premier Account"** means an Account used primarily for business purposes and not for personal, family, or household purposes.

**"Business Days"** means Monday through Friday, excluding Holidays.

**"Commercial Entity Agreement"** means the agreement that commercial entities are required to enter into directly with PayPal's payment processor(s).

**"Communications"** means any Account, PayPal Funds account, or transaction information that PayPal provides to you, including: any agreements and policies you agree to, including updates to these agreements or policies; annual disclosures, including prospectuses and reports for PayPal Funds; transaction receipts or confirmations; Account statements and history; and federal and state tax statements we are required to make available to you.

**"Chargeback"** means a request that a buyer files directly with his or her debit or credit card company or debit or credit card issuing bank to invalidate a payment.

**"Check"** is defined in Section 3.11 (PayPal Mobile Check Capture).

**"Check Processor"** means a third party bank or bank-affiliated entity which processes Check images transmitted through PayPal Mobile Check Capture.

**"Claim"** means a challenge to a payment that a User files directly with PayPal in the Online Resolution Center pursuant to Section 13 (Protection for Buyers) of this Agreement.

**"Confirmed Address"** means an address that has been reviewed by PayPal and found highly likely to be that of the User to which it is associated.

**"Customer Service"** is PayPal's customer support which can be accessed online through the PayPal Help Center at any time, or by calling (402) 935-2050 from 6 AM to midnight Central Time.

**"Days"** means calendar days.

**"Default Payment Methods"** means the order in which PayPal uses your Payment Methods to fund a transaction if you do not select a Preferred Payment Method.

**"Digital Goods"** means goods that are delivered and used in an electronic format.

**"Dispute"** means a dispute filed by a User directly with PayPal in the Online Resolution Center pursuant to Section 13 of this Agreement.

**"eBay"** means eBay Group Inc.

**"eBay Gift Card"** means an eBay branded physical gift card that is issued by PayPal.

**"eCheck"** means a payment funded using a sender's bank account Payment Method that is held pending and not received by the recipient until it clears. When you send money using eCheck it will usually be held pending for 3-4 Business Days. The amount of time that it is held pending will increase if the payment is sent from a bank account outside the United States.

**"Fees"** means those amounts stated in Section 8 (Fees) of this Agreement.

**"Holidays"** means New Year's Day (January 1), Birthday of Martin Luther King, Jr. (the third Monday in January), Washington's Birthday (the third Monday in February), Memorial Day (the last Monday in May), Independence Day (July 4), Labor Day (the first Monday in September), Columbus Day (the second Monday in October), Veterans Day (November 11), Thanksgiving Day (the fourth Thursday in November) and Christmas Day (December 25).If a Holiday falls on a Saturday, PayPal shall observe the Holiday on the prior Friday. If the Holiday falls on a Sunday, PayPal shall observe the Holiday on the following Monday.

**"In-Store Checkout"** means the use of PayPal for a transaction that occurs in a Seller's physical location, rather than online, using an access device authorized by us (such as the PayPal Payment Card or a confirmed mobile phone number).

**"Information"** means any confidential and/or personally identifiable information or other information related to an Account or User, including but not limited to the following: name, email address, date of birth, tax identification number, billing/shipping address, phone number and financial information.

**"Instant Transfer"** means a payment funded using the sender's bank account Payment Method in which PayPal credits the recipient instantly.

**"Item Not Received"** means a challenge to a payment from a User claiming that the item purchased was not received.

**"Mass Payments"** means the ability to send multiple payments at the same time.

**"Merchant"** and **"Seller"** are used interchangeably and mean a User who is selling goods and/or services and using the PayPal Services to receive payment.

**"Merchant Processing Delay"** means a delay between the time you Authorize a payment and the Merchant processes your payment.

**"Merchant Specific Promotional Balance"** is a separate Balance in your PayPal Account that is funded by either PayPal or a Merchant, that can only be used at a specific Merchant, and that may expire after a specified period of time.

**"Micropayments for Digital Goods"** means the PayPal Service offered to certain qualifying Merchants who sell Digital Goods that, among other things, offers micropayments pricing and integrated website tools. All Micropayments for Digital Goods are Purchase Payments.

**"No Log-In Payment"** means a PayPal payment that is made to a User without the sender having to log into his/her Account.

