UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MOISES ZEPEDA, MICHAEL SPEAR, RONYA OSMAN, BRIAN PATTEE, CASEY CHING, DENAE ZAMORA, MICHAEL LAVANGA, and GARY MILLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAYPAL, INC., E-BAY INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No:  C 10-2500 SBA<br><br>Related to:<br>C 10-1668 SBA<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO CONTINUE TO MEET AND CONFER**<br><br>Dkt. 168 |

The parties are presently before the Court on the "Administrative Motion to Re-Order Parties Meet and Confer re: Settlement Efforts and Motions to Intervene Per Zepeda Dkt 163 and Dkt 164." Dkt. 168.  Said motion was filed by Attorney Garrett Skelly on behalf of Reginald Burgess, Lacy and Caleb Reinstma, Amy and Fred Rickel, and Collett Tapia (collectively "Movants")—none of whom are parties to the instant action. Defendants PayPal, Inc. and eBay, Inc., timely filed an opposition to the motion.  Dkt. 173.

The Court finds that the instant administrative motion is procedurally defective for several independent reasons.  First, Movants failed to obtain prior leave of Court, as required pursuant to this Court's Order, filed on May 15, 2013.  See Order Denying Mot. for Leave to File Mot. for Recons. at 6, Dkt. 162 ("other than filing a procedurally proper and noticed motion to intervene, attorney Garrett Skelly shall not file any further motions or other non-stipulated requests on behalf of Burgess or any other non-party without prior leave of Court.").  Second, Movants failed to comport with Civil Local Rule 7-11(a)'s

requirement that an administrative motion "must be accompanied by . . . either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." Third, Movants failed to comply with this Court's meet and confer requirement. See Order re Meet and Confer Requirement at 2, Dkt. 162 ("prior to filing any motion or non-stipulated request, the parties (including any putative interveners) shall meet and confer in person or by telephone in a good faith effort to resolve the matter without judicial intervention. . . . Any motion or non-stipulated request shall include a written certification that the parties have complied with this requirement.").

The administrative motion also fails on the merits. Movants request that the Court order counsel for the parties and for Movants to enter into a "CONTINUOUS MEET AND CONFER . . . until a STIPULATED settlement is reached, or why it can be shown said efforts would always be fruitless; and/or in the alternative that defendants withdraw the settlement offer." Admin. Mot. at 5, Dkt. 168. However, the parties have already reached a settlement in this action and presently are seeking preliminary approval of the same. Dkt. 166. In the event the Court preliminarily approves the settlement and conditionally certifies a settlement class, notice will be disseminated and Movants, to the extent they are members of the class, will then have the opportunity to object to the settlement, provided, of course, that they do so in a manner consistent with the class notice. Movants also may choose to opt out of the settlement and commence a new lawsuit. Accordingly,

IT IS HEREBY ORDERED THAT Movants' Administrative Motion to Re-Order Parties Meet and Confer re: Settlement Efforts and Motions to Intervene Per Zepeda Dkt 163 and Dkt 164 is DENIED. This Order terminates Docket 168.

IT IS SO ORDERED.

Dated: June 12, 2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\SBALC2\K….\Civil\10-2500 - Zepeda - Order Denying Adm Mot to Reorder Parties.docx