UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MOISES ZEPEDA, MICHAEL SPEAR, RONYA OSMAN, BRIAN PATTEE, CASEY CHING, DENAE ZAMORA, MICHAEL LAVANGA, and GARY MILLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAYPAL, INC., E-BAY INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No: C 10-2500 SBA<br><br>Related to:<br>No. C 10-1668 SBA<br><br>**ORDER DENYING ADMINISTRATIVE MOTION FOR LEAVE TO RE-FILE MOTION TO INTERVENE AND AMEND THE COMPLAINT RE: MOTIONS TO INTERVENE PER ZEPEDA**<br><br>Dkt. 176 |

The parties are presently before the Court on Reginald Burgess ("Burgess"), Lacy and Caleb Reintsma, Amy and Fred Rickel and Colette Tapia's (collectively "Putative Interveners'") "Administrative Motion for Leave to Re-File Motion to Intervene and Amend the Complaint Re: Motions to Intervene Per Zepeda." Dkt. 176. The Court previously denied Burgess' request to intervene, without prejudice, based on their attorney's failure to comply with the Court's meet and confer requirement. Dkt. 161 at 3.

Defendants eBay Inc. and PayPal, Inc., (collectively "Defendants") oppose the instant administrative motion, claiming that Putative Interveners did not meet and confer with them, and that they failed to submit a written certification as required by the Court's priors orders. Dkt. 179. It appears that the litigants, in fact, attempted to meet and confer, though the discussions were not productive. Dkt. 172. Nevertheless, Defendants correctly note that leave to file a motion to intervene is *not* required. Rather, the Court's prior ruling

merely required Burgess to seek leave to file any motion *other than* a motion to intervene. Dkt. 162 at 5. As such, the instant motion for leave is unnecessary.

Although the matter of whether Putative Interveners should be permitted to intervene is not presently at issue, the Court notes, for their benefit, that there is pertinent authority holding that intervention is inappropriate under the circumstances presented. Putative Interveners contend that intervention is necessary on the grounds that the existing pleadings and the proposed class action settlement are inadequate, and therefore, they should be allowed to assume control of the litigation. However, federal courts have rejected analogous arguments and denied intervention. See, e.g., Grilli v. Metropolitan Life Ins. Co., Inc., 78 F.3d 1533, 1536-38 (11th Cir. 1996) (upholding the district court's denial of a motion to intervene upon finding that the proposed interveners could protect their interest either by opting out of the class and litigating separately, or by remaining in the case and interposing objections to the settlement if they believed the settlement was unfair); accord Davis v. J.P. Morgan & Co., 775 F. Supp. 2d 601, 606 (W.D.N.Y. 2011); Cohorst v. BRE Props., Inc., No. 10cv2666 JM(BGS), 2011 WL 3475274, *6 (S.D. Cal. Aug. 5, 2011). In determining whether to renew their motion to intervene, Putative Interveners should take such authority into account.[1] Accordingly,

IT IS HEREBY ORDERED THAT Interveners' Administrative Motion for Leave to Re-File Motion to Intervene and Amend the Complaint Re: Motions to Intervene Per Zepeda is DENIED as moot. This Order terminates Docket 176.

IT IS SO ORDERED.

Dated: February 10, 2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] The Court's citation to the aforementioned cases is not intended to constitute the universe of cases germane to the issue of intervention under the circumstances presented in this action. To the extent Putative Interveners renew their motion to intervene, all parties are expected to conduct their own legal research and to cite appropriate authority. Any case citations shall include pinpoint cites. String-cites (without parenthetical explanations) are discouraged.