UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MOISES ZEPEDA, MICHAEL SPEAR, RONYA OSMAN, BRIAN PATTEE, CASEY CHING, DENAE ZAMORA, MICHAEL LAVANGA, and GARY MILLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAYPAL, INC., E-BAY INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No: C 10-2500 SBA<br><br>Related to:<br>No. C 10-1668 SBA<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECUSAL AND TRANSFER**<br><br>Dkt. 183 |

This is a putative class action filed by Plaintiffs Moises Zepeda, Michael Spear, Ronya Osman, Brian Pattee, Casey Ching, Denae Zamora, Michael Lavanga and Gary Miller which seeks to challenge certain business practices by Defendants eBay, Inc., and PayPal, Inc. The parties are before the Court on a "Motion for Leave to File and Administrative Motion for Recusal and Transfer Pursuant to 28 USC 144 [sic]" filed by non-party Reginald Burgess ("Burgess"), through his attorney, Garrett Skelly ("Skelly"). Dkt. 183.[1] Having read and considered the papers submitted, as well as the file in the action, the Court DENIES Burgess' motion in its entirety. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

---

[1] Burgess works as a paralegal for Skelly. Dkt. 172.

## I. DISCUSSION

Burgess brings his motion under 28 U.S.C. § 144, which provides for recusal where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. McTiernan, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks and citation omitted). Section 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Compliance with these requirements is mandatory. See United States v. Azhacar, 581 F.2d 735, 738 (9th Cir. 1978) ("failure to follow . . . procedural requirements . . . defeats his charge of bias.").

"An affidavit filed pursuant to [§ 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980). If the court finds the supporting affidavit is legally sufficient, it must proceed no further and another judge must be assigned to hear the motion. Id. at 867; Civ. L.R. 3-14. Where the affidavit is legally insufficient, the judge at whom the motion is directed may resolve the matter. United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999). "Under § 144, the affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial." United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992).

Burgess' motion for recusal is both procedurally and substantively infirm.  As an initial matter, Burgess is not a party to this action and therefore lacks standing to bring a motion for recusal.  E.g., United States v. Sciarra, 851 F.2d 621, 636 (3rd Cir. 1988) ("we hold that the petitioners have no standing to [seek recusal] in their capacity as non-party witnesses"); United States v. 8 Gilcrease Lane, No. 08-1345 (RMC), 2009 WL 2408414, *1 (D.D.C. Aug. 4, 2009) (ruling that a non-party, whose motion to intervene was denied, "is not a party entitled to seek disqualification.").  Citing In re Cement Antitrust Litigation (MDL No. 296), 688 F.2d 1297, 1310 (9th Cir. 1982), Burgess argues that a putative class member is treated as a "party" for purposes of bringing a motion for recusal.  In that case, however, the district court had previously granted class certification.  Id. at 1299.  Here, no class has been certified.  Unless and until a class which includes Burgess as a member has been certified, Burgess lacks standing.  See Standard Fire Ins. Co. v. Knowles, 133 S.Ct. 1345, 1349 (2013) ("A nonnamed class member is not a party to the class-action litigation *before the class is certified*.") (internal quotations, brackets and citations omitted); O'Connor v. Uber Techs, Inc., No. C 13-3826 EMC, 2013 WL 6407583, *2 (N.D. Cal. Dec. 6, 2013) ("Even if an unnamed class member were faced with a motion to compel arbitration, Plaintiffs cite no authority establishing a putative class representative has standing to challenge the motion prior to certification of the class.") (Chen, J.).

Assuming for the sake of argument that Burgess could properly bring a motion for recusal in this case, his affidavit is facially insufficient because it fails to allege facts showing bias or prejudice emanating from an extrajudicial source.  See Sibla, 624 F.2d at 868.  Here, the affidavit submitted by Burgess alleges bias and prejudice arising out the Court's alleged mishandling of the action, including the issuance of orders denying his various motions and striking his unauthorized filings, and warnings that he and/or his counsel may be subject to sanctions in the event of further transgressions of the Court's orders or other procedural rules.  E.g. Burgess Aff. ¶ 6, 12-22, 42-86, Dkt. 184.  None of those claims presents colorable grounds upon which to disqualify a judge.  Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid

1  basis for a bias or partiality motion."); United States v. Studley, 783 F.2d 934, 939 (9th Cir.
2  1986) ("a judge's prior adverse ruling is not sufficient cause for recusal."); see also United
3  States v. McTiernan, 695 F.3d 882, 891 (9th Cir. 2012) ("expressions of impatience,
4  dissatisfaction, annoyance, and even anger" by a federal district court judge "do not
5  establish bias or partiality.").

6       Equally meritless is Burgess' claim of bias arising from an extrajudicial source.
7  Burgess Aff. ¶ 28-42.  According to Burgess, his ex-wife (whose name is not disclosed) is
8  an African-American attorney, who knows the undersigned from college.  Id. ¶ 29.
9  Burgess claims his ex-wife told him that "sista[s] . . . stick together" and that they share a
10 disdain for the "man."[2] Id. ¶¶ 31-40.  Though admittedly having no knowledge of whether
11 his ex-wife has had any contact with the Court, Burgess surmises that all female African-
12 American legal professionals in the Bay Area know one another—and insinuates that, as a
13 result, his ex-wife must have shared her biases with the Court.  Id.[3]  Burgess concludes that,
14 "In the African-American community, it is always the 'mans' fault, and the scorned woman
15 syndrome is adopted by proxy to any female who feels she can use any power she has to jab
16 at the 'man'; and this is what Judge Armstrong's orders certainly . . . appear as.  Spite
17 orders."  Id. ¶ 41.

18      Burgess' accusations of bias are entirely specious, if not delusional.  To the extent he
19 is alleging that the Court is biased against him on account of his race, such a claim is based
20 on nothing more than rank conjecture and race and gender-based stereotypes.  The Court is
21 unaware of Burgess' race; but even if it were aware, such information has no bearing on the
22 Court's decisions in this action.  The Court's rulings and handling of the litigation have

---

[2] Burgess does not define the meaning of the "man."

[3] For instance, Burgess notes that in the Order filed on May 15, 2013, the Court used the phrase "of little moment."  Dkt. 162 at 4.  He claims that his ex-wife's "favorite saying" was the phrase "is of no moment," and that the Court's common use of this similar phrase supports the conclusion that she must have communicated with the Court.  Burgess Decl. ¶¶ 30, 35.  No such third-party communication has occurred.

been and will continue to be based solely on an objective evaluation of the record submitted in this case, without any extrajudicial influences.[4]

Finally, Burgess argues that because this case "will be around for 15 years or more," the Court should transfer the instant action to Judge Tigar, Orrick or Davila, since they are more recent judicial appointments and thus likely to have a longer future tenure than this Court. Mot. at 3. Setting aside that it is extremely unlikely that this action will continue for another fifteen years, Burgess cites no authority for the notion that the Court may transfer a pending civil action to another judge of this Court on that basis.

## II. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Burgess' Motion for Leave to File and Administrative Motion for Recusal and Transfer Pursuant to 28 U.S.C. § 144 is DENIED. This Order terminates Docket 183.

IT IS SO ORDERED.

Dated: February 10, 2014

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[4] As much as it finds fault with Burgess' infirm and unfounded claims, the Court is particularly troubled that attorney Skelly, an officer of the court, filed a certification purporting to assert that Burgess' motion and his allegations are made in "good faith." Dkt. 185. No reasonable or ethical attorney would have made such a certification.