UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MOISES ZEPEDA, MICHAEL SPEAR, RONYA OSMAN, BRIAN PATTEE, CASEY CHING, DENAE ZAMORA, MICHAEL LAVANGA, and GARY MILLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAYPAL, INC., E-BAY INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No:  C 10-2500 SBA<br><br>Related to:<br>No. C 10-1668 SBA<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Dkt. 198 |

On February 10, 2014, the Court issued two separate orders denying Putative Interveners'[1] motion for leave to file a motion for recusal under 28 U.S.C. § 144, and their administrative motion for leave to refile a motion to intervene and amend the complaint. Dkt. 196, 197.  With regard to the motion for recusal, the Court ruled that Putative Interveners lacked standing to bring said motion and adverse rulings are insufficient to support a showing of bias or prejudice.  See Order Denying Motion for Leave to File Motion for Recusal and Transfer at 3-4, Dkt. 196.  As for Putative Interveners' claim that Burgess' ex-wife must have influenced the Court's rulings, the Court concluded that such

---

[1] Putative Interveners are Reginald Burgess, Lacy and Caleb Reintsma, Amy and Fred Rickel and Colette Tapia.  They are represented by attorney Garrett Skelly.  Mr. Burgess is Mr. Skelly's paralegal.

claim was predicated on nothing more than conjectural, racist and sexist claims of bias. Id. at 4-5. As for their administrative motion for leave to file a motion to intervene and amend the complaint, the Court denied the motion as moot because the Court did not previously require prior leave to bring such a motion.

The day after the Court issued the aforementioned rulings, Putative Interveners filed the instant "Administrative Motion for Leave to File Motion for Reconsideration of Orders Dkt. 196 and 197." Dkt. 198. Requests for leave to file a motion for reconsideration are governed by Civil Local Rule 7-9(b), which requires that the movant demonstrate:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Putative Interveners fail to cite Civil Local Rule 7-9, and make no attempt to comply with its requirements. On that basis alone, the request for leave is subject to denial. See Tri-Valley CARES v. U.S. Dept. of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); see also Indep. Towers of Wash. v. Wash., 350 F.3d 925, 930 (9th Cir. 2003) ("It is [the movant's] burden . . . to present the court with legal arguments to support its claims.").

Putative Interveners' motion for leave also fails on the merits. Though not entirely clear, the motion seems to suggest that reconsideration is warranted on the grounds that the Court purportedly misunderstood the difference between a motion to intervene as compared to a motion to intervene in a class action for the purpose of filing an amended complaint to supersede the Second Amended Complaint filed by counsel currently representing the

Plaintiffs. Admin. Mot. at 1-2. This argument makes no sense. The Court denied their administrative motion to refile their motion to intervene as moot simply because leave is not required to file said motion. See Order Denying Admin. Mot. for Leave to Re-File Motion to Intervene and Amend the Complaint Re: Motions To Intervene Per Zepeda at 2, Dkt. 196. Since the Court found that Putative Interveners are free to refile their motion, it is unclear what aspect of the Court's ruling they contend should be reconsidered.[2]

With regard to the Court's Order denying the motion for recusal, Putative Interveners seem to posit that the Court applied the wrong legal standard. Putative Interveners state: "The legal sufficiency of the affidavit [under 28 U.S.C. § 144] is that it contains facts, is subscribed and sworn, and alleges facts showing a 'reasonable person' [sic] 'bias or prejudice' and it need not be from an 'extrajudicial source,' it can emanate from rulings which defy supervisory court precedent—as in to defy clear mandates from the Supreme court [sic]." Admin. Mot. at 4. Putative Interveners fail to cite any authority for this proposition, which is unsurprising, given that they are wrong. The Ninth Circuit has held that, "[a]n affidavit filed pursuant to [§ 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980) (emphasis added). Putative Interveners should be aware that Ninth Circuit authority is binding on this Court.

