UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MOISES ZEPEDA, MICHAEL SPEAR, RONYA OSMAN, BRIAN PATTEE, CASEY CHING, DENAE ZAMORA, MICHAEL LAVANGA, and GARY MILLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAYPAL, INC., E-BAY INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No: C 10-2500 SBA<br><br>Related to:<br>No. C 10-1668 SBA<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**<br><br>Dkt. 166, 167, 194 |

This is a putative class action filed by Plaintiffs Moises Zepeda, Michael Spear, Ronya Osman, Brian Pattee, Casey Ching, Denae Zamora, Michael Lavanga and Gary Miller against PayPal, Inc. ("PayPal"), and its parent entity, eBay, Inc. ("eBay"). Plaintiffs bring this lawsuit to challenge PayPal's alleged practice of placing reserve holds on sellers' accounts without justification and failing to provide notice of such holds to its users.

The parties are before the Court on Plaintiffs' Renewed Motion for Preliminary Approval of Class Action Settlement Agreement. Dkt. 166. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion without prejudice. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

### A. OVERVIEW OF THE DISPUTE

PayPal operates an on-line payment processing service that acts as a third party intermediary to facilitate payments between buyers and sellers of goods and services sold on-line. Second Am. Compl. ("SAC") ¶¶ 26-28, Dkt. 110. Once a purchase is made using PayPal, funds are debited from the buyer's account and credited to the seller's account. Id. Sellers may then opt to transfer funds to their bank account or maintain the funds in their PayPal account. Id.

PayPal's subscribers must agree to its User Agreement, among other agreements. Id. ¶ 33. The User Agreement provides that if the user violates the terms of the User Agreement (such as by engaging in defined "Restricted Activities") or terms of service, it "may hold funds in a seller's account by placing reserves on accounts and/or limiting and/or suspending seller's accounts and holding the funds in the accounts for up to and in some cases exceeding 180 days[.]" Id. ¶ 36.

Plaintiffs aver that even if users have not engaged in any Restricted Activities, PayPal nonetheless places reserve holds on their funds, while retaining the interest from any withheld amounts. Id. ¶¶ 1, 7. They further complain that, in violation of the User Agreement, PayPal fails to inform affected users that their funds are being withheld, the reason why such funds are being held, how they can have the hold released and/or how they can avoid future holds being placed on their accounts. Id. ¶ 4. It is these particular practices that lie at the center of the instant action.

### B. SUMMARY OF THE PENDING ACTIONS

#### 1. Zepeda

The procedural history of this action is long and tortured, beginning almost four years ago when, on May 12, 2010, plaintiffs Ronya Osman and Brian Pattee filed a complaint against PayPal and eBay. See Osman, et al., v. PayPal, Inc., et al., No. C 10-2046 PVT. A month later on June 7, 2010, Moses Zepeda ("Zepeda") filed the instant

action against PayPal.  Two days later, Michael Spear filed a third complaint against PayPal and eBay in the matter styled as Spear v. PayPal, Inc. and eBay, Inc., No. C 10-2046 PVT.

In July 2010, both the Osman and Spear actions (collectively "Prior Actions") were voluntarily dismissed without prejudice.  In their place, Zepeda filed a First Amended Class Action Complaint ("FAC") in which he joined seven additional plaintiffs, including two of the plaintiffs from the Osman and Spear actions.  The FAC alleged causes of action for: (1) breach of contract; (2) breach of fiduciary duty; (3) accounting; (4) violation of California's Consumers Legal Remedies Act; (5) violation of California's Unfair Competition Law; and (6) unjust enrichment.  Dkt. 22.  Plaintiffs are represented principally by Mark Todzo of Lexington Law Group LLC and Jeffrey Leon and Julie Miller of Complex Litigation Group LLC.

In the latter part of 2010, PayPal filed a motion to dismiss the FAC, pursuant to Federal Rule of Civil Procedure 12(b)(6), while Plaintiffs filed a motion for the appointment of lead counsel.  Dkt. 26, 28.  On February 15, 2011, Judge Jeremy Fogel, who was then presiding over the case, granted PayPal's motion and dismissed all claims alleged in the FAC with leave to file an amended complaint in thirty days.  Dkt. 49 at 11.[1] In the same order, Judge Fogel granted Plaintiffs' motion for the appointment of lead counsel.  Id.  Plaintiffs did not file a Second Amended Complaint ("SAC") within the specified time-frame, but instead, commenced settlement discussions with PayPal.

### 2. Fernando

On April 19, 2010, Devinda Fernando and Vadim Tsigel, represented by attorneys Marina Trubitsky and David Hicks, filed a new class action against PayPal and eBay.  See Fernando v. eBay, No. 10-1668 SBA.  On March 22, 2011, the plaintiffs filed a First Amended Class Action Complaint ("Fernando FAC") which, inter alia, joined Michail Zinger, Amy Rickel, Fred Rickel, Ira Gilman, Lacy Reintsma and Shaul Behr as additional

---

[1] Upon Judge Fogel's departure from the Northern District of California bench, the action was reassigned to this Court.  Dkt. 65.

party-plaintiffs.  Fernando, Dkt. 23.  In addition, eBay, which was named in the original complaint, was omitted as a party-defendant.

The amended pleadings allege that PayPal improperly restricts, freezes or closes customer accounts because of "suspicious activity," without notice, explanation or responding to the inquiries of affected users.  Id. ¶¶ 23-24.  PayPal also allegedly freezes the accounts of affected users, thereby preventing them from cancelling their accounts and recovering their funds.  Id. ¶ 25.  Such conduct, they allege, violates the EFTA as well as Section III of the Injunctive Relief portion of the settlement agreement reached in In re PayPal Litigation (Comb v. PayPal, Inc.), Nos. C 02-1227 JF, C 02-2777 JF.  Id. ¶¶ 25-26.  The Fernando plaintiffs further complain about a litany of other practices, which also allegedly violate the Comb settlement and the EFTA.  The Fernando FAC alleges six claims for: (1) violation of the EFTA; (2) violation of the Comb settlement agreement; (3) conversion; (4) money had and received; (5) unjust enrichment; and (6) negligence.  Fernando, Dkt. 1.  Although PayPal filed a motion to dismiss the FAC, the motion was taken off calendar to facilitate settlement discussions.  Id. Dkt. 26, 52.

### C. SETTLEMENT

In or about May 2011, the parties in this case reached a settlement during a mediation overseen by Randall W. Wulff of Dispute Resolution.  In December 2011, the parties in Fernando participated in a separate mediation, which resulted in a global settlement of both actions.  Among other things, the parties agreed that the Plaintiffs in this case would file a SAC which included the claims from the Fernando action and joined eBay as a party-defendant.

In January 2012, Ms. Trubitsky, one of the attorneys representing the plaintiffs in the Fernando action, announced that Fred and Amy Rickel no longer desired to participate in the global settlement, and demanded the opportunity to negotiate individual settlements with Defendants.  At the Case Management Conference held in April 2012, Ms. Trubitsky reiterated her demands and insisted that the global settlement could not move forward.  The Court indicated that any party who did not desire to be bound by the settlement was free to

opt out and file a separate action. The parties thereafter decided to proceed with the settlement in the instant action only. To that end, Plaintiffs in this action filed a SAC on October 9, 2012, which was then followed by the filing of a motion for preliminary approval of the class action settlement. Dkt. 110, 112.

Apparently dissatisfied with the parties' decision to move forward with a separate settlement, the Fernando plaintiffs then commenced a series of actions aimed at disrupting the settlement, including the filing of numerous motions in both this and the Fernando actions and commencing a new lawsuit styled as Dunkel, et al. v. eBay, Inc., No. C 12-1452 EJD. In response, the Court, finding that it was in the best interest of *all* parties involved to endeavor to reach a global settlement, denied without prejudice all pending motions in both actions, including the motion for preliminary approval filed in this case, and referred the parties to Magistrate Judge Nathanael Cousins for a mandatory settlement conference. Dkt. 122 at 4. The settlement conference proceeded as scheduled in January 2013; however, Ms. Trubitsky failed to appear as ordered for the second day of the settlement conference.[2] As a result, the settlement conference proceeded in this case only with no settlement being reached. Dkt. 133.

### D. RENEWED MOTION FOR PRELIMINARY APPROVAL

Plaintiffs have now renewed their motion for preliminary approval of the proposed Settlement Agreement. The settlement calls for the implementation of certain business practices, which are summarized as follows:

- PayPal will disclose its use of fraud and risk modeling in the PayPal User Agreement, which governs the types of accounts and conduct at issue in this action, and which is available on the PayPal website.

---

[2] Separately, Magistrate Judge Cousins issued an order to show cause ("OSC") directing Ms. Trubitsky and the Fernando plaintiffs to show cause why the action should not be dismissed, civil sanctions should not be imposed, a payment of expenses to the other participants in the settlement conference should not be awarded, and the pro hac vice admissions of Ms. Trubitsky should not be revoked. Dkt. 135. The Fernando action has been stayed pending Magistrate Judge Cousin's resolution of the OSC. Fernando, Dkt. 158. The OSC remains pending.

- PayPal will no longer respond to requests for information with an email advising users that they must seek a subpoena to obtain information and will revise its email response to advise users to communicate with PayPal to seek additional information. The parties agree, however, that this advice is not intended to imply that PayPal is obligated to provide, or that users are entitled to or will receive, any additional information.
- PayPal will revise the PayPal User Agreement to more clearly distinguish among "holds," "reserves" and "limitations," as those terms are used by PayPal, including in the PayPal User Agreement.
- PayPal will enhance the disclosures on its website by including a list of Frequently Asked Questions (FAQ) providing users with greater detail on holds, reserves and limitations.
- In response to calls to customer service, PayPal will disclose the reason for a hold, reserve or limitation to the extent not inconsistent with PayPal's security requirements, which will be determined at PayPal's sole discretion. If PayPal is unable to inform a user of the reason for a hold, reserve or limitation due to security requirements, it will inform the user that it cannot tell the user the reason due to security requirements.

Mot. for Preliminary Approval, Ex. 1 ("Settlement Agreement") § 3.3, Dkt. 166-1.[3]

The Settlement Agreement provides for prospective injunctive relief only, with no provision for any monetary payment to class members. However, the settlement requires Defendants to pay a Settlement Amount of $1,425,000 into a Settlement Fund from which attorneys' fees, incentive awards and other payments are to be deducted. Id. § 1.25. More specifically, the Settlement Agreement specifies that up to $500,000 may be awarded in attorneys' fees to Plaintiffs' counsel, and incentive awards of up to $5,000 per person may be paid to the class representatives. Id. § 4.1. Administrative costs and costs associated with the notice process may not exceed $250,000. Id. § 3.7. At least $250,000 of the Settlement Fund will be distributed on a *cy pres* basis to the Electronic Frontier Foundation. Id.

The Settlement Agreement is intended to be binding on the Settlement Class, which is defined as "all current and former users of PayPal who had an active account between

---

[3] The Court notes that Plaintiffs' motion neglects to include any specific pinpoint citations to the Settlement Agreement, thus requiring the Court to comb through the twenty-two page long document to identify the provisions relevant to the instant motion. It is not the role of the Court to make parties' arguments for them. Independent Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.").

April 19, 2006, and the date of entry of the Preliminary Approval Order." Id. § 1.26.  As consideration for the settlement, the Settlement Class (i.e., anyone who has used PayPal since 2006) agrees to release Defendants from liability for any Released Claims, which are defined as any claims that: (1) were or could have been brought in this or the Fernando action or the Prior Actions; (2) relate to "the placing of holds, reserves or any other limitations on PayPal transactions or accounts"; (3) relate to the payment of any interest on funds subject to a hold; (4) "in any respect relate to Defendants' obligations under the EFTA and/or Regulation E"; (5) "relate in any respect to Defendants' obligations under the Comb settlement", or (6) arise out of or relate to the administration of the instant settlement. Id. § 1.20, 5.1.

In addition to seeking preliminary approval of the settlement summarized above, Plaintiffs request: (1) provisional certification of the proposed Settlement Class, (2) the appointment the Complex Litigation Group LLC, Lexington Law Group and the law firms Farmer, Jaffe, Weissing, Edwards, Fistos & Leherman, P.L., and Seeger Weiss LLP, as Class Counsel; (3) approval of the proposed Class Notice; (4) and the scheduling of a final approval hearing.  Putative Interveners Reginald Burgess, Lacy and Caleb Reinstma, Fred and Amy Rickels and Colette Tapia ("Putative Interveners") have filed objections to the motion for preliminary approval.  Dkt. 171.  Defendants, in turn, filed a response to those objections.  Dkt. 175.[4]

---

[4] Mr. Hicks, one of the attorneys representing the plaintiffs in the Fernando action, filed a statement of non-opposition to the instant motion.  Dkt. 192.  He indicates that his co-counsel, Ms. Trubitsky, informed him that "she and her clients consent to and do not object to the terms of the settlement as now stated, and that she no longer represents any other representatives who 'opted out' by indicating their objection, and by their election to choose to be represented by Garrett Skelley, Esq. in this matter." Id. at 2.  The Court notes that an attorney cannot unilaterally withdraw his or her representation without leave of court.  See Civ. L.R. 11-5 ("Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case.").  Unless and until the parties and their counsel comply with Civil Local Rule 11-5, Ms. Trubitsky shall remain counsel of record for those clients that she apparently now claims she no longer represents.  With regard to Putative Interveners' request leave to file objections to the statement of non-opposition, Dkt. 194, said request is DENIED.

## II. DISCUSSION

### A. LEGAL STANDARD

Judicial approval is required for a class action settlement under Federal Rule of Civil Procedure 23. Fed. R. Civ. P. 23(e). "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." In re Syncor ERISA Litig., 516 F.3d 1095, 1100 (9th Cir. 2008). The approval process entails two-steps: (1) preliminary approval of the settlement; and (2) final approval of the settlement at a fairness hearing following notice to the class. See Manual for Complex Litig. § 21.632 (4th ed. 2004). Final approval is conferred "only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); Officers for Justice v. Civil Serv. Comm'n of the City and Cnty. of San Francisco, 688 F.2d 615, 625 (9th Cir. 1982)

At the preliminary approval stage, "a full fairness analysis is unnecessary . . . ." Alberto v. GMRI, Inc., 252 F.R.D. 652, 665 (E.D. Cal. 2008) (internal quotations and citation omitted).[5] Rather, preliminary approval of a settlement and notice to the proposed class is appropriate: if "[1] the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls with the range of possible approval . . . ." In re Tableware Antitrust Litig., 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). The "initial decision to approve or reject a settlement proposal is committed to the sound discretion of the trial judge." Officers for Justice, 688 F.2d at 625.

---

[5] To make a fairness determination, the district court must balance a number of factors, including: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. See Molski v. Gleich, 318 F.3d 937, 953 (9th Cir. 2003).

**B.   ISSUES**

**1.   Proper Representation**

Putative Interveners contend, as a threshold matter, that "Jeffrey A. Leon and Julie D. Miller of Complex Litigation Group LLC are not California licensed attorneys and thus cannot appear in a class action settlement document from California litigation." Objection at 5. Although Defendants fail to address this argument in their terse response brief, the Court notes that the authority cited by Putative Interveners, i.e., <u>Birbrower, Montalbano, Condon & Frank, P.C. v. Superior Ct. of Santa Clara Cnty.</u>, 17 Cal.4th 119 (1998), does not support their contention. In <u>Birbrower</u>, the California Supreme Court held that an attorney cannot recover compensation for services in a California action unless he or she was a member of the state bar at the time the services were rendered. <u>Id.</u> at 127. <u>Birbrower</u> concerns the right of out-of-state counsel to recover compensation, not whether they have the authority to execute a settlement agreement.[6]

Putative Interveners also complain that Mr. Leon and Ms. Miller have not been granted pro hac vice status and therefore have "been practicing law in an unauthorized manner." Objection at 8. To practice in this Court, an attorney must be either a member of the bar of this Court, <u>see</u> Civ. L.R. 11-1, or be admitted pro hac vice, <u>see id.</u> 11-3. The Court's admission records confirm that Mr. Leon and Ms. Miller are admitted to practice in this Court. Since both attorneys are members of the bar of this Court, they need not appear pro hac vice. <u>See</u> Civ. L.R. 11-3(a). Therefore, the Court rejects Putative Interveners'

---

[6] Putative Interveners also overlook that the Ninth Circuit has held that <u>Birbrower</u> has no application in a federal court action. <u>Winterrowd v. American Gen'l Annuity Ins. Co.</u>, 556 F.3d 815, 820 (9th Cir. 2009) ("Since all litigation in this case took place in federal court, <u>Birbrower</u> is inapposite."). Rather, the authorization to practice law in a federal court action is controlled by the Local Rules of the District in which the case is venued. <u>Id.</u>

- 9 -

alternative contention that the Settlement Agreement is ineffective due to Mr. Leon and Ms. Miller's alleged lack of authority to appear as counsel of record in this case.[7]

### 2. Fairness of the Settlement

Plaintiffs contend that the settlement resulted from non-collusive negotiations with the assistance of experienced neutral mediator Randall Wulff of Dispute Resolution and otherwise represents a fair resolution of their claims given the circumstances presented. Mot. at 9-11.  As a general matter, the involvement of mediator in the settlement process weighs against a finding of collusion.  See In re Bluetooth Headset Products Liab. Litig., 654 F.3d 935, 948 (9th Cir. 2011) (holding that participation of mediator is not dispositive, but is "a factor weighing in favor of a finding of non-collusiveness").  Putative Objectors ignore this fact, and instead argue that the settlement is collusive and unfair on the grounds that it vitiates "the force and effect" of the Comb settlement, essentially in exchange for a "pay off" to Plaintiffs' attorneys and the class representatives.  Objection at 2, Dkt. 171. Though Putative Intervener's argument is discursive and not expressed in a particularly cogent manner, the Court, upon its independent review of the Settlement Agreement and motion papers, has serious concerns regarding the fairness of the proposed settlement.

The gravamen of Plaintiffs' claims is that PayPal inappropriately places reserve holds of up to 180 days on certain accounts and fails to provide adequate notice of the same to affected users.  See, e.g., SAC ¶¶ 1-9.  Despite the relatively discrete nature of the business practices being targeted and users affected in this case, the Settlement Agreement broadly defines the Settlement Class as *any* person who has used PayPal at any time since April 9, 2006, irrespective of whether the user was affected by this reserve practice at issue. Settlement Agreement § 1.26.  At the same time, the Settlement Agreement calls for the Settlement Class to release any and all claims relating not only to such practice—but also

---

[7] On July 8, 2013, Mr. Leon filed a Notice of Withdrawal of Julie D. Miller, which states that "Julie D. Miller is no longer associated with the firm Complex Litigation Group LLC and hereby withdraws her appearance on behalf of Plaintiffs."  Dkt. 182.  As noted above, counsel cannot unilaterally withdraw in that manner.  To effectuate Ms. Miller's withdrawal, Plaintiffs must comport with the procedures set forth in Local Rule 11-5.

any claims "that *relate in any respect* to Defendants' obligations under the EFTA and/or Regulation E" as well as any claims that "*relate in any respect* to Defendants' obligations under the Comb settlement[.]" Id. § 1.20 (emphasis added). In other words, the Settlement Agreement effectively immunizes PayPal *and* eBay from any liability for any claims predicated on violations of the Comb settlement or EFTA.[8]

The broad nature of the release is particularly troubling considering that the only persons receiving any funds are persons *other than* class members. In particular, the agreement permits the payment of up to $500,000 in fees to Plaintiffs' counsel, up to $5,000 as an incentive award for each class representative, and a minimum of $250,000 to the Electronic Frontier Foundation. Plaintiffs defend the lack of any individual payments to the Class, claiming that "damages were never the predominate focus of the lawsuit[.]" Mot. at 10. This comment is somewhat curious in light of the myriad paragraphs in the SAC which allege that PayPal wrongfully retained interest accrued on improperly withheld funds. See SAC ¶¶ 7, 32, 40, 49, 50, 64f, 76, 91, 108, 122, 134, 142, 143.

Plaintiffs also assert that the lack of direct monetary relief to the class is reasonable given their "difficulties in stating a claim." Mot. at 10. It may well be that Plaintiffs' claims are weak or that the challenged conduct may not be actionable, and therefore, Defendants' agreement to modify its policies and practices constitutes a fair, reasonable and adequate resolution of the dispute. Nevertheless, neither Plaintiffs nor Defendants explain why the Settlement Agreement releases Defendants of liability from all PayPal users for the last eight years for claims under the Comb settlement or EFT, even if the challenged conduct is not tethered to PayPal's alleged reserve hold and related notification practices. The breadth of the release relative to the claims alleged, coupled with the lack of

---

[8] Plaintiffs do not explain why the Settlement Class includes PayPal users dating back to 2006, when, in the SAC, they allege that PayPal began its allegedly unlawful practice of holding funds in 2008. See SAC ¶ 39. There are no allegations of improper conduct occurring in 2006 or 2007, and the earliest that any of the named class representatives suffered any alleged injury was in August 2008. Id. ¶¶ 15, 16.

any monetary benefit to the class, militate against preliminarily approving the Settlement Agreement.[9]

### III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiffs' Motion for Preliminary Approval of Class Action Settlement is DENIED without prejudice. Plaintiffs may resubmit an amended motion for preliminary approval within thirty (30) days of this Order. The resubmitted motion may be predicated upon a revised Settlement Agreement and/or a more thorough analysis that addresses the concerns discussed above. The failure to file a renewed motion within the specified time-frame will result in the scheduling of this action for trial. This Order terminates Docket 166, 167 and 194.

IT IS SO ORDERED.

Dated: February 24, 2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[9] To clarify, the Court is *not* finding that a monetary payment to class members is necessarily a prerequisite to preliminary or final approval of the action. Rather, the lack of such relief under the circumstances presented persuades the Court that the settlement is not fair, reasonable or adequate.