UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MOISES ZEPEDA, MICHAEL SPEAR, RONYA OSMAN, BRIAN PATTEE, CASEY CHING, DENAE ZAMORA, MICHAEL LAVANGA, and GARY MILLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAYPAL, INC., E-BAY INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No:  C 10-2500 SBA<br><br>Related to:<br>No. C 10-1668 SBA<br><br>**ORDER OVERRULING OBJECTION TO ORDER OF REFERENCE, AMENDING ORDER OF REFERENCE, AND SETTING BRIEFING SCHEDULE** |

On February 18, 2014, the Court referred Putative Interveners' Second Motion to Intervene and Amend Complaint (Dkt. 200) to Magistrate Judge Joseph Spero ("Magistrate") to hear and decide, pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a).  The following day, Putative Interveners filed a document styled as a "Notice of Refusal to Consent to, and Objection to Proceedings, Before Magistrate."  Dkt. 204.  The gist of the "Objection" is that the Magistrate lacks the requisite authority under § 636(a)(1)(A) to rule on their motion to intervene.  As a result, Putative Interveners "refuse to consent" to have the Magistrate preside over the motion and demand its "transfer to an Article III Judge."  Id. at 3.

Putative Interveners' Objection is both procedurally and substantive infirm.  As a threshold matter, the particular nature of Putative Interveners' objection is unclear.  To the extent that the document is intended to be a motion, it is not properly noticed for hearing as required by Civil Local Rule 7-2, lacks a certification that Putative Interveners met and conferred with opposing counsel before filing the motion as required by the Court's

Standing Orders, and it is not otherwise a motion or request that is cognizable under Civil Local Rule 7-1(a). If Putative Interveners intended their Objection to be a motion for reconsideration, they failed to comply with Local Rule 7-9, which requires a party to first seek and obtain leave to file a motion for reconsideration. These numerous procedural flaws, standing alone, constitute grounds to overrule Putative Interveners' Objection. See Tri-Valley CARES v. U.S. Dept. of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

The Objection also fails on the merits. Putative Interveners assert, without citation to any legal authority, that a motion to intervene is a dispositive motion which, absent their consent, cannot be heard by a magistrate judge. Dkt. 204 at 2. Although the Ninth Circuit has not yet addressed this issue, some courts have concluded only an Article III judge may rule on a motion to intervene, and as such, a magistrate judge's authority under § 636(b)(1) is limited to preparing a report and recommendation. See Day v. Persels & Assocs., LLC, 729 F.3d 1309, 1322 (11th Cir. 2013); N.Y. Chinese TV Programs, Inc. v. U.E. Enters., Inc., 996 F.2d 21, 25 (2d Cir. 1993). Other courts have reached the opposite conclusion. E.g., Los Cangris v. UMG Recordings, Inc., No. 10-1349(JAG), 2012 WL 1952824, at * 6 n.5 (D.P.R. May 30, 2012) (acknowledging a split in authority regarding the nature of a motion to intervene, but ultimately concluding that such motion was non-dispositive and may therefore be decided by a magistrate judge).

In this case, the Magistrate, upon his evaluation of Putative Interveners' motion, may assess whether the motion is dispositive or non-dispositive. To the extent that he concludes that the motion is dispositive and outside the purview of § 636(b)(1)(A), the Magistrate is authorized to issue a report and recommendation under § 636(b)(1)(B).[1] Accordingly,

---

[1] Putative Interveners also claim that their motion to intervene "is about 'maintenance of a class action'" which is not subject to a referral under § 636(a)(1)(A). Section 636(a)(1)(A)'s reference to "maintenance of a class action" refers to a ruling on a motion for class certification, which Putative Interveners' motion does not seek.

IT IS HEREBY ORDERED THAT:

1. Putative Interveners' Objection to the Order referring their Second Motion to Intervene and Amend Complaint to the Magistrate is OVERRULED.

2. The Order of Reference (Dkt. 203) is AMENDED to reflect that the Magistrate may issue a report and recommendation under 28 U.S.C. § 636(b)(1)(B), to the extent that he concludes that Putative Interveners' motion is outside the scope of § 636(b)(1)(A).

3. The stay of briefing on Putative Interveners' Second Motion to Intervene and Amend Complaint is VACATED. Absent a superseding scheduling order issued by the Magistrate, any opposition to said motion shall be filed by no later than March 21, 2014, and any reply shall be filed no later than March 28, 2014. The hearing date for the motion will be scheduled by the Magistrate.

IT IS SO ORDERED.

Dated: March 7, 2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge