UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MOISES ZEPEDA, MICHAEL SPEAR, RONYA OSMAN, BRIAN PATTEE, CASEY CHING, DENAE ZAMORA, MICHAEL LAVANGA, and GARY MILLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAYPAL, INC., E-BAY INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No: C 10-2500 SBA<br><br>Related to:<br>No. C 10-1668 SBA<br><br>**ORDER OVERRULING OBJECTION TO ORDER OF MAGISTRATE JUDGE**<br><br>Dkt. 225 |

The Court previously referred Putative Interveners' Motion to Intervene and Amend Complaint to Magistrate Judge Joseph C. Spero ("the Magistrate") for determination as a non-dispositive matter, pursuant to 28 U.S.C. § 636(b)(1)(A). On April 23, 2014, the Magistrate denied the motion. Dkt. 224. The parties are presently before the Court on Putative Interveners' Objection to Order of Magistrate Judge ("Objection"). Dkt. 225. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby OVERRULES the Objection. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I. **BACKGROUND**[1]

A. **OVERVIEW**

This instant case and related action, Fernando, et al. v. PayPal, Inc., et al., Case No. 10-CV-01668 SBA, involve claims against PayPal and its parent entity, eBay, arising from: (1) the placement of "holds" or "reserves" by PayPal on funds held in PayPal accounts; (2) related alleged violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA") and; (3) alleged violation of the settlement in In re PayPal Litigation (Comb), Case No. C 02-01227 JF. The party-plaintiffs in this action are: Moises Zepeda, Michael Spear, Ronya Osman, Brian Pattee, Casey Ching, Denae Zamora, Michael Lavanga and Gary Miller.[2]

Following separate mediations in 2011, the parties agreed to consolidate all claims asserted in Fernando into this case and to settle the action on a class action basis. Moon Decl. ¶¶ 2-3, Dkt. 211-1. Pursuant to that agreement, Plaintiffs filed a Second Amended Complaint on October 9, 2012, asserting all claims alleged in both cases. Dkt. 112. On May 31, 2013, Plaintiffs moved for preliminary approval of the parties' settlement. Dkt. 166. The Court denied the motion without prejudice due to concerns regarding the release and the value of the settlement for class members. Dkt. 166, 205. Plaintiffs filed their amended motion for preliminary approval on August 15, 2014 . Dkt. 235.

B. **INTERVENTION MOTIONS**

During the midst of the parties' efforts to settle the action (as discussed above), non-party Reginald Burgess ("Burgess") filed a pro se motion to intervene, which the Court denied on December 3, 2012. Dkt. 125. Burgess moved for reconsideration so that he

---

[1] The parties are familiar with the facts of this case, which are summarized herein only to the extent they are pertinent to the instant matter.

[2] The party-plaintiffs in the Fernando action are: Devinda Fernando, Vadim Tsigel, Michail Zinger, Amy Rickel, Fred Rickel, Ira Gilman, Lacy Reintsma and Shaul Behr. The Rickels and Lacy Reintsma are among the Putative Interveners seeking to intervene in this action. The other Putative Interveners are Reginald Burgess, Caleb Reintsma and Collette Tapia. The Fernando action is presently stayed due to the pendency of Magistrate Judge Nathanael Cousins' order to show cause regarding dismissal.

1  could participate in the settlement conference then scheduled to transpire before Magistrate
2  Judge Cousins.  Dkt. 128.  The Court denied that motion as well on December 14, 2012.
3  Dkt. 129.

4       On April 22, 2013, Burgess, now represented by attorney Garrett Skelly ("Skelly"),
5  filed a Notice of Appearance & Joinder of Class Member Reginald Burgess as an
6  Indispensable Party of Right to Appear ("Notice of Appearance"), which proclaimed his
7  intervention in the action.  Dkt. 142.  The Court construed the Notice of Appearance as an
8  improper request to intervene, and struck said document without prejudice to submitting his
9  request as a properly noticed motion.  Dkt. 147.  The Court explained: "To the extent
10 Burgess desires to intervene in the action, he must first meet and confer with the parties
11 regarding his request.  If no stipulation is reached, Burgess may file a noticed motion to
12 intervene in the manner permitted by the Federal Rules of Civil Procedure and the Local
13 Rules of this Court." Id. at 3.

14      On May 1, 2013, Burgess, along with Fred and Amy Rickel (parties in the Fernando
15 case), filed a noticed Motion to Intervene and Amend Complaint, in which they sought
16 leave to intervene and to file an amended complaint.  Dkt. 149.  The motion alleged that the
17 present pleadings are inadequate and that new counsel (i.e., Skelly) should be appointed to
18 replace the present Plaintiffs' counsel.  The Court denied the renewed motion to intervene
19 on the ground that Skelly had failed to meet and confer in good faith with the other parties,
20 as specifically ordered in its prior order.  Dkt. 161.

21      On June 12, 2013, Burgess and the Rickels, now joined by Lacy Reintsma (also
22 from the Fernando action), Caleb Reinstma and Colette Tapia, filed an "Administrative
23 Motion to Intervene and Admend [sic] The Complaint Re: Motions to Intervene Per Zepeda

Dkt 97 and Dkt 149" which sought leave to file a motion to intervene. Dkt. 176.[3] On February 10, 2014, the Court denied the motion as moot, since leave of court to file such motion was unnecessary in light of the Court's prior order. Dkt. 196. For the benefit of Skelly and Putative Interveners, however, the Court explained in the order that the proposed intervention was ostensibly neither necessary nor appropriate for the reasons they articulated; to wit, that the existing pleadings and the proposed class action settlement are inadequate. Id. at 2. By way of example, the Court cited several circuit and district court cases holding as such, and directed Putative Interveners to take such authority into consideration in determining whether to, yet again, renew their motion to intervene. Id.

### C.   THE INSTANT MOTION TO INTERVENE

On February 14, 2014, Putative Interveners, apparently undaunted by the legal authorities cited in the Court's February 10, 2014 order, filed the instant motion to intervene. Dkt. 200. Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court referred the motion to Magistrate Judge Joseph C. Spero for determination. Dkt. 203. On February 19, 2014, the day after the referral order was issued, Putative Interveners filed a document styled as a "Notice of Refusal to Consent to, and Objection to Proceedings, Before Magistrate." Dkt. 204. The gist of the objection was that a motion to intervene is dispositive in nature, and therefore, cannot be referred to a magistrate judge under § 636(a)(1)(A) without the parties' consent. The Court overruled the objection on procedural and substantive grounds. Dkt. 206. However, the Court amended its Order of Reference to reflect that the Magistrate "may issue a report and recommendation under 28 U.S.C. § 636(b)(1)(B), to the extent that he concludes that Putative Interveners' motion is outside the scope of § 636(b)(1)(A)." Id. at 3.

---

[3] On the same date, the Court denied Burgess' motion for recusal as "entirely specious, if not delusional." Dkt. 197. The next day, on February 12, 2014, Putative Interveners filed a motion for reconsideration or alternatively for leave to file an interlocutory appeal under 28 U.S.C. § 1292(b) as to the orders denying their motion for leave to file a motion for reconsideration and denial of the motion for recusal. Dkt. 198. On February 14, 2014, the Court denied the motion for reconsideration as "patently frivolous and in bad faith." Id. at 5.

On April 23, 2014, the Magistrate issued his order denying Putative Interveners' renewed motion to intervene and amend. Dkt. 224. In his ruling, the Magistrate concluded that neither mandatory nor permissive intervention under Federal Rule of Civil Procedure 24 was appropriate in light of Putative Interveners' failure to show that their interests would be impaired absent intervention or that their interests are not adequately represented by the existing parties. Id. at 9-14. The Magistrate also rejected Putative Interveners' assertion that this Court had no authority to refer an allegedly dispositive motion to him under § 636(b)(1)(A). Id. at 14-15. Alternatively, the Magistrate indicated that to the extent that the Court disagrees with his analysis and finds that the motion to intervene *is* dispositive, his order should be construed as a report and recommendation under § 636(b)(1)(B). Id. at 15 n.3.

On May 1, 2014, Putative Interveners filed a nine page Objection to Order of Magistrate ("Objection"). Dkt. 225. Putative Interveners again argue—as they did in response to the Court's initial order of reference—that the Magistrate had no jurisdiction under § 636(b)(1)(A) to hear their motion to intervene because they did not consent to his jurisdiction. They further contend that by styling his ruling as an "order" as opposed to a "report and recommendation," his decision is "null and void." Id. at 5.

On the same day the Objection was filed, the Court entered a briefing schedule directing Plaintiffs/Defendants to file their responses by May 16, 2014, and Putative Interveners to file their reply by May 23, 2014. The matter is now fully briefed and ripe for adjudication.

## II.   LEGAL STANDARD

"[A] district judge may designate a magistrate judge to hear any nondispositive pretrial matter pending before the court." S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1259 (9th Cir. 2013) (internal quotations omitted, alterations in original). Upon the magistrate judge's issue of a written decision on the referred matter, any party objecting to the order must file its objections within fourteen days after being served with a copy of the order. Fed. R. Civ. P. 72(a). The objections are reviewed to ascertain whether the

magistrate judge's ruling is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate, 596 F.3d 1036, n.4 (9th Cir. 2010). Under this standard, decisions of a magistrate judge "are not subject to de novo determination" and the reviewing court "may not simply substitute its judgment for that of the deciding court." Grimes v. City and Cnty. of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991). There is clear error only when the court is "left with the definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001). The decision as to whether a Magistrate Judge's decision was clearly erroneous or contrary to law is "well within the discretion of the district court." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001).

## III. DISCUSSION

### A. FAILURE TO COMPLY WITH LOCAL RULES

The Federal Magistrates Act governs the jurisdiction and authority of federal magistrates. 28 U.S.C. § 636. "The Act provides that certain matters (for example, non-dispositive pretrial matters) may be referred to a magistrate judge for decision, [28 U.S.C. § 636(b)(1)(A),] while certain other matters (such as case-dispositive motions, petitions for writs of habeas corpus) may be referred only for evidentiary hearing, proposed findings, and recommendations, [id. § 636(b)(1)(B)]." United States v. Reyna-Tapia 328 F.3d 1114, 1118 (9th Cir. 2003). Here, the Court deemed Putative Intervener's motion to intervene to be a non-dispositive matter, and referred it to the Magistrate pursuant to 28 U.S.C. § 636(b)(1)(A), which, in turn, empowered him to "hear and decide" the motion. Fed. R. Civ. P. 72(a).

To challenge a magistrate judge's ruling on a non-dispositive motion, the challenging party *must* comply with the procedures set forth in Civil Local Rule ("L.R") 72-2, which provides, in relevant part, as follows:

> Any objection filed pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A) *must* be made as a "Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge." The motion must specifically identify the portion of the magistrate

- 6 -

>judge's order to which objection is made and the reasons and authority therefor. The motion may not exceed 5 pages (not counting declarations and exhibits), and must set forth specifically the portions of the Magistrate Judges findings, recommendation or report to which an objection is made, the action requested and the reasons supporting the motion and must be accompanied by a proposed order.

Civ. L.R. 72-2 (emphasis added).  Here, Defendants correctly point out that Putative Interveners' Objection fails to comply with the requirements of L.R. 72-2.  Among other things, Putative Interveners failed to file a Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge, as required.  To the extent that their Objection is construed as such a motion, it violates L.R. 72-2 in that it well exceeds five pages in length, fails to specifically set forth the portions of the magistrate judge's findings to which an objection is made, and is not accompanied by a proposed order.  See Dkt. 225.  Notably, Putative Interveners do not deny their failure to comply L.R. 72-2 nor do they deny that their motion is procedurally improper.

In view of Putative Interveners' undisputed failure to comport with the applicable rules for seeking judicial review of a magistrate judge's ruling, their Objection fails on procedural grounds.  See Tri-Valley CARES, 671 F.3d at 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); e.g., Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 582 (9th Cir. 2010) (upholding district court's denial of motion to tax costs which was not in compliance with the court's local rules).

### B.     THE OBJECTIONS LACK MERIT

Procedural flaws aside, Putative Interveners' arguments fail on the merits.  As noted, the gist of the Objection is that a motion to intervene is a dispositive matter that cannot be referred to a magistrate judge absent the consent of the parties.  As an initial matter, the Court notes that this is the same argument which Putative Interveners made when they originally objected to the Order of Reference on February 19, 2014.  Dkt. 204.  The Court considered that argument and rejected it on the merits, and concluded that a motion to intervene is a non-dispositive pretrial matter that may be referred to a magistrate judge

under 28 U.S.C. § 636(b)(1)(A), irrespective of the parties' consent.  Dkt. 206.  Notably, Putative Interveners did not seek leave to file a motion for reconsideration from that ruling, and they otherwise fail to now present any compelling arguments demonstrating that the Court's prior ruling was in error.  See Civ. L.R. 7-9 (requiring a motion for leave to file a motion for reconsideration).

Even if Putative Interveners are correct that a motion to intervene is a dispositive matter that cannot be referred under § 636(b)(1)(A), said motion can properly be referred for findings and recommendations under § 636(b)(1)(B), irrespective of the parties' consent.  See Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004) (noting that "[n]o consent is required" for a referral under § 636(b)(1)(B)).  The Court contemplated this in its Amended Order of Reference, which referred the motion to intervene to the Magistrate for decision under § 636(b)(1)(A), *or alternatively*, for a report and recommendation under § 636(b)(1)(B).  Dkt. 206 at 2.  Upon review of the issue, the Magistrate concluded that a motion to intervene is non-dispositive under § 636(b)(1)(A).  Dkt. 224 at 13-14.  He expressly stated, however, that, "[i]f, upon review, Judge Armstrong disagrees and finds that this Motion is dispositive, then this order shall be construed as a report and recommendation of the undersigned.  See 28 U.S.C. § 636(b)(1)(B)."  Id. at 15 n.3.  A report and recommendation is reviewed de novo with respect to those portions thereof to which an objection has been lodged.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.") (en banc).  Whether applying the "clearly erroneous or contrary to law" standard applicable to referrals under § 636(a)(1)(A) or the more stringent de novo review under § 636(a)(1)(B), the Court finds that denial of the motion to intervene is appropriate.

Putative Interveners also argue, albeit briefly, that the Magistrate erred in failing to compare their proposed complaint with pleadings filed in this action to "see if the second was different enough from the first so as to survive dismissal to analyze intervention to file by Rule 15."  Objection at 3.  However, whether or not Putative Interveners' proposed

pleading is superior to the operative pleading in this case is inapposite. The Magistrate explained that, for purposes of intervention, the salient question presented is whether the interests of Putative Interveners would be impaired absent intervention. Dkt. 224 at 5. He answered that query in the negative, explaining as follows: "If the class is certified and Putative Interveners are members of the class, then Putative Interveners do have means to protect their interests. That is, they may object to the settlement during the hearings on motions for preliminary or final approval, or they may opt out of the class and pursue their claims separately." Id. at 9-10 (citing cases). The Magistrate's analysis is consistent with the Court's observation in its February 10, 2014 Order:

> Putative Interveners contend that intervention is necessary on the grounds that the existing pleadings and the proposed class action settlement are inadequate, and therefore, they should be allowed to assume control of the litigation. However, federal courts have rejected analogous arguments and denied intervention. See, e.g., Grilli v. Metropolitan Life Ins. Co., Inc., 78 F.3d 1533, 1536-38 (11th Cir. 1996) (upholding the district court's denial of a motion to intervene upon finding that the proposed interveners could protect their interest either by opting out of the class and litigating separately, or by remaining in the case and interposing objections to the settlement if they believed the settlement was unfair); accord Davis v. J.P. Morgan & Co., 775 F. Supp. 2d 601, 606 (W.D.N.Y. 2011); Cohorst v. BRE Props., Inc., No. 10cv2666 JM(BGS), 2011 WL 3475274, *6 (S.D. Cal. Aug. 5, 2011).

Dkt. 196 at 2; accord Gulbankian v. MW Mfrs., Inc., Nos. 10-10392-RWZ, 12-30122-RWZ, 2014 WL 1878441, *3 (D. Mass. May 9, 2014) (denying motion to intervene, inter alia, on the ground that "proposed intervenors . . . can exclude themselves from the settlement class and proceed as planned with their claims in [a separate suit] . . . [and] can also choose to remain in the class and, if they find fault with the proposed settlement, file their objections at the final fairness hearing in accordance with Fed. R. Civ. P. 23.") (citing cases). The Court is thus unpersuaded that the Magistrate erred in finding that the pending motion to intervene should be denied.

//
//
//

IV. **CONCLUSION**

For the reasons set forth above,

IT IS HEREBY ORDERED THAT Putative Interveners' Objection to Order of Magistrate Judge is OVERRULED.

IT IS SO ORDERED.

Dated: 9/2/14

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge