MARK N. TODZO (State Bar No. 168389)
LEXINGTON LAW GROUP
503 Divisadero Street
San Francisco, California  94117
Telephone:     415.913.7800
Facsimile:      415.759.4112
Email: mtodzo@lexlawgroup.com

JEFFREY A. LEON
QUANTUM LEGAL LLC, LLC
513 Central Avenue Suite 300
Highland Park, IL 60035
Telephone:     847.433.4500
Facsimile:      847.433.2500
Email: jeff@QULegal.com

Attorneys for Plaintiff
MOISES ZEPEDA, et. al.
and All Others Similarly Situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND BRANCH

| | |
|---|---|
| MOISES ZEPEDA, MICHAEL SPEAR, RONYA OSMAN, BRIAN PATTEE, CASEY CHING, DENAE ZAMORA, MICHAEL LAVANGA, and GARY MILLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAYPAL, INC., a Delaware Corporation,<br><br>Defendant. | Case No.  10-CV-02500 SBA<br><br>**DECLARATION OF MARK N. TODZO IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT AGREEMENT**<br><br>Action Filed: June 7, 2010<br><br>Date:   October 14, 2015<br>Time:   1:00 p.m.<br>Ctrm.:  G |

1. I am an attorney with the Lexington Law Group ("LLG"), and I represent the Plaintiffs in the above-captioned action. I have personal knowledge of the matters set forth below and, if called upon, I could and would competently testify thereto.

2. I am one of the attorneys who has been principally involved in the prosecution of this litigation and the negotiations that culminated in the Stipulation of Settlement (the "Settlement Agreement" or "Settlement") and Amendment to the Settlement Agreement which are before the Court for preliminary approval. A true and correct copy of the Amendment to the Settlement Agreement is attached as **Exhibit 1**, and the Settlement Agreement is attached thereto as Exhibit A.

3. I negotiated the Settlement Agreement and Amendment to the Settlement Agreement along with attorney Jeffrey A. Leon of Quantum Legal LLC on behalf of Plaintiffs and the Class during a series of intensive settlement negotiations with counsel for Defendant PayPal. The negotiations were adversarial and conducted at arm's length, and there was no collusion involved. The negotiations included two full days of mediation, separated by a period of two months, with Judge Edward Infante in San Francisco, California. Judge Infante's declaration is attached as **Exhibit 2**.

4. Before commencing this action, I and others in my firm and in my co-counsels' firms spent numerous hours and significant resources investigating and researching the facts of this case and evaluating the relevant law and facts to assess the merits of Plaintiffs' potential claims and to determine how best to serve the interests of Plaintiffs and the Class. During the course of the extended mediation of this matter, information was informally exchanged on aspects key to the settlement including data about the class and the amounts and lengths of their holds, and calculations of lost interest.

5. The Settlement Agreement provides for important injunctive relief in the form of business practice changes that PayPal has not waited to implement. These changes substantially improve disclosure of the reserves and hold practices and improve transparency and enhance disclosure of the dispute resolution process. In addition, the Settlement provides a $3.2 million

1

1 fund which class members can claim for lost interest income, and a separate fund of $800,000.

2     6.    On March 25, 2015, this Court issued an order denying preliminary approval in which this Court (i) questioned its jurisdiction over enforcement of a prior settlement in the *Comb* action and (ii) had questions about releases for claims dating back to 2006.  After arms-length negotiations, the prior Settlement Agreement has been amended to exclude the claim concerning the *Comb* settlement from the proposed Third Amended Complaint, and to exclude the *Comb* settlement from the scope of the release to be given to PayPal.  These changes to the Settlement Agreement do not reduce the benefit to the class by a single penny

    7.    As Class Counsel, we considered a number of factors in reaching the proposed Settlement Agreement with Defendant including the substantial litigation risks and the maximum amount of damages that could be certified on a class-wide basis.

    8.    Given the substantial litigation risk, the $4 million in monetary recovery represents a near complete recovery for lost interest and provides class members with individualized damages claims a no cost, no-attorney mechanism to pursue those damages up to a $2,000 cap. The Class is getting nearly all that it could have gotten from a trial on common issues of law and fact.

    9.    Plaintiffs have all patiently assisted Class Counsel in providing information and enthusiasm and in weighing in on Settlement in the various forms as it developed.  Class Counsel and PayPal have retained Epiq Systems to provide class notice and to administer the Settlement. Class Counsel worked with Epiq to ensure the Class Notice is accomplished in a comprehensive yet efficient manner consistent with due process. The Declaration of Cameron Azari, a Class Notice expert employed by Epiq, sets forth the due process compliant nature of the notice plan. Mr. Azari's declaration is attached as **Exhibit 3**.

    10.    I and others in my firm and in other firms representing the class spent numerous hours investigating and researching the facts of this case, conferring with Plaintiffs, researching applicable law, drafting pleadings and negotiating the Settlement Agreement. Class Counsel will submit support for the attorneys' fee and costs award called for by the Settlement in connection

2

1  with the hearing for final approval of the Settlement. The proposed Settlement provides that Class
2  Counsel may be awarded up to 30% of the $4 million fund as partial compensation for Class
3  Counsel's reasonable attorneys' fees and costs, which is consistent with the Ninth Circuit's
4  benchmark of 25% of the common fund for attorneys' fees in class action cases given the
5  additional and important injunctive relief that Class Counsel has obtained as a benefit to all Class
6  members.

7  11. Lexington Law Group and Quantum Legal were well qualified to litigate this case
8  and negotiated this Settlement. The qualifications of both firms are attached hereto as **Exhibits 4**
9  **and 5**.

10  12. A true and correct copy of the proposed Third Amended Complaint is attached as
11  **Exhibit 6**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 9, 2015, at San Francisco, California.

/s/ Mark N. Todzo
Mark N. Todzo

3

TODZO DECL. I/S/O MOTION FOR PRELIMINARY APPROVAL
Case No. 10-CV-02500 SBA