# Exhibit 6

**QUANTUM LEGAL LLC**
JEFFREY A. LEON
 (jeff@complexlitgroup.com)
513 Central Avenue, Suite 300
Highland Park, Illinois 60035
Telephone:     (847) 433-4500
Facsimile:      (847) 433-2500

**LEXINGTON LAW GROUP**
MARK N. TODZO, SBN 168389
(mtodzo@lexlawgroup.com)
HOWARD HIRSCH, SBN 213209
(hhirsch@lexlawgroup.com)
1627 Irving Street
San Francisco, CA 94122
Telephone:     (415) 913-7800
Facsimile:      (415) 759-4112

Attorneys for Plaintiffs and the
proposed class along with other counsel

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| MOISES ZEPEDA, MICHAEL SPEAR, RONYA OSMAN, BRIAN PATTEE, CASEY CHING, DENAE ZAMORA, MICHAEL LAVANGA, and GARY MILLER, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>      vs.<br><br>PAYPAL, INC.,  E-BAY INC., and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 10-cv-02500<br><br><br>**THIRD AMENDED CLASS ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

**THIRD AMENDED CLASS ACTION COMPLAINT**

1   Plaintiffs, MOISES ZEPEDA, MICHAEL SPEAR, RONYA OSMAN, BRIAN

2   PATTEE, CASEY CHING, DENAE ZAMORA, MICHAEL LAVANGA, and GARY MILLER

3   ("Plaintiffs"), individually and on behalf of the Class described below, through counsel, make

4   the following allegations based upon information and belief, except as to allegations specifically

5   pertaining to Plaintiffs and their counsel, which are based on personal knowledge.  Plaintiffs

6   bring this action for damages and injunctive relief against Defendant, demanding a trial by jury.

7   **NATURE OF THE ACTION**

8        1.       Plaintiffs bring this class action against Defendant PAYPAL, INC. ("PayPal") to

9   recover damages and other relief available at law and in equity on behalf of themselves, as well

10   as on behalf of the members of the classes defined herein, to rectify PayPal's inequitable and

11   unconscionable conduct detailed herein.  PayPal places a "hold" on *Plaintiffs' own funds* in their

12   *own PayPal accounts*.  PayPal has failed to inform Plaintiffs and members of the class of the

13   reason(s) for the actions PayPal has taken, even telling Plaintiffs and members of the class that

14   they will "have to get a subpoena" to learn the simple information as to why PayPal was holding,

15   and denying Plaintiffs access to, their own money.

16        2.        PayPal's apparent justification for these 180 day expropriations is an expansive

17   interpretation of a provision of the PayPal User Agreement (the "Agreement") which allows

18   PayPal "in its sole discretion" to place a "Reserve" on funds held in certain types of accounts

19   where PayPal believes that there "may be a high level of risk associated with your account."

20        3.       PayPal's discretion to hold funds is thus not, contrary to PayPal's apparent belief,

21   absolute:  it can only do so in the form of a "reserve" and only where PayPal believes there "may

22   be a high level of risk associated with your account".  However, PayPal violates its own

23   agreement by imposing the holds on users' accounts where it has no reason to believe there is a

24   "high level of risk" associated with the users account or transactions.

25        4.       PayPal further violates its own Agreement by failing to provide adequate notice to

26   users' whose accounts have had holds placed on them.  When PayPal informs individuals' whose

27   funds are being held of the holds, it does not inform such users why such funds are being held,

28   how they can obtain a release of the hold, and/or how they can avoid future holds being placed

**THIRD AMENDED CLASS ACTION COMPLAINT**

1    on their accounts.  The Agreement requires PayPal to, at a minimum, provide notice to such

2    users of any hold placed on their accounts that includes both the reason for the hold and an

3    opportunity to request restoration of access to the held funds.  PayPal's "notice" falls far short of

4    what is required.  As a result, Plaintiffs have no idea why their money is "held" by PayPal.

5         5.      PayPal's actions are all the more unreasonable in light of the fact it is attempting

6    to invoke a contract term in a classic contract of adhesion.  The language upon which PayPal

7    relies is contained in a form contract that is viewed online.  It is provided on a take it or leave it

8    basis.  There is a tremendous disparity in bargaining power, as a predominant portion of

9    members of the Class need to be able to accept payment via PayPal in order to sell goods on

10   eBay.  To interpret the ambiguous language upon which PayPal apparently relies in PayPal's

11   favor is against all equity and contrary to prevailing rules of contractual construction.  Indeed,

12   PayPal's behavior violates the covenant implicit in all contracts – but more so, implicit in

13   contracts of adhesion such as the PayPal User Agreement – to act and deal in good faith.

14        6.      PayPal represents its service as one that will allow its users fast, secure and easy

15   access to their money.  Nevertheless, PayPal indiscriminately places holds on its users' accounts

16   so that the users' access to their own money is slow, insecure and difficult.

17        7.      The amounts PayPal holds for up to 180 days (or more) before release range from

18   a few dollars up to over a thousand dollars for each Class member.  All the while, PayPal keeps

19   the interest generated by the funds owed to Plaintiffs and the Class.

20        8.      This case is *not* about PayPal's right to hold funds for *appropriate* and

21   contractually authorized reasons.  Rather, this case is about the secretive, systematic and

22   arbitrary manner in which the freezing is done and the lack of information shared with affected

23   customers in contravention of PayPal's contractual and common law duties.

24        9.      Importantly, this is a case where there is a significant disparity in bargaining

25   power.  Plaintiffs and members of the Class, the weaker parties, have placed their funds in

26   accounts over which PayPal has control and asserts it has unchecked ability to seize the funds

27   therein.  While PayPal states that the funds are still the users' own funds, when those funds are in

28   the custody or control of PayPal, it has fiduciary obligations that require it to act in the interests

**THIRD AMENDED CLASS ACTION COMPLAINT**

of Plaintiffs and the Class. PayPal has utterly failed to do so.

**THE PARTIES**

10.     Plaintiff Moises Zepeda is a natural person and resident of California, who operates a business selling gift cards through eBay.  Plaintiff opened an account with PayPal to process the payments made on eBay.  While Plaintiff operated his business on eBay, he received no complaints and had 100% positive feedback from his customers.  In or about January, 2010 Plaintiff received notification that PayPal was holding the funds in his account for 180 days. The notification to Plaintiff did not explain why his funds were being held, what he could or should do to have the hold lifted, and/or what he could or should do to avoid future holds being placed on his account.

11.     Plaintiff Michael Spear is a natural person and resident of Florida, who has been using PayPal as a seller since approximately December 2008.  On or about December 2008, Plaintiff received a notification that PayPal was holding the funds in his account for 20-30 days. On or about April, 2010, Plaintiff received a notification that PayPal was again holding funds in his account.  These monies have been frozen in his account as of the filing of this lawsuit.  The notifications to Plaintiff did not explain why his funds were being held, what he could or should do to have the hold lifted, or what he could or should do to avoid future holds being placed on his account.  PayPal is currently holding approximately $145 of Spear's funds.

12.     Plaintiff Ronya Osman is a natural person and resident of New Jersey, who has been using PayPal as a seller since approximately 2007.  On December 19, 2009, Plaintiff received a notification that PayPal was holding the funds in her account for 180 days.  The notification to Plaintiff did not explain why her funds were being held, what she could or should do to have the hold lifted, and/or what she could or should do to avoid future holds being placed on her account.  PayPal is currently holding approximately $1,500 of Osman's funds.

13.     Plaintiff Brian Pattee is a natural person and resident of Georgia, who has been using PayPal as a seller since approximately 1999.  In or about September 2009, Plaintiff received a notification that PayPal was holding funds in his account for 180 days.  The notification to Plaintiff did not explain why his funds were being held, what he could or should

**THIRD AMENDED CLASS ACTION COMPLAINT**

1   do to have the hold lifted, and/or what he could or should do to avoid future holds being placed

2   on his account.  PayPal held approximately $750 of Pattee's funds, and released the funds on or

3   about March 12, 2010.

4          14.      Plaintiff Casey Ching is a natural person and resident of Hawaii, who has used

5   PayPal as a seller since 2000.  On or about June 2, 2010 Plaintiff received notification that

6   PayPal was holding funds in his account for 180 days.  The notification to Plaintiff did not

7   explain why his funds were being held, what he could or should do to have the hold lifted, and/or

8   what he could or should do to avoid future holds being placed on his account.  PayPal is

9   currently holding approximately $4,000 of Ching's funds.

10          15.      Plaintiff Denae Zamora is a natural person and resident of South Carolina, who

11   has used PayPal as a seller since 2002.  On or about August 1, 2008 Plaintiff received a

12   notification that PayPal was holding funds in her account for 180 days.  The notification to

13   Plaintiff did not explain why her funds were being held, what she could or should do to have the

14   hold lifted, and/or what she could or should do to avoid future holds being placed on her account.

15   PayPal is currently holding approximately $5,012 of Zamora's funds.

16          16.      Plaintiff Michael Lavanga is a natural person and resident of New Jersey, who

17   has used PayPal as a seller since 2001.  On or about August 1, 2008, Plaintiff received a

18   notification that PayPal was holding funds in his account for 180 days.  The notification to

19   Plaintiff did not explain why his funds were being held, what he could or should do to have the

20   hold lifted, and/or what he could or should do to avoid future holds being placed on his account.

21   PayPal is currently holding approximately $70,000 of Lavanga's funds.

22          17.      Plaintiff Gary Miller is a natural person and resident of California, who has used

23   PayPal as a seller more than one thousand times since 1999.  In or about July 2010 Plaintiff

24   received a notification that PayPal was holding funds in his account for 180 days.  The

25   notification to Plaintiff did not explain why his funds were being held, what he could or should

26   do to have the hold lifted, and/or what he could or should do to avoid future holds being placed

27   on his account.  PayPal is currently holding approximately $8,300 of Miller's funds.

28          18.      Plaintiffs are informed and believe and thereon allege that Defendant PayPal, Inc.

— 5 —

**THIRD AMENDED CLASS ACTION COMPLAINT**

1    is a Delaware corporation doing business in the State of California.  PayPal's corporate

2    headquarters are located in Santa Clara County, California.

3         19.    Defendant eBay Inc. is a Delaware corporation with its principal place of business

4    in San Jose, California.  eBay Inc. is the parent company of PayPal.

5         20.    Plaintiffs do not know the true names or capacities of the persons or entities sued

6    herein as DOES 1 to 10, inclusive, and therefore sue such defendants by such fictitious names.

7    Plaintiffs are informed and believe and thereon allege that each of the DOE defendants is in

8    some manner legally responsible for the damages suffered by plaintiffs and the members of the

9    class as alleged herein.  Plaintiffs will amend this complaint to set forth the true names and

10   capacities of these defendants when they have been ascertained, along with appropriate charging

11   allegations, as may be necessary.

12                      **JURISDICTION AND VENUE**

13        21.    This Court has original jurisdiction over the claims asserted herein individually

14   and on behalf of the class pursuant to 28 U.S.C. § 1332, as amended in February 2005 by the

15   Class Action Fairness Act.  Subject matter jurisdiction is proper because: (1) the amount in

16   controversy in this class action exceeds five million dollars, exclusive of interest and costs; and

17   (2) a substantial number of the members of the proposed class are citizens of a state different

18   from that of Defendant PayPal.  Personal jurisdiction is proper as PayPal is domiciled in

19   California and has purposefully availed itself of the privilege of conducting business activities

20   within the State of California.

21        22.    Venue is proper in District pursuant to 28 U.S.C. § 1391, as a substantial part of

22   the events giving rise to the claims asserted herein occurred in the Northern District of

23   California.

24        23.    As an independent basis for venue, Defendant's User Agreement contains a forum

25   selection clause mandating venue within Santa Clara County, California.  *See* PayPal's User

26   Agreement, attached as Exhibit 1, Paragraph 14.3.  Accordingly, venue is proper in this District

27   under 28 U.S.C. § 1391.

28        24.    Additionally, Defendant's User Agreement provides that California law governs

— 6 —

**THIRD AMENDED CLASS ACTION COMPLAINT**

1   the Agreement "without regard to conflict of law provisions." *See* Exhibit 1, Paragraph 14.3.

2      25.   **Intradistrict Assignment (L.R. 3-2(b)):**  This action arises in Santa Clara

3   County, a county encompassed in this District, in that a substantial part of the events which give

4   rise to the claims asserted herein occurred in Santa Clara County, and Defendant has executive

5   offices and conducts business in Santa Clara County.

6                        **FACTUAL BACKGROUND**

7      **A.  WHAT PAYPAL IS AND HOW IT OPERATES.**

8      26.    PayPal operates an online payment processing service.  The service allows a

9   consumer of goods or services purchased over the Internet to electronically transfer money to the

10  seller of the goods or services.  PayPal boasts 81 million active accounts (and 210 million total

11  accounts), with over half of PayPal's total revenues generated in the United States.

12     27.    Typically, an online seller of goods or services will include a link to PayPal on its

13  website.  When a customer is ready to make a purchase, the customer will click the PayPal link,

14  which will take the customer to a secure PayPal webpage.  There, the customer will provide

15  PayPal with payment information.

16     28.    PayPal is the "preferred" payment method for transactions completed on eBay.

17  eBay is the dominant online auction website, with a virtual monopoly over the online auction

18  industry.  eBay has more than 90 million active users globally, making it the world's largest

19  online marketplace.  In 2009, there was $60 billion worth of goods sold on eBay, which is about

20  $2,000 every *second*.

21     29.    A PayPal user who uses the service to pay for something purchased online has

22  several payment options.  According to the PayPal website "You can use your PayPal balance,

23  bank account, or a debit or credit card."

24     30.    A PayPal user who uses the service to accept payment for something sold online

25  also has options on how to receive payment.  According to the PayPal website, when selling on

26  eBay, "[m]oney from your eBay sales appears in your PayPal account after the item sells.

27  Choose to transfer the funds to your bank account, or keep them in your PayPal balance to pay

28  for sales costs or purchases – it's up to you."

**THIRD AMENDED CLASS ACTION COMPLAINT**

29.     Individuals and entities who sell products or services through their own websites, as opposed to sales made on eBay, have similar payment options.  Money can be transferred immediately to a linked bank account or left in a PayPal account.

30.     PayPal actively encourages sellers to leave the payments they receive in a PayPal account, asserting that "PayPal is accepted at thousands of websites, and it provides a fast, secure checkout," thus making it easier to "spend it through PayPal."

31.     PayPal also offers a "PayPal Debit MasterCard Business Card [that] lets you spend the money in your PayPal account or withdraw it as cash at ATMs."

32.     When a balance is maintained in a PayPal account, the funds remain property of the user.  Unlike a bank, funds held by PayPal never become property of PayPal.  Nevertheless, PayPal keeps all interest that these balances accrue.  In fact, use of PayPal is contingent on granting PayPal an irrevocable transfer "[of] any ownership right that you may have in any interest that may accrue" on the balance maintained in a PayPal account.  This transfer is "in consideration for your use of" PayPal's payment processing service.  However, when PayPal holds a user's funds, PayPal is depriving that user the ability to use the service, yet PayPal still retaining the interest that accrues on the held funds.

**B.  PAYPAL'S USER AGREEMENT AND THE WRONGFUL HOLDING OF PLAINTIFFS' AND CLASS MEMBERS' FUNDS.**

33.     Users of PayPal's payment processing service (the "Service") must agree to the PayPal User Agreement ("Agreement"), attached as Exhibit 1.  All Plaintiffs were required to review the Agreement prior to signing up for the service.  The Agreement states that "PayPal is only a Payment Service Provider.  PayPal helps you make payments to and accept payments from third parties.  PayPal is an independent contractor for all purposes, except that PayPal acts as your agent with respect to the custody of your funds only."

34.     The Agreement is twenty-five single-spaced pages in 9 point font.  The contract is provided on a "take it or leave it" basis.  Plaintiffs were not afforded any opportunity to negotiate the terms of the Agreement.

35.     The first page of the Agreement prominently identifies the following two risks of

— 8 —

**THIRD AMENDED CLASS ACTION COMPLAINT**

using the Service: (1) the risk that a payment to a seller is later reversed or otherwise invalidated; and (2) the risk that PayPal may limit access to funds if a user for violates the Agreement.

36.     The first page of the Agreement conspicuously limits PayPal's right to hold funds to where "you violate this Agreement, the PayPal Acceptable Use Policy, or any other agreement you enter into with PayPal." However, Section 10 of the Agreement, which is buried at pages 12-13 of the Agreement, purports to provide additional instances in which PayPal may hold funds in sellers' accounts by placing reserves on accounts and/or limiting and/or suspending seller's accounts and holding the funds in the accounts for up to and in some cases exceeding 180 days (collectively referred to as "Holding Funds").

37.     "Restricted Activities" are defined and delineated in Section 9 of the User Agreement, which provides that PayPal users will not participate in the following activities:

- **Breach this Agreement**, the Commercial Entity Agreement, the Acceptable Use Policy or any other agreement or policy that you have agreed to with PayPal;
- **Violate any law**, statute, ordinance, or regulation (for example, those governing financial services, consumer protections, unfair competition, anti-discrimination or false advertising);
- Infringe PayPal's or any third party's copyright, patent, trademark, trade secret or other **intellectual property rights**, or rights of publicity or privacy;
- Sell **counterfeit goods**.
- Act in a manner that is **defamatory, trade libelous, threatening** or harassing;
- Provide **false, inaccurate or misleading information**;
- Send or receive what we reasonably believe to be potentially **fraudulent funds**;
- **Refuse to cooperate** in an investigation or provide confirmation of your identity or any Information you provide to us;
- Attempt to **double dip** during the course of a dispute by receiving or attempting to receive funds from both PayPal and the seller, bank, or credit card issuer for the same transaction;
- Use an **anonymizing proxy**;
- **Control an Account that is linked to another Account** that has engaged in any of these Restricted Activities.
- Conduct your business or use the Services in a manner that results in or may result in **complaints, Disputes, Claims, Reversals, Chargebacks**, fees, fines, penalties and other liability to PayPal, a User, a third party or you;

— 9 —
**THIRD AMENDED CLASS ACTION COMPLAINT**

- Have a **credit score** from a credit reporting agency that indicates a high level of risk associated with your use of the Services;

- Use your Account or the Services in a manner that PayPal, Visa, MasterCard, American Express, Discover or any other electronic funds transfer network reasonably believes to be an **abuse of the card system** or a violation of card association or network rules;

- Allow your Account to have a **negative Balance**;

- Provide yourself a **cash advance from your credit card** (or help others to do so);

- Access the Services from a **country that is not included on PayPal's permitted countries** list;

- **Disclose or distribute another User's Information** to a third party, or use the Information for marketing purposes unless you receive the Users express consent to do so;

- Send **unsolicited email** to a User or use the Services to collect payments for sending, or assisting in sending, unsolicited email to third parties;

- Take any action that imposes an **unreasonable or disproportionately large load on our infrastructure**;

- **Facilitate any viruses**, Trojan horses, worms or other computer programming routines that may damage, detrimentally interfere with, surreptitiously intercept or expropriate any system, data or Information;

- Use any **robot, spider, other automatic device**, or manual process to monitor or copy our website without our prior written permission;

- Use any device, software or routine to **bypass our robot exclusion headers**, or interfere or attempt to interfere, with our website or the Services;

- Take any action that may **cause us to lose any of the services** from our internet service providers, payment processors, or other suppliers;

- Use the Service to **test credit card behaviors**.

(emphasis added).  However, none of these restricted behaviors are applicable here, as *PayPal has failed to identify any of these Restricted Activities* to Plaintiffs and the Class as the reason for holding all funds in the account.

       38.     Contrary to the express and limiting language in the Agreement, PayPal, through exploiting nonexistent contract terms or vague and unjustified contract language interpretation, holds funds for up to or in excess of 180 days.  PayPal makes this decision to hold funds at its sole discretion, in violation of the contract.

       39.     Although the named Plaintiffs first suffered injuries resulting from PayPal's

**THIRD AMENDED CLASS ACTION COMPLAINT**

practice of arbitrarily and negligently Holding Funds beginning in 2008, they are informed and believe that such practice began prior to 2006.  Since that time, PayPal has been arbitrarily and negligently Holding Funds without reason to believe that the user has breached the Agreement or that there is a high level of risk associated with the user's account or transactions, as that term is given meaning by the definitions of "reserve", "chargeback", "claim" and by the interplay with the other language of the agreement.  Thus, PayPal's practice of Holding Funds is in breach of the Agreement.

40.     During this hold period, users are prohibited from accessing their own funds in their PayPal accounts.  However, the funds continue to accrue interest.  PayPal is unjustly enriched by retaining the interest accrued on the funds being held.

**C. THE USER AGREEMENT IS A CLASSIC CONTRACT OF ADHESION, AND PAYPAL'S ASSERTED INTERPRETATION OF THE AGREEMENT IS PROCEDURALLY AND SUBSTANTIVELY UNCONSCIONABLE.**

41.     The Agreement is a classic contract of adhesion under California law.  Under California law, a contract of adhesion is defined as "a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it."  None of the Plaintiffs or members of the class drafted the Agreement.  The Agreement is a standardized form contract that was presented to each Plaintiff and member of the class, and each Plaintiff and member of the class has only the opportunity to adhere to the contract or reject it.  There was arm's length bargaining that occurred or was permitted.

42.     PayPal's (incorrect) interpretation of the Agreement is also procedurally and substantively unconscionable.  The contract is procedurally unconscionable for the same reason that renders the contract one of adhesion. PayPal's interpretation of the User Agreement is substantively unconscionable because it shocks the conscience of the reasonable and objective PayPal user.

43.     PayPal's practice of Holding Funds has met widespread disappointment and anger from consumers around the country, as evidenced by the numerous websites created to protest PayPal's holding of funds.

**THIRD AMENDED CLASS ACTION COMPLAINT**

44.     PayPal informed account holders of the hold on their funds through use of form emails or a prepared phone script which provided no information as to why there was a hold placed on their account and/or why their account was limited or suspended for a period of time up to 180 days.

45.     PayPal's form email informs the users that their funds are being held for the following non-explanatory reasons: "excessive risk involved", "security issues", or "suspicious activity."  These terms are not defined in the PayPal User Agreement, and no further explanation is given.  *See* Exhibit 1, Paragraph 15 ("Definitions").  PayPal's notice of Holding Funds does not list any of the reasons for holds, nor does it provide the recipients with an opportunity to request restoration of access or any information to permit them to know whether restoration of access is appropriate under the circumstances.

46.     When PayPal users inquire as to the reasons behind why PayPal is Holding Funds by contacting PayPal's Resolution Center, as required by the User Agreement, users are met with non-responsive and unhelpful customer service employees, "canned" responses, and/or a litany of requests for additional documentation, including social security numbers and other personal information.

47.     Even after users provide the additional documents requested by PayPal, PayPal continues to withhold information regarding why PayPal is Holding Funds, providing only another form email.  This email states that PayPal is unable to provide more information as to why there is a hold on the users' accounts and states: "If you would like to obtain copies of the information we reviewed in deciding to place a limitation on your account, you will need to obtain a court order or subpoena."

48.     During the holding period, money is permitted to enter into the accounts, but users are unable to access the funds at any time until the holding period expires, up to 180 days.

49.     Additionally, once funds are returned, PayPal retains the interest that accrued while Plaintiffs and the Class were frozen from their accounts.

50.     As a result of PayPal's actions, Plaintiffs and the Class have suffered damages and PayPal has been enriched in the form of interest on the money held in the accounts without

**THIRD AMENDED CLASS ACTION COMPLAINT**

1     an adequate basis or adequate notice.

2         51.     PayPal has not provided any real explanation as to why the accounts have a hold

3     placed on them, and does not provide PayPal users with any guidance or criteria so that they can

4     select customers and conduct transactions in a way to avoid PayPal's hold policies.

5         52.     PayPal has left Plaintiffs and the Class with no opportunity to obtain access to

6     their funds prior to the expiration of the hold period.  Nor has PayPal provided Plaintiffs and the

7     Class with an opportunity to cure whatever alleged problem has resulted in the imposition of the

8     hold, let alone to understand the reasons for the hold or to prevent a hold from being placed on

9     their accounts in the future.

10    **CALIFORNIA'S SUBSTANTIVE LAW APPLIES TO THE PROPOSED CLASS**

11        53.     California's substantive laws apply to the proposed Class and Subclasses, as

12    defined herein, and Plaintiffs properly bring this Complaint in this District.

13        54.     PayPal's User Agreement provides that it "shall be governed in all respects by the

14    laws of the State of California, without regard to conflict of law provisions." Exhibit 1, Section

15    14.3.

16        55.     Also, California's substantive laws may be constitutionally applied to the claims

17    of Plaintiffs and the Class under the Due Process Clause, 14th Amend., § 1, and the Full Faith

18    and Credit Clause, art. IV, § 1, of the US Constitution.  California has significant contact, or

19    significant aggregation of contacts, to the claims asserted by Plaintiffs and all Class members,

20    thereby creating state interests that ensure that the choice of California state law is not arbitrary

21    or unfair.

22        56.     Defendant's United States headquarters and principal place of business are

23    located in California.  Defendant also owns property and conducts substantial business in

24    California, and therefore California has an interest in regulating Defendant's conduct under its

25    laws.  Defendant's decision to reside in California and avail itself of California's laws, and to

26    engage in the challenged conduct from and emanating out of California, renders the application

27    of California law to the claims herein constitutionally permissible.

28        57.     California is also the State from which Defendant's alleged misconduct emanated.

— 13 —

**THIRD AMENDED CLASS ACTION COMPLAINT**

1   This conduct similarly injured and affected all Plaintiffs and Class members residing in the

2   United States.  For instance, Defendant's officers are located in California.  More specifically,

3   California has the following significant contacts to the claims of Plaintiffs and Class members:

4           a.   California serves as the headquarters for PayPal's marketing in the United States

5                and provides all consumer support;

6           b.   Upon information and belief, all corporate decisions regarding PayPal's User

7                Agreement and other policies were directed by, or emanated from, PayPal

8                representatives working in California or directly reporting to superiors situated in

9                California.

10      58.      The application of California laws to the Class is also appropriate under

11  California's choice of law rules because California has significant contacts to the claims of the

12  Plaintiffs and the proposed Class, and California has a greater interest in applying its laws here

13  than any other interested state.

14                          **CLASS ACTION ALLEGATIONS**

15      59.      Description of the Class: Plaintiffs bring this nationwide class action on behalf of

16  themselves and a Class defined as follows:

17                all current and former users of PayPal in the United States who had

18                an active PayPal account on or after April 19, 2006.

19      60.      Excluded from the Classes are governmental entities, Defendant, any entity in

20  which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal

21  representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also excluded

22  from the Class is any judge, justice, or judicial officer presiding over this matter and the

23  members of their immediate families and judicial staff.

24      61.      Plaintiffs reserve the right to modify the Class descriptions and the Class period

25  based on the results of discovery.

26      62.      Plaintiffs and the Classes bring this action for equitable, injunctive and

27  declaratory relief pursuant to subdivisions (b)(1), (b)(2) and (b)(3) of rule 23 of the Federal Rules

28  of Civil Procedure.

**THIRD AMENDED CLASS ACTION COMPLAINT**

63.     Numerosity:  The proposed Classes are so numerous that individual joinder of all its members is impracticable.  The total number of Class members is at least in the hundreds of thousands and members of the class are geographically dispersed across the United States. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

64.     Common Questions of Law and Fact Predominate:  There are questions of law and fact common to the representative Plaintiffs and the Classes, and those questions substantially predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to, the following:

a.      Whether Plaintiffs and the Class entered into a contract with PayPal by agreeing to its User Agreement;

b.      Whether PayPal has a practice of breaching the Agreement by closing, suspending, or limiting access to its users' accounts without reason to believe that the users engaged in activities prohibited by the agreement or those that carry a high level of risk;

c.      Whether PayPal has a practice of breaching the terms of the Agreement by holding funds in its users' accounts for up to 180 days without determining that such action is reasonably necessary to protect against liability;

d.      Whether PayPal's failure to provide notice regarding either the reason for the hold or an opportunity to cure the hold constitutes a breach of the Agreement;

e.      Whether PayPal's practice of placing holds on the accounts of Plaintiffs and the Class without providing notice of the reason for the hold and an opportunity to cure the hold frustrates the purposes of the contract and impairs Plaintiffs and the Class' ability to obtain the benefits of the contract in violation of the covenant of good faith and fair dealing;

f.      Whether PayPal breached the terms of the Agreement by retaining the interest

— 15 —
**THIRD AMENDED CLASS ACTION COMPLAINT**

generated by the funds in closed, suspended, or limited accounts;

g.    Whether PayPal breached the fiduciary duties it owes to Plaintiffs and the Class;

h.    Whether PayPal is obligated to refund the interest generated on closed, suspended, or limited accounts;

i.    Whether Defendant's conduct constitutes deceptive, unfair and/or oppressive conduct as defined under the California Unfair Business Practices Act (UCL) (Cal. Bus. & Prof. Code §17200 *et seq.*);

j.    Whether Defendant was unjustly enriched by its scheme at the expense of Plaintiffs and the Class;

k.    Whether Plaintiffs and Class have been damaged, and if so, in what amount;

l.    Whether Plaintiffs and the Class are entitled to restitution of all monies acquired by Defendant from Plaintiffs and the Class and the general public as a result of Defendant's unlawful, unfair or fraudulent business practices;

m.    Whether Plaintiffs and the Class have been damaged, and if so, in what amount;

n.    Whether PayPal owes Plaintiffs and the Class an accounting of the interest accrued on their funds while their accounts were closed, suspended, or limited; and

o.    Whether PayPal violated 15 U.S.C. 1693, Electronic Funds Transfer Act.

65.    <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs and all members of the Class have been similarly affected by Defendant's common course of conduct since they all have or had money being held by Defendant pursuant to its policy to hold funds.

66.    <u>Adequacy of Representation</u>:  Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex and class action litigation. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do

**THIRD AMENDED CLASS ACTION COMPLAINT**

so.  Neither Plaintiffs nor their counsel have any interests adverse to those of the Class.

67.    Superiority of a Class Action:   Plaintiffs and the members of the Class suffered, and will continue to suffer, harm as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.   Individual joinder of all members of the class is impractical.  Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct.  The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system, and protects the rights of the class member. Furthermore, for many, if not most, class members, a class action is the only feasible mechanism that allows therein an opportunity for legal redress and justice.

68.    Adjudication of individual class members' claims with respect to the Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

69.    Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

70.    The Agreement constitutes a written contract between PayPal on the one hand and Plaintiffs and the Class on the other.

71.    The Agreement is a contract of adhesion under California law.  As such, any ambiguity in the contract must be construed in accordance with the reasonable expectations of the weaker contracting party.  Here, Plaintiffs and the Class, who had no opportunity to negotiate any of the terms of the Agreement, are the weaker contracting parties.

— 17 —

**THIRD AMENDED CLASS ACTION COMPLAINT**

1      72.      Plaintiffs and the Class performed their obligations under the contract.

2      73.      Although the term "notice" is not defined in the Agreement, the term "notice" as

3  used in Section 10.5 requires PayPal to provide notice to Plaintiffs and the Class of any hold

4  placed on their accounts that includes both the reason for the hold and an opportunity to request

5  restoration of access to the held funds.  PayPal has breached the Agreement by failing to give

6  Plaintiffs and the Class the required notice.

7      74.      Pursuant to the Agreement, PayPal may only hold funds in users' accounts where:

8  (1) the user has breached the Agreement in some fashion; and (2) where there is a high level of

9  risk of reversal associated with transactions within the user's account.

10      75.      PayPal breached the express terms of the contract by closing, suspending, or

11  limiting access to Plaintiffs' and the Class' accounts without any reasonable belief that Plaintiffs

12  and the Class breached any aspect of the Agreement or engaged in transactions that carry a high

13  level of risk of claims, chargebacks, or reversal.

14      76.      PayPal breached the express terms of the contract by retaining interest generated

15  by the balances contained in accounts that were closed, suspended, or limited despite the fact that

16  the transfer of the ownership rights to the accrued interest was in consideration for the ability to

17  use PayPal's services.

18      WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

19                          **SECOND CAUSE OF ACTION**

20      **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

21      77.      Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the

22  extent necessary, plead this cause of action in the alternative.

23      78.      The Agreement also includes an implied covenant of good faith and fair dealing.

24  The covenant of good faith and fair dealing prohibits PayPal from taking any action that would

25  have the effect of depriving Plaintiffs and the Class from receiving the full benefits of the

26  contract.

27      79.      Under the Agreement, PayPal has discretion to place holds on users' accounts

28  where it believes that some of those users' transactions bear a high level of risk of reversal.  The

**THIRD AMENDED CLASS ACTION COMPLAINT**

implied covenant of good faith and fair dealing requires that PayPal utilize this discretion in accordance with the reasonable expectations of Plaintiffs and the Class in a manner that does not deprive Plaintiffs and the Class of the benefits of the contract.  PayPal nevertheless arbitrarily and negligently imposed holds on the accounts of Plaintiffs and the Class that are unrelated to the level of risk associated with those accounts or the underlying transactions.  Accordingly, PayPal has breached the implied covenant of good faith and fair dealing.

80.     PayPal also breached the implied covenant of good faith and fair dealing by failing to provide adequate notice to Plaintiffs and the Class regarding the reasons for the Holding Funds and an opportunity to cure the basis for the hold.  The term "notice" is undefined in the Agreement.  Even if the Court does not agree with Plaintiffs' interpretation of "notice" in Section 10.5, the implied covenant of good faith and fair dealing requires that the term "notice" be interpreted in accordance with the reasonable expectations of Plaintiffs and the Class.  Plaintiffs and the Class reasonably expect that when PayPal limits their access to their own funds, it will tell them why it is doing so and what Plaintiffs and the Class can do to be able to regain use of their funds.  Plaintiffs and the Class also reasonably expect that PayPal will inform them of the nature of the hold in order to allow them to avoid such holds in the future.  By failing to provide adequate notice, PayPal deprives Plaintiffs and the Class of the ability to obtain the benefits of the contract.  The contract is designed to provide Plaintiffs and the Class with the ability to obtain payments from third parties.  The holds placed on the accounts of Plaintiffs and the Class deprives them from obtaining these third party payments and thus the benefits of the contract.  Plaintiffs and the Class are provided no means to have the holds lifted and avoid future holds.  Accordingly, Plaintiffs and the Class are unable to obtain the benefits of the contract.

81.     As a direct and proximate result of PayPal's breach of the implied covenant of good faith and fair dealing, Plaintiffs and the Class have been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

**THIRD AMENDED CLASS ACTION COMPLAINT**

**THIRD CAUSE OF ACTION**

**BREACH OF FIDUCIARY DUTY**

82.     Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

83.     PayPal acted as the agent of Plaintiffs and the Class with respect to the custody of the funds held by PayPal.

84.     As an agent, PayPal owed Plaintiffs and the Class a duty to exercise skill, care, and diligence.

85.     PayPal breached the duty to exercise skill, care, and diligence by closing, suspending, or limiting access to the accounts of Plaintiffs and the Class without having reason to believe Plaintiffs and the Class breached the Agreement in any way or engaged in transactions that bear a high level of risk of claims, chargebacks or reversal.  PayPal further breached the duty to exercise skill, care, and diligence by holding funds in Plaintiffs' and the Class' accounts for up to 180 days without determining whether such action was reasonably needed to protect against the risk of liability.

86.     As an agent, PayPal owed Plaintiffs and the Class a duty of loyalty.

87.     PayPal breached the duty of loyalty by holding funds in Plaintiffs' and the Class' accounts for up to 180 days without determining whether such action was reasonably needed to protect against the risk of liability, thereby profiting at the expense of Plaintiffs and the Class. PayPal further breached this duty of loyalty by failing to adequately notify Plaintiffs and the Class regarding the Holding Funds thereby depriving them of the opportunity to cure the alleged problem(s) that resulted in the Holding Funds.

88.      As a direct and proximate result of PayPal's breach of fiduciary duty, Plaintiffs and the Class have been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

**FOURTH CAUSE OF ACTION**

**ACCOUNTING**

89.     Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the

**THIRD AMENDED CLASS ACTION COMPLAINT**

1    extent necessary, plead this cause of action in the alternative.

2        90.    PayPal acted as the agent of Plaintiffs and the Class with respect to the custody of

3    the funds held by PayPal.

4        91.    PayPal owes Plaintiffs and the Class interest accrued on accounts that have been

5    closed, suspended, or limited and this amount can only be ascertained by an accounting.

6        WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

7    **FIFTH CAUSE OF ACTION**

8    **VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT**

9        92.    Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the

10   extent necessary, plead this cause of action in the alternative.

11       93.    Plaintiffs and other CLRA Subclass members are consumers within the meaning

12   of the CLRA given that Defendant's business activities involve trade or commerce, are addressed

13   to the consumer market generally, and otherwise implicate consumer protection concerns.  Even

14   when selling items via PayPal's Service, Plaintiffs and the CLRA Subclass are consumers of

15   PayPal's payment processing service.  Plaintiffs and other CLRA Subclass Members have used

16   the service at least in part to sell items for personal, family and/or household purposes.

17       94.    Although the Agreement provides that PayPal may require sellers to convert their

18   accounts to business or premier accounts, the Agreement does not require sellers to have such

19   accounts.  Section 2.2 of the Agreement provides that holders of business and premier accounts

20   attest that they "are not establishing the account *primarily* for personal, family or household

21   purposes."  The Agreement does not prohibit sellers, even those holding business or premier

22   accounts, from using the Service for personal, family and household uses provided that those

23   uses are not the primary uses of the Service.

24       95.    The acts and practices of Defendant as described above were intended to deceive

25   Plaintiffs and the CRLA Subclass members as described herein and have resulted and will result

26   in damages to Plaintiffs and the CLRA Subclass members.  These actions violated and continue

27   to violate the CLRA in at least the following respects:

28           (a)    In violation of § 1770(a)(5) of the CLRA, Defendant's acts and practices

**THIRD AMENDED CLASS ACTION COMPLAINT**

constitute representations that the Service has characteristics, uses and/or

benefits which it does not;

(b) In violation of § 1770(a)(7) of the CLRA, Defendant's acts and practices

constitute representations that the Service is of a particular quality which it

is not; and

(c) In violation of § 1770(a)(9) of the CLRA, Defendant's acts and practices

constitute the advertisement of the service in question without the intent to

sell them as advertised.

96. By reason of the foregoing, Plaintiffs and the CLRA Subclass members have been irreparably harmed.

97. By committing the acts alleged above, Defendants violated the CLRA.

98. In compliance with the provisions of California Civil Code § 1782, prior to the filing of this amended complaint, Plaintiffs notified Defendant in writing of the particular violations of § 1770 of the Act and demanded Defendant to rectify the actions described above by refunding the purchase price and give notice to all affected consumers of their intent to do so. Plaintiffs sent this notice by certified mail, return receipt requested, to Defendant's principal place of business.

99. Defendant failed to adequately respond to Plaintiffs' demand to rectify the wrongful conduct described above on behalf of all Class members within thirty days after receipt of the § 1782 notice. Accordingly, Plaintiffs now seek actual and punitive damages against Defendant for violations of the CLRA on behalf of themselves and the CLRA Subclass.

100. Plaintiffs and CLRA Subclass members are entitled, pursuant to California Civil Code §§ 1780(a)(2) and (3), to an order: (1) enjoining the above-described wrongful acts and practices; and (2) requiring the payment of restitution to Plaintiffs and the Class. Plaintiffs and the Class are also entitled to the payment of costs and attorneys' fees and any other relief deemed appropriate and proper by the Court under California Civil Code § 1780(e).

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

**THIRD AMENDED CLASS ACTION COMPLAINT**

**SIXTH CAUSE OF ACTION**

**CONVERSION**

101.     Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

102.     At all times relevant hereto, funds which were the legal property of Plaintiffs and other members of the Nationwide Class were in the possession and under the control of PayPal. PayPal, through the conduct alleged herein, intentionally, negligently and wrongfully deprived Plaintiffs, and other members of Nationwide Class of funds which were rightfully theirs.

103.     As a direct and proximate result of PayPal's conduct, Plaintiffs and other members of the proposed class have suffered, and will continue to suffer, damages in an amount to be determined at trial, ascertainable from information and records in the Defendant's possession or control.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**

104.     Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

105.     Any conduct that is unlawful, unfair or deceptive constitutes a violation of the California Unfair Competition Law, Business and Professions Code §17200, *et seq*. (the "UCL").

106.     Plaintiffs have standing to pursue this claim as Plaintiffs have suffered injury in fact and have lost money or property as a result of PayPal's actions.  Plaintiffs paid money for the service based on claims that the service provides for secure and immediate transfer of funds. Nevertheless, Defendant places unauthorized holds Plaintiffs' accounts violating the security of those accounts and significantly delaying the transfer of funds to Plaintiffs.  Plaintiffs thus did not obtain the value of the service for which they paid.

107.     The violation of any law constitutes an unlawful business practice under California Business & Professions Code § 17200.

108.     As detailed more fully in the preceding paragraphs, the acts and practices alleged

**THIRD AMENDED CLASS ACTION COMPLAINT**

herein were intended to and did result in the sale of the Service in violation of the CLRA. Defendant's conduct further constitutes breach of contract, breach of the implied covenant of good faith and fair dealing and conversion of Plaintiffs' funds, particularly the interest that accrues on those funds while held by PayPal pursuant to a "reserve".

109.    By violating these legal duties, Defendant has engaged in unlawful business acts and practices which constitute unfair competition within the meaning of Business & Professions Code § 17200.

110.    Under California Business & Professions Code § 17200, any business act or practice that is unethical, oppressive, unscrupulous and/or substantially injurious to consumers, or that violates a legislatively declared policy, constitutes an unfair business act or practice.

111.    PayPal actively and extensively advertises, markets and promotes the service based on promises that the service allows sellers to get paid "instantly and securely." Throughout the class period, PayPal has maintained a website that is the primary tool for advertising and marketing the service.  In describing the service on its website, PayPal entices sellers to use the service stating that it offers "maximum security."  PayPal's website further states that "PayPal enables any individual or business to pay and get paid online safely and easily" and that "PayPal is the faster, safer and easier way to pay and get paid online."  In promoting its business merchant services, PayPal's website advertises that a seller can "Get your money fast with PayPal. When the order is complete, the money usually shows up in your PayPal account in a few minutes." In its description regarding "How PayPal Works," PayPal promises that sellers "get paid instantly and securely" and "receive money instantly and ship items quickly to buyers."  Plaintiffs reviewed and relied on these representations when signing up for the Service.

112.    Plaintiffs each signed up for the service using PayPal's website.  When doing so, Plaintiffs reviewed and relied on the representations set forth on the website concerning the speed and security of transactions using the service.  In addition, each Plaintiff was required to review and agree to the Agreement when signing up for the service.  As detailed above, the Agreement promises that holds will only be placed on accounts in the limited situations where

**THIRD AMENDED CLASS ACTION COMPLAINT**

PayPal believes that the user has violated the Agreement or is engaged in high risk transactions. Nevertheless, PayPal imposed holds when it has no reasonable belief that Plaintiffs had done either. In addition, the Agreement provides that users will be given notice of any hold that includes the reason for the hold and an opportunity to request that the hold be lifted if appropriate. However, PayPal has failed to provide such notice to Plaintiffs and the Class.

113. PayPal expressly promotes the service for use with eBay, stating that sellers can "Get Fast Access to Your Money" using PayPal for eBay sales because "Money from your eBay sales show up in your PayPal account after the item sells" and that "PayPal is seamlessly integrated into eBay checkout and your money shows up in your PayPal account after your sale closes."

114. PayPal omitted any information about the high likelihood of a hold being placed on a user's account. PayPal states that users may avoid holds being placed on users' accounts by following the steps outlined above. However, each Plaintiff followed those steps, had high user ratings, and nevertheless had holds placed on their accounts.

115. PayPal intended that Plaintiffs and the Class would rely on PayPal's omissions and misrepresentations by utilizing PayPal to collect payments from buyers, and not challenging holds of their funds in violation of the User Agreement, unaware of the material facts described above. This conduct constitutes consumer fraud, an unfair business practice and violation of the UCL. Had Plaintiffs known that PayPal would arbitrarily and negligently hold their funds for up to 180 days, Plaintiffs would have not used PayPal's services and would have used alternative methods of accepting payments.

116. PayPal's failure to explain its payment hold policy, along with its promises of funds being immediately made available is likely to deceive the Class. PayPal has thus committed deceptive acts or practices within the meaning of the UCL by engaging in the acts and practices alleged herein.

117. PayPal has engaged, and continues to engage, in conduct which is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers. PayPal promotes, markets and advertises the service as providing for secure and immediate transfer of

**THIRD AMENDED CLASS ACTION COMPLAINT**

1   funds, yet PayPal intentionally and negligently obstructs the transfer of funds by placing

2   unauthorized holds on sellers' accounts.  This conduct violates the policies underlying the

3   CLRA.  Accordingly, PayPal's conduct constitutes unfair acts under the UCL.

4          118.    Under the UCL, any business act or practice that is likely to deceive members of

5   the public constitutes a fraudulent business act or practice.

6          119.    PayPal's conduct adversely affects the public interest and is a proximate cause of

7   injury and money damages to Plaintiffs and the Class in an amount to be proven at trial.  PayPal

8   is liable to Plaintiffs and the Class for all appropriate damages allowed under the law, costs and

9   attorneys' fees, including as private attorney generals under Cal. Code Civ. Proc. §1021.5.

10         WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

11  **EIGHTH CAUSE OF ACTION**

12  **UNJUST ENRICHMENT**

13         120.    Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the

14  extent necessary, plead this cause of action in the alternative to the breach of contract claim.

15         121.    To the extent that the Court ultimately determines that the contract is so one sided

16  as to be illusory or is otherwise unenforceable, Plaintiffs and the Class seek to recover from

17  PayPal pursuant to the equitable doctrine of unjust enrichment.

18         122.    Through the actions described above, PayPal and eBay have received a benefit at

19  the expense of Plaintiff and the Class -- namely money belonging to Plaintiffs and the Class

20  through the retention of the interest that accrued on funds held in accounts that were closed,

21  suspended, or limited.

22         123.    As a direct and proximate result of PayPal's misconduct as set forth above,

23  PayPal and eBay have been unjustly enriched at the expense of Plaintiffs and the Class.

24         124.    Under principles of equity and good conscience, PayPal and eBay have should not

25  be permitted to keep the full amount of money belonging to Plaintiffs and the Class which

26  PayPal and eBay have unjustly received as a result of its actions.

27         WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

28

**THIRD AMENDED CLASS ACTION COMPLAINT**

**NINTH CAUSE OF ACTION**

**VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT,**

**15 U.S.C. § 1693 ET SEQ.**

125.    Plaintiffs repeat and reallege the allegations of the prior paragraphs, as if fully set forth herein.

126.    PayPal's actions as set forth herein violate the Electronic Funds Transfer Act ("EFTA").

127.    The EFTA "provide[s] a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems."  15 U.S.C. §1693(b).

128.    An "'electronic fund transfer' means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account." 15 U.S.C. §1693a(6).

129.    PayPal's receipt of funds electronically from buyers to sellers constitutes an electronic fund transfer.  PayPal's deposit of funds into sellers' accounts also constitutes an electronic fund transfer.

130.    A "financial institution" includes people "who, directly or indirectly, hold[] an account belonging to a consumer".  15 U.S.C. §1693a(8).

131.    A "consumer" is "a natural person". 15 U.S.C. §1693a(5).

132.    PayPal is a financial institution within the meaning of the EFTA, and Plaintiffs and the Class are consumers protected by the EFTA.

133.    The EFTA provides that "The terms and conditions of electronic fund transfers involving a consumer's account shall be disclosed at the time the consumer contracts for an electronic fund transfer service...". 15 U.S.C. §1693(c)(a).  Such disclosures include "(3) the type

**THIRD AMENDED CLASS ACTION COMPLAINT**

and nature of electronic fund transfers which the consumer may initiate, including any

limitations on the frequency or dollar amount of such transfers…; (4) any charges for electronic

fund transfers or for the right to make such transfers." 15 U.S.C. §1693(c)(a)(3)-(4).

134.    The EFTA further provides that "an error consists of (6) a consumer's request for

additional information or clarification concerning an electronic fund transfer."  15 U.S.C.

§1693(f)(f).  If a consumer documents an alleged error in his or her account, and the financial

institution determines that there was an error, "it shall promptly, but in no event more than one

business day after such determination, correct the error…including the crediting of interest

where applicable." 15 U.S.C. §1693(f)(b).

135.     If the financial institution determines that there was no error, "it shall deliver or

mail to the consumer an explanation of its findings within 3 business days after the conclusion of

its investigation, and upon request of the consumer promptly deliver or mail to the consumer

reproductions of all documents which the financial institution relied on to conclude that such

error did not occur."  15 U.S.C. §1693(f)(d).

136.    Plaintiffs and the Class have requested from PayPal additional information or

clarification concerning electronic fund transfers of money into their accounts that is

subsequently held by PayPal.  PayPal has refused to provide Plaintiffs and the Class without any

explanation or reasons for the failure to fully transfer the money into their accounts, in violation

of the EFTA.

137.    Financial institutions are "liable to a consumer for all damages proximately

caused by the financial institution's failure to make an electronic fund transfer, in accordance

with the terms and conditions of an account, in the correct amount or in a timely manner when

properly instructed to do so by the consumer."  15 U.S.C. §1693(h)(a)(1).  Furthermore, "no

writing or other agreement between a consumer and any other person may contain any provision

**THIRD AMENDED CLASS ACTION COMPLAINT**

which constitutes a waiver of any right conferred or cause of action created by this subchapter."

15 U.S.C. §1693(l).

138.    Additionally, based on the conduct alleged herein, PayPal has violated and failed

to comply with sections of the EFTA including but not limited to the following: 15 U.S.C.

§§1693(c)(a)(2), 1693(g), 1693(f)(a), 1693(f)(c), 1693(m).

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## TENTH CAUSE OF ACTION

## DECLARATORY RELIEF

139.    Plaintiffs repeat and reallege the allegations of the prior paragraphs, as if fully set

forth herein.

140.    There is an actual controversy between PayPal and the Class concerning the

holding of funds in Plaintiffs' and the Class's PayPal accounts.

141.    Pursuant to 28 U.S.C. § 2201 this Court may "declare the rights and legal

relations of any interested party seeking such declaration, whether or not further relief is or could

be sought."

142.    PayPal has wrongfully and negligently held funds that rightfully belong to

Plaintiffs and the Class without reason and keeping interest accrued upon said funds, and has

refused to abide by the terms of its User Agreement, as described herein.

143.    Accordingly, Plaintiffs seek a declaration that PayPal is wrongfully holding funds

and retaining the interest accrued upon said funds in violation of its User Agreement.  Plaintiffs

further seek a declaration that any notice of a hold or reserve must include a description of why

the funds are being held and how to avoid such holds in the future.

## ELEVENTH CAUSE OF ACTION

## MONEY HAD AND RECEIVED

144.    Plaintiffs repeat and reallege the allegations of the prior paragraphs, as if fully set

forth herein.

145.    As a result of the above described actions, PayPal acquired interest on the monies

**THIRD AMENDED CLASS ACTION COMPLAINT**

held from Plaintiffs and the class which PayPal had no right to retain.  The specific sum of money unlawfully acquired from each class member is readily identifiable from information and records in PayPal's possession or control.

146.    PayPal transferred or retained from account holders, including Plaintiffs and the class, money which they had no right to retain.  PayPal is indebted to Plaintiffs and the members of the class for money had and received by PayPal.

147.    As a direct and proximate result of PayPal's unlawful acts and conduct described above, Plaintiffs and the class were deprived of the use of the interest that accumulated on the money held in their accounts that was unlawfully retained by PayPal, and Plaintiffs and the class are therefore entitled to restoration of their money.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and members of the Class request that the Court enter an order or judgment against the PayPal as follows:

1.    Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a) and (b)(3), and certification of the proposed class and notice thereto to be paid by PayPal;

2.    Designating Plaintiffs as representative of the Class and their counsel as Class counsel;

3.    Adjudging and decreeing that PayPal has engaged in the conduct alleged herein, entering judgment in favor of Plaintiffs and the Class and against PayPal;

4.    Awarding Plaintiffs and the Class their individual damages and attorneys' fees and allowing costs, including interest thereon; damages as permitted under 15 U.S.C. § 1693(m)(a)(1)(B) and (3); and/or restitution and equitable relief.

5.    Entering an injunction ordering PayPal to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint, and compelling PayPal to release the funds it is holding and to reimburse Plaintiffs and the Class interest accrued upon held funds;

6.    Compelling PayPal to establish a program to provide Plaintiffs and the Class

**THIRD AMENDED CLASS ACTION COMPLAINT**

explanations as to why there is a hold on their accounts, and what can be done to regain access to their funds and prevent such holds in the future;

      7.     For special damages according to proof on certain causes of action;

      8.     For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded; and

      9.     Any and all such other and further relief that this Court may deem just and proper.

— 31 —
**THIRD AMENDED CLASS ACTION COMPLAINT**

DATED: August __, 2015         **LEXINGTON LAW GROUP**


By ___*/s/ Mark Todzo*_____
       Mark N. Todzo

**LEXINGTON LAW GROUP**
Mark M. Todzo (SBN 168389)
Howard Hirsch (SBN 213209)
1627 Irving Street
San Francisco, CA  94122
Telephone:     (415) 913-7800
Facsimile:     (415) 759-4112
mtodzo@lexlawgroup.com

**QUANTUM LEGAL LLC**
Jeffrey A. Leon
513 Central Avenue, Suite 300
Highland Park, Illinois 60035
Telephone:     (847) 433-4500
Facsimile:     (847) 433-2500
jeff@complexlitgroup.com
julie@complexlitgroup.com

**SEEGER WEISS, LLC**
Jonathan Shub (SBN 237708)
1818 Market St, 13th Floor
Philadelphia, PA 19102
(610) 453-6551
jshub@seegerweiss.com

**FARMER, JAFFE, WEISSING,**
**EDWARDS, FISTOS & LEHRMAN, P.L.**
Steven R. Jaffe (*Pro hac* forthcoming)
steve@pathtojustice.com
Mark S. Fistos (*Pro hac* forthcoming)
mark@pathtojustice.com
Seth M. Lehrman (SBN 178303)
seth@pathtojustice.com
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
(954) 524-2820
*Counsel for Plaintiffs and the Class*

**THIRD AMENDED CLASS ACTION COMPLAINT**

1

**DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby demand a trial by jury in the instant action.

3

4

DATED:  August __, 2015          **LEXINGTON LAW GROUP**

5

6                                        By ___*/s/ Mark Todzo*_____

7                                             Mark N. Todzo
                                              Howard Hirsch
                                              *Counsel for Plaintiffs and the class*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD AMENDED CLASS ACTION COMPLAINT**