Reginald Burgess
12325 Imperial Hwy #145
Norwalk, CA 90650
Phone (888) 245-0810

Attorney for: Reginald Burgess



FILED
SEP 18 2015
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| MOISES ZEPEDA, MICHAEL SPEAR, RONYA OSMAN, BRIAN PATTEE, CASEY CHING, DENAE ZAMORA, MICHAEL LAVANGA, and GARY MILLER, on behalf of themselves and all others similarly situated. <br><br> Plaintiffs, <br><br> v. <br><br> PAYPAL, INC. E-BAY INC., and DOES 1 through 10, inclusive <br> Defendants. | Case No. 10-cv-02500 SBA <br> [related to 10-cv-01668 SBA] <br><br> **OBJECTION TO PRELIMINARY APPROVAL OF SETTLEMENT MOTION AND DEMAND TO OPT-OUT IF PROPOSED SETTLEMENT IS APPROVED re: Dkt 275** <br> [FRCP 23(e)(5)] <br><br> Honorable Saundra B. Armstrong <br> Date 10/14/15 Time 1:00pm Rm 1 Fl 4 |

**-- ORAL ARGUMENT NOT REQUESTED --**

The above named class member appears to OBJECT to the preliminary approval of the settlement as filed for as Dkt 275 on the grounds the settlement is unfair, was collusively drafted specifically to exclude appearing class members, and not only remains in violation to Radcliffe v. Experian Info. Solutions, Inc., 715 F.3d 1157 (9th Cir. 2013), but by its very terms illustrates a disparaging issue where class members would be limited to a recovery of $1,500 upon PROOF of damage while AGAIN the incentive award while reduced to $2,500 from $5,000 – still unfairly rewards the plaintiffs ABSENT PROOF an amount that inter alia violates Radcliffe

Objection to 4th preliminary approval of settlement.
Case 10-cv-02500 SBA

Reginald Burgess
12325 Imperial Hwy #145
Norwalk, CA 90650

-1-

## PROCEDURAL POSTURE

1. First FRCP 23(e)(5) doers not state a timeline to limit or prevent when an Objection may be filed to a settlement – but only that once filed the court may not allow the withdrawal of it – absent analysis and ruling by the court.

2. Second, the district judge has a fiduciary duty to safeguard the interests of the absent and putative class members. *See, e.g., Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 319 (3d Cir. 2011) (stating that "'trial judges bear the important responsibility of protecting absent class members,' and must be 'assured] that the settlement represents adequate compensation for the release of the class claims'"); *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1078 (2d Cir. 1995) (noting that "the district court has a fiduciary responsibility to ensure that the settlement is fair and not a product of collusion, and that the class members' interests were represented adequately") (internal quotation marks omitted). That duty is especially important when the interests of the class and its counsel negotiating on its behalf are not aligned. *See Reynolds v. Benefit Nat'l Bank*, 288 F.3d 277, 279–80 (7th Cir. 2002) (stating that the problem that class counsel "may, in derogation of their professional and fiduciary obligations, place their pecuniary self-interest ahead of that of the class . . . requires district judges to exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions"). But this settlement does the opposite – it allows the alleged "class representatives" by their attorneys to exclude the class members who sought to participate to exclude and limit the class members who appeared the right to participate in the settlement talks and now in a disparaging way makes their claims inferior to the incentive award of the class plaintiffs who do not represent their interests after all.

Objection to 4th preliminary approval of settlement.
Case 10-cv-02500 SBA

Reginald Burgess
12325 Imperial Hwy #145
Norwalk, CA 90650

-2-

3. Third, now in this settlement plaintiffs seek to back-track to a dismissed complaint by removing the issue of the Comb settlement because the court wisely raised the question of whether it has jurisdiction over this as to a new settlement even at all, and so the plaintiff's answer is to "un-ring" that bell.

4. Fourth Plaintiffs attorneys tie the "incentive award" of now $2,500, from $5,000 to NOTHING, while all other members would either get from $3.00 to possibly $440.00 but in all likelihood – a $14.00 or $25.00 cap according to the chart at 6, 7-10 of the motion, or up to a cap of $1,500 for an alternative claim according to proof of damages unspecified as to a standard of measure. This is the *Radcliffe* definition of an "unfair" incentive award. Further this "alternative claim" can only be a measure in tort it appears.

5. Fifth, as raised previously, the interim class counsel Eric Freed disappeared in a firm dissolution and was never properly replaced by court order, yet now in the final paragraph of the settlement motion it appears four firms move in epitaph to be all be class counsel, yet none of these firms worked at all with the appearing class members to address or satisfy their class claims and indeed in effect did the opposite; while at the same time the motion at 8,2 includes the Fernando complaint but no consideration of its plaintiff's claims, a few of which recognized they were not represented by lawful California counsel and sought to be so in Garrett Skelly; and this is the very definition of an unfair exclusion of class members to a chagrin of the law. Whether denied intervention or not, still alleged class counsel has also a duty to represent the interests of especially APPEARING putative class members, and in the Fernando complaint – putative alleged class counsel has admitted these are would be class members also they have rebuked.

Objection to 4th preliminary approval of settlement.
Case 10-cv-02500 SBA

Reginald Burgess
12325 Imperial Hwy #145
Norwalk, CA 90650

-3-

6. Sixth, the combination of refusing to work with the appearing class members in the settlement talks and the settlement itself now being presented absent any consideration of them and in disparagement to their claims defines unfairness under the ***Radcliffe*** standard, and while plaintiffs cite two district court cases – PRIOR – to ***Radcliffe*** to support why it should be approved, the panel in ***Radcliffe*** was in juxtaposition actually very clear that:

> " . . . that the settlement agreement created a divergence of interests between the named representatives and the class where incentive awards were conditioned on the class representatives' support for the settlement ***and significantly exceeded in amount what absent class members could expect to get upon settlement approval.***" [bold and italic emphasis added]

Thus their argument for approval conflicts with Ninth Circuit rulings and upon that alone should cause denial of this 4th attempt at the same settlement

7. Jeff Leon and Julie Miller were not admitted pro hac vice in this case until AFTER called to the mat on same, and this motion does not list Jeff Leon as "pro hac vice", and are not California licensed thus they have no place in this case as class counsel or on pleadings filed in this court in the form it has been submitted by he as lead filer. Despite Freed-Weiss having dissolved and no California attorney remaining to allow prosecution of the case, some kind of arrangement was made with Mark Todzo of Lexington Law Group to cause an appearance of compliance with *Winterrowd v. American General Annuity Ins. Co*[1]., 556 F.3d 815, 2009 WL 367696 (9th Cir. 2009.

---

[1] The Winterrowd court based its holding on the fact that Wheatley did not "appear" before the district court. The court undertook to differentiate between merely supporting litigation and "appearing." Fees may be recovered, the court noted, for the work of many who perform litigation support such as paralegals and

Objection to 4th preliminary approval of settlement.            Reginald Burgess
Case 10-cv-02500 SBA                                            12325 Imperial Hwy #145
                                                                Norwalk, CA 90650

-4-

8. Certainly, such a conspiracy to disserve the class, is alone a basis for denying class certification and rejecting a settlement,[2] but as a general matter, rather the structural problem of lack of leverage is the real problem as is here. The real issue is the "Buyer Protection Program" the defendants now tongue and cheek admit via what they call an "alternative claim" provision based on documented evidence. The real standard is in TORT but here the appearing class members, appearing by lawful counsel, were ignored in the settlement process even after the court ordered it in Dkt 163, and thus the scenario of the CIGNA case is directly applicable here, and this is sheepishly ignored in the effort to cash out and for the attorneys to get their lodestar to bind a class upon a dismissed and unviable complaint.

9. The problem is, while Mr. Skelly was chilled and has abandoned efforts to move this forward, most other class members will have no idea what this really means to them in the release as even re-worded now on still a dismissed non-viable complaint having removed the Comb settlement issues.

---

summer associates. The court reasoned that Wheatley's work was similar to such litigation support. On the other hand, factors that would indicate an "appearance" would be physically entering the court, signing pleadings, and having extensive contact with the client without in-state counsel present. In reaching its conclusion, the court relied on *Dietrich Corp. v. King Resources, Co.*, 596 F.2d 422 (10th Cir. 1979), which held that an out-of-state attorney's work is not the unauthorized practice of law so long as it is filtered through a licensed in-state attorney.

[2] *See, e.g.*, Sylvester v. CIGNA Corp., 369 F. Supp. 2d 34, 45 (D. Me. 2005) ("[K]ey provisions of the Amended Settlement Agreement, which were finalized by the parties after the mediation session, combine to form an agreement that appears collusive on its face and in practice. Specifically, the Court remains troubled by the combination of the reverter clause and the clear sailing provision. In concert, the Court believes that these two provisions give rise to inferences that there was a lack of arm's length negotiations and a lack of zealous advocacy for the Class by Plaintiffs' counsel.").

Objection to 4th preliminary approval of settlement.    Reginald Burgess
Case 10-cv-02500 SBA                                    12325 Imperial Hwy #145
                                                        Norwalk, CA 90650

-5-

# ARGUMENT – THIS IS THE SAME SETTLEMENT ONCE AGAIN

There is no need to settle either Zepeda or Fernando but to create a Judgment against, and to exclude appearing class members and put them under a recovery bar to the Comb settlement[3] which has and had no bar date to enfrocement and to now use the cap of the EFTA which does not APPLY in tort to do the same thing.

The Comb settlement breathed life into both Zepeda and Fernando which have defective mirrored complaints at their foundation which could never make it past another motion to dismiss unless argued in Tort, and the ruling of Judge Fogel made that quite clear in his order in Zepeda v. PayPal, Inc., 777 F. Supp. 2d 1215 - Dist. Court, ND California 2011 as to each cause of action being fundamentally flawed that even a first year law student could see.. The EFTA issues however are another matter because they represent a violation of a court order – and in tort - which is the Comb settlement. This is why eBay and PayPal have so much invested in gaining the outcome they seek to now eclipse the Comb settlement by forestalling any class member who now does not opt out from being able to use the Comb settlement ever again after this one now veiled under the EFTA cap.

The Comb settlement again and still - strikes at the issue of the "Buyer Protection Program" – also known as the "arbitration provisions" of the User Agreements being an unconscionable provision under California law and the eBay and PayPal user Agreements. Section "2d. Venue" and "III Disposition" in Judge Fogel's ruling is a serious gravamen to eBay and PayPal because they have never corrected the User Agreements to past the tests of fairness – and instead ran to the jurisdiction of Utah for a new choice of law forum for the User Agreement to

---

[3] Found at http://www.paypalsucks.com/files/PayPalSettlementAgreement.pdf

Objection to 4th preliminary approval of settlement.	Reginald Burgess
Case 10-cv-02500 SBA	12325 Imperial Hwy #145
	Norwalk, CA 90650

-6-

escape laws of California and Judge Fogel's ruling having the effect of law on them. See *Comb v. PayPal, Inc.*, 218 F. Supp. 2d 1165 (N.D. Cal. 2002) District Court, N.D. California. PayPal and eBay have now split as firms, but what PayPal started in tortuous interference eBay finished in damages by suspending or closing accounts and this interference has been as of late documented to existing legally as a Tort – generally known as "Interference with Prospective Economic Advantage or Contract" in California as shown in ***Campbell v eBay*** in Dkt 66, 13 cv 2632 HSG, USDC-CAND, now voluntarily dismissed without prejudice as the prosecuting attorney was too elderly and too small a firm to prosecute the matter.

These are not things, members of the class know about – as the alleged "class counsel' was not zealously prosecuting this matter – but instead was concentrating on their lodestar payday to close the cases. Marina Tributsky – who brought the ***Fernando*** matter had no business in California courts, but her "clients" suffered damages at her inept hand and clearly these other "class counsel" attorneys never raised the issues which would make for a viable complaint to get a sizeable and fair settlement in STRENGTH as shown could be done by Dkt 66 in ***Campbell v eBay***.

In short they clearly did not know California law. They said as much in the second settlement motion as to an amended complaint they" could do no better".  But an 80 something year old attorney got it right – in ***Campbell v eBay***.  What the court found there was these kinds of actions are Interference torts, and these "holds" here are no different in the prongs to measure them as legal torts of interference even thought PayPal calls them "holds". Nothing fair or legal about that.

In fact the EFTA as amended today, (effective October 2013) DOES make PayPal a financial institution under that law; and further declares the transaction is FINAL after 30 minutes – which means PayPal has no right to place any HOLD of any

kind today on any funds its transfers as a "Remittance Funds Provider"; though they seek by court order in this settlement to flagrantly flout the law as a term of the settlement that the court order this conflict to the law as set forth by Congress to the chagrin of their users. They continue to try a pull a fast one on the court. "Fast and Loose" – the term is as it is known. Contrary to what plaintiffs claim on page 9, the settlement has a plethora of deficiencies – right down to that class counsel is not qualified nor court appointed – and the complaint shows this – that all they seek is the lodestar to get paid and run.

Still, effectively this Settlement states if you are a PayPal user – and you do not make a claim now or opt out – you can never make a claim under the EFTA again, you agree they can place "holds" - and that is what PayPal seeks of this court as a Judgment it is willing to consent to that it drafted. Genius. It is the same rejected settlement adding the interveners "alternative claims" proffer.

The same argument remains for denial – it is an unfair settlement that violates the 9th circuit ruling in **Radcliffe**, flouts the EFTA as to the US Congress – and the plaintiffs have to show no such PROOF of damages while the rest of the class gets a menial amount of $3.00 to typically $14.00 or is forced to show proof – AND is capped to a $1,500 maximum while the plaintiffs get $2,500 no questions asked.

Recall, in *Guerrero, et al v. Wells Fargo Bank, N.A.*,Case 3:12-cv-04026-WHA (USDC CAND) Document 157 Filed 06/21/13 at Page 22 Judge Alsup wrote :

> Absent class members' interests "are truly in the hands of class counsel."
> 1 Newberg on Class Actions § 3:52 (5th ed.). Rule 23(g) places the
> responsibility of ensuring fair and adequate counsel on the Court, not
> merely on the class representative. Under Rule 23(g), the Court has
> broad authority in executing its "basic responsibility . . . to appoint class
> counsel" that will "fairly and adequately represent the interests of the

Objection to 4th preliminary approval of settlement.     Reginald Burgess
Case 10-cv-02500 SBA     12325 Imperial Hwy #145
    Norwalk, CA 90650

-8-

class." Fed R. Civ. P. 23 Advisory Committee's Note (2003). The rule includes a list of mandatory factors to consider and provides that the Court "may consider any other matter pertinent" to counsel's adequate representation of the class. The rule contemplates that there can be circumstances in which more than one applicant counsel can apply to represent the class. Rule 23(g)(2).

His conclusion was proposed class counsel was inadequate for several reasons and his order sent out an invitation for more qualified counsel to be named to the case in that same order of June 21, 2013. It is no different here, save interveners counsel has already appeared in the case with a better, arguably viable complaint.

The standard in the 7th Circuit (Illinois) is even tougher, as in *Creative Montessori v. Ashford Gear.* 662 F.3d 913 (2011) the Creative court said:

> Certification as a class action can "coerce the defendant into settling on highly disadvantageous terms, regardless of the merits of the suit," and in this case is "highly likely to because of the magnitude of the potential damages." 1998 Committee Notes to Fed.R.Civ.P. 23(f); see also *CE Design Ltd. v. King Architectural Metals, Inc.,* [cites omitted]

Plaintiffs show that a reversed settlement proposition works for them here on the extremely weak and bluntly dismissed complaint as the court also wrote

> But [when] class counsel have demonstrated a lack of integrity that casts serious doubt on their trustworthiness as representatives of the class. Fed.R.Civ.P. 23(a)(4), (g). There is no basis for confidence that they would prosecute the case in the interest of the class, of which they are the fiduciaries, . . . *Rodriguez v. West Publishing Corp.,* 563 F.3d 948, 968 (9th Cir.2009); . . .
>
> Class counsel owe a fiduciary obligation of particular significance to their clients when the class members are consumers, who ordinarily lack both the monetary stake and the sophistication in legal and

Objection to 4th preliminary approval of settlement.
Case 10-cv-02500 SBA

Reginald Burgess
12325 Imperial Hwy #145
Norwalk, CA 90650

9

> commercial matters that would motivate and enable them to monitor the efforts of class counsel on their behalf. [cites omitted]

It has been shown here that not only was there a better legal theory in the proposed Amended Complaint the interveners proposed, but that another court upheld the same theory of law in ***Campbell v eBay*** – 13-cv-2632 HSG in Dkt 66 being holds and arbitration – the same issues in Comb - amount to an unlawful interference tort actionable in a court of law- and yet these attorney never even tried – to amend to bring it before the court. In fact they RAN from zealous representation towards their lodestar award in collusion with the defendants to shut this down quickly - but here we are on the forth incarnation of the same unfair settlement filed again.

The district court has a duty to protect the class – even when the class counsel is in cohorts as here – and even more so – so if the court approves this preliminary approval – the question is did the Ninth circuit mean what is ruled in ***Radcliffe ??***

This is a money grab for the lodestar that the attorneys never intended to represent the class to get a fair and meaningful settlement plain and simple – or they are all too un-learned of California law to know it even when placed in their face.

## CONCLUSION

The preliminary approval must be denied due the collusion and misconduct here, The rules of order find this settlement is as previously argued remains collusive.

_____
REGINALD R. BURGESS

I declare by the laws of the State of California under penalty of perjury the above is true and correct signed at Tustin, California this 16th day of September, 2015

Objection to 4th preliminary approval of settlement.
Case 10-cv-02500 SBA

Reginald Burgess
12325 Imperial Hwy #145
Norwalk, CA 90650

Reginald Burgess
12325 Imperial Hwy #145
Norwalk, CA 90650
Phone (888) 245-0810

Attorney for: Reginald Burgess

# CERTIFICATE OF SERVICE

As a pro se appearing class member, as I do not have an ECF privilege for direct filing, I have this date sent to the Clerk of Court for filing this document in the Northern District Electronic Case Filing system via email as an ECF compliant PDF copy to the Judges deputy clerk of this case and via US Mail an Original and the required number of courtesy copies per the Judges standing order with a good receipt and copied via email to all the listed parties appearing counsel as set forth in the current PACER Docket Report as shown in the Deputy clerk's email; so that thus all parties who have consented to electronic service will receive notice of this filing by operation of what the ECF system uses as electronic notice. Any parties who have not consented to electronic service will receive a paper copy of this electronically filed document through the United States Postal Service.

I declare by the laws of the State of California under penalty of perjury the above is true and correct signed at Tustin, California this 16th day of September, 2015

_____
REGINALD R. BURGESS

Reginald Burgess
12325 Imperial Hwy #145
Norwalk, CA 90650

1