STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
DAVID W. MOON (State Bar No. 197711)
WESLEY M. GRIFFITH (State Bar No. 286390)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile:  310-556-5959
Email:     *lacalendar@stroock.com*

Attorneys for Defendants
  PAYPAL, INC. and EBAY INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND BRANCH

| | |
|---|---|
| MOISES ZEPEDA, MICHAEL SPEAR, RONYA OSMAN, BRIAN PATTEE, CASEY CHING, DENAE ZAMORA, MICHAEL LAVANGA, and GARY MILLER, on behalf of themselves and all others similarly situated,<br><br>             Plaintiffs,<br><br>      v.<br><br>PAYPAL, INC., E-BAY INC., and DOES 1 through 10, inclusive,<br><br>             Defendants. | Case No. 10-CV-02500 SBA<br><br>**DEFENDANTS' RESPONSE TO NON-PARTY REGINALD BURGESS'S OBJECTION TO PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Hearing<br>Date:    October 14, 2015<br>Time:    1:00 p.m.<br>Ctrm.:    1<br><br>Action Filed: June 7, 2010<br><br>[Related Action: Fernando v. PayPal, Inc., Case No. 10-CV-01668 SBA] |

## I. INTRODUCTION

As explained in the Motion for Preliminary Approval (the "Motion") (Dkt. 275), the Amended Settlement[1] provides significant relief to the Settlement Class and was designed to address the Court's concerns identified in its March 25, 2015 Order (Dkt. 264) denying preliminary approval of the 2014 Settlement. Specifically, the Amended Settlement excludes claims for breach of the settlement agreement in In re PayPal Litigation (Comb), No. CV-02-01227-JF (PVT) (N.D. Cal.), and clarifies that Plaintiffs'[2] remaining claims challenge activities that occurred both before and after 2008 and thus are appropriate for resolution here.

The Objection (Dkt. 277) filed by non-party Reginald Burgess ("Burgess") is procedurally improper and without merit. As this Court explained in its March 25, 2015 Order in response to Burgess's prior objections, Burgess's objection is procedurally improper because objections to a proposed class settlement are appropriately adjudicated at the final approval hearing rather than at the preliminary approval stage. (Dkt. 264.) Moreover, as explained in the Motion, the Amended Settlement is fair, reasonable, adequate and well-suited for this Court's preliminary approval. Finally, the Amended Settlement does not run afoul of Radcliffe v. Experian Info. Solutions Inc., 715 F.3d 1157 (9th Cir. 2013), because the incentive awards to the proposed class representatives are not conditional and are subject to the Court's approval. Accordingly, Burgess's Objection should be overruled and the Amended Settlement should be preliminarily approved.

## II. ARGUMENT

**A.  The Objection Is Procedurally Improper.**

As this Court recognized in its March 25, 2015 Order, "[o]bjections to a proposed class settlement are more appropriately adjudicated at the final approval hearing, as opposed to the preliminary approval stage." Dkt. 264 at 11 (citing Lane v. Facebook, Inc., No. C 08-3845 RS, 2009 WL 3458198, at *5 (N.D. Cal. Oct. 23, 2009) (recognizing that the appropriate time to

---

[1] The Amended Settlement consists of the Settlement Agreement (the "2014 Settlement") filed on August 15, 2014 (Dkt. 235), as amended by the Amendment to Settlement Agreement (the "Amendment") filed on September 9, 2015 (Dkt. 275-2).

[2] Plaintiffs are Moises Zepeda, Michael Spear, Ronya Osman, Brian Pattee, Casey Ching, Denae Zamora, Michael Lavanga and Gary Miller.

- 1 -

1 consider objections is at the final approval hearing)).  Burgess argues that his objection is properly
2 before the Court here because Federal Rule of Civil Procedure 23(e)(5) "[does] not state a timeline
3 to limit or prevent when an Objection may be filed to a settlement," but he fails to provide any
4 reason that an exception should be made and his objection heard despite the Court's explanation in
5 the March 25, 2015 Order, and the weight of authority, which holds that the proper time for the
6 Court to consider objections to a settlement is at the final approval hearing.  In re Penthouse Exec.
7 Club Comp. Litig., No. 10 CIV. 1145 KMW, 2013 WL 1828598, *2 (S.D.N.Y. Apr. 30, 2013)
8 (collecting cases); see also Casey v. Citibank, N.A., No. 5:12-CV-820, 2014 WL 3468188, at *1
9 (N.D.N.Y. Mar. 21, 2014) (holding that objectors' "attempt to object to the proposed settlement
10 agreement is inappropriate and premature.  The proper time to present their objections is at the final
11 approval hearing."); Davis v. J.P. Morgan Chase & Co., 775 F. Supp. 2d 601, 605 (W.D.N.Y.
12 2011) (noting that the general rule promotes judicial economy and minimizes the burdens on the
13 parties because it is "less disruptive to the[] proceedings and to the interests of the settling
14 parties.").  Accordingly, this Court should once again overrule Burgess's Objection as procedurally
15 improper.

16 **B.      The Amended Settlement Is Within The Range Of Possible Judicial Approval.**

17       If the Court does consider Burgess's objections at this juncture, which it should not, the
18 Court "need only review the parties' proposed settlement to determine whether it is within the
19 permissible 'range of possible judicial approval' and thus, whether the notice to the class and the
20 scheduling of the formal fairness hearing is appropriate."  Williams v. Costco Wholesale Corp.,
21 No. 02cv2003 IEG (AJB), 2010 U.S. Dist. LEXIS 19674, at *15 (S.D. Cal. Mar. 4, 2010) (citing
22 William B. Rubenstein et al., Newberg on Class Actions § 11:25 (4th ed. 2002)); see also Wright v.
23 Linkus Enters., 259 F.R.D. 468, 472 (E.D. Cal. 2009); Alberto v. GMRI, Inc., 252 F.R.D. 652, 666
24 (E.D. Cal. 2008)).

25       In its March 25, 2015 Order, the Court identified concerns with the parties' proposed
26 settlement.  As explained in the Motion, the Amended Settlement specifically addresses the Court's
27 concerns by excluding claims for breach of the settlement agreement in Comb.  The Amended
28 Settlement also clarifies that Plaintiffs' remaining claims challenge activities allegedly required

1 under the Electronic Fund Transfer Act that occurred both before and after 2008.  Hence, resolution
2 of claims based on allegations that funds in accounts were improperly held and annual error-
3 resolution notices were not provided are appropriate.  Accordingly, the Amended Settlement
4 rectifies the issues raised by the Court and renders the Amended Settlement within the range of
5 possible approval.  Burgess does not contend that the Amended Settlement is not within the range
6 of possible approval and his objection fails to demonstrate why the Court should not preliminary
7 approve it.

## C. The Settlement Terms Resulted From Arms' Length Negotiations Before A Well-Respected Mediator.

Further, Burgess's objections should be overruled because the terms of the Amended Settlement were reached after arm's length negotiations between capable counsel; therefore, the Amended Settlement is presumptively fair.  Cicero v. DirecTV, Inc., No. EDCV 07-1182, 2010 WL 2991486, at *3 (C.D. Cal. July 27, 2010); see also Linney v. Cellular Alaska P'ship, No. C-96-3008 DLJ, 1997 WL 450064, at *5 (N.D. Cal. July 18, 1997).  Moreover, the presence of  "[a] respected and dedicated judicial officer [who] presided over the lengthy discussions from which th[e] settlement emerged" can remove any suggestion of collusion.  In re WorldCom, Inc. ERISA Litig., No. 02-cv-4816, 2004 WL 2338151, at *6 (S.D.N.Y. Oct. 18, 2004).  Here, Judge Infante, a respected and dedicated mediator and former Chief Magistrate Judge for the U.S. District Court for the Northern District of California, presided over the negotiations of the Amended Settlement. Despite Burgess's conclusory assertions of "collusion," the settlement negotiations that resulted in the principal terms of the Amended Settlement—and, specifically, the terms that Burgess challenges—were at arms' length, contentious, and non-collusive, as attested to by Judge Infante:

> The parties engaged in two full-day mediation sessions . . . .  Both parties were well represented by experienced counsel.  Plaintiffs and Defendants . . . submitted lengthy mediation statements setting forth the factual, legal, and procedural issues in the case. . . .
>
> At all times, the negotiations were arms' length, non-collusive and contentious.
>
> Plaintiffs' counsel demonstrated tenacity and creativity in arguing for significant monetary relief for class members who had holds,

- 3 -
RESPONSE TO OBJECTION TO PRELIMINARY APPROVAL OF SETTLEMENT
Case No. 10-CV-02500 SBA

LA 51914210

> reserves, or other limitations placed on their accounts. Defendants zealously advocated the significant benefits of the prior settlement and stressed the weakness of Plaintiffs' claims and the Court's prior ruling on PayPal's motion to dismiss.
>
> In my opinion, the result achieved by Plaintiffs' counsel in the settlement is fair and reasonable and an excellent result for all settlement class members.

(Dkt. No. 235-1 at 132 (paragraph numbers omitted).) As the Court explained in its March 25, 2015 Order addressing the 2014 Settlement:

> To assess whether the proposed settlement is the result of non-collusive negotiations, the Court first considers the means by which the parties reached their settlement. See Staton v. Boeing Co., 327 F.3d 938, 960 (9th Cir. 2003). Here, the parties engaged in two separate, full-day mediations overseen by Judge Infante, a neutral mediator. Todzo Decl. ¶ 3; Infante Decl. ¶¶ 2-6. Judge Infante confirms that the negotiations were arms-length and adversarial. Infante Decl. ¶ 3. The involvement of a mediator in the settlement process weighs against a finding of collusion. See In re Bluetooth Headset Products Liab. Litig., 654 F.3d at 948 (holding that the participation of mediator is "a factor weighing in favor of a finding of non-collusiveness"). Although Objectors assert that the settlement discussions were collusive, they offer no factual support for this conclusory assertion.

(Dkt. 264 at 10.)

Burgess's claims of "collusion" here are similarly unsupported, and since the negotiations were arms' length, adversarial and overseen by Judge Infante, Burgess's objection should be rejected.[3]

**D.  The Amended Settlement Is Not Contrary To Radcliffe Because The Incentive Awards To Class Representatives Are Not Conditional And Are Subject To The Court's Approval.**

Burgess argues that the incentive award to the class representatives (if approved in the full amount by this Court) will exceed the recovery by absent class members, which Burgess claims is

---

[3] Burgess's reliance on Sylvester v. CIGNA Corp., 369 F. Supp. 2d 34 (D. Me. 2005), is particularly misplaced. In Sylvester, the district court was "[s]pecifically . . . troubled by the combination of [a] reverter clause and [] clear sailing provisions." Id. at 45. However, neither the 2014 Settlement nor the Amended Settlement contains a reverter clause or a clear sailing provision. (See Amended Settlement Ex. A §§ 5.4, 6.1, 10.2.)

- 4 -
RESPONSE TO OBJECTION TO PRELIMINARY APPROVAL OF SETTLEMENT
Case No. 10-CV-02500 SBA

LA 51914210

improper under Radcliffe v. Experian Info. Solutions Inc., 715 F.3d 1157 (holding that conditional settlement awards resulted in a disabling conflict of interest).  Here, however, Radcliffe has no application because the incentive awards are not conditional and are further subject to Court approval.  See In re Online DVD-Rental Antitrust Litig., 779 F.3d 934, 942-43 (9th Cir. 2015) (distinguishing Radcliffe and approving settlement including $5,000 incentive awards where class members would receive only $12 because the awards were not conditional, they were subject to court approval and the amount "was relatively small, well within the usual norms of 'modest compensation' paid to class representatives for services performed in the class action").  As such, this argument—like Burgess's other objections to the Amended Settlement—is without merit.

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court overrule Burgess's objections in their entirety.

Dated:  September 30, 2015            Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
DAVID W. MOON
WESLEY M. GRIFFITH


By:  _____/ s / David W. Moon_____
          David W. Moon

Attorneys for Defendants
   PAYPAL, INC. and EBAY INC.

- 5 -
RESPONSE TO OBJECTION TO PRELIMINARY APPROVAL OF SETTLEMENT
Case No. 10-CV-02500 SBA

LA 51914210

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2015, a copy of the foregoing **DEFENDANTS' RESPONSE TO NON-PARTY REGINALD BURGESS'S OBJECTION TO PRELIMINARY APPROVAL OF SETTLEMENT** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/ECF System.

*/ s / David W. Moon*
David W. Moon