MARK N. TODZO (State Bar No. 168389)
LEXINGTON LAW GROUP
503 Divisadero Street
San Francisco, California  94117
Telephone:     415.913.7800
Facsimile:     415.759.4112
Email: mtodzo@lexlawgroup.com

JEFFREY A. LEON
QUANTUM LEGAL LLC, LLC
513 Central Avenue Suite 300
Highland Park, IL 60035
Telephone:     847.433.4500
Facsimile:     847.433.2500
Email: jeff@QULegal.com

Attorneys for Plaintiff
MOISES ZEPEDA, et. al.
and All Others Similarly Situated

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND BRANCH

MOISES ZEPEDA, MICHAEL SPEAR,
RONYA OSMAN, BRIAN PATTEE,
CASEY CHING, DENAE ZAMORA,
MICHAEL LAVANGA, and GARY
MILLER, on behalf of themselves and all
others similarly situated,

                          Plaintiffs,

            v.

PAYPAL, INC., a Delaware Corporation,

                          Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.  10-CV-02500 SBA

**REPLY IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF
AMENDED CLASS ACTION
SETTLEMENT AGREEMENT**

Action Filed: June 7, 2010

Date:     October 14, 2015
Time:     1:00 p.m.
Ctrm.:    1

**INTRODUCTION**

Plaintiffs submit this reply to respond to putative absent class member Reginald Burgess's objection [ECF No. 277] to Plaintiffs' Motion for Preliminary Approval of Amended Class Action Settlement Agreement ("Motion"), as best as Plaintiffs can understand the objection.

As an initial matter, Mr. Burgess's objection is procedurally improper as the appropriate time to raise objections to a proposed class action settlement is at the final approval hearing.  *See, e.g., Lane v. Facebook, Inc.*, No. C 08-3845 RS, 2009 WL 3458198, at *5 (N.D. Cal. Oct. 23, 2009).  Further, his objection violates this Court's order barring Mr. Burgess from submitting settlement-related documents without advance leave of Court.  ECF No. 131.

Even if Mr. Burgess's objection were properly before the Court at this juncture, he has failed to offer any argument that undercuts the fairness, reasonableness and adequacy of the proposed Amended Settlement Agreement ("Settlement") [ECF No. 275-2].  Mr. Burgess fixates on legal theories without  making any discernable contention that the significant monetary and injunctive relief the Settlement provides for the Class is outside the realm of fairness, reasonableness and adequacy.  He simply ignores the analysis in the memorandum in support of preliminary approval.  Nor does he explain how the Class could do better than this Settlement under his alternative legal theories.  His argument concerning the *Comb* settlement ignores that class members are not releasing any claim that the *Comb* settlement has been violated and therefore could pursue such a claim in front of the appropriate court if they so choose.  Mr. Burgess's argument that the proposed modest $2,500 service awards to the class representatives are too high is similarly misplaced.  None of Mr. Burgess's arguments withstand scrutiny and the Settlement should be preliminarily approved with notice issued following the in-person preliminary approval hearing scheduled for October 14, 2015.

**ARGUMENT**

The Settlement provides significant relief to the Class and was designed specifically to address the Court's discrete concerns with the prior agreement.  As explained in Plaintiffs' Motion, the parties were able to address the Court's concerns regarding the release without

1

1   diminishing the relief to the Class in any way.  *See* ECF No. 275.  Indeed, the amended Settlement

2   continues to make the Class nearly whole for lost interest as a consequence of PayPal holds while

3   providing a streamlined mechanism for attempting to prove consequential damages from any

4   reserve or hold.  *See, e.g., id.* at 5-7.  Mr. Burgess's objection to preliminary approval of the

5   Settlement fails to set forth any legitimate challenge to the fairness, reasonableness and adequacy

6   of this substantial relief to the Class.

7           Initially, Mr. Burgess's objection to preliminary approval of the Settlement is procedurally

8   improper.  In its ruling on Plaintiffs' prior motion for preliminary approval, the Court held that

9   Mr. Burgess's objections to the motion were "not properly before the Court" because such

10   objections "are more appropriately adjudicated at the final approval hearing, as opposed to the

11   preliminary approval stage."  ECF No. 264 at 11:5-10 (citing *Lane v. Facebook, Inc.*, No. C 08-

12   3845 RS, 2009 WL 3458198, at *5 (N.D. Cal. Oct. 23, 2009).  Moreover, the Court has barred Mr.

13   Burgess from filing any settlement-related documents without advance leave of Court.  ECF No.

14   131.  Notwithstanding the Court's rulings, Mr. Burgess has filed yet another premature and

15   improper objection at the preliminary approval stage without leave of Court.

16           Even assuming that Mr. Burgess has standing to object to preliminary approval, he fails to

17   identify any deficiencies in the Settlement.  Indeed, Mr. Burgess offers no explanation as to how

18   the significant monetary and injunctive relief provided to the Class under the Settlement is

19   inadequate.  Rather, his only specific criticisms of the Settlement are that: (1) the proposed $2,500

20   incentive awards are too high; and (2) the claims Plaintiffs' alleged in this action are inferior to

21   Mr. Burgess's own theory of PayPal's liability.  Each of these objections is without merit.

22           First, the incentive awards to the class representatives of no more than $2,500 are proper.

23   Class representative service awards are "typical" in class action cases and are intended to

24   compensate class representatives for the risks (financial and reputational) they incurred, and time

25   and effort they expended, in pursuing the litigation on behalf of the class.  *See Rodriguez v. W.*

26   *Pub'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009).  Here, the $2,500 awards to the class

27   representatives are less than service awards commonly awarded in the Northern District.  Indeed,

28

                                                    2

1   in the Northern District, a "$5,000 payment [to class representatives] is presumptively

2   reasonable." *Pierce v. Rosetta Stone, Ltd.*, No. C 11-01283 SBA, 2013 WL 5402120, at *6 (N.D.

3   Cal. Sept. 26, 2013); *Burden v. SelectQuote Ins. Services*, C 10-5966 LB, 2013 WL 3988771, at

4   *6 (N.D. Cal. Aug. 2, 2013) ("Courts in this district frequently award $5,000 incentive awards").

5   In any case, the service awards will be subject to further review by the Court at the final approval

6   stage when the class representatives will have an opportunity to provide the Court with details

7   regarding their services in this action.

8        Furthermore, *Radcliffe v. Experian Info. Solutions Inc.*, 715 F.3d 1157 (9th Cir. 2013), on

9   which Mr. Burgess relies, is wholly inapposite.  In that case, the Ninth Circuit reversed the district

10  court's approval of a settlement because it expressly conditioned the class representatives' service

11  awards on their support of the settlement, which created a conflict between the class

12  representatives and the class.  *Id.*  By contrast, the service awards here are not in any way tied to

13  the class representatives' support of the Settlement; thus, the service awards do not create any

14  conflict between named plaintiffs and members of the Class as in *Radcliffe*.  *See* Settlement § 4.4

15  [ECF No. 275-2 at Exh. A]; *see also, In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942-

16  43 (9th Cir. 2015) (approving settlement including $5,000 incentive awards where class members

17  would receive only $12 because the awards were not conditional, they were subject to court

18  approval and the amount "was relatively small, well within the usual norms of 'modest

19  compensation' paid to class representatives for services performed in the class action").

20       Second, Mr. Burgess's argument that he has a "better legal theory" than the claims asserted

21  by Plaintiffs in this case is unavailing.  Although the vast majority of Mr. Burgess's objection is

22  spent describing the purported merits of his alternative theory of liability [ECF No. 277 at 5-10],

23  the Settlement does not prohibit Mr. Burgess from pursuing this theory.  As detailed in Plaintiffs'

24  moving papers, any and all claims regarding alleged violations of the *Comb* settlement are carved

25  out of the release.  Thus, the present Settlement will not affect or hinder Mr. Burgess or any other

26

27

28                                    3

1   member of the Class from pursing such claims in another action.[1]  Indeed, Mr. Burgess has

2   indicated his intent to opt-out of the Settlement if it is preliminarily approved.  ECF No. 277 at 1.

3   Accordingly, Mr. Burgess's objections should be overruled.

4                                    **CONCLUSION**

5          For the foregoing reasons and for those set forth in the Motion, Plaintiffs respectfully

6   request that the Court overrule Mr. Burgess's objections and grant preliminary approval of the

7   Settlement.

8

9

10  DATED: September 30, 2015              Respectfully submitted,

11                                         LEXINGTON LAW GROUP

12
                                           By:  /s/ Mark N. Todzo
13                                              Mark N. Todzo
                                                Attorneys for Plaintiffs
14                                              MOISES ZEPEDA, MICHAEL SPEAR,
                                                RONYA OSMAN, BRIAN PATTEE, CASEY
15                                              CHING, DENAE ZAMORA, MICHAEL
                                                LAVANGA, and GARY MILLER, on Behalf of
16                                              Themselves and All Others Similarly Situated

17

18

19

20

21

22

23

24

25   _____

26   [1]   Mr. Burgess also argues that there is a strong Electronic Fund Transfer Act ("EFTA"), 15
     U.S.C. § 1693, claim in this action.  Even if so, the significant monetary and injunctive relief
27   obtained for the Class in the Settlement compensates the Class for alleged violations of the EFTA.

28

---
                                          4