MARINA TRUBITSKY (*pro hac vice*)
(marina.trubitsky@lawcontact.com)
11 Broadway, Suite 861
New York, New York 10004
Telephone: (212) 732-7707
Facsimile: (212)732-7708

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| DEVINDA FERNANDO, VADIM TSIGEL, MICHAIL ZINGER, AMY RICKEL, FRED RICKEL, IRA GILMAN, LACY REINTSMA, and SHAUL BEHR on behalf of themselves and all others similarly situated and on behalf of the general public of the United States,<br><br>Plaintiffs,<br><br>v.<br><br>PAYPAL, INC., a Delaware corporation<br><br>Defendants. | Civil Action No. 10-CV-01668 SBA<br><br>**DECLARATION OF MARINA TRUBITSKY IN SUPPORT OF PLAINTIFFS' APPLICATION FOR FEES**<br><br>Action Filed: April 19, 2010<br>[Related Action: *Zepeda v. PayPal, Inc., Inc.*, Civil Action No. 5:10-CV-2500-EJD, filed June 4, 2010] |

MARINA TRUBITSKY, Esq. declares, as follows:

1. I am an attorney admitted to practice law in the State of New York. I am admitted *pro hac vice* in the Northern District of California, San Francisco Division.

2. I submit this declaration in support of *Fernando* Lead Counsel's Application for Attorneys Fees.

3. The facts set forth herein are personally known to me, except those stated on information and belief, and if called and sworn as a witness, I would competently testify thereto.

**SUMMARY OF WORK PERFORMED BY MARINA TRUBITSKY AND OTHER ASSOCIATES IN *FERNANDO* ACTION**

4. The declarant Marina Trubitsky was the first to investigate PayPal's practice of putting a hold on its customers' funds without providing any explanation as to why their accounts were frozen.

5. In fact, in 2005, the Law Offices of Marina Trubitsky, P.C. ("*Fernando* Lead Counsel" and/or" the Firm") commenced its first litigation against PayPal for breach of its User Agreement when it challenged PayPal's refund practices. *Farinella v. PayPal, Inc.,* 611 F. Supp. 2d 250 (E.D.N.Y. 2009). The action was subsequently successfully settled in 2008. During the course of this litigation, the Firm was appointed Rule 23(g) counsel by the Court.

6. Before this lawsuit was commenced and during the course of the Firm's first class action litigation against PayPal which was successfully resolved, the declarant paid experts to extensively analyze the allegations giving rise to *Fernando* Action.

7. The declarant had taken significant steps to identify and investigate Plaintiffs' claims and to advance this litigation. In fact, it had devoted since late 2006 the time of several of its experienced lawyers, its investigators, and its staff, and had incurred significant expenses, in investigating the facts of this case prior to filing the complaint on behalf of the clients in the *Fernando* action. That work was done jointly by Marina Trubitsky and Alena Shautsova who was an associate at the firm. That work has continued through the filing of the complaint.

8. The Firm commenced the *Fernando* Action on April 19, 2010 after it conducted additional investigation of PayPal's practices. That work was done jointly by Marina Trubitsky and Denis Davydov who was an associate at the firm at the time.

9. About a month prior to that, on March 15, 2010, the Firm retained David Hicks as a local counsel in this action. Annexed hereto as Exhibit "A", is the March 15, 2010 Contingency

Fee Agreement ("Local Counsel Agreement" and/or "Agreement") between Marina Trubitsky, Esq. ("LEAD COUNSEL") and DAVID HICKS APLC ("LOCAL COUNSEL").

10. The Agreement specifically provides for Mr. Hicks' compensation to be no more than "33% from whatever compensation is obtained by Plaintiff's class counsel via settlement." The Agreement also provided that "fee applications shall be jointly prepared and submitted by local and lead counsel." Exhibit "A".

11. *Fernando* Action challenges PayPal's fraudulent practices of holding, freezing and denying access to the funds of Plaintiffs and the putative class for up to 180 days and longer and is of a type consistent with the Firm's acquired experience with PayPal's practices.

12. On or about June 7, 2010, another action, *Zepeda v. Paypal, Inc.*, Civil Action No. 5:10-cv-02500-EJD (the "*Zepeda* Action") was filed in the Northern District of California.

13. *Zepeda* Action concerned substantially the same parties, alleged misconduct, and issues of law as *Fernando* Action. Both cases have been proceeding in a virtually identical manner and parallel courses.

14. To avoid unnecessary costs and delays in both *Zepeda* and *Fernando* actions and provide for the orderly, cost effective, and timely prosecution of these related actions, Plaintiffs filed a motion to relate both cases. That work was done jointly by Marina Trubitsky and Katerina Medina who was an associate at the firm.

15. The process of getting the related cases before one judge proved unexpectedly difficult, as Defendant failed to inform *Fernando* Lead Counsel and/or Mr. Hicks about *Zepeda* action and ultimately decided to oppose the motion.

16. Soon after both cases were found to be related, on October 3, 2011 the Firm filed their

Motion to Consolidate *Fernando* action with the related *Zepeda* action and a motion to intervene. That work was done jointly by Marina Trubitsky and Katerina Medina who was an associate at the firm.

17. After the motion to intervene and motion to consolidate were filed, Defendant proposed a private mediation with Plaintiffs' Counsel in *Fernando* action.

18. On December 21, 2011, Plaintiffs' Counsel in *Fernando* and Defendant's Counsel had a private mediation session with Hon. Ellen Sickles James (Ret.) during which they have entered into a tentative settlement agreement. The declarant personally participated in the Conference.

19. Guided by Judge James, the parties have made efforts to address and satisfy the Court's concerns, as expressed in its December 2011 settlement term sheet.

20. In addition, on December 21, 2011 after carefully considering the parties' positions and Plaintiffs' Counsel's work on the matter, Honorable Judge James reached the conclusion that $212,500.00 was a reasonable fee for *Fernando* counsel to account for all the work that had been done up to that date.

21. The terms agreed upon between the parties on December 21, 2011 which pertained to the attorneys fees were subsequently embodied into the final Settlement Agreement which was filed with the Court on September 9, 2015.

22. Notwithstanding the fact that the Parties in *Fernando* action have reached a tentative agreement to settle the action on a class-action basis, numerous differences arose between the parties since the first mediation session held in December, 2011. For example, the Settlement Agreement proposed by Defendant ("the Settlement Agreement") specifically obligated Plaintiffs to release Defendant from all claims "…that were, are or could have been alleged in the *Actions* or in either of the Prior Actions, or that arise out of the events

or incidents referred to in the *Actions* or in either of the Prior Actions." It also required Plaintiffs to release all claims that existed in their favor at the time that the settlement agreement is executed.

23. It is also worth noting that in their original settlement agreement Defendant put both PayPal and eBay as Defendants in their settlement agreement while at the same time trying to make a legal distinction between the two in their motion to relate.

24. In response, the declarant sent multiple emails to Defendant wherein *Fernando* counsel indicated that *Fernando* Plaintiffs are not interested in settlement on those terms. Nonetheless, Defendant filed a stipulation with the Court which included *Fernando* counsel's name and electronic signature advising the Court that all parties shall file a motion for a preliminary approval by July 3, 2012.

25. In response, the declarant asked Defendant to withdraw this stipulation immediately. Defendant then informed Plaintiffs in *Fernando* that "while there is a signature block on the stipulation with your name we have not executed on your behalf and have called the Court's clerk to make sure they are aware of the fact."

26. In their last email, the declarant asked Defendant to withdraw this stipulation as it was filed without their consent. The Stipulation indicated that all parties agreed to file a motion for a preliminary approval by July 3, 2012.

27. Subsequently, the declarant contacted Defendant and *Zepeda* counsel on numerous occasions to address those concerns. None of the phone calls were returned. The last attempt to reach Defendant and *Zepeda* counsel to advise them about Plaintiffs' intent to file this motion was made on May 21, 2012.

28. Due to the above differences which arose between the parties after the first mediation session, in November, 2012, *Fernando* Plaintiffs filed a motion to restore Plaintiffs' Motion to Consolidate the *Fernando* Action and the *Zepeda* Action. (*Fernando, et al. v. PayPal, Inc.*, Dkt. No. 40), Motion to Intervene into the *Zepeda* action (*Zepeda v. Paypal, Inc.*, Dkt. No. 40) and Motion to Intervene (*Zepeda v. Paypal, Inc.*, Dkt. No. 97) to the

calendar. That work was prepared jointly by the declarant and her then associate Olga Kariyawasam, Esq.

29. Following this motion, the Court ordered all parties to appear for the Mandatory Settlement Conference in front of the United States Magistrate Judge Nathanael M. Cousins. The Conference was subsequently set for February 7, 2013 in San Francisco.

30. On or about January 31, 2013, Mr. Hicks filed Plaintiffs' Settlement Conference Statement wherein he made representations which Plaintiffs found to be adverse to their interests as Plaintiffs in *Fernando* action. (*See* Declaration of Vadim Tsigel ("Tsigel Decl.") ¶ 5 and Amy Rickels ("Rickels Decl.") ¶ 11 submitted in support of *Fernando* Plaintiffs' Response to the Order to Show Cause).

31. As a result, on or about February 1, 2013, *Fernando* Plaintiffs terminated their local counsel David Hicks, Esq. *See* Tsigel Decl. ¶ 6 and Rickels Decl. ¶ 12 submitted in support o*f Fernando* Plaintiffs' Response to the Order to Show Cause issued by Judge Cousins. Docket No. 106. Parenthetically, it must be noted that even though Mr. Hicks claims in his application for attorneys fees that it was the declarant who refused to communicate with class representatives, it was in fact Mr. Hicks who was fired by all *Fernando* Plaintiffs. *Id.*

32. The declarant spent numerous hours preparing for the conference jointly with her then current associate Olga Kariayawasam, Esq.

33. On February 7, 2013, the declarant personally attended the Settlement Conference in San Francisco for class actions *Fernando v. PayPal*, *Inc.* (Civil Action No. 10-CV-01668 SBA) and *Zepeda v. PayPal*, *Inc.* (Civil Action No. 10-cv-02500 EJD).

34. As stated above, over Plaintiffs' objections, Mr. Hicks was allowed by the Court to continue to represent Plaintiffs at the conference, and Mr. Hicks continued to make representations on behalf of *Fernando* Plantiffs and their Class.

35. Unfortunately for the declarant, however, her father was hospitalized on February 8, 2013, the second day of the settlement conference in a critical condition. The undersigned's son was also in a critical condition due to the same virus which infected two children and two adults in the undersigned's family. *See* Exhibit "A" of the Declaration of Marina Trubitsky submitted in support of the Order to Show Cause issued by Judge Cousins which included supporting medical documentation from the undersigned's treating physician. Docket No. 106.

36. The declarant was forced to spend many hours dealing with the family emergency throughout the entire night and early morning of February 8, 2013 as well as with the severe symptoms of virus on both days of the Settlement Conference.

37. Thus, in the early hours of February 8, 2013, she was physically and emotionally ill and felt that she would be unable to attend the second day of the settlement conference scheduled by the Court for 9:30 a.m.

38. Prior to this occurrence, the undersigned had not missed any court conferences scheduled by the Court and would not have missed an opportunity to resolve the claims of Plaintiffs in this action if she was able to do so especially in light of the fact that the declarant incurred great personal efforts of her own to bring Defendant to the negotiation table which included filing multiple motions.

39. Because the Court Order issued on February 7, 2013 did not require a personal appearance of the undersigned and because the Court allowed David Hicks to represent Plaintiffs' interests at the settlement conference, the undersigned was under the well-grounded impression that the settlement conference would proceed notwithstanding her absence.

40. Had the undersigned been physically able to appear, she would have appeared before the Court and requested that the settlement conference be continued in accordance with the wishes of her clients and would have deferred to the Court's instructions. She was unable to do so in person due to illness and family emergency.

41. In response to the Order to Show Cause issued by Judge Nathanael Cousins, on March 7, 2013, the declarant submitted a thorough response which included medical documentation. Said response was jointly prepared with Olga Kariyawasam, Esq. who was an associate of the firm.

42. In addition, the declarant and Olga Kariayawasam personally appeared for a hearing scheduled by Judge Cousins wherein the declarant provided detailed explanations accounting for her inability to appear for the second day of the Settlement Conference.

43. Notwitstanding the declarant's failure to appear for the Conference, the settlement proceeded within its due course as no objections were made by *Fernando* Lead Counsel to the new settlement agreement that was subsequently reached between Zepeda counsel and Defendant. Said agreement was filed on September 9, 2015.

44. The declarant reviewed Mr. Hicks's application for attorneys' fees. Notwithstanding his termination by the clients, Mr. Hicks is now asking the Court to award him a lodestar fee with a multiplier of 1.267. His request should not be granted by the Court. In fact, the Court should award him 33% of the fee obtained by *Fernando* Lead Counsel.

45. First and foremost, he did not put any substantive work into this case. All the research rising to this lawsuit and all substantive motions were drafted by the Lead Counsel. Mr. Hicks did not provide the Lead Counsel with any valuable feedback on any filings that were made during the course of this litigation and never lent assistance with any investigation and/or research.  He became more heavily involved into this lawsuit only

after the action was settled in principal. Thus, the lodestar multiplier is not appropriate here.

46. The Court should also take notice of the fact that the local counsel's compensation was fixed by the Contingency Fee Agreement signed by the parties on March 15, 2010 and should not be overturned by this Court.

47. Moreover, Mr. Hicks is clearly in violation of this agreement which requires him to file a joint application with the Lead Counsel. The declarant attempted to persuade Mr. Hicks to file a joint fee application with the Court. Mr. Hicks adamantly refused to do so notwithstanding the written agreement between the parties requiring him to do so.

48. Notably, throughout the course of her entire career in New York, the declarant never encountered such egregious animosity and bad spirit from any of her colleagues as she had endured throughout the course of this lawsuit from Mr. Hicks.

**FEE AND EXPENSE FIGURES OF *FERNANDO LEAD COUNSEL***

49. Ms. Trubitsky, the firm's founding member is admitted to practice law in the United States District Courts for the Southern and Eastern Districts of New York as well as Appellate Division of the Supreme Court of the State of New York. She is an active member of the state and federal bar associations in New York.

50. Ms. Trubitsky graduated from New York University with highest honors in 1993. She is a recipient of the Founders Day Award having achieved a place in the highest bracket of scholastic preferment recognized by the University. Ms. Trubitsky received her J.D. from Fordham University School of Law in 1999, where she was on a committee of several student societies.

51. Denis Davydov, an associate attorney at the Firm, performed work from 2010 to 2011 in the Fernando action, and his time entries were used to calculate the Firm's lodestar in this action. The declarant is familiar with Mr. Davydov's qualifications. Mr. Davydov graduated in 2009 from New York Law School after obtaining his bachelor of science from Brooklyn College in 2005. His 2011 market rate was $350 per hour.

52. Katerina Medina, an associate attorney at the Firm, performed work from 2007 to 2012 in the *Fernando* action, and her time entries were also used to calculate the Firm's lodestar in this action. The declarant is familiar with Ms. Medina's qualifications. Mrs. Medina graduated in 2008 from Benjamin N. Cardozo School of Law after obtaining her bachelor of science from Moscow Law Institute of the Ministry of Internal Affairs of the Russian Federation in 2001. Her 2012 market rate was $350 per hour.

53. Olga Kariyawasam, an associate attorney at the Firm, performed work from 2012 to 2013 in the *Fernando* action, and her time entries were used to calculate the Firm's lodestar in this action. The declarant is likewise familiar with Mrs. Kariyawasam's qualifications. Mrs. Kariyawasam graduated in 2012 from Vermont Law School after obtaining her bachelor of science from Siberian Federal University. Her 2013 market rate was $350 per hour.

54. Based on the records of *Fernando* Lead Counsel, the firm spent at least 2085 hours in connection with this litigation. In addition, the firm has incurred $81,080.34 in expenses to date in this case. In reaching this figure, *Fernando* Counsel had exercised billing judgment as they would for a fee-paying client, reducing hours billed to exclude redundancies, inefficiencies, or other time not appropriately charged to a paying client.

55. The tasks performed by *Fernando* Lead Counsel for the benefit of the class have included numerous site visits; drafting a thoroughly researched and documented mediation statement

DECLARATION OF MARINA TRUBITSKY IN SUPPORT OF
APPLICATION FOR ATTORNEYS FEES
10-CV-01668 SBA

and preparing updates thereto based on new law; preparing for and participating in a private mediation and settlement conferences; preparing numerous motions in the course of this litigation and negotiating the Settlement Agreement with Defendant.

56. *Fernando* Lead Counsel has litigated a very substantial number of cases on behalf of plaintiffs in various courts of New York since 1999, including cases in this District. Although most of the Plaintiffs' Counsel's practice is primarily devoted to contingent-fee litigation, the firm also provides services on an hourly-rate basis. A list of representative clients includes ASA Institute of Business and Computer Technology, Inc. ("ASA") (the firm has served as an in-house counsel for ASA since 1999), Corporate Transportation Group, Ltg., Steel Craft Masters, Inc. and the Door to Beauty, Inc.

57. The hourly rates set forth for Plaintiffs' counsel's attorneys and paralegals are in line with the firm's current, customary rates for non-contingent matters. By accepting this case on a contingent basis, the firm was precluded from undertaking other matters similar to those described above. In addition to *Farinella v. PayPal*, Inc.'s lawsuit, the Firm has been involved in a number of large, complex actions in both federal and state courts throughout the country.

58. The hourly rates for the timekeepers included in the lodestar figure for Plaintiffs' Counsel are as follows:

| Biller | Rate | Hours | Adjusted Lodestar | |
|---|---|---|---|---|
| Marina Trubitsky | $650.00 | 950 | $617,500.00 | |
| Denis Davydov | $350.00 | 190 | $122,500.00 | |
| Katerina Medina | $350.00 | 430 | $150,500.00 | |

| Olga Kariyawasam | $350.00 | 220 | $77,000.00 | |
|---|---|---|---|---|
| Paralegals | $190.00 | 210 | $39,900.00 | |
| Law Clerks | $215.00 | 85 | $18,275.00 | |
| Total: | Various | 2,085 | $1,025,675.00 | |

59. *Fernando* Lead Counsel maintains contemporaneous time records setting forth the amount of time spent (rounded to the nearest one-tenth of an hour) on each task and each case, along with brief explanatory statements regarding the actual task involved. Our usual and customary practice is to record on daily time logs only those hours that our firm would customarily bill to a client paying on an hourly basis. That practice was followed throughout this litigation by all billers. During the time period covered by this case, our law firm used SAGA software to record our billable time. At or near the time the work was performed, the hours were input into SAGA which recorded and stored the time as individual electronic entries, along with descriptions of the tasks performed.

60. I have personally reviewed all of the time entries submitted with this declaration to determine that the hours were actually and reasonably expended, and to eliminate any time that was excessive, redundant, or otherwise unnecessary. We exercised further judgment to eliminate additional hours that were billed but that we determined should not be sought from Defendants in this attorneys' fees application.

61. Through March 2016, Class Counsel have devoted over 2085 hours of time, representing a lodestar value of over $1,025,675.00 to this matter. By the time of the hearing on this motion, *Fernando* Lead Counsel will have performed substantial additional work and will be required to perform even more work.

62. All of this work has been done on a purely contingency fee basis, and *Fernando* Counsel

have devoted time to this case that otherwise would have been spent on other matters, including matters in which clients pay an hourly fee on a regular, non-contingent basis.

63. In addition, Class Counsel have incurred over $81,080.34 in expenses in connection with the prosecution of this case. These are expenses that Class Counsel would bill to regular fee paying clients, and include filing fees, mediator's fee, copying and postage, travel expenses, and deposition transcripts.

64. First, and perhaps most importantly, the fairness of the award sought is supported by the effectiveness of *Fernando* Counsel's legal representation, the results obtained, and the risks of continued litigation. The efforts expended by Class Counsel in this case are described above.

65. This result is particularly remarkable in light of the novel and unresolved legal issues presented in this case, which created substantial risk and uncertainty.

66. Indeed, the requested fees of at least $212,500 are *lower* than Class Counsel's current lodestar of $1,025,675.00.

67. Moreover, the current lodestar reports time only through February 2016 and thus does not include many hours of additional time that *Fernando* Counsel will continue to spend counseling class members about the settlement.

68. Further, these rates are commensurate with those prevailing for attorneys with comparable skill and experience litigating class actions. These hourly rates, or their historical equivalents, have been paid to counsel by paying clients, and have been repeatedly approved by other courts.

69. All of these hours were necessary in connection with the prosecution of this litigation, were of the sort normally billed to paying clients, and were made for the benefit of the class.

I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct. Executed on March 11, 2016 in New York, New York.

Dated: March 11 2016

New York, New York

                THE LAW OFFICES OF MARINA TRUBITSKY, P.C.

                By: */s/ Marina Trubitsky*
                Marina Trubitsky, *Pro Hac Vice*
                Attorneys for Plaintiffs
                (212) 732-7707

### CERTIFICATE OF SERVICE

I hereby certify that, on March 11, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The Court or the CM/ECF system will send notification of such filings to all CM/ECF participants.

                */s/ Marina Trubitsky*
                Marina Trubitsky