UNITED STATES DISTRICT COURT

Civil Action No.

DEVINDA FERNANDO, VADIM TSIGEL
on behalf of themselves and all others similarly situated and on behalf of the general public of the United States,
Plaintiffs,

v.

eBAY, INC., a foreign corporation,
PAYPAL, INC., a Delaware corporation

Defendants.

CONTINGENCY FEE AGREEMENT BETWEEN MARINA TRUBITSKY, ESQ. ("LEAD COUNSEL") AND DAVID HICKS APLC ("LOCAL COUNSEL")

1. PARTIES: The parties to this Agreement are: Marina Trubitsky, Esq., and MARINA TRUBITSKY & ASSOCIATES, PLLC, a New York law firm with offices at 11 Broadway, Suite 861, New York, New York 10004 (hereinafter collectively referred to as "Lead Counsel"), and David Hicks APLC, a California Professional Law Corporation (hereinafter "Local Counsel"). Lead Counsel and Local Counsel are hereinafter collectively referred to as "Parties."

2. SCOPE OF RETENTION: Lead Counsel retains Local Counsel to appear on behalf of, and to represent, Lead Counsel and Lead Counsel's clients as Local Counsel for Lead Counsel's appearance pro hac vice in the United States District Court in San Jose, California in the above entitled matter, irrespective of what Court has the case at any point in time. This Agreement will cover any other professional services that Lead Counsel may request from Local Counsel that are not governed by a different written agreement. Local Counsel's services under this Agreement shall be compensated via a Contingency Fee. Said Contingency Fee shall be 33% from whatever compensation is obtained by plaintiffs' class counsel via settlement, whether as a portion of a common fund or otherwise, such as court awarded fees and costs allowed to class counsel by the court. If for any reason the Court makes a fee award specific to local counsel, local counsel shall be entitled to the greater of that amount or the contingent amount. Fee applications in this case shall be jointly prepared and submitted by local and lead counsel. Lead counsel shall not hire other local counsel or transfer the case to any other law firm without the express written approval of local counsel.

3. VALUATION: Parties agree that the above stated Contingency Fee arrangement is reasonable because Parties have settled upon it in advance as an essential condition to this Agreement. Parties agree that the Contingency Fee set forth in this Agreement

Agreement between Lead Counsel and Local Counsel Page 1 of 5

may not be altered by anyone other than the Parties by mutual agreement in writing. Local Counsel is giving its informed consent to this Agreement.

4. LIMITATION ON LOCAL COUNSEL'S DUTIES UNDER THIS AGREEMENT: Local Counsel's duties do not include doing re-trials, writs, appeals etc on behalf of Lead Counsel, nor other proceedings outside the above captioned matter. All documents that are required in this case shall be produced by Lead Counsel. Local Counsel's duties are to review and approve any documents before they are filed, and Lead Counsel will not file any documents without Local Counsel advance review. Local Counsel shall not be obligated to pay any sanctions imposed by the Court unless the action that led to the sanctions was undertaken solely by Local Counsel, without the participation of Lead Counsel, and Lead Counsel will defend and indemnify Local Counsel in any such matter.

5. LOCAL COUNSEL'S DUTIES IN THIS CASE: Lead Counsel authorizes Local Counsel to represent Lead Counsel and Lead Counsel's clients to the best of Local Counsel's ability. Local Counsel shall:

- advise Lead Counsel candidly and work with Lead Counsel to create a settlement, mediation, and/or litigation strategy;
- participate either in person or telephonically in depositions or court appearances in the above captioned matter, upon the agreement of both Parties;
- send Lead Counsel copies of all documents generated by Local Counsel or Lead Counsel's opponents;
- promptly respond to Lead Counsel's inquiries;
- schedule appointments upon Lead Counsel's request;
- meet time limits imposed by law or court rule;

6. LIMITATION ON LEAD COUNSEL'S DUTIES UNDER THIS AGREEMENT: Lead Counsel has no obligation to hire Local Counsel on future matters and Local Counsel's compensation in this matter is not related to work on other matters present or future.

7. PARTIES' DUTIES: The terms of this Agreement are all negotiable before it is signed, but not afterward without the consent of both Parties. Both Parties shall:

- promptly consult with each other to fully understand as to how to proceed in the above captioned matter;
- cooperate and be absolutely truthful with each other;
- provide Local Counsel with the information it requests;
- comply with court orders;
- not propose that either party partakes in any conduct that violates Rules of Professional Conduct;
- perform all other obligations set forth in this Agreement

8. TRAVEL ADVANCES BY LEAD COUNSEL TO LOCAL COUNSEL: Recognizing that local counsel's office is 310 miles from the Court in San Jose, the Parties agree that as to this case, Lead Counsel shall provide at least one week in advance, as against out of pocket expenses of Local Counsel the sum of $1,000 for each court appearance or calendar day required of Local Counsel out of his home office, to cover the cost and time of travel both ways, car rental, meals and hotel as a flat expense having nothing to do with the Contingency Fee percentage, because for a one hour court appearance required in person, Local Counsel will be on the road for two full days and incur an overnight stay. Telephonic appearances are not included in this travel advance provision. Travel advances shall not be considered an offset or used to reduce the contingency fee share of fees in this case.

9. LIEN ON RECOVERY: Lead Counsel hereby gives Local Counsel or any assignee it designates, an irrevocable lien upon any recovery or payment due from Lead Counsel's opponent, even if another law firm also works on Lead Counsel's matters. Lead Counsel agrees not to permit or cause disbursement of any recovery without satisfying this lien. This lien will attach automatically upon the coming into existence of any fee, common fund, or other recovery made in the above case in which Local Counsel was hired, whether Local Counsel files a notice of lien or not. The amount of Local Counsel's lien shall constitute the unpaid portion of the above referenced Contingency Fee. Under no circumstance will Lead Counsel waive Local Counsel's right to pursue or collect any fee or cost without Local Counsel's express written consent, which will require a written addendum hereto for validity.

10. ALL DISPUTES TO BE RESOLVED BY MEDIATION AND ARBITRATION: To ensure resolution of any dispute at the earliest possible time, the Parties agree that all disputes shall be promptly resolved through arbitration. In the event of any question, concern or dissatisfaction regarding services invoiced, Parties shall meet within 30 days of the questioned dispute, at no charge to either party for the time involved, at which meeting the parties will mediate and promptly resolve the concern. No mediator shall be required; however, Parties may provide any mediator at their own expense, or share costs of an agreed upon mediator. Local Counsel's participation in mediation is voluntary; however, Local Counsel's refusal to mediate shall constitute a waiver of any right to recover fees in connection with this Agreement. If mediation is unsuccessful the Parties shall resolve any disagreement by arbitration.

11. GENERAL: Time and prompt payment as agreed are of the essence of this Agreement. Terms hereof are deemed covenants and conditions. Should any word, term or condition hereof be held invalid or unenforceable, all other provisions shall remain in effect. Any delay or failure by any party to enforce or exercise any provision hereof, or other right or remedy, or any partial or incomplete exercise thereof, shall not constitute a waiver of that provision or right, and all such rights and remedies shall be cumulative. Nothing in this Agreement, either express or implied, shall give or be

construed to give any person or entity any legal or equitable right, remedy or claim under this Agreement, or under any covenants and provisions hereunder, each such covenant and provision being for the sole and exclusive benefit of the Parties to this Agreement. No action may be brought against either Party by any third party claiming to be a third party beneficiary to this Agreement or to the transactions contemplated by this Agreement. Nothing in this Agreement is intended to relieve or discharge any obligation or liability of any third party to any party to this Agreement, and nothing in this Agreement will give, or be deemed to give, any third party any right of subrogation or action over or against either party to this Agreement.

12. INTEGRATION and AMENDMENTS: This integrated Agreement is the entire and final expression of the Parties' Agreements and may only be altered in a writing signed by both Parties. This Agreement supersedes any prior or contemporaneous oral or written representation, warranty, promise or communication between the parties and prevails over any conflicting or additional terms of any communication between the parties on its subject matter during the term of this Agreement. Parties may amend any part of this Agreement unilaterally on 30 days notice, but not more than once every six months, in writing mailed to the non-amending party, and the amended Agreement takes effect unless to the non-amending party deliver to the amending party within 30 days of the amendment a written notice stating the party's disagreement with the amendment. This integration clause is subject to one exception: that as to any issue which is not covered herein or as to any issue on which this agreement is silent, but which is covered in a pre-existing contract in another case between the Parties as of the date of this agreement, that issue shall be resolved by that other agreement. As and for examples, the provision for a contingency fee in this agreement shall prevail over the hourly rate proviso in the other agreement, while venue for arbitration between the parties shall be determined by the other agreement.

13. CLIENT WARRANTY & WAIVER OF CONFLICT IN GRANTING LIEN TO ATTORNEY: By signing below Parties promise that:

- each party can rely upon the other party's promises in this agreement;
- Lead Counsel is retaining Local Counsel under this Agreement's terms and no other;
- this Agreement is negotiated at the outset, not afterwards;
- each party had an adequate opportunity to discuss the lien and assignment provisions with another attorney, and have either decided not to do so, or have done so and agree to those provisions;
- this agreement is not for personal, family or household purposes, but is for tax, business, non-consumer or commercial purposes;
- by signing below, Parties affirm that they are a duly authorized person with authority to enter this contract; understand and accept this agreement; and freely, knowingly and voluntarily agrees to its terms. A faxed signature will suffice equally with the original.

Dated: March 15, 2010

_____
Marina Trubitsky, Esq. ("Lead Counsel")
Marina Trubitsky & Associates, PLLC
11 Broadway, Suite 861
New York, New York, 10004
(212) 732-7707 (telephone)
(212) 732-7708 (facsimile)

_____
David Hicks, Esq. ("Local Counsel")
David Hicks APLC
P.O. Box 562
Dunsmuir, California 96025
(530) 235-0235 (telephone)
(530) 239-4301 (facsimile)