1  MARK N. TODZO (State Bar No. 168389)
   LEXINGTON LAW GROUP
2  503 Divisadero Street
   San Francisco, California  94117
3  Telephone:     415.913.7800
   Facsimile:     415.759.4112
4  Email: mtodzo@lexlawgroup.com

5  JEFFREY A. LEON
   QUANTUM LEGAL LLC, LLC
6  513 Central Avenue Suite 300
   Highland Park, IL 60035
7  Telephone:     847.433.4500
   Facsimile:     847.433.2500
8  Email: jeff@QULegal.com

9  Attorneys for Plaintiff
   MOISES ZEPEDA, et. al.
10 and All Others Similarly Situated

11

12               **UNITED STATES DISTRICT COURT**

13      **NORTHERN DISTRICT OF CALIFORNIA – OAKLAND BRANCH**

14

15 MOISES ZEPEDA, MICHAEL SPEAR,          ) Case No.  10-CV-02500 SBA
   RONYA OSMAN, BRIAN PATTEE,             )
16 CASEY CHING, DENAE ZAMORA,             ) **CLASS PLAINTIFFS' OPPOSITION TO**
   MICHAEL LAVANGA, and GARY              ) **MOTION FOR ATTORNEYS' FEES AND**
17 MILLER, on behalf of themselves and all ) **REIMBURSEMENT FOR COSTS BY**
   others similarly situated,             ) ***FERNANDO* COUNSEL [ECF Nos. 295**
18                                        ) **and 296]**
                                          )
19                Plaintiffs,             )
                                          )
20        v.                              ) Action Filed: June 7, 2010
                                          )
21 PAYPAL, INC., a Delaware Corporation,  ) Date:     July 13, 2016
                                          ) Time:     1:00 p.m.
22                Defendant.              ) Ctrm.:    1
                                          )
23                                        )

24

25

26

27

28

CLASS PLAINTIFFS' OPP. TO FERNANDO COUNSEL'S MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 10-CV-02500 SBA

**INTRODUCTION**

The *Zepeda* Plaintiffs and Class Counsel strongly oppose the fee petitions submitted by Marina Trubitsky, counsel on the *Fernando* complaint, and her local counsel David Hicks.[1]  Ms. Trubitsky's utter lack of professionalism and questionable understanding of the duties of class counsel have materially harmed the interests of the class, have long-delayed this Settlement (which was reached without the participation of any counsel from the *Fernando* complaint), and have driven up the lodestar of *Zepeda* counsel who have incurred substantial additional time counteracting the negative effects of Ms. Trubitsky's antics.

Ms. Trubitsky takes the position that because the Amended Settlement Agreement [*Zepeda* Dkt. 131] which was preliminarily approved by the Court (the "Settlement") represents a successful outcome for the class, she is necessarily entitled to recover fees and costs.  [*Zepeda* Dkt. 296, p. 11.]  What she fails to disclose is that the Settlement was negotiated without her participation, was never signed by her or any of her purported clients and was preliminarily approved without any help from her or her co-counsel.  Declaration of Mark N. Todzo ("Todzo Decl.") ¶ 2.  Although the Settlement permits counsel for the *Fernando* plaintiffs to petition the Court for up to $212,500 to be paid from the fees and costs awarded to Class Counsel, the determination of whether to grant any such petition is entirely within the discretion of the Court.  [*Zepeda* Dkt. 275-2, ¶ 6.2 at p. 63.]  Given that the efforts of *Fernando* counsel have in no way

---

[1] To be clear upfront, neither the *Zepeda* Plaintiffs nor Class Counsel have any particular issue with Mr. Hicks.  However, he hitched his wagon to Ms. Trubitsky and his right to recover attorneys' fees is completely contingent on Ms. Trubitsky's recovery.  [*Zepeda* Dkt. 296-2.] Moreover, the vast majority of Mr. Hicks' time likely involves trying to control Ms. Trubitstky or counteract her antics, and it likely also includes non-compensable time such as fighting with Ms. Trubitsky over money and the preparation, pursuit of and perfection of fee liens.  His efforts to control Ms. Trubitsky failed, and it is telling that Ms. Trubitsky and Mr. Hicks have submitted separate fee petitions.  Ms. Trubitsky claims to have fired Mr. Hicks as her local counsel, and it is unclear who represents the Plaintiffs on the *Fernando* complaint.  Indeed, as this Court may remember, in addition to both Ms. Trubitsky and Mr. Hicks, a separate attorney, Mr. Skelly, claimed to represent the *Fernando* Plaintiffs.  [*Zepeda* Dkt. 200, p. 1.]

CLASS PLAINTIFFS' OPP. TO FERNANDO COUNSEL'S MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 10-CV-02500 SBA

1   benefitted the class or aided in the negotiation, finalization or approval of the Settlement, the

2   Court should deny the fee petitions filed by *Fernando* counsel.

3   **I.       *FERNANDO* COUNSEL'S WORK FAILED TO PROVIDE VALUE TO THE
            CLASS.**
4

5          In order for an attorney to recover attorneys' fees from a class settlement, such attorney

6   must demonstrate that his or her efforts benefitted the class. *Webb v. County Bd. of Educ.*, 471

7   U.S. 234, 243 (1985) (class counsel may only recover time that is "useful and of a type ordinarily

8   necessary to" secure the benefit obtained for the class); *Wren v. RGIS Inventory Specialists*, 2011

9   U.S. Dist. LEXIS 38667, *65 (N.D. Cal. Apr. 1, 2011) (class counsel seeking fees bears the

10  "burden of establishing that the fees and costs taxed were associated with the relief requested and

11  were reasonably necessary to achieve the results obtained."); *see also generally In re Wash. Pub.

12  Power Supply Sys. Sec. Litig.*, 779 F. Supp. 1063, 1105-1125 (D. Ariz. 1990) (denying class

13  counsel's request to recover time for activities that did not benefit class).  Here, *Fernando*

14  Counsel's work did not benefit the Class.  In fact, *Fernando* Counsel's erratic behavior resulted in

15  significant delays to the finalization of the Settlement, which harmed rather than benefitted the

16  Class.  Accordingly, *Fernando* Counsel is not entitled to recover attorneys' fees from the

17  Settlement.

18         The Settlement includes two types of relief for members of the Class: (1) injunctive relief

19  consisting of significant changes to PayPal's business practices concerning its treatment of

20  account holds; and (2) monetary recovery.  *Fernando* Counsel did not assist in obtaining either

21  form of relief.  Todzo Decl.  ¶ 3.

22         The injunctive relief was negotiated by *Zepeda* Counsel and has been in each of the three

23  versions of the settlement submitted to the Court for preliminary approval.  Todzo Decl. ¶ 3.  The

24  monetary benefits to the Class were a product of the negotiations between *Zepeda* Counsel and

25  Defendants following the denial of Plaintiffs' motion for preliminary approval of the initial

26  settlement.  *Id.*

27         As set forth in the *Fernando* Settlement Term Sheet, the entirety of the settlement

28                                                    2

1    negotiated by the *Fernando* Counsel was the addition of $425,000 to the settlement fund

2    established in the original *Zepeda* settlement, $212,500 of which would be payable as attorneys'

3    fees to *Fernando* Counsel.  [*Zepeda* Dkt. 295-2, Exh. D.]  However, this initial settlement was

4    rejected by the Court due to its view that the settlement fund was inadequate.  [*Zepeda* Dkt. 205,

5    p. 11.]  More importantly, ***Fernando* Counsel reneged on the original settlement, which is the**

6    ***only agreement in which she had any participation***.  [*Zepeda* Dkt. 205, p. 5 & Dkt. 281, p. 3.]

7    *Fernando* Counsel should not be awarded attorneys' fees for their limited contributions to the

8    portion of a settlement that was rejected by the Court and that they themselves reneged on.

9    Subsequent to the Court's denial of Plaintiffs' initial motion for preliminary approval,

10    *Zepeda* Counsel and Defendants' engaged in lengthy settlement discussions and mediation

11    sessions that ultimately resulted in the significant monetary recovery for the Class.  Todzo Decl. ¶

12    3.  *Fernando* Counsel did not participate in any way in any of those discussions.  *Id.*

13    The revised settlement included one remnant of the *Fernando* case, a release of the original

14    claim raised by the *Fernando* case – the alleged violation of the *Comb* Agreement.  Todzo Decl. ¶

15    4.  However, the Court denied preliminary approval of the revised settlement due to its view that it

16    may not be appropriate to bring or resolve a separate claim for violation of a settlement agreement

17    that includes an enforcement provision.  [*Zepeda* Dkt. 264.]  In order to address this concern,

18    *Zepeda* Counsel and Defendants again went to the negotiating table – again without the help of

19    *Fernando* Counsel.  Todzo Decl. ¶ 4.  This time, the Settlement was amended to exclude the

20    release of any claims regarding alleged violations of the *Comb* settlement.  *Id.*

21    In the course of eliminating the release of any claims concerning alleged violations of the

22    *Comb* settlement, there was no accompanying reduction in settlement compensation to account for

23    the narrowed release.  In other words, PayPal exposed itself to allegations it violated the *Comb*

24    settlement in exchange for nothing in return.   This demonstrates that the *Fernando* case created

25    no additional benefit for the class.

26    This Court is already well aware of Ms. Trubitsky's antics and actions that have delayed

27    this settlement substantially and created risks that a settlement would never actually come to

28

3

CLASS PLAINTIFFS' OPP. TO FERNANDO COUNSEL'S MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 10-CV-02500 SBA

1   fruition.  This Court has explicitly recognized that Ms. Trubitsky's participation has hurt the class

2   more than she has helped it.  [*Zepeda* Dkt. 281, p. 3:8-14.]

3        Specifically, Ms. Trubitsky blithely ignored her duties to the class by trying to condition

4   the class settlement on her ability to obtain separate individual settlements for her clients.  [*Zepeda*

5   Dkt. 281, p. 3:8-14.]  Indeed, Ms. Trubitsky would not agree to proceed with the class settlement

6   unless PayPal paid her clients outside the contours of the class settlement.  This was a serious

7   conflict of interest for Ms. Trubitsky, and her effort to carry out these conflicting duties delayed

8   the settlement for nearly a year leading Mr. Hicks to report Ms. Trubitsky's antics to this Court.

9   Ms. Trubitsky also refused show up for the second day of a court ordered mediation with Judge

10  Cousins, the sole purpose of which was to mediate the disputes between Ms. Trubitsky and

11  PayPal's counsel and *Zepeda*'s counsel.  [*Zepeda* Dkt. 135.]  While Ms. Trubitsky now claims

12  trauma from medical issues, Judge Cousins knows that Ms. Trubitsky contemporaneously told him

13  a different story, and her ultimate refusal to reengage on the second day further delayed the

14  settlement and increased the costs and lodestar of all concerned.  *See id.*  As a result of Ms.

15  Trubitsky's problematic behavior, an OSC advising that her case be dismissed and her pro hac

16  status be revoked was issued and is still pending.  *Id.*

17  **II.    *FERNANDO* COUNSEL'S QUESTIONABLE FACTUAL ASSERTIONS FURTHER PRECLUDE AN AWARD OF ATTORNEYS' FEES AND COSTS.**

18
        Ms. Trubitsky's fee petition makes several false claims and propagates several myths in
19
    support of her pursuit of up to $212,500 in fees (an amount for which she is competing for with
20
    her own local counsel).  Each of these will be debunked in turn.
21
        **A.    *Fernando* Counsel Were Not the First to File the Claims That Are Subject to
22              the Final Settlement Agreement.**

23       In an effort to bolster her right to recovery of attorneys' fees from the Settlement, Ms.

24  Trubitsky claims that her firm was the first to bring the claims at issue in and resolved by the

25  Settlement.  [*Zepeda* Dkt. 296, p. 10].  This claim is false.

26       The Settlement resolves claims that PayPal improperly placed holds on class members'

27  accounts in violation of PayPal's user agreement and other laws.  [*Zepeda* Dkt. 275-2, p. 2, ¶1].

28
                                            4
─────────────────────────────────────────────
        CLASS PLAINTIFFS' OPP. TO FERNANDO COUNSEL'S MOTION FOR ATTORNEYS' FEES AND COSTS
                              Case No. 10-CV-02500 SBA

1   These are the very claims that formed the sole basis for the *Zepeda* complaint, which was filed on

2   June 7, 2010.  [*Zepeda* Dkt. 1].

3         Although the *Fernando* complaint was initially filed on April 19, 2010, the claims therein

4   were limited to allegations that PayPal violated a 2004 settlement agreement reached in prior case,

5   *Comb v. PayPal, Inc.*  [*Fernando* Dkt. 1].  These claims are expressly excluded from the

6   Settlement.  [*Zepeda* Dkt. 275-1, p. 1].  After Defendant moved to dismiss the original *Fernando*

7   complaint, the *Fernando* plaintiffs filed a First Amended Complaint on March 22, 2011.

8   [*Fernando* Dkt. 23].  In their amended complaint, the *Fernando* plaintiffs for the first time

9   included allegations regarding improper holds, allegations which mirrored those from the *Zepeda*

10  action.  *Id.*

11        **B.      Ms. Trubitsky's Firm's Lodestar Cannot Possibly Be Larger Than the**
          **Combined Lodestar of All Other Counsel.**

12
          Ms. Trubitsky claims to have a lodestar of $1,025,675, an amount that exceeds the
13
    *combined* lodestar of the four firms on the *Zepeda* complaint.  [*Compare Zepeda* Dkt. 297, p. 7:4
14
    *with* Dkt. 296-1, ¶ 66.]  It is unimaginable what Ms. Trubitsky did to account for that time.  She
15
    never opposed PayPal's motion to dismiss, conducted no discovery whatsoever and, following her
16
    initial mediation in 2011, was not involved in any of the settlement-related work.  Indeed, due to
17
    her erratic behavior, she was excluded from all settlement discussions, negotiations, drafting and
18
    briefing relating to all versions of the various settlements.  Todzo Decl. ¶ 2.  Much of her time
19
    likely involves infighting with Mr. Hicks and her efforts to secure improper additional benefits for
20
    her class representative clients in *Fernando* or to prevent those same clients from firing her.  It
21
    also appears that Ms. Trubitsky is "double dipping" by including time spent in pursuing another
22
    class action against PayPal and for which she has already been compensated, which would be a
23
    gross ethical violation and an effort to mislead this Court.  In her fee petition, she claims to have
24
    begun working on the case in 2006 while she was still litigating the prior Paypal case.  She does
25
    not mention whether she has segregated her firm's lodestar as between the cases nor provided any
26
    indication of which years or months accounted for the majority of the time she claims she spent.
27
    [*See Zepeda* Dkt. 296-1, ¶¶ 5-8.]  It is clear that she hopes to fool this Court into believing that she

28                                                        5

1   is receiving such a small negative multiplier that it is not worth scrutinizing her time.  But this

2   Court cannot credit the asserted lodestar of Ms. Trubitsky given the facial inconsistencies

3   identified herein and the lack of progress in litigating her case which could account for so much

4   time having been spent.

5          **C.     Ms. Trubitsky Cannot Possibly Have Incurred Compensable Expenses of Over
              $81,000.**

6          Ms. Trubitsky claims to have incurred over $81,000 in expenses in a case where she

7   conducted no discovery and there were no expert disclosures.  [*See Zepeda* Dkt. 296-11, ¶¶ 54, 63

8   (referencing "deposition transcripts").]  Again, it is difficult to imagine how this could possibly be

9   true.  Given that there was no discovery of any kind conducted in the *Fernando* case, how could

10  she have incurred substantial expenses on deposition transcripts?  Given that there was no expert

11  discovery, she could not have incurred substantial expert costs.  While she perhaps leased a private

12  jet for her trips to California while staying in four star hotels, it seems more likely that she is

13  including expenses from her other PayPal case in this fee petition.  Further, given her behavior at

14  the Settlement Conference, she should not be credited expenses related to that wasted trip or to the

15  internecine squabbles with Mr. Hicks.

16         **D.     It is Unclear Whether Ms. Trubitsky Even Represents Any of the *Fernando*
              Plaintiffs.**

17

18         It would seem axiomatic that in order to recover attorneys' fees, one must actually

19  represent a party to the litigation.  Here, it is unclear whether Ms. Trubitsky meets that test.

20  During the course of the litigation, counsel for objector Reginald Burgess, Garrett Skelly, filed

21  pleadings on behalf of multiple plaintiffs from the *Fernando* case.  [*Zepeda* Dkt. 200, p. 1.]  If Ms.

22  Trubitsky still represented these individuals, one would imagine it would be easy to get the clients

23  to reaffirm Ms. Trubitsky's retention or to otherwise submit an affidavit denying Mr. Skelly's

24  claim.  Nor does Mr. Hicks have any evidence that he has been retained by any of the *Fernando*

25  plaintiffs.  The quality of Ms. Trubitsky's contributions to this case can be judged in part from the

26  fact that her own clients appear to have abandoned her.

27

28
                                          6

1

**CONCLUSION**

2      Ms. Trubitsky has not earned a fee here.  Not only did she fail to contribute anything to the

3  final Settlement, which was negotiated and finalized without any help or input from Ms. Trubitsky

4  or Mr. Hicks for that matter, but she was actually an affirmative obstructionist to the entire

5  settlement process.  The injunctive and monetary relief secured by the Settlement was negotiated

6  entirely by *Zepeda* counsel.  The only additional claim raised by *Fernando* Counsel, that PayPal

7  violated the *Comb* settlement, was so lacking in value that the exclusion of such a claim from the

8  release resulted in no reduction of the class benefit.  Ms. Trubitsky's bloated and questionable

9  lodestar added no benefit to the class.  Rather, her conduct actually cost the class money in the

10  form of lost time and value of settlement funds that could have been distributed long ago.

11  Providing compensation to such a destructive force would be entirely inconsistent with the

12  standards for compensating attorneys in class action lawsuits.  Mr. Hicks' recovery is limited to

13  33% of Ms. Trubitsky's recovery, which should be nothing.  Accordingly, the fee petitions of Ms.

14  Trubitsky and Mr. Hicks should be denied.

15

16  DATED: March 25, 2016               Respectfully submitted,

17                                      LEXINGTON LAW GROUP

18

19                                      By:  /s/ Mark N. Todzo
                                             Mark N. Todzo
20                                           Attorneys for Plaintiffs
                                             MOISES ZEPEDA, MICHAEL SPEAR,
21                                           RONYA OSMAN, BRIAN PATTEE, CASEY
                                             CHING, DENAE ZAMORA, MICHAEL
22                                           LAVANGA, and GARY MILLER, on Behalf of
                                             Themselves and All Others Similarly Situated
23

24

25

26

27

28                                      7