MARK N. TODZO (State Bar No. 168389)
LEXINGTON LAW GROUP
503 Divisadero Street
San Francisco, California 94117
Telephone: 415.913.7800
Facsimile: 415.759.4112
Email: mtodzo@lexlawgroup.com

JEFFREY A. LEON (admitted *Pro Hac Vice*)
QUANTUM LEGAL LLC, LLC
513 Central Avenue Suite 300
Highland Park, IL 60035
Telephone: 847.433.4500
Facsimile: 847.433.2500
Email: jeff@QULegal.com

Attorneys for Plaintiff
MOISES ZEPEDA, et. al.
and All Others Similarly Situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| MOISES ZEPEDA, MICHAEL SPEAR, RONYA OSMAN, BRIAN PATTEE, CASEY CHING, DENAE ZAMORA, MICHAEL LAVANGA, and GARY MILLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PAYPAL, INC., E-BAY INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 10-cv-02500 SBA<br><br>**DECLARATION OF MARK N. TODZO IN SUPPORT OF CLASS PLAINTIFFS' OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT FOR COSTS BY *FERNANDO* COUNSEL [ECF Nos. 295 and 296]**<br><br>Date: July 13, 2016<br>Time: 1:00 p.m.<br>Place: Courtroom 1 |

I, Mark N. Todzo, declare as follows:

1. I am a partner at the Lexington Law Group ("LLG") and I represent Plaintiffs ("Plaintiffs") in this action against PayPal, Inc. ("PayPal"). I am one of the attorneys who has been principally involved in the prosecution of this litigation and the negotiations which culminated in the Amended Settlement Agreement (the "Settlement") [Dkt. No. 131]. I have personal knowledge of the matters set forth herein and, if called upon, I would and could testify competently thereto.

2. The Settlement was negotiated without Ms. Trubitsky's participation, was never signed by her or any of her purported clients in the *Fernando* action and was preliminarily approved without any help from her or her co-counsel.

3. The Settlement includes two types of relief for members of the Class: (1) injunctive relief consisting of significant changes to PayPal's business practices concerning its treatment of account holds; and (2) monetary recovery. *Fernando* Counsel did not assist in obtaining either form of relief. The injunctive relief was negotiated by *Zepeda* Counsel and has been in each version of the settlements submitted to the Court for preliminary approval. The monetary benefits to the Class were a product of the negotiations between *Zepeda* Counsel and Defendants subsequent to the denial of Plaintiffs' motion for preliminary approval of the initial settlement. *Fernando* Counsel did not participate in any way in any of those discussions.

4. The revised settlement included one remnant of the *Fernando* case, a release of the original claim raised by the *Fernando* case – the alleged violation of the *Comb* Agreement. However, the Court denied preliminary approval of the revised settlement due to the Court's view that it may not be appropriate to bring a separate claim for violation of a settlement agreement that includes an enforcement provision. [*Zepeda* Dkt. 264.] In order to address this concern, *Zepeda* Counsel and Defendants again went to the negotiating table – again without the help of *Fernando* Counsel. This time, the Settlement was amended to exclude the release of any claims regarding alleged violations of the *Comb* settlement.

1   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed on this 25th day of March, 2016.

        /s/ Mark N. Todzo_____
        Mark N. Todzo