David Hicks, Calif. SBN 053750
David Hicks, APLC
P.O. Box 562
Dunsmuir, CA 96025
(530) 235-0235 (telephone)
(530) 239-4301 (facsimile)

Attorney for Fernando Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND BRANCH

| | |
|---|---|
| MOISES ZEPEDA, MICHAEL SPEAR, RONYA OSMAN, BRIAN PATTEE, CASEY CHING, DENAE ZAMORA, MICHAEL LAVANGA, and GARY MILLER, on behalf of themselves and all others similarly situated,<br>            Plaintiffs,<br>v.<br>PAYPAL, INC., a Delaware corporation<br>            Defendant | Civil Actions Nos. 10-cv-02500 SBA and 10-CV-01668 SBA<br><br>**DECLARATION IN REPLY TO OPPOSITIONS TO FEE MOTION [Docs 300, 301, 301-1, & 296-1] BY DAVID HICKS, LOCAL CLASS COUNSEL IN FERNANDO V. PAYPAL, INC.**<br><br>Date: July 13, 2016<br>Time: 1 p.m.<br>Courtroom 1 |
| DEVINDA FERNANDO, VADIM TSIGEL, MICHAIL ZINGER, AMY RICKEL, FRED RICKEL, IRA GILMAN, LACY REINTSMA, and SAUL BEHR on behalf of themselves and all others similarly situated and on behalf of the general public of the United States,<br>            Plaintiffs,<br>v.<br>PAYPAL, INC., a Delaware corporation<br>            Defendants. | |

I, DAVID HICKS attest and declare as follows: I make this declaration in reply to opposition briefs [Zepeda counsel's, Doc 300; Zepeda counsel's declaration, Doc 301-1; and Defense counsel's Doc 300] re Fernando counsel's separate fee motions and in opposition to aspects of Ms. Trubitsky's fee declaration [attached to Doc 296].

1. I have personal knowledge of the matters stated in this declaration. The source of my information given herein is derived from personal knowledge, investigation and discussions conducted in the ordinary course of this case. If called upon to testify as to the truth of the matters contained herein, because I have seen, observed, witnessed or heard each of said matters, I would be competent to and would testify as follows:

2. I am local counsel in the Fernando class action and am admitted to practice in this Court and all other U.S. District Courts in the State of California, and in Maine, and before the Supreme Court of the United States.

3. Exhibits 1, 2 and 3 attached hereto are true and correct copies of the originals of documents I received in the ordinary course of litigation by your declarant. These exhibits are believed to be true and correct copies of the original electronic transmittals as sent. I have personal knowledge of the attached Exhibit's contents which support the relief sought, in that said documents show that:

    a. Two of the Fernando putative class plaintiffs swear under penalty of perjury that Ms. Trubitsky's claim—that all of said plaintiff's fired local counsel—is untrue, and that your declarant remains an attorney of record in this case [Exhibits 1 and 2];

    b. Ms. Trubitsky's misunderstanding of the role of local counsel is patent. See, Exhibit 3, e-mail from Trubitsky to your declarant;

    c. Show consistency with Judge Cousin's order [Doc. 169, Fernando case, filed March 28, 2016, ORDER, page 1 line 28, and page 2 lines 11-13.], which confirmed that your declarant was present in Court for both days of the settlement conference, and was meeting his continuing joint obligations to the Court and to the Fernando putative class; and

    d. Run contrary to Zepeda Counsel's argument that your declarant "hitched his wagon" to any fee application made by Ms. Trubitsky.

4. Exhibits 1 and 2 are from putative plaintiff's Amy Rickel and Shaul Behr, respectively. Each is a declaration under penalty of perjury, and signed and dated, and plainly from the content are requests that their statements be provided to the Court on the issue of Ms. Trubitsky's untrue statement that all of the putative plaintiff's fired your declarant. See Doc 296-1, p6 ¶ 31, line 18. Your declarant showed this false statement to Ms. Rickel and Mr. Behr and they expressed that they would ask the Court to consider their sworn statements in Exhibits 1 and 2 attached hereto.

5. The contract between your declarant and Ms. Trubitsky expressly provides for separate fee applications. Your declarant elected that option in large part because Ms. Trubitsky has been evading contact with her co-counsel and Fernando putative plaintiffs for about two years if not more.

6. It is your declarant's understanding that after Zepeda counsel was selected as lead counsel, agreement was entered by them to cause all fees to be paid from a single settlement fund, whereupon both Trubitsky and Zepeda counsel sought the entirety of available attorney fees. See defense Doc. 300, p2:20-22.

7. At all times, your declarant cooperated and communicated regularly with all counsel in this case in a professional manner. To the best of your declarant's knowledge, Zepeda counsel and defense counsel have not offered any criticism to the Court of local counsel's work in this case. The Todzo declaration in opposition to the Fee Motions of Fernando Counsel offers no factual evidence relating to, or even mentioning your declarant. See Doc 300-1, passim, and 301-1, Todzo declaration. I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct. Executed this 5th day of April, 2016.

*[signature]*

David Keith Hicks, Calif SBN 053750

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A TO DECLARATION OF DAVID HICKS**

**Amy B. Rickel**

N1510 Geneva Avenue
Lake Geneva, WI 53147
Phone: 262-215-6680

---

To Whom it May Concern,

I am writing on behalf of Mr. David Hicks.

We, my husband and I, originally hired I Marina Trubitsky in 2010 to represent us. From the moment we hired her we had nothing but problems. She consistently ignored phone calls and emails. When we did hear from her we received inaccurate information along with slanderous comments about other attorneys including Mr. Hicks.

It has been over 18 months since we have heard form Mrs. Tributsky. We have emailed and called her numerous times.

The only constant in the 5 years has been Mr. David Hicks. He has always kept us updated to what is going on with the case. He has always returned both phone calls and emails when warranted.

We give Mr. Hicks permission to share all our email correspondence with the court.

We feel Mrs. Tributsky has poorly represented us in this case.

Thank you for your time.

I verify under penalty of perjury that the foregoing s true and correct. Executed on March 25, 2016.

Regards,

*Amy B. Rickel*

Amy B. Rickel

3/25/2016

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B TO DECLARATION OF DAVID HICKS

Page 5

Nachal Dolev 49/5

Beit Shemesh 99621

Israel

March 27, 2016

To whom it may concern,

In respect of the case Fernando *et al* vs PayPal, I confess I was most surprised to read Ms Marina Trubitsky's statement to the effect that I was party to a request to fire Mr David Hicks. This could not be possible, since until a few days ago, I was not even aware that Mr Hicks was representing me in any way. Since my last communication with Ms Trubitsky in June 2013, she has not responded to any of my correspondences, and having found Mr Hicks's details on the case docket, I contacted him directly to get an update on proceedings. He was highly responsive, most forthcoming and very pleasant to deal with, and frankly I would have far more cause to dismiss Ms Trubitsky, considering her total lack of communication and non-responsiveness.

I give Mr Hicks full permission to share this letter with the Court.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on 27 March 2016

*[signature]*

Shaul Behr

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**EXHIBIT C TO DECLARATION OF DAVID HICKS**

25
26
27
28

Ms. Trubitsky,

I do not serve as local counsel by appointment, but by a contract that does not provide for termination by an e-mail at your whim.

Thank you, and kind regards,
David Hicks APLC, Business & Trial Counsel
(510) 595 2000 and (530) 235 0235

NOTICE. This e-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to sender that you have received the message in error, and delete this email and attachments from your system. Thank you.

IRS CIRCULAR 230 DISCLOSURE. To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

In a message dated 2/1/2013 3:11:56 P.M. Pacific Standard Time, marina@lawcontact.com writes:

> Dear Mr. Hicks,
>
> As we are the chief counsel in *Fernando v. eBay* action, your participation in this matter was only necessary to effectuate our appointment pro hac vice.
>
> However, please note that your appointment is now terminated.
>
> Regards,
>
> Marina Trubitsky, Esq.
> 1(212)732-7707

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The Court or the CM/ECF system will send notification of such filings to all CM/ECF participants.

/s/ *David Hicks*
David Hicks, attorney at law.