

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION


RE: Zepeda v. PayPal          Case No.  :  10-CV-02500 SBA

---

PETITION FOR RELIEF


PETITIONER, Dale J. Schubert, is a prospective Class Member of referenced case. Petitioner's PayPal account was suspended by PayPal in 2007/2008 with approximately $1,800 owing to Petitioner. Despite having had a PayPal account that falls within the Class Period of this case (April 19, 2006 - November 5, 2015) Petitioner was never notified by PayPal, the Settlement Administrator, or attorneys representing the Class of this pending action.

Upon learning of this case, Petitioner contacted the Settlement Administrator for forms necessary to file a claim in this matter. Petitioner was advised that all claims must be filed electronically. As advisement, Petitioner has limited access and ability to file a claim electronically. Further, Petitioner was advised that his claim would have to be filed as an "Alternative Claim", with supporting documentation to be provided in hard copy by U.S. Mail.

As information, Petitioner was one of several Class Members of previous litigation against PayPal who submitted extensive comments during the pendancy of that case [See Case No. CV-02-01227-JF/PVT, Comb v. PayPal, United States District Court, Northern District of California, San Jose Division]. Although Petitioner does not have full access to the pleadings and rulings in pending matter, it is clear from the information available that a number of the claims alleged, here, were litigated in the previous matter also.

Further, although the previous case was disposed of through a Settlement Agreement, PayPal almost immediately began violating sections of that Agreement; specifically, but not limited to, Sections III.A.2, III.B.5 and III.C.3. As information, Petitioner notified the Court of these violations in ~2005/2006.

In sum, 1) it appears that all prospective members of the Class in the current case may not have been notified of the pendancy of the matter at hand; 2) it is incongruous that Parties in this matter have not provided for submission of claims in paper form, particularly when substantiating documentation for "Alternate Claims" must be provided in paper form*. Indeed, it would seem that processing errors would more likely occur if part of a claim was filed electronically and part of it by paper; 3) the Court may not have been aware of the previous PayPal litigation, some of the relevant claims of that case, or PayPal's violations of the Settlement Agreement following conclusion of that case.

Accordingly, Petitioner respectfully petitions the Court for the following relief:

1) That the Parties review the process by which Class members were identified to determine why Petitioner was omitted from notification; and, to develop a revised method of Class member identification that includes prospective Class members previously omitted;

2) That the Settlement Administrator provide for submission of claims in paper form as well as electronic form;

3) That the Court review the prior PayPal litigation [CV-02-01227-JF/PVT] to assure that relevant allegations from that case, as well as subsequent violations of the "Settlement Agreement" by PayPal, have been addressed in pending case.

Further, if the relief sought cannot be timely addressed, Petitioner respectfully requests that the Court grant a <u>stay</u> of the May 10, 2016, filing deadline in this matter.

Respectfully submitted,

[signature]   DATED: April 5, 2016
Dale J. Schubert

---

* It is noted that the Settlement Administrator has provided for submission of electronically scanned documents, however, Class Members who have limited electronic capability are similarly not likely to have access to electronic scanners.