Matthew Kurilich California Bar Number 30172
17321 Irvine BLVD STE 115
Tustin CA 92780
Telephone    714-248-6023
Facsimile    714-734-3716
mattkurilich@gmail.com

Attorney for Objector
Tammy Perkins

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – OAKLAND BRANCH

| | |
|---|---|
| MOISES ZEPEDA, MICHAEL SPEAR, RONYA OSMAN, BRIAN PATTEE, CASEY CHING, DENAE ZAMORA, MICHAEL LAVANGA, and GARY MILLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAYPAL, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 10-CV-02500 SBA<br><br>**NOTICE OF OBJECTION FOR OBJECTOR TAMMY PERKINS** |

TO THE CLASS ACTION CLERK OF THE COURT AND ALL PARTIES

AND THEIR ATTORNEYS OF RECORD:

With respect to Moises Zepeda, et al v. Paypal, Case No. Case No. 10-CV-02500 SBA

---

1

**Class Action Notice of Objection** Case No. 10-CV-02500 SBA

class member, Tammy Perkins, 486 Locust ST, Laguna Beach, CA 92651, 808-281-1362, tammyaperkins@gmail.com, is a class member with standing per the email notice from Paypal attached as Exhibit 1 and objects to the settlement as follows:

## I. SETTLEMENT IS NOT FAIR REASONABLE OR ADEQUATE

The Settlement is not fair, reasonable, or adequate and the Court should deny Final Approval. Civ. R. 23(E)(2).

Plaintiffs and Class Counsel do not have the authority to release parens patriae claims. "Parens patriae" refers to a circumstance in which a state sues on behalf of its people to protect their physical and economic well-being. Parens patriae claims and remedies are not available to private plaintiffs and cannot be negotiated away. The only plaintiff in a parens patriae action is the state. Nevada v. Bank of Am. Corp., 672 F.3d 661, 670–72 (9th Cir. 2012). No state is a party to this action. Further, parens patriae claims are litigated in state court, not federal court. Mississippi ex rel. Hood, Attorney General v. AU Optronics Corp et al., No.12-1036, slip op. at 3 (U.S.S.C. Jan. 14, 2014). A federal court cannot authorize a complete release of parens patriae claims through a class settlement. See e.g. People v. Intelligender, LLC, 771 F.3d 1169 (9th Cir. 2014) (noting that state may seek civil penalties and broad injunctive relief against a defendant despite previous class settlement). The proposed Settlement Release is not fair or reasonable to the Class and Defendant is not entitled to, and Class Plaintiffs cannot provide, a release encompassing state law enforcement or parens patriae claims. Approval of such a release would be an abuse of discretion. The Court should deny Final Approval and all references to both parens patriae claims and the inclusion of governmental entities as class members should be deleted from the Settlement.  The Settlement Agreement should state expressly that no state or local governmental entity or official is prohibited from bringing an action action against Defendant for claims related to this action.

**Class Action Notice of Objection** Case No. 10-CV-02500 SBA

The Settlement unfairly expands the scope of the Class identified in the Third Amended Complaint. The Settlement includes within the Class definition: governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. The Settlement and Notice merely excludes "from the Claims Class are judicial officers presiding over this action and the members of his/her immediate family and judicial staff." As written, the Settlement extends relief to Defendant and their representatives, which is unfair and unreasonable. Neither Defendant, nor its representatives, should not be permitted to recover funds through the Settlement. The Court should deny the Settlement and the Class definition should specifically track the Third Amended Complaint's Class definition.

## II.  EXCESSIVE ATTORNEY FEES

Counsel's fee requests are unreasonable and unfair to the Class. Zepeda Counsel is requesting an award equal to 30% of the Settlement Fund. Fernando Counsel are similarly requesting 5.3% of the $4 million settlement fund. The Court should deny Counsel's fee requests and require Counsel to submit revised requests based on a lodestar analysis.

Neither Class Counsel nor co-counsel are entitled to a percentage of recovery analysis for their fee requests. This Court's jurisdiction was invoked through 28 U.S.C. § 1332 (diversity jurisdiction). In diversity actions, State law applies to both the right to recover attorneys' fees and the method for determining the amount of those fees. Mangold v. California Public Utilities Com'n, 67 F.3d 1470, 1478 (9th Cir. 1995); see also Collado v. Toyota Motor Sales, U.S.A., Inc., Nos. 11-57013, 11-57023, 11-57030 (9th Cir. Dec. 16, 2013). Plaintiffs filed these actions based on violations of California common law and California's consumer protection statutes. See Graham v. DaimlerChrysler Corp., 34 Cal. 4th 553, 560–561 (2004) (awarding fees in national class action settlement under § 1021.5). Plaintiffs' sole federal claim is ancillary to the

thrust of their cases and does not provide an independent basis for a fee award. Class Counsel specifically requested attorneys' fees pursuant to California's private attorney general statute, § 1021.5 (TAC at ¶ 121).  Section 1021.5 requires a lodestar analysis and does not provide for any recovery based on a percentage of a common fund. Press v. Lucky Stores, Inc., 34 Cal. 3d 311, 321–22 (1983); see also Flannery v. California Highway Patrol, 61 Cal. App. 4th 629, 640 (1998).

Counsel has not demonstrated how the proposed fee requests satisfy § 1021.5. Section 1021.5 awards fees to plaintiffs' lawyers whose class action results in the significant enforcement of "an important right affecting the public interest." Cal. Code Civ. Proc. § 1021.5 (2015). Further, fees under § 1021.5 are only permitted if Plaintiffs made a reasonable attempt to settle their disputes with Defendant prior to litigation. Graham v. DaimlerChrysler at 576-77.  The Court should deny Counsel's request for a percentage of the common fund and require Counsel to submit motions based on a lodestar analysis.  The Court should further require Counsel to demonstrate that it attempted to settle the dispute prior to litigation and that the Settlement results in the significant enforcement of an important right affecting the public interest.

  Counsel is not entitled to any fee multiplier. California law requires fee allocation decisions to be "tied to counsel's actual efforts to benefit the class." Rebney v. Wells Fargo Bank, 220 Cal. App. 3d 1117, 1142 (1990). Absent special circumstances, the district court's allocation of fees should correspond to the portion of the lodestar attributable to each firms' efforts. In re Vitamin Cases,110 Cal. App. 4th 1041, 1055–56 (2003). Here, every dollar provided to Counsel is a dollar denied the Class. Plaintiffs and Defendants took multiple bites out of the settlement apple and each time the Court identified critical flaws with their proposals. Further, at least one attorney for Plaintiffs allegedly did not negotiate in good faith, which caused delay. There are no special circumstances that justify an enhancement beyond a

1  reasonable hourly rate. As a result, the Court should limit any fee award to Counsel's
2  lodestar; Counsel should not be unjustly enriched for duplicative work and second
3  bites at the settlement apple.

5  Respectfully,

7  Dated: 5-5-16

LAW OFFICES OF MATTHEW KURILICH
By:
/s/Matthew Kurilich

_____
Matthew Kurilich, Attorney for Objector

11  I, Tammy Perkins, attest to the above
12  under penalty of perjury and
13  specifically I have standing to object as
14  a class member per Exhibit 1.

15  Objector

17  Tammy Perkins

```
-------- Forwarded Message --------
Subject: Notice of Class-Action Settlement
   Date: Thu, 28 Jan 2016 19:31:11 -0500
   From: PayPal <paypal@e.paypal.com>
Reply-To: PayPal <noreply@e.paypal.com>
     To: tammyaperkins@gmail.com
```

Tammy Ash Perkins,

View online

# NOTICE OF CLASS-ACTION SETTLEMENT.

THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.

A settlement has been reached in a class action in which the plaintiffs allege, among other things, that PayPal improperly handled disputed transactions on PayPal accounts and improperly placed holds and reserves on accounts or closed or suspended accounts. Plaintiffs also allege that PayPal failed to provide annual error-resolution notices and monthly account statements under the Electronic Fund Transfer Act.

You are a member of the Settlement Class if you had an active PayPal account between April 19, 2006 and Nov. 5, 2015. Certain Settlement Class Members who had a hold or reserve placed on their account and/or who had their account closed or suspended by PayPal are eligible to receive a monetary payment upon submission of a valid claim form.

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the Settlement Agreement available at http://www.accountholdsettlement.com/ or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

Please do not reply to this email. We are unable to respond to inquiries sent to this address. For immediate answers to your questions, visit our Help Center by clicking "Help" located on any PayPal page or email.

Copyright © 2016 PayPal, Inc. All rights reserved. PayPal is located at 2211 N. First St., San Jose, CA 95131.

NA03703

1
CERTIFICATE OF SERVICE

2

3  I hereby certify that a true copy of the above document was served upon the attorneys of record for each other party through the Court's electronic filing service on 5-10-16.

4

5

6

7
                                         **/s/Matthew Kurilich**
                                         MATTHEW KURILICH

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Class Action Notice of Objection** Case No. 10-CV-02500 SBA