**"Other Errors"** has the definition provided in Section 12 (Resolution Procedures for Unauthorized Transactions and Other Errors) of this Agreement.

**"Pay After Delivery"** or **"PAD"** means the PayPal Pay After Delivery service described in Section 3.15.

**"Payment Review"** means the process described in Section 4 (Receiving Money) of this Agreement.

**"Payment Method"** means the payment method used to fund a transaction. The following payment methods may be used to fund a transaction: Balance, Instant Transfer, eCheck, PayPal Credit, credit card, debit card, eBay Gift Card and Redemption Codes.

**"PayPal," "we," "us"** or **"our"** means PayPal, Inc. and its subsidiaries and affiliates.

**"PayPal Business Payments"** means payments made through certain third parties' products or services where the sender must fund their payment exclusively using either (or both) their Balance or eCheck and for which the PayPal Business Payment Fee applies. The PayPal Business Payment Fee is currently being offered as a pilot and only through third parties' products or services (not by PayPal directly) in limited product lines.

**"PayPal Credit"** means PayPal Smart Connect (formerly PayPal Buyer Credit), PayPal Extras MasterCard (formerly the PayPal Plus Card), eBay MasterCard or Bill Me Later.

**"PayPal Debit Card"** means a PayPal branded debit card that is accepted anywhere that accepts MasterCard.

**"PayPal Direct Payment"** means a payment processed by PayPal that is funded directly by a credit or debit card and not through an Account, such as payments made through PayPal Payments Advanced and PayPal Payments Pro, but excluding payments made using guest checkout.

**"PayPal Grace Period"** means the In-Store Checkout payment feature that enables qualifed buyers to purchase eligible items and wait up to 7 Days to choose their Payment Method.

**"PayPal Mobile"** means a PayPal Service that allows you to send and receive payments through your mobile phone.

**"PayPal Mobile Check Capture"** means the PayPal Service accessed through a PayPal mobile phone application that allows you to add funds to your Balance to make payments by photographing checks written to you using your mobile phone and transmitting the images to a Check Processor through the PayPal Mobile phone application. Upon receipt, the Check Processor processes and clears your check and sends the cleared funds to your Balance.

**"PayPal Payment Card"** means the PayPal payment card provided to you by PayPal after you sign up for In-Store Checkout.

**"PayPal Purchase Protection"** (also known as PayPal Buyer Protection) means the protection program PayPal offers Buyers as described in Section 13 (PayPal Purchase Protection) of this Agreement.

**"PayPal Services"** means all our products and services and any other features, technologies and/or functionalities offered by us on our website or through any other means.

**"PayPal Smart Connect"** (formerly PayPal Buyer Credit) is a personal credit account exclusively for Users.

**"Personal Account"** means an Account used for non-business purposes and used primarily for personal, family, or household purposes.

**"Personal Payment"** means amounts sent between two individuals (not to or from a business) without a purchase. Examples of Personal Payments include sending a gift to a friend or paying a friend back for your share of a lunch bill.

**"Policy"** or **"Policies"** means any Policy or other agreement between you and PayPal that you entered into on the PayPal website, or in connection with your use of the PayPal Services.

**"Pooled Accounts"** means PayPal Users' combined funds placed with one or more FDIC-insured banks. These Pooled Accounts will be held in PayPal's name for the benefit of its collective Users.

**"Preapproved Payment"** means a payment in which the recipient is provided advance Authorization to debit the sender's Account directly on a one-time, regular, or sporadic basis in accordance with the recipient's agreement with the sender. Preapproved Payments are sometimes called "subscriptions", "automatic payments", "automatic billing" or "recurring payments."

**"Preferred Payment Method"** (also called "Backup Payment Method") means a Payment Method that you select to fund a payment instead of using the Default Payment Methods.

**"Purchase Payment"** means a payment received for any of the following:
 • A payment for the sale of goods or services;
 • A payment you received after using the "Request Money" tab on the PayPal website;
 • A payment you received for a donation;
 • A Micropayment for Digital Goods; or
 • A payment that is sent to, or received by, a business or other commercial or non-profit entity.

A PayPal Business Payment is not a Purchase Payment even if it meets any of the descriptions above.

**"Redemption Code"** means the sequence of letters, numbers, and/or symbols placed on gift certificates, promotional coupons or other promotional offers and used to obtain a benefit.

**"Reserve"** means a percentage of the funds received into your Account that we hold in order to protect against the risk of Reversals, Chargebacks, Claims or any other liability related to your Account and/or use of the PayPal Services.

**"Restricted Activities"** means those activities described in Section 9 (Restricted Activities) of this Agreement.

**"Reversal"** means PayPal reverses a payment you received because (a) it is invalidated by the sender's bank, (b) it was sent to you in error by PayPal, its parent, or any direct or indirect PayPal subsidiary, (c) the sender of the payment did not have authorization to send the payment (for example: the sender used a credit card that did not belong to the sender), (d) you received the payment for activities that violated this Agreement, the PayPal Acceptable Use Policy, or any other PayPal agreement, or (e) PayPal decided a Claim against you.

**"Seller"** and **"Merchant"** are used interchangeably and means a User who is selling goods and/or services and using the PayPal Services to receive payment.

**"Send Money"** means your ability to send money though the PayPal Services including in connection with a purchase of goods or services or as a Personal Payment.

**"Significantly Not as Described"** has the definition provided in Section 13 (Protection for Buyers) of this Agreement.

**"Substantial Change"** means a change to the terms of this Agreement that reduces your rights or increases your responsibilities.

**"Transaction Details Page"** means the page on the PayPal website titled "Transaction Details" that displays information about the transaction. This page is accessible from the "Details" link on the "Overview" and "History" subtabs of the "My Account" tab on the PayPal website.

**"Verified Account"** means an Account status that reflects that PayPal is reasonably sure that an Account holder has legal control of one or more of his or her Payment Methods. This verification may take place by way of a random deposit(s) of less than one dollar ($1.00) by PayPal to the User's bank account. In the case of such random deposit, PayPal will retrieve (debit) the deposited amount from the User's bank account soon afterwards. A Verified Account status does not constitute an endorsement of a User or a guarantee of a User's business practices.

**"Virtual Terminal Payment"** means a payment processed by PayPal through the Virtual Terminal flows that is funded directly by a Card and not through an Account.

**"Viewable Online Proof of Delivery"** means documentation that can be viewed online at the Approved Shipper's website and includes the address to which the package was delivered.

**"Viewable Online Signature Confirmation"** means documentation that can be viewed online at the Approved Shipper's website and includes the signature of the person who received the package.

**"Unauthorized Transaction"** has the definition provided in Section 12 (Resolution Procedures for Unauthorized Transactions and Other Errors) of this Agreement.

**"User"** means any person or entity using the PayPal Services including you.

Back to top

Exhibit G -- Text for response to request for information:

"For additional information or to contact us, visit www.paypal.com/contactus or simply click **Contact Us** at the bottom of any PayPal web page."

Exhibit H – Screenshots of FAQ web pages on holds, reserves and limitations

## FREQUENTLY ASKED QUESTIONS – PAYMENT HOLDS

### Payment Holds – Fund Availability Details

**PayPal**

Sign Up | Log In | Help | Security and Protection          [          ] [Search]

| Home | Personal | Business |

Get to Know PayPal   Pay Online   Send Money   Get Paid   Products & Services

Security & Protection > PayPal Holds FAQ                          🖶 Print this Page   ✉ Email this Page

## Frequently Asked Questions - Payment Holds

⊟ **Funds availability details**

When some sellers receive payments, we may hold the money in their pending balance for up to 21 days. We want to make sure that there are no problems with the orders, such as disputes, claims, returns, or chargebacks. After we determine that the order was fulfilled and the customer is satisfied, we may release the money earlier.

If we place your money in a pending balance, it belongs to you but isn't immediately available to spend or withdraw.

We'll let you know if payments on your account are held. We'll also let you know what steps you can take to have your money released earlier. If your PayPal account was already limited, you'll need to lift those limits before you complete the steps to release your payments.

⊞ How does it work?

⊞ Why aren't my payments available right away?

⊞ When does PayPal release the payment?

⊞ How is the estimated delivery date calculated?

⊞ Can I pay for shipping with money in my pending balance?

⊞ What can I do to avoid delayed payment?

⊞ Who is affected by payment delays?

Exhibit H – Screenshots of FAQ web pages on holds, reserves and limitations

**Payment Holds – How Does It Work?**

Sign Up    |    Log In    |    Help    |    Security and Protection

Search

**PayPal**

Home    Personal    Business

Get to Know PayPal    Pay Online    Send Money    Get Paid    Products & Services

Security & Protection > PayPal Holds FAQ                    Print this Page    Email this Page

## Frequently Asked Questions - Payment Holds

⊞  Funds availability details

⊟  How does it work?



| ① | ② | ③ | ④ | ⑤ | ⑥ |
|---|---|---|---|---|---|
| You sell an item and the buyer pays with PayPal. | The money goes into your PayPal account's pending balance. | You ship the item to the buyer, or perform the service. | The buyer receives their order and has time to review it. | If the buyer doesn't report any issues, your money is available within 21 days. | If you mark the order as processed, your money may be available sooner than the 21 days, based on the estimated delivery date. |

⊞  Why aren't my payments available right away?

⊞  When does PayPal release the payment?

⊞  How is the estimated delivery date calculated?

Exhibit H – Screenshots of FAQ web pages on holds, reserves and limitations

**Payment Holds – Why Aren't My Payments Available Right Away?**

PayPal

Sign Up | Log In | Help | Security and Protection          [          ] [Search]

| Home | Personal | Business |

Get to Know PayPal    Pay Online    Send Money    Get Paid    Products & Services

Security & Protection > PayPal Holds FAQ                    📠 Print this Page   ✉ Email this Page

## Frequently Asked Questions - Payment Holds

⊞  Funds availability details

⊞  How does it work?

⊟  Why aren't my payments available right away?

    Delaying the availability of payments for a specified amount of time is a common practice in the payments industry. Delaying access to payments helps make sure that sellers have enough money in their account to cover claims or refunds.

⊞  When does PayPal release the payment?

⊞  How is the estimated delivery date calculated?

⊞  Can I pay for shipping with money in my pending balance?

⊞  What can I do to avoid delayed payment?

⊞  Who is affected by payment delays?

**All Security and Protection Topics**

| Identify or Resolve a Problem | Learn about Security and Protection | Policies and Agreements |
|---|---|---|
| Deal with Suspicious Activity | Purchase Protection | Policy Guide |

Exhibit H – Screenshots of FAQ web pages on holds, reserves and limitations

## Payment Holds – When Does PayPal Release The Payment?

Sign Up   |   Log In   |   Help   |   Security and Protection

Search

**PayPal**

| Home | Personal | Business |

Get to Know PayPal    Pay Online    Send Money    Get Paid    Products & Services

Security & Protection > PayPal Holds FAQ                    🖶 Print this Page   ✉ Email this Page

## Frequently Asked Questions - Payment Holds

⊞  Funds availability details

⊞  How does it work?

⊞  Why aren't my payments available right away?

⊟  When does PayPal release the payment?

If there are no problems with a transaction, the money will typically be released within 21 days after the buyer pays. If there are problems, such as a dispute, claim, chargeback, or return, we'll release the payment when the issue is resolved. After you fulfill the order and mark it as processed, typically the payment will be released sooner.

The money may be released early if:

- You ship directly using USPS, UPS, or FedEx, or pay for shipping and print labels on PayPal. Once we know that the item was delivered, we'll release the payment within 3 days, OR
- You mark an order as shipped or processed. (This applies even if you don't provide tracking information through USPS, UPS, or FedEx or if the order does not require shipping.) We'll calculate the expected delivery date and release the payment within 7 days of that date, OR
- You mark the item as processed and we know that the buyer has received it and is happy with the item. We'll release the payment within 7 days.

⊞  How is the estimated delivery date calculated?

⊞  Can I pay for shipping with money in my pending balance?

Exhibit H – Screenshots of FAQ web pages on holds, reserves and limitations

**Payment Holds – How Is The Estimated Delivery Date Calculated?**

Sign Up  |  Log In  |  Help  |  Security and Protection          [          ] [Search]

**PayPal**

| Home | Personal | Business |

Get to Know PayPal   Pay Online   Send Money   Get Paid   Products & Services

Security & Protection > PayPal Holds FAQ                    🖨 Print this Page   ✉ Email this Page

## Frequently Asked Questions - Payment Holds

⊞  Funds availability details

⊞  How does it work?

⊞  Why aren't my payments available right away?

⊞  When does PayPal release the payment?

⊟  How is the estimated delivery date calculated?

   After you mark your order as shipped or processed, we calculate the estimated delivery date using a combination of the
   processing date, the type of service or shipping company, handling time, and the shipping address, if applicable. For orders
   which don't require shipment, we determine the appropriate handling time based on the information you provide.

⊞  Can I pay for shipping with money in my pending balance?

⊞  What can I do to avoid delayed payment?

⊞  Who is affected by payment delays?

**All Security and Protection Topics**

Identify or Resolve a Problem       Learn about Security and Protection       Policies and Agreements

Exhibit H – Screenshots of FAQ web pages on holds, reserves and limitations

## Payment Holds – What Can I Do To Avoid Delayed Payment?

Frequently Asked Questions - Payment Holds

⊞ Funds availability details

⊞ How does it work?

⊞ Why aren't my payments available right away?

⊞ When does PayPal release the payment?

⊞ How is the estimated delivery date calculated?

⊞ Can I pay for shipping with money in my pending balance?

⊟ What can I do to avoid delayed payment?

Here are a few simple steps you can take to make sure that your money is available sooner and that future payments aren't delayed:

- Process orders right away and ship quickly using a service that provides tracking and delivery confirmation.
- Upload or save tracking information or Delivery Confirmation numbers.
- Communicate early and often with your buyers.
- Confirm the address and phone numbers associated with your PayPal account, and keep them up to date.
- Verify your account and keep your financial information (like bank account and credit card numbers) up to date.
- Avoid buyer disputes, claims, and chargebacks.
- If you have a buyer dispute, resolve it quickly.
- If you sell on eBay, improve your Detailed Seller Ratings (DSRs) scores.

⊞ Who is affected by payment delays?

**All Security and Protection Topics**

| Identify or Resolve a Problem | Learn about Security and Protection | Policies and Agreements |
|---|---|---|
| Deal with Suspicious Activity | Purchase Protection | Policy Guide |
| Resolve a Problem with a Purchase | Seller Protection | For All Users |
| Resolve a Problem with a Sale | Hardware and Software Security | For Merchants and Businesses |
| Report a Problem | Identity Theft | Product-Specific Agreements |

Exhibit H – Screenshots of FAQ web pages on holds, reserves and limitations

## Payment Holds – Who Is Affected By Payment Delays?

Frequently Asked Questions - Payment Holds

⊞ Funds availability details

⊞ How does it work?

⊞ Why aren't my payments available right away?

⊞ When does PayPal release the payment?

⊞ How is the estimated delivery date calculated?

⊞ Can I pay for shipping with money in my pending balance?

⊞ What can I do to avoid delayed payment?

⊟ Who is affected by payment delays?

Payment delays typically affect new sellers or sellers in categories that have a higher than average rate of refunds, disputes, or chargebacks.

In deciding whether to hold payments in a pending balance, we review many factors. These factors include transaction activity, the rate of customer disputes, the type of business, average delivery time, customer satisfaction, and history. We understand that some experienced sellers may be affected. While history with PayPal is important, it's only one of many factors we consider.

Here are some common reasons we may hold payments in a pending balance:

- You have limited history or selling activity.
- You have low Detailed Seller Ratings, negative Feedback, or other indication of below-standard performance on eBay.
- You have a high rate of customer refunds, disputes, claims, or chargebacks.
- You're selling in a high risk category or industry such as tickets, travel, gift certificates, computers, consumer electronics, or mobile phones.
- Your business or selling activity is inconsistent. For example, you have a spike in selling activity, your average selling price changes, or you started selling in a new category.
- The account information you have provided is incomplete or inaccurate, or we're uncertain about the information you've provided.
- Your withdrawal activity has changed.

Exhibit H – Screenshots of FAQ web pages on holds, reserves and limitations

# FREQUENTLY ASKED QUESTIONS – RESERVES

## Reserves – Why Is My Money Being Held In Reserve?

| reserves | | Search | Related searches: **my reserves balance, rolling, holds reversals and reserves, learn more about the funds availability terms for paypal here transactions., holds reversals & reserves** |

### Best matches

**Funds Availability Policy**
Generally, we will make funds that you receive available to you immediately. However, in order to minimize the costs you and we may incur due to disputes and chargebacks, we may sometimes delay the availability of certain funds.

### FAQs

More answers in the **Help Center**

▼ Why is my money being held in reserve? - PayPal

   We hold money in reserve just in case you receive payment reversals or chargebacks and your PayPal balance isn't enough to cover them.

   The amount being held in reserve can be found on your Pending Balance page. From time to time, we may need to adjust your reserve amount. If that happens, we'll email you about the changes.

   🖨 Print

▶ How much of my money is being held in reserve? - PayPal

▶ Why is my payment unavailable? - PayPal

## More results

**Funds Availability Policy**
Generally, we will make funds that you receive available to you immediately. However, in order to minimize the costs you and we may incur due to disputes and chargebacks, we may sometimes delay the availability of certain funds.

**Enhanced Recurring Payments Terms and Conditions**
... PayPal reserves the right to cancel, suspend or modify all or part of this offer at any time without notice for any reason in its sole discretion. ...

**Understanding Chargebacks - PayPal**

Exhibit H – Screenshots of FAQ web pages on holds, reserves and limitations

## Reserves – How Much Of My Money Is Being Held In Reserve?

| reserves | | Search | Related searches: **my reserves balance, rolling, holds reversals and reserves, learn more about the funds availability terms for paypal here transactions., holds reversals & reserves** |

### Best matches

**Funds Availability Policy**

Generally, we will make funds that you receive available to you immediately. However, in order to minimize the costs you and we may incur due to disputes and chargebacks, we may sometimes delay the availability of certain funds.

### FAQs

More answers in the **Help Center**

▸ **Why is my money being held in reserve? - PayPal**

▾ **How much of my money is being held in reserve? - PayPal**

You can find out how much money is in reserve or is being held:

Log in to your PayPal business account.

Click **Settings** near the top of the page.

Click **Money at PayPal.**

The amount of money under "Pending" is the amount that is in reserve or is being held.

🖶 Print

▸ **Why is my payment unavailable? - PayPal**

### More results

**Funds Availability Policy**

Generally, we will make funds that you receive available to you immediately. However, in order to minimize the costs you and we may incur due to disputes and chargebacks, we may sometimes delay the availability of certain funds.

Exhibit H – Screenshots of FAQ web pages on holds, reserves and limitations

## Reserves – Why Is My Payment Unavailable?

### Best matches

**Funds Availability Policy**
Generally, we will make funds that you receive available to you immediately. However, in order to minimize the costs you and we may incur due to disputes and chargebacks, we may sometimes delay the availability of certain funds.

### FAQs

More answers in the **Help Center**

► **Why is my money being held in reserve? - PayPal**

► **How much of my money is being held in reserve? - PayPal**

▼ **Why is my payment unavailable? - PayPal**

If a buyer pays you and the payment isn't immediately available, we'll notify you via email or an alert in your Account Overview page. This email or alert will be the best source of information on why your payment isn't available and what you may be able to do to help access it faster.

Here are some common situations why a payment you receive might not be immediately available:

- You're involved in a pending PayPal dispute, claim, or eBay Buyer Protection case, or your buyer has filed a chargeback or reversal with their bank.

- Your payments may be placed in your pending PayPal balance because you're a new seller (whether on or off eBay), or because you have a Below Standard seller rating on eBay. By delaying the availability of payments for up to 21 days, we have time to make sure your buyer didn't experience any problems with their order.

- Your account has been temporarily limited because we've noticed an issue with your account and need your help to resolve it.

- A reserve has been placed on your account.

- We've identified a potential issue with a buyer's payment and are reviewing the transaction. We typically complete these reviews within 24 hours. During this time, the payment won't be available and we'll ask that you wait to ship the item to your buyer until we complete our review.

You can log in to your PayPal account any time to view your payment status.

**Learn more** about payment status and availability.

🖨 Print

More results

Exhibit H – Screenshots of FAQ web pages on holds, reserves and limitations

# FREQUENTLY ASKED QUESTIONS – LIMITATIONS

## Limitations – How Do I Remove The Limitation From My Account?

| limitations | Search | Related searches: **help, account limitations and verification, help center, resolve, how to fix account limitations** |

FAQs

More answers in the **Help Center**

▼ **How do I remove the limitation from my account? - PayPal**

**Before you start**

If your account is limited, it means that you won't be able to do certain things with your PayPal account. For example, you might not be able to send or withdraw money.

Usually, we ask you to complete one or more tasks to remove your account limitation. For your convenience, all the tasks are in a **Steps to Remove Limitation** list in the Resolution Center.

If all the steps are completed and your account remains limited, it means one of 2 things:

- We've sent you an email asking for more information, or

- We're reviewing your case, and we'll email you with our decision, usually within 3 business days.

We will notify you by email of our decision.

**What to do**

Log in to your PayPal account.

Click **Resolution Center** at the top of the page and look for the **Steps to Remove Limitation** list.

Click the first **Resolve** button and follow the instructions provided. **Note**: if one of the steps involves confirming your location, be sure to select a landline number where we can call you. We cannot use your cell phone number to confirm your location.

Repeat step 3 for each item in the **Steps to Remove Limitation** list.

After you complete the steps, we will evaluate your case. We try to resolve all cases within 3 business days.

If you complete the steps and we ask you for more information by email, please respond as soon as possible so we can resolve your case.

🖨 **Print**

Exhibit H – Screenshots of FAQ web pages on holds, reserves and limitations

**Limitations – What Is PayPal's Transaction Limit?**



Exhibit H – Screenshots of FAQ web pages on holds, reserves and limitations

## Limitations – ?

### Search results

| limitations | **Search** | Related searches: **help, account limitations and verification, help center, resolve, how to fix account limitations** |

### FAQs

More answers in the Help Center

▶ **How do I remove the limitation from my account? - PayPal**

▶ **What is PayPal's transaction limit?**

▼ **How can I lift my Withdrawal Limit? - PayPal**

For security reasons, there are initial limits on the amount of money you can withdraw from your PayPal account each month. Until you complete the steps to remove the limit, you may only be able to withdraw $500.00 per month. The start of a month is determined by when the PayPal account was opened (for example, May 15 to June 15).

You can lift this limit by linking and confirming your bank account or verifying your credit or debit card information. Here's how you can view and lift your withdrawal limit.

Log in to your PayPal account.

Click **Settings** near the top of the page, and then "More settings."

To lift your withdrawal limit, click **View Limits** beside "Account type."

🖨 **Print**

▶ **What should I do if my account is restricted? - PayPal**

▶ **What is the maximum amount I can send with my PayPal account?**

### More results

Exhibit H – Screenshots of FAQ web pages on holds, reserves and limitations

## Limitations – ?

Search results

limitations   [Search]   Related searches: **help**, **account limitations and verification**, **help center**, **resolve**, **how to fix account limitations**

## FAQs

More answers in the **Help Center**

▶ How do I remove the limitation from my account? - PayPal

▶ What is PayPal's transaction limit?

▶ How can I lift my Withdrawal Limit? - PayPal

▼ What should I do if my account is restricted? - PayPal
Your account may be restricted for various reasons. Most of the time, you can fix this by visiting the Resolution Center and providing some information. Here's how.
Log in to your PayPal account.

Click **Resolution Center** to find information on removing the restriction.

If you've completed the suggested steps and your account is still restricted, it means one of two things:

• We need more information, and we've sent you an email asking for it, or

• We're reviewing the information you provided and we'll email you with an update (usually within 3 business days).

If you've completed the requested actions in the Resolution Center, and have waited a few days, but you haven't gotten a reply from PayPal, contact customer service by clicking **Contact Us** at the bottom of any page.
🖶 Print

▶ What is the maximum amount I can send with my PayPal account?

More results

Exhibit H – Screenshots of FAQ web pages on holds, reserves and limitations

**Limitations – ?**

Search results

| limitations | Search | Related searches: **help**, **account limitations and verification**, **help center**, **resolve**, **how to fix account limitations** |

FAQs

More answers in the **Help Center**

▶ How do I remove the limitation from my account? - PayPal

▶ What is PayPal's transaction limit?

▶ How can I lift my Withdrawal Limit? - PayPal

▶ What should I do if my account is restricted? - PayPal

▼ What is the maximum amount I can send with my PayPal account?

If your account is Verified, there's no limit on the total amount of money you can send from your account. You can send up to $10,000 in a single transaction. (This amount can vary, though, depending on your currency.)

If your account is Unverified, there's a limit on the total amount of money you can send from your account. To lift your sending limit, get Verified.

Here's how to view your sending limit:

Log in to your PayPal account.

Click **Settings**.

Click **More settings**.

Click **View Limits** beside "Account Type."

🖶 Print