---

[2] The parties must, of course, meet and confer in person or by telephone prior to the filing of any motion or request. See Order re Meet and Confer Requirement, Dkt. 163. Mr. Skelly prepared a "transcript" of a purported meet and confer telephone call from May 23, 2013, which he claims demonstrates his compliance with the meet and confer requirement. Supp. Skelly Decl., Dkt. 172. The transcript, assuming it is accurate, reveals a combative conference call wherein Mr. Skelly repeatedly accuses the other counsel of "attacking" him. From the transcript, it is not apparent that the counsel were, in fact, attacking Mr. Skelly; rather, they were merely inquiring who he is purporting to represent. Such inquiries were understandable, since some of the Putative Interveners he claims to represent are also represented by Mr. Wood and Ms. Trubitsky in the Fernando action. Though Mr. Skelly claims to have retainer agreements from certain of those individuals, no substitution of counsel has been filed and leave of court has not been sought or granted in accordance with Local Rule 11-5.

As explained in the Order denying the motion for leave to file a motion for recusal, the affidavit of Reginald Burgess which Putative Interveners proffered in support of their motion failed to show bias or prejudice emanating from an extrajudicial source.  See Order Denying Motion for Leave to File Motion for Recusal and Transfer at 3-4, Dkt. 196.  In his affidavit, Mr. Burgess insinuated that in light of the Court's prior rulings against him, it must have communicated with his unidentified ex-wife, who allegedly has disdain for the "man."  Id. at 4-5.  He further speculated that all African-American females in the legal profession know one another, and therefore, his ex-wife must have communicated her dislike for the "man" to the Court so that it would rule against Putative Interveners.  Id.  The Court found then, as it does now, that such accusations of bias are specious and delusional.  Id.  Even worse was attorney Garrett Skelly's certification that Burgess' affidavit was "made in good faith"—when it clearly was not.  Id. at 5 n.4.  Under controlling Supreme Court and Ninth Circuit authority, the motion for recusal and supporting documents were plainly insufficient under § 144.  Reconsideration is not warranted.

As an alternative matter, Putative Interveners request—without any analysis or citation to relevant legal authority—that the Court certify the two orders at issue for interlocutory appeal under 28 U.S.C. § 1292(b).  Under this provision, the district court may certify an appeal of an interlocutory order if (1) the order involves a controlling question of law, (2) appealing the order may materially advance the ultimate termination of the litigation and (3) there is substantial ground for difference of opinion as to the question of law.  See Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 687-88 (9th Cir. 2011).  "[T]he legislative history of [§] 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation."  In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."  James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).  Here, Putative Interveners have made no showing

that the Court's rulings present exceptional circumstances that justify interlocutory review. Accordingly, Putative Interveners' alternative request for certification under § 1292(b) is denied.

The Court notes that the instant motion for leave to file a motion for reconsideration, like the underlying motions for recusal and for leave to refile their motion to intervene, is patently frivolous and in bad faith. While Putative Interveners' counsel is certainly entitled to advocate zealously on behalf of his clients, he must do so, inter alia, while maintaining "respect due to courts of justice and judicial officers" and with the "honesty, care, and decorum required for the fair and efficient administration of justice[.]" Civ. L.R. 11-4(a)(3), (4). Mr. Skelly's conduct in this action, including his incessant filing of frivolous motions, flouting of the rules and orders of this Court, and repeated personal attacks on fellow counsel and the Court, is wholly inconsistent with the obligations of attorneys admitted to practice in this Court. His numerous filings also are inconsistent with Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. Should Mr. Skelly continue this course of unprofessional conduct, he may be subject to sanctions and/or discipline, including a referral to the Court's Standing Committee on Professional Conduct or to the Chief District Judge with the recommendation that an order to show cause be issued under Civil L.R. 11-7. <u>See</u> Civ. L.R. 11-6. Accordingly,

IT IS HEREBY ORDERED THAT Putative Interveners' Administrative Motion for Leave to File Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: February 13, 2